Exhibit "8"

# BakerHostetler

**Baker&Hostetler LLP**

11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA  90025-0509

T 310.820.8800
F 310.820.8859
www.bakerlaw.com

Teresa C. Chow
direct dial: 310.979.8458
tchow@bakerlaw.com

April 29, 2022

**CONFIDENTIAL**

**VIA E-MAIL (ABERRY@JUSTICE4YOU.COM)**

M. Anderson Berry
Arnold Law Firm
865 Howe Avenue
Sacramento, CA 95825

Re:   Pingora Loan Servicing, LLC ("Pingora") Response to Letter Dated April 14, 2022

Dear Anderson:

Baker & Hostetler LLP represents Pingora in connection with the data incident that occurred in 2021 (the "Incident").  We are in receipt of your letter dated April 14, 2022 (the "Letter") sent on behalf of your clients, Robert Keach, Maureen Keach, and Jay Saporta, purporting to provide notice pursuant to the California Consumer Privacy Act ("CCPA").  Although your clients have not perfected any claim for statutory damages under the CCPA, and we deny that they suffered any such damages, we nonetheless hereby provide the following express written statement pursuant to California Civil Code § 1798.150(b) that any alleged violation of the CCPA has been cured.

### I.       THE LETTER FAILS TO COMPLY WITH CAL. CIV. CODE § 1798.150(b).

The Letter fails to comply with the requirements of Section 1798.150(b).  That section requires a notice "identifying the specific provisions of this title the consumer alleges have been or are being violated."  The Letter simply contains generic references to Section 1798.81.5, which sets forth the Legislature's intent, and Section 1798.150, which governs when a private right of action exists.  You have not identified any specific provision of the CCPA that you contend Pingora violated.  The general allegations regarding Pingora's alleged "failure to meet their duty to implement and maintain reasonable security procedures and practices" and "lack of adequate encryption," which Pingora disputes, are not tied to a violation of any particular provision of the CCPA.  Without waiving our objection to these deficiencies, we nevertheless provide the following response.

April 29, 2022
Page 2

## II.    PINGORA CURED ANY ALLEGED CCPA VIOLATION.

When the incident was detected, containment measures were implemented that terminated the unauthorized access. A thorough investigation was conducted. The containment measures terminated the unauthorized access and included: installation of firewall blocks of IP addresses; secure removal of files installed during the incident; deployment of an additional endpoint threat detection and response tool (FireEye HX) with 24/7 monitoring by Mandiant; and a global password reset, including service accounts and Kerberos ticket.  The investigation did not identify any unauthorized access after December 7, 2021, the date containment measures were initiated. The FBI and Secret Service were notified. Actions were also taken to reduce files that the threat actor had access to.

Additional enhanced security measures were implemented, including: network segmentation to further restrict access to file servers and shared folders; more rigid protocols for decision-making during review of alerts from endpoint threat detection and response tools by the managed security operations center and security team; enhanced logging practices to have additional data sent to the security information and event management application for analysis; establishment of network traffic baselines to support monitoring of egress traffic for anomalous events; and implementation of a solution to prevent/control web downloads.  Pingora also mailed notification letters to individuals to inform them of the Incident, and the letter included information on how to enroll in an identity and credit monitoring service that Pingora paid for Kroll to provide.

Pingora disputes that the procedures and practices in place at the time of the Incident were unreasonable.  Layers of security measures that included technical and administrative safeguards had been implemented.  Nevertheless, for all the reasons stated above, this letter constitutes an express written statement that any alleged CCPA violations have been cured and no further violations shall occur.  Specifically, Pingora has cured any "security procedures and practices" that you could possibly claim were unreasonable at the time of the incident.

We appreciate your attention to this matter.  To the extent you would like to discuss any of the above, please feel free to contact me at any time.

Sincerely,

*/s/ Teresa C. Chow*

Teresa C. Chow
Baker & Hostetler LLP

# BakerHostetler

Baker&Hostetler LLP

11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025-0509

T 310.820.8800
F 310.820.8859
www.bakerlaw.com

May 16, 2022

Teresa C. Chow
direct dial: 310.979.8458
tchow@bakerlaw.com

**CONFIDENTIAL**

**VIA E-MAIL (ABERRY@JUSTICE4YOU.COM)**

M. Anderson Berry
865 Howe Avenue
Sacramento, CA 95825

Re:   *Lakeview Loan Servicing, LLC ("Lakeview") Response to Letter Dated May 4, 2022*

Dear Mr. Berry:

Baker & Hostetler LLP represents Lakeview in connection with the data incident that occurred in 2021 (the "Incident"). We are in receipt of your letter dated May 4, 2022 (the "Letter") sent on behalf of your client, Derek Crenshaw, purporting to provide notice pursuant to the California Consumer Privacy Act ("CCPA"). Although your client has not perfected any claim for statutory damages under the CCPA, and we deny that he suffered any such damages, we nonetheless hereby provide the following express written statement pursuant to California Civil Code § 1798.150(b) that any alleged violation of the CCPA has been cured.

**I.   THE LETTER FAILS TO COMPLY WITH CAL. CIV. CODE § 1798.150(b).**

The Letter fails to comply with the requirements of Section 1798.150(b). That section requires a notice "identifying the specific provisions of this title the consumer alleges have been or are being violated." The Letter simply contains generic references to Section 1798.81.5, which sets forth the Legislature's intent, and Section 1798.150, which governs when a private right of action exists. You have not identified any specific provision of the CCPA that you contend Lakeview violated. The general allegations regarding Lakeview's alleged "failure to meet its duty to implement and maintain reasonable security procedures and practices" and "lack of adequate encryption," which Pingora disputes, are not tied to a violation of any particular provision of the CCPA. Without waiving Lakeview's objection to these deficiencies, we nevertheless provide the following response.

May 16, 2022
Page 2

## II. LAKEVIEW CURED ANY ALLEGED CCPA VIOLATION.

When the incident was detected, containment measures were implemented that terminated the unauthorized access. A thorough investigation was conducted. The containment measures terminated the unauthorized access and included: installation of firewall blocks of IP addresses; secure removal of files installed during the incident; deployment of an additional endpoint threat detection and response tool (FireEye HX) with 24/7 monitoring by Mandiant; and a global password reset, including service accounts and Kerberos ticket. The investigation did not identify any unauthorized access after December 7, 2021, the date containment measures were initiated. The FBI and Secret Service were notified. Actions were also taken to reduce files that the threat actor had access to.

Additional enhanced security measures were implemented, including: network segmentation to further restrict access to file servers and shared folders; more rigid protocols for decision-making during review of alerts from endpoint threat detection and response tools by the managed security operations center and security team; enhanced logging practices to have additional data sent to the security information and event management application for analysis; establishment of network traffic baselines to support monitoring of egress traffic for anomalous events; and implementation of a solution to prevent/control web downloads. Lakeview also mailed notification letters to individuals to inform them of the Incident, and the letter included information on how to enroll in an identity and credit monitoring service that Lakeview paid for Kroll to provide.

Lakeview disputes that the procedures and practices in place at the time of the Incident were unreasonable. Layers of security measures that included technical and administrative safeguards had been implemented. Nevertheless, for all the reasons stated above, this letter constitutes an express written statement that any alleged CCPA violations have been cured and no further violations shall occur. Specifically, Lakeview has cured any "security procedures and practices" that you could possibly claim were unreasonable at the time of the incident.

We appreciate your attention to this matter. To the extent you would like to discuss any of the above, please feel free to contact me at any time.

Sincerely,

*/s/ Teresa C. Chow*

Teresa C. Chow
Baker & Hostetler LLP