**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:22-cv-20955-DPG

In re Lakeview Loan Servicing Data

Breach Litigation

## MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL

In accordance with the Order re Consolidation of Actions and Process for Appointment of Interim Class Counsel [ECF No. 20], Plaintiffs Jennifer Morrill, Shannon Thomas, Evelyn Rivera, Alisha Cartagena, Doreen Endress, Robert Keach, Maureen Keach, Jay Saporta, Andrew Guarino, John McMahon, Richard Kunz, and Stephenie Stone ("Plaintiffs") move for appointment of their attorneys as interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3), and respectfully request that the Court enter the proposed order submitted herewith granting the requested appointment.

## I.   INTRODUCTION

Plaintiffs seek appointment of the following attorneys as interim class counsel: an executive committee chaired by John Yanchunis (Morgan & Morgan Complex Litigation Group) and including Rachele R. Byrd (Wolf Haldenstein Adler Freeman & Herz LLP), Stuart A. Davidson (Robbins Geller Rudman & Dowd LLP), Adam E. Polk (Girard Sharp LLP), and Gary Klinger (Milberg Coleman Bryson Phillips Grossman, PLLC); and Julie Braman Kane (Colson Hicks Eidson, P.A.) as Liaison Counsel (collectively, "Proposed Interim Counsel").

Proposed Interim Counsel filed the first actions in this consolidated litigation and since then have spent the last several weeks working collaboratively to ensure the orderly progress of the related actions, both in this District and in others. Proposed Interim Counsel are a diverse group in terms of professional background, experience, gender, and age with complementary skills and substantial experience prosecuting similar nationwide cases arising from major data breaches. Counsel are well-versed in the applicable law and will apply all necessary resources to litigate this matter efficiently and effectively. Counsel have worked on an inclusive basis to successfully advance the litigation to this point, having retained experts on issues relating to liability and damages in privacy and data breach litigation, responding to and assisting the numerous consumers who have contacted the law firms represented in this motion, working with the assistance of a

1

retired FBI agent employed by Morgan & Morgan to investigate the Data Breach at the heart of this litigation, obtaining consensus to consolidate the related cases, and persuading many who filed elsewhere to transfer their actions to this District. The efforts of Proposed Interim Counsel have advanced this litigation for the benefit of all Class members.

Proposed Interim Counsel have shown their commitment to pursuing the best interests of the proposed Class in this case, and satisfy Rule 23(g) in all respects. Therefore, Plaintiffs respectfully request that the Court grant their application so that Proposed Interim Counsel can continue the work of advancing their claims on behalf of the Class. In addition, to ensure the litigation is conducted efficiently and transparently, Proposed Interim Counsel submit a proposed protocol governing recording and submission of time and expenses.

## II.  RELEVANT BACKGROUND

This litigation arises out of the alleged failure of Defendants Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Bayview Asset Management, LLC ("Bayview") to exercise reasonable care to safeguard Plaintiffs' and Class members' personally identifiable information ("PII"). *See Rivera v. Lakeview Loan Servicing, LLC*, No. 22-cv-20968 (S.D. Fla.), ECF No. 19, ¶¶ 1-4, 42, 57. On October 27, 2021, an intruder accessed and exfiltrated the PII of more than 2,537,261 current and former Pingora and Lakeview customers (the "Data Breach"). *Id.*, ¶¶ 4-5. The exposed personal information includes: (1) names, (2) addresses, (3) loan numbers, and (4) Social Security numbers, all of which Defendants collected and maintained as part of their mortgage servicing businesses. *Id.*, ¶¶ 42, 53.

