UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |

**DEFENDANTS LAKEVIEW LOAN SERVICING, LLC AND PINGORA LOAN SERVICING, LLC'S OPPOSITION TO MOTION TO INTERVENE PURSUANT TO FED.R.CIV. P. 24(b)(1)(B) AND MOTION TO STAY APPOINTMENT OF INTERIM CLASS COUNSEL**

Defendants Lakeview Loan Servicing, LLC ("Lakeview") and Pingora Loan Servicing, LLC ("Pingora") (collectively "Defendants") hereby oppose the Motion to Intervene Pursuant to FED. R. CIV. P. 24(b)(1)(B) and Motion to Stay Appointment of Interim Class Counsel ("Motion") for the reasons stated herein.

**I.  BACKGROUND**

This case arises out of an alleged data security incident involving Defendants' computer systems (the "Incident"). Dkt. No. 9 at 4. The first complaint relating to the Incident was filed on March 29, 2022, by Plaintiff Morrill (Dkt. No. 1) and was followed by other complaints filed in this Court (Dkt. No. 9). Plaintiffs and Defendants in those actions voluntarily agreed to consolidate their cases to prevent waste of judicial resources and the parties' resources. *Id.* Since then, other cases have been consolidated or are in the process of being consolidated without objection. Dkt. Nos. 19, 22, 24-25, 27-28, 30-31, 36.

Of the numerous plaintiffs in the seventeen lawsuits arising out of the Incident that have been filed in courts around the country, only the Oglesbys oppose transfer and consolidation. The Oglesbys filed suit in the U.S. District Court for South Carolina on April 18, 2022, alleging claims arising out of the Incident. Ex. 1, Oglesby Compl. The Oglesbys initially sought to represent a

nationwide class consisting of "[a]ll persons who reside in the United States who received or were otherwise sent notice that their data was potentially compromised due to the Data Breach" and a South Carolina Subclass consisting of "[a]ll persons who reside in the State of South Carolina and received or were otherwise sent notice that their data was potentially compromised due to the data breach." *Id.*, ¶¶ 97-98.  However, the Oglesbys filed an amended complaint on June 2, 2022, which includes three putative classes consisting of South Carolina, Arkansas and Illinois residents "identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach." Ex. 2, Oglesby Am. Compl. ¶ 75.[1]

After the Oglesbys refused requests to transfer their case to this Court, Plaintiffs and Defendants in this consolidated action filed motions to transfer the Oglesby case to this Court. Exs. 3, 4.  Despite their refusal to join this consolidated case, the Oglesbys seek to intervene for the sole purpose of staying the appointment of interim class counsel until the U.S. District Court for the District of South Carolina rules on the pending motions to transfer the Oglesby case to this Court.  Mot. at 1.

**II.    ARGUMENT**

The Court should deny the Motion because: (1) permitting intervention will not serve the interests of judicial economy; (2) the Oglesbys fail to demonstrate that the conditions for intervention are satisfied; (3) there is no basis for staying these proceedings while the Oglesbys pursue duplicative and wasteful litigation in South Carolina; and (4) appointing interim class

---

[1] In their Motion, the Oglesbys characterize themselves as the "South Carolina Plaintiffs" and represent that they "have a case pending in the Federal Court in South Carolina against Lakeview Loan Servicing, LLC on behalf of themselves and other South Carolina citizens." Mot. at 1.  These descriptions were misleading under the complaint that was operative at the time (Ex. 1, Oglesby Compl. ¶¶ 97-98) and remain misleading under the amended complaint (Ex. 2, Oglesby Am. Compl. ¶ 75).  At no time have the Oglesbys' claims been limited to South Carolina residents.  The Oglesbys' description is also misleading inasmuch as it suggests that a class has been certified.

counsel in this consolidated action will not prejudice the Oglesbys or any other litigants.

      **A.**      **Consideration of Judicial Economy Favors Denial of the Motion**

The sole stated purpose of the Motion is to advance "the interest of judicial economy" (Mot. at 2), but the Oglesbys offer zero support for the conclusion that a stay would advance that purpose, so the Motion should be denied. *See Dewit v. United Parcel Serv., Inc.*, No. 1:16CV36-MW/GRJ, 2017 WL 3000030, at *1 (N.D. Fla. Mar. 31, 2017) (disregarding conclusory statements that conditions for intervention were met because movant "offer[ed] no evidence to support its claim").

Indeed, the Oglesbys' pursuit of duplicative, parallel litigation in South Carolina would clearly have the opposite effect.  It is well-established that judicial economy favors consolidation of actions involving common issues of law and fact.  *See Ironshore Indem., Inc. v. Banyon 1030-32, LLC*, No. 12-61678-CIV, 2013 WL 4711155, at *5 (S.D. Fla. Aug. 30, 2013) ("Consolidation is a procedural device designed to promote judicial economy…."); *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1312 (M.D. Fla. 2000) ("Courts have taken the view that considerations of judicial economy favor consolidation.").  However, the Oglesbys are the only Plaintiffs who refuse to transfer and consolidate their case, and they insist on pursuing duplicative and wasteful litigation in South Carolina.  Under these circumstances, it is disingenuous for the Oglesbys to claim they are advancing "the interest of judicial economy."