Between March 29, 2022 and May 10, 2022, sixteen class actions on behalf of the borrowers victimized by the Data Breach were filed across the country by separate groups of attorneys. On March 29, 2022, a plaintiff represented by Ms. Byrd filed the first of these actions,

*Morrill v. Lakeview Loan Servicing, LLC*, No. 1:22-cv-20955 ("*Morrill*"). Plaintiffs represented by Mr. Yanchunis, Ms. Kane, and Mr. Polk filed the second action, *Rivera, et al. v. Lakeview Loan Servicing, LLC*, No. 1:22-cv-20968 ("*Rivera*"). And thereafter, plaintiffs represented by Mr. Davidson filed three separate cases. These plaintiffs, joined by additional plaintiffs represented by other Proposed Interim Counsel, amended *Rivera* on April 14 to name as defendants Pingora—a Lakeview affiliate whose customers were similarly impacted by the Data Breach—and Bayview, the parent company of Lakeview and Pingora. *Rivera*, ECF No. 19. Several other related class actions were filed in or removed to this District after the filing of *Rivera*.[1]

On May 5, 2022, the Court consolidated the first nine of these actions [ECF No. 20]; the tenth and eleventh likely will be consolidated shortly [ECF Nos. 22, 24]. Proposed Interim Counsel led discussions among all counsel, obtained their agreement, and drafted and filed the stipulation that led to consolidation here. *See* Declaration of John Yanchunis ("Yanchunis Decl."), ¶ 5.

Five other class actions arising out of the Data Breach also have been filed in other jurisdictions, after the first nine of the Florida actions.[2] Counsel for the parties in three of those actions—*Rubio*, *Villanueva*, and *Kassem*—have agreed to voluntarily transfer their actions to this District, where they will be consolidated pursuant to this Court's Order. Yanchunis Decl., ¶ 6.

---

[1] *Thomas v. Lakeview Loan Servicing, LLC*, No. 1:22-cv-20984 ("*Thomas*"); *Guarino v. Lakeview Loan Servicing, LLC*, No. 1:22-cv-20981 ("*Guarino*"); *McMahon v. Lakeview Loan Servicing, LLC*, No. 1:22-cv-20978 ("*McMahon*"); *Kunz v. Lakeview Loan Servicing, LLC*, No. 1:22-cv-21003 ("*Kunz*"); *Kimbrough v. Lakeview Loan Servicing, LLC*, No.1:22-cv-21039 ("*Kimbrough*"); *Myers v. Lakeview Loan Servicing LLC*, No. 1:22-cv-21054 ("*Thomas*"); *Stone v. Lakeview Loan Servicing, LLC*, No. 1:22-cv-21094 ("*Thomas*"); *Riley v. Lakeview Loan Servicing, LLC*, No. 0:22-cv-60833 ("*Riley*"); *Taylor v. Lakeview Loan Servicing, LLC*, No. 1:22-cv-21445 ("*Taylor*").

[2] *Johnson v. Pingora Asset Mgmt., LLC*, No. 1:22-cv-01034-MEH (D. Colo.) ("*Johnson*"); *Rubio v. Lakeview Loan Servicing, LLC*, No. 3:22-cv-00603-MMA-JLB (S.D. Cal.) ("*Rubio*"); *Oglesby v. Lakeview Loan Servicing, LLC*, No. 7:22-cv-01247-TMC (D.S.C.) ("*Oglesby*"); *Villanueva v. Lakeview Loan Servicing, LLC*, No. 4:22-cv-02607-LB (N.D. Cal.) ("*Villanueva*"); and *Kassem v. Pingora Loan Servicing, LLC*, No. 1:22-cv-01125 (D. Colo.) ("*Kassem*").

Proposed Interim Counsel negotiated these voluntary transfers and prepared the stipulations and motions to accomplish the transfers, each supported by Defendants. *Id.* Proposed Interim Counsel also sought the consent of counsel in *Johnson* and *Oglesby* to voluntarily transfer their actions, but were declined. *Id.*, ¶ 7. Accordingly, on May 10, 2022, Proposed Interim Counsel filed motions to intervene and transfer in each of those cases. *See Johnson*, No. 1:22-cv-01034-MEH (D. Colo.), ECF No. 12; *Oglesby*, No. 7:22-cv-01247-TMC (D.S.C.), ECF Nos. 9, 10.

## III.   ARGUMENT

Rule 23(g)(3) permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MANUAL FOR COMPLEX LITIGATION, FOURTH § 21.11 ("MCL"); *see Belin v. Health Ins. Innovations, Inc.*, No. 19-cv-61430, 2019 WL 11505515, at *1 (S.D. Fla. Sept. 16, 2019). Here, the considerable work that Proposed Interim Counsel have performed to initiate and coordinate these actions, the deep bench offered by their firm's experienced lawyers, and their commitment to advancing the best interests of affected Class members all favor their appointment.