      **B.**      **The Court Should Not Permit the Oglesbys to Intervene**

The Court should deny the Oglesbys' request to intervene because the Motion fails to demonstrate that the requirements for intervention are satisfied.  The Oglesbys do not dispute that intervention is only appropriate if they demonstrate that the following conditions are satisfied:

> (1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair

> [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit.

Mot. at 2 (citing *Tech. Training Associates, Inc. v. Buccaneers LP*, 874 F.3d 692, 695–96 (11th Cir. 2017)). However, the Oglesbys do not even attempt to show that the first two conditions are met; they merely state, in conclusory fashion, that "there can be no dispute that this intervention is timely and that the South Carolina Plaintiffs have an interest in the transactions that are the subject of the action before this Court." Mot. at 2. The Oglesbys cannot shift their burden of persuasion to non-movants by unilaterally declaring there is no dispute. They were required to demonstrate that the first two conditions are met, and they did not even attempt to do so. *See Dewit*, 2017 WL 3000030, at *1 (disregarding movant's conclusory statements that conditions for intervention are met because movant "offer[ed] no evidence to support its claim").

The Oglesbys also fail to show that the third and fourth conditions are met. The Oglesbys advance three arguments why these conditions are met:

> First, appointment of interim class counsel at this juncture would be premature and prejudicial. Second, the Florida Plaintiffs may not have standing to pursue claims on behalf of the class the South Carolina Plaintiffs seek to represent. Finally, there is no prejudice or harm cause by a short stay while the Motion to Transfer is resolved.

Mot. at 3. These arguments are without merit and should be rejected.

### 1. Appointment of interim class counsel is not premature or prejudicial

The Court should reject the Oglesbys' argument that appointment of interim class counsel is premature and prejudicial because the Court already determined that appointing interim class counsel is appropriate (Dkt. No. 19 at ¶ 7) and none of the Oglesbys' arguments support a reversal of that determination.

The Oglesbys argue that appointment of interim counsel is premature because "there are currently multiple unresolved and contested motions to transfer similar cases to this Court,

4

including a Motion to Transfer pending in the *Oglesby* action." Mot. at 4. However, the Oglesbys fail to identify any "similar cases" where there are "unresolved and contested motions to transfer" because there are none, so their argument fails. The Oglesbys' prejudice argument fails for the same reason. That argument is premised on the false claim that there are "absent parties" whose cases "might be transferred to this Court" and who "have not been given notice of the request for appointment as interim class counsel[.]" *Id.* However, the Oglesbys do not identify any such parties because there are none, so the Oglesbys' prejudice argument fails.

The Oglesbys also argue that the Court should not appoint interim class counsel until the Court addresses the issue of consolidation (*Id.* at 3-4), but the Court already addressed consolidation: "The Court has reviewed the Stipulation and agrees that consolidation of the above-styled cases is appropriate to avoid unnecessary duplication of judicial labor and effort as well as to conserve the parties' resources." Dkt. No. 19 at 3. Thus, the Oglesbys' argument is without merit and their authorities are inapplicable.[2]

---

[2] The Oglesbys cite *Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. LEXIS 28607 (S.D. Ill. May 10, 2006) for the proposition that "appointment of interim class counsel is discretionary and particularly suited to situations 'where a large number of putative class actions have been consolidated or otherwise are pending in a single court[.]'" Mot. at 3. Here, a dozen cases have been consolidated and others are in the process of being consolidated (Dkt. Nos. 19, 22, 24-25, 27-28, 30-31, 36), so appointment is appropriate under the Oglesbys' own authority. The Oglesbys cite *Tokarski v. Med-Data, Inc.*, 2022 U.S. Dist. LEXIS 47799 (W.D. Wash. Mar. 17, 2022) for the proposition that appointment of interim counsel is inappropriate when "other cases are pending before not only another judge but also a judge in a completely different state and/or jurisdiction." Mot. at 3. However, the *Tokarski* court held that it would be inappropriate to appoint interim class counsel for a case that was transferred to another forum. No party is suggesting that this Court should appoint interim counsel for cases pending in other forums. Lastly, the Oglesbys quote the following language from *Kaplan v. 21st Century Oncology Holdings, Inc.*, 2016 WL 9383330 (M.D. Fla. July 21, 2016): "'Because the Motions for Appointment of Interim Class Counsel contemplate the Court deciding the Motions to Consolidate first, the Undersigned finds and recommends that it is premature to take up the merits of the Motions for Appointment of Interim Class Counsel at this time.'" Mot. at 3-4. However, as discussed, this Court already addressed consolidation.