### A.   Proposed Interim Counsel Performed Substantial Work Investigating, Pursuing, and Organizing the Claims.

Immediately after the public announcement of the Data Breach, Proposed Interim Counsel moved quickly to file the first complaints against Lakeview. *See In re Mun. Derivs. Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (first filing indicates a firm's "substantial history of investigating the potential claims in this action."); *In re Insulin Pricing Litig.*, 2017 WL 4122437, at *3 (D.N.J. Sept. 18, 2017) (appointing class counsel in part because they "filed the first complaint"); *Steele v. United States*, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince

4

both groups are more than qualified to handle this action, it would be imminently reasonable to select the . . . Group on the basis that their complaint was filed first."); *Richey v. Ells*, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action.").

Before filing, Proposed Interim Counsel investigated the facts surrounding the Data Breach, interviewed numerous breach victims, and researched legal claims and remedies. Yanchunis Decl., ¶ 8. Since filing, Proposed Interim Counsel have continued to interview the *hundreds* of breach victims that have contacted their law firms, researched and retained data security and damage experts, and conducted a factual investigation, which informed their April 14 amended complaint. *Id.* Proposed Interim Counsel remain the only counsel in the consolidated cases representing the interests of Pingora customers. Moreover, Proposed Interim Counsel have led all counsel in coordinating the related actions, including by contacting plaintiffs' counsel in each related case and Defendants' counsel to discuss and stipulate to consolidation. *Id.*, ¶ 5. Proposed Interim Counsel thus facilitated the transfer of related actions pending in three other jurisdictions to ensure the efficient progression of this consolidated litigation. *Id.*, ¶ 6.

Importantly as well, Proposed Interim Counsel have the support of all but one other plaintiffs' counsel with cases pending in this District. *Id.*, ¶ 9; *see* MCL § 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"); *see, e.g.*, *In re Aluminum Phosphide Antitrust Litig.*, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel."); *In re Wendy's Co. S'holder Deriv. Litig.*, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (noting that "counsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.") (citation omitted).

Proposed Interim Counsel, who have litigated this case efficiently and on an inclusive basis to date, acknowledge the skill and experience of other highly qualified attorneys and law firms representing plaintiffs, several of whom have specialized areas of expertise that may be helpful to Plaintiffs as the case proceeds. Thus, if appointed and if authorized by the Court, Proposed Interim Counsel propose to draw upon the experience of other firms when necessary, with strong controls in place to ensure efficiency and lack of duplication. *See, e.g., In re: Interest Rate Swaps Antitrust Litig.*, 2016 WL 4131846, at *4 (S.D.N.Y. Aug. 3, 2016) (designating firms to be "on-call" "at interim co-lead counsel's sole discretion, as a resource.").

Their substantial work performed to date weighs in favor of appointing Proposed Interim Counsel under Rule 23(g)(3).

**B.      Proposed Interim Counsel Have Significant Relevant Experience.**

Proposed Interim Counsel have extensive experience pursuing claims on behalf of consumers whose privacy rights were invaded. Annexed to the Yanchunis Declaration are short biographies of each of the Proposed Interim Counsel that also describe representative cases their firms have handled. Brief overviews of the relevant experience of Mr. Yanchunis and Ms. Kane are also provided below.

**1.      John A. Yanchunis, Chair of the Proposed Executive Committee**

Morgan & Morgan is the largest plaintiffs-only law firm in the country, with over 800 lawyers in offices throughout the United States. Mr. Yanchunis leads Morgan & Morgan's class action practice group, a successful and highly regarded nationwide practice focusing on class actions and complex consumer litigation. *See* Yanchunis Decl., Ex. A. Mr. Yanchunis is a seasoned Florida practitioner who has worked as a trial lawyer for 40 years—with a career that began after the completion of a two-year clerkship with United States District Judge Carl O. Bue (Southern