### 2. The Court should reject the Oglesbys' standing argument

The Oglesbys speculate that Plaintiffs in this consolidated action "may not have standing at this stage to represent class members from other states, including South Carolina, while the South Carolina Plaintiffs in Oglesby unquestionably do have standing to represent class members in South Carolina." Mot. at 5. However, mere speculation that existing parties may be inadequate representatives is insufficient to overcome the presumption that a proposed intervenor's interests are adequately represented by existing parties. *See Gumm v. Jacobs*, 2020 WL 1233575 at *3 (M.D. Ga. Mar. 20, 2020) ("Although the movant's burden to demonstrate inadequacy is not onerous, the movant still must produce something more than speculation as to the purported inadequacy.") (quotation marks omitted); *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 293 (11th Cir. 2020) (explaining that existing parties are presumed to be adequate representatives and that presumption can only be overcome if movants present evidence of inadequacy); *see also Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993) ("We will find that representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty.") (quotation marks omitted).

In any event, it is irrelevant whether Plaintiffs in this consolidated case have standing to bring the Oglesbys' claims because those claims are not currently before the Court. The Court will only need to consider the Oglesbys' claims if their case is transferred to this Court, in which case the Oglesbys will be before the Court and their purported concerns about standing will be moot.

### 3. A stay will harm the existing parties

The Court should reject the Oglesbys' argument that no prejudice will result from a short

stay. The Oglesbys offer zero support for the conclusion that the pending motions to transfer the Oglesby case will be resolved shortly. Mot. at 5-7. Indeed, briefing is ongoing, and the South Carolina court has not provided a hearing date or given any indication regarding when a decision will be reached. Moreover, a stay will prejudice non-movants. Lakeview and Plaintiffs in the first eight cases filed in this District voluntarily agreed to consolidate those cases to avoid the waste of the Court's resources and the parties' resources. Dkt. No. 9. Since then, four more cases have been consolidated and others are in the process of being consolidated without objection. Dkt. Nos. 19, 22, 24-25, 27-28, 30-31, 36. Forcing all these parties to sit idly by for an undetermined amount of time while the Oglesbys pursue the wasteful and duplicative litigation the consolidated parties sought to avoid will prejudice those parties.

The Court should also reject the Oglesbys' argument that appointing interim class counsel would be premature because there has been no decision on consolidation and appointment "would run afoul of the prevailing law and would thus complicate the issues before this Court." Mot. at 6. The Court already decided that consolidation and appointment of interim class counsel are appropriate (Dkt. No. 19 at ¶¶ 5, 7), and the Oglesbys' authorities do not support the conclusion that this Court's decision "runs[s] afoul of the prevailing law and would thus complicate the issues before this Court."[3]

---

[3] In *Davis v. GEICO Cas. Co.*, 2021 WL 4876213 (S.D. Ohio May 20, 2021) (Mot. at 6), there were two competing class actions in different districts and Plaintiffs in one of those actions sought appointment as interim class counsel by arguing, *inter alia*, that they were more qualified than counsel in the competing action. The court held that appointment of interim class counsel was premature because there were only two cases, they were pending in different courts, and plaintiffs in each case could adequately protect their interests. Moreover, the court reached that decision because, unlike here, there was not "a large number [of] putative class actions have been consolidated or are pending before a single court." The Oglesbys cite *Mey v. Patriot Payment Grp., LLC*, 2016 WL 11501481 (N.D.W. Va. Jan. 5, 2016) (Mot. at 6) for the proposition that "[C]ourts that have addressed the question of interim class counsel have generally deemed it necessary that consolidation of multiple actions take place prior to appointment of interim class

7

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Motion.


Dated: June 3, 2022.                                           *s/ Julie Singer Brady*
                                                               Julie Singer Brady
                                                               Florida Bar No. 389315
                                                               jsingerbrady@bakerlaw.com
                                                               BAKER & HOSTETLER LLP
                                                               200 South Orange Avenue, Suite 2300
                                                               Orlando, FL 32801
                                                               Telephone: 407.649.4000
                                                               Facsimile: 407.841.0168

                                                               Paul Karlsgodt (*pro hac vice*)
                                                               PKarlsgodt@bakerlaw.com
                                                               BAKER & HOSTETLER LLP
                                                               1801 California Street, Suite 4400
                                                               Denver, CO 80202
                                                               Telephone: 303.861.0600
                                                               Facsimile: 303.861.7805

                                                               Evan M. Mannering (*pro hac vice*)
                                                               emannering@bakerlaw.com
                                                               BAKER & HOSTETLER LLP
                                                               1050 Connecticut Ave, NW, Suite 1100
                                                               Washington, DC 20036
                                                               Telephone: 202.861.1500
                                                               Facsimile: 202.861.1783

                                                               *Counsel for Lakeview Loan Servicing, LLC and
                                                               and Pingora Loan Servicing, LLC*

---

counsel." However, again, "consolidation of multiple actions" has already occurred. Dkt. Nos. 19, 22, 24-25, 27-28, 30-31, 36.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 3, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the Florida E-Filing Portal, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Julie Singer Brady*
Julie Singer Brady