6

District of Texas, now deceased). Mr. Yanchunis has tried numerous cases in state and federal courts, including one of the largest and longest insurance coverage cases in U.S. history. Mr. Yanchunis began his work in privacy litigation in 1999 with the filing of *In re Doubleclick Inc. Privacy Litigation*, No. 00 CIV 0641 NRB (S.D.N.Y.), an action alleging privacy violations based on the placement of cookies on hard drives of internet users. Beginning in 2003, he served as Co-Lead Counsel in the successful prosecution and settlement of class actions that protected privacy rights of more than 200 million consumers under the Driver's Protection Privacy Act ("DPPA") against the world's largest data brokers, including Experian, R.L. Polk, Acxiom, and Reed Elsevier (which owns Lexis/Nexis). *See Fresco v. Automotive Directions, Inc.*, No. 03-61063-JEM (S.D. Fla.); *Fresco v. R.L. Polk*, No. 07-cv-60695-JEM (S.D. Fla.).

Mr. Yanchunis has personally held leadership positions in many of the largest data breach cases of the recent past: *In Re: Capital One Consumer Data Sec. Breach Litig.*, No. 19-md-2915 (E.D. Va.) (Co-Lead Counsel) (settlement creating a common fund of $190 million, which has been preliminary approved); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-02752-LHK (N.D. Cal.) (Lead Counsel) (final approval of a settlement with a common fund of $117,500,000 entered in May 2020); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 17-md-2800-TWT (N.D. Ga.) (member of the Plaintiffs' Steering Committee) (final judgment approving largest data breach settlement in history, establishing a common fund of at least $380.5 million, entered in December 2019 and affirmed in most respects by the Eleventh Circuit); *Adkins v. Facebook, Inc.*, No. 18-cv-5982-WHA (N.D. Cal.) (Co-Lead Counsel) (obtained highly contested certification of a Rule 23(b)(2) injunction class); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 14-md-02583-TWT (N.D. Ga.) (Co-Lead Counsel) (settlement on behalf of a class of 40 million consumers with total value of $29,025,000). Mr. Yanchunis'

experience in these major data breach litigations extends well beyond leading teams of lawyers, briefing threshold issues and negotiating settlements. Mr. Yanchunis has personally deposed officers, corporate representatives, software engineers, data scientists, CISOs and the leading experts in the field in cases such as *Capital One*, *Yahoo!* and *Facebook*. Mr. Yanchunis and his law firm, with its deep resources in terms of lawyers and financial depth, stand committed to leading and vigorously pursuing this litigation for the affected borrowers.

### 2. Proposed Executive Committee Members

Plaintiffs propose that the following attorneys serve alongside Mr. Yanchunis on the Plaintiffs' Executive Committee: Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP; Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP; Adam E. Polk of Girard Sharp LLP; and Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC. Like Mr. Yanchunis, these attorneys have extensive experience in privacy, data breach, and class action litigation as detailed in their respective attachments. *See* Yanchunis Decl., Exs. B (Rachele R. Byrd of Wolf Haldenstein), C (Stuart A. Davidson of Robbins Geller), D (Adam E. Polk of Girard Sharp), E (Gary Klinger of Milberg Coleman). As these supplementary materials confirm, each of these attorneys and their firms will bring their considerable experience, skills and knowledge of the applicable law to pursue and protect the best interests of the Class in this case.

### 3. Julie Braman Kane, Proposed Liaison Counsel

Courts presiding over complex litigation typically appoint liaison counsel to facilitate case prosecution and ensure compliance with local practice. *See* MCL § 10.221. The Class in this case will be well served by the appointment in this role of Julie Kane, who has decades of experience successfully representing plaintiffs in high-stakes litigation in Florida and nationwide. A partner of Colson Hicks Eidson since 1999, she has secured multimillion-dollar verdicts and settlements,

including a $38 million verdict in a medical malpractice and drug negligence case. She currently serves as Lead and Liaison counsel in the *In re Monat Hair Products Litigation* in this Court, and as Liaison counsel for the *In re Mednax* data breach MDL. Ms. Kane previously served on the Plaintiffs' Steering Committee in *In re 21st Century Oncology Customer Data Security Breach Litigation*, an MDL that plaintiffs' counsel successfully resolved for class members, notwithstanding the defendant's bankruptcy, in a settlement approved as fair, reasonable and adequate by Judge Scriven of the Middle District of Florida. *See also* Yanchunis Decl., Ex. F.

      **C.**    **Proposed Interim Counsel Have Committed and Will Continue to Apply the Resources Necessary to Represent the Class.**

A court appointing class counsel should consider, in part, the resources that counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(C). Proposed Interim Counsel can and will, as needed, draw upon the skills and talents of hundreds of experienced attorneys and staff members located across the country. Further, Proposed Interim Counsel have the resources to see this litigation through without any outside litigation financing. Yanchunis Decl., ¶ 19. Proposed Interim Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. *Id*.

In addition, to ensure efficient and transparent billing by Plaintiffs' counsel, and to conserve resources and streamline the litigation, Proposed Interim Counsel have prepared a detailed protocol for time and expense management. *Id.*, ¶ 20 & Ex. G. Under this protocol, only time and expenses expressly authorized in advance by Proposed Interim Counsel may be considered as potentially compensable. *See, e.g.*, *In re Intuit Free File Litig.*, No. 19-cv-02546-CRB (N.D. Cal.), ECF No. 75. Submitting time and expense reports promotes efficiency in litigation, avoids duplicative work, and ensures there will be no surprises at the end of the case. Yanchunis Decl., ¶ 20.

**D.      Other Factors Support Designating Proposed Interim Counsel.**

Proposed Interim Counsel and the attorneys at their respective law firms also reflect the diversity of the bar and the Class they seek to represent—from the standpoint of age, gender, experience, and geographic distribution. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018) ("Duke Guidelines") (noting "the benefits of diversity of experience, skills, and backgrounds.").[3]

Another key consideration in selecting leadership is the ability to work well as a team, with defense counsel, and with the Court. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." MCL § 10.21. It is therefore useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Duke Guidelines at 43. In this respect, Proposed Interim Counsel have successfully litigated several data breach class actions together—just as they have collaborated to date on this matter. *See, e.g.*, *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, No. 8:16-md-02737-MSS-AEP (M.D. Fla.); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-02752-LHK (N.D. Cal.); *Heath v. Ins. Techs. Corp.*, No. 21-cv-01444 (N.D. Tex.); *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, No. 15-mc-01394-ABJ (D.D.C.).

## IV.      CONCLUSION

Plaintiffs thus respectfully ask the Court to appoint a team of Interim Class Counsel consisting of an Executive Committee chaired by John Yanchunis and including Rachele R. Byrd, Stuart A. Davidson, Adam E. Polk, and Gary Klinger, with Julie Braman Kane as Liaison Counsel.

---

[3] https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf.

Respectfully submitted,

*/s/ John A. Yanchunis*

**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
John A. Yanchunis
Ryan D. Maxey
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Phone: (813) 223-5505
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com

Rachele R. Byrd
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
byrd@whafh.com

Stuart A. Davidson (Fla. Bar No. 84824)
Dorothy P. Antullis (Fla. Bar No. 890421)
Eric S. Dwoskin (Fla. Bar No. 112459)
Maxwell H. Sawyer (Fla. Bar No. 1003922)
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone: 561/750-3000
Facsimile: 561/750-3364
sdavidson@rgrdlaw.com
dantullis@rgrdlaw.com
edwoskin@rgrdlaw.com
msawyer@rgrdlaw.com

Adam E. Polk (*pro hac vice*)
Jordan Elias (*pro hac vice*)
Simon Grille (*pro hac vice*)
Kimberly Macey (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA  94108
Telephone: (415) 981-4800

11

Facsimile: (415) 981-4846
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

Gary M. Klinger (*pro hac vice*)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
Email: gklinger@milberg.com

Julie Braman Kane (Florida Bar No. 980277)
**COLSON HICKS EIDSON**
Attorneys for the Plaintiff
255 Alhambra Circle, Penthouse
Coral Gables, FL  33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
julie@colson.com
b.cancela@colson.com
eservice@colson.com

*Proposed Interim Counsel*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on May 12, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ John A. Yanchunis*
John A. Yanchunis
