**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |

**OPPOSITION TO MOTION TO INTERVENE PURSUANT TO FED.R.CIV. P. 24(B)(1)(B) AND MOTION TO STAY APPOINTMENT OF INTERIM CLASS COUNSEL**

Plaintiffs Jennifer Morrill, Shannon Thomas, Evelyn Rivera, Alisha Cartagena, Doreen Endress, Robert Keach, Maureen Keach, Jay Saporta, Andrew Guarino, John McMahon, Richard Kunz, and Stephenie Stone ("Plaintiffs") oppose the Motion to Intervene and the Motion to Stay the Appointment of Interim Class Counsel ("Mot.") filed by Anthony and Teresa Oglesby ("Movants" or "*Oglesby* Plaintiffs").

## I.   INTRODUCTION

The Movants—Anthony and Teresa Oglesby—are plaintiffs in a related case filed in the District of South Carolina that is the only other overlapping case not currently pending before this Court.[1] Before Movants moved to intervene in this Court, Plaintiffs moved to intervene in the District of South Carolina to transfer Movants' later-filed action to this Court under the first-to-file rule and 28 U.S.C. § 1404, and Defendant Lakeview Loan Servicing, LLC ("Lakeview") also moved to transfer that action to this Court. *Oglesby* ECF Nos. 9, 14. No motions to intervene would have been required had Movants not filed an overlapping class action in a different court. Movants opened that other forum after *nine* related cases had already been filed in this district and after they

---

[1] *Oglesby v. Lakeview Loan Servs. LLC*, No. 7:22-cv-01247-TMC (D.S.C.) ("*Oglesby*").

1

refused to stipulate to transfer and consolidation. Four other related class actions were filed across the country, but the plaintiffs in those cases, unlike Movants, agreed to voluntarily transfer or dismiss them so that their claims can proceed efficiently in this Court, where Lakeview maintains its principal place of business. Despite Plaintiffs' efforts to confer with the *Oglesby* Plaintiffs to streamline the early stages of this litigation by facilitating consolidation of all related cases in a single forum, Movants have refused to do so, stating their intent to litigate separately.[2]

The Court should not hold up the litigation on account of the *Oglesby* Plaintiffs' outlier litigation strategy. Their motion, on its face, does not meet the requirements for intervention of right under Federal Rule of Civil Procedure 24(a) because they have not demonstrated that their interests are inadequately represented by the existing Plaintiffs or that they will be prejudiced by the appointment of interim class counsel. Indeed, *Oglesby* Plaintiffs do not dispute that they and all other Plaintiffs share a common objective of holding Lakeview and its co-defendants Pingora Loan Servicing, LLC ("Pingora") and Bayview Asset Management, LLC ("Bayview") accountable for the same data breach, or that their case and this consolidated action involve similar claims. A presumption therefore arises that their interests are already adequately represented, and Movants fail to even attempt to rebut that presumption. The only adequacy argument they raise is a dubious claim that Plaintiffs lack standing to sue on behalf of South Carolina class members. Plaintiffs propose to represent a nationwide class, and Plaintiffs' counsel have already been retained by South Carolina citizens and intend to add one or more South Carolina plaintiffs and a

---

[2] Movants recently amended their complaint to remove its nationwide class allegations and assert claims only on behalf of South Carolina, Illinois, and Arkansas subclasses. The nationwide class allegations in *this* action subsume the classes proposed in *Oglesby*, and Plaintiffs intend to add further subclasses, including for South Carolina and Illinois, in their forthcoming Consolidated Complaint.

South Carolina subclass to the Consolidated Complaint, which this Court directed be filed within 45 days after appointment of interim class counsel. ECF No. 19 at 5.[3] By failing to rebut the presumption of adequacy, the *Oglesby* Plaintiffs have failed to meet the requirements for intervention of right.[4] Their motion under Rule 24(a) should be denied for the additional reason that their interests will not be impaired because they can opt out of any class that is certified.

None of the *Oglesby* Plaintiffs' remaining arguments have merit. They contend that interim class counsel should not be appointed where not all related actions have been consolidated before a single court. But that is a circumstance of their own making, and the Manual for Complex Litigation and many courts have recognized that even when only some related cases have been consolidated, it may be necessary to designate interim counsel to clarify responsibilities and protect the interests of proposed class members. Moreover, the undersigned counsel, consistent with their inclusive approach to this litigation, have agreed to keep the *Oglesby* Plaintiffs apprised of all developments in the litigation pending determination of the motion to transfer in the South Carolina action. An indefinite stay is not warranted in these circumstances and would prejudice Plaintiffs by unnecessarily delaying the progress of this case when all parties but one—the *Oglesby* Plaintiffs, who filed a duplicative action—have agreed to proceed in this District.

Thus, for the reasons set forth in greater detail below, the Court should deny *Oglesby*

---

[3] It is of no moment that Movants recently amended their complaint to add claims on behalf of Illinois and Arkansas classes. First, Plaintiffs in this action have been retained by an Illinois citizen and will bring claims on behalf of an Illinois subclass in their Consolidated Complaint. In addition, as Plaintiffs explained in their Motion for Appointment of Interim Class Counsel (ECF No. 26 at 5), Plaintiffs' counsel have worked efficiently and collaboratively to vet potential plaintiffs for their Consolidated Complaint, which has included responding to hundreds of emails and calls from class members all over the country.

[4] Movants waived any argument for permissive intervention by not requesting it, and in any event, they do not meet the requirements of Rule 24(b).

Plaintiffs' motions and determine interim class counsel (ECF No. 26), in accordance with the process established in the Court's May 4, 2022, Order re Consolidation (ECF No. 19).

## II.     RELEVANT BACKGROUND

On October 27, 2021, an intruder accessed the personal information of millions of current and former customers of mortgage servicing companies Lakeview and Pingora, including names, addresses, loan numbers, and Social Security numbers (the "Data Breach"). Beginning on March 29, 2022, nine related cases on behalf of proposed nationwide and state subclasses of victims of the Data Breach were filed in this District against Lakeview, Pingora, and their parent company Bayview. *See* ECF No. 26 at 3-5. Proposed Interim Counsel[5] filed the earliest of the related cases and worked cooperatively and in collaboration with defense counsel to present the Court with a stipulation to consolidate the related cases and a streamlined proposal for selecting interim class counsel, which the Court entered on May 4. ECF No. 19. On May 12, Plaintiffs moved to appoint their attorneys as interim class counsel. ECF No. 26. No other application was filed.

Since the Court consolidated the first nine related cases, one other case arising out of the Data Breach was filed in this District and consolidated, and another was filed in Florida state court, removed to this Court, and consolidated. ECF Nos. 25, 27. In addition, five other class actions were filed in other federal district courts in California, Colorado, and South Carolina. ECF No. 26 at 3-4. Proposed Interim Counsel contacted the California, Colorado, and South Carolina plaintiffs, explained that the Southern District of Florida is the most sensible forum in light of Defendants'

---

[5] Proposed Interim Counsel consist of an executive committee chaired by John Yanchunis (Morgan & Morgan Complex Litigation Group) and including Rachele R. Byrd (Wolf Haldenstein Adler Freeman & Herz LLP), Stuart A. Davidson (Robbins Geller Rudman & Dowd LLP), Adam E. Polk (Girard Sharp LLP), and Gary Klinger (Milberg Coleman Bryson Phillips Grossman, PLLC); and Julie Braman Kane (Colson Hicks Eidson, P.A.) as Liaison Counsel.

location, and the advancement of the litigation here. As a result of Proposed Interim Counsel's efforts, counsel for the parties in three of those actions voluntarily agreed to transfer those cases to this Court for consolidation, and another case pending in Colorado was voluntarily dismissed.[6]

Although nine related cases had already been filed in this District and the *Oglesby* Plaintiffs could have filed their action in this District, on April 18, 2022, they instead elected to file an overlapping and duplicative class action in the District of South Carolina seeking to represent a nationwide class and a South Carolina subclass. *Oglesby v. Lakeview Loan Servs. LLC*, No. 7:22-cv-01247-TMC (D.S.C.), ECF No. 1 at 28-29. After the filing of *Oglesby*, Proposed Interim Counsel contacted Movants' counsel and invited them to discuss and stipulate to consolidation, but plaintiffs' counsel in *Oglesby* declined, insisting on separate parallel litigation. As a result, on May 10, Plaintiffs moved to intervene and transfer the *Oglesby* action to this Court under the first-to-file rule or 28 U.S.C. § 1404. *Oglesby* ECF No. 9. On May 19, Defendant Lakeview filed its own motion to transfer, claiming in part that it is not subject to personal jurisdiction in South Carolina and arguing for transfer of *Oglesby* to this Court based on the first-to-file rule or 28 U.S.C. § 1404. *Oglesby* ECF No. 14.

### III.     LEGAL STANDARD

A person seeking to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) must show: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Gumm v. Jacobs*, 812

---

[6] *Johnson v. Pingora Asset Mgt., LLC*, Case 1:22-cv-01034-TLB (D. Colo.), ECF No. 14.

F. App'x 944, 946 (11th Cir. 2020) (quoting *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996)). Where the parties share "the same ultimate objectives," there is "a presumption that the plaintiffs" will adequately represent the putative intervenor's interests. *Id.* at 947.

## IV. ARGUMENT

### A. The *Oglesby* Plaintiffs Are Not Entitled to Intervene as a Matter of Right.

The motion to intervene should be denied because the *Oglesby* Plaintiffs have not shown that their interests are inadequately represented by the existing Plaintiffs or that the disposition of this matter will impair or impede their ability to protect their interests. *See* Fed. R. Civ. P. 24(a)(2). The actions share common questions of fact and law, and the plaintiffs in both the consolidated cases in this District and the case in South Carolina seek to represent overlapping classes against a common defendant. Thus there is a presumption of adequacy of representation, which the *Oglesby* Plaintiffs have not rebutted, much less acknowledged. Furthermore, their ability to protect their own interests will not be impaired if Proposed Interim Counsel is appointed and a class is ultimately certified because they admittedly will be able to opt out of such a class. *See Oglesby* ECF No. 28 at n.2. The *Oglesby* Plaintiffs' arguments to the contrary are unpersuasive. (Mot. at 3-5). They claim that Plaintiffs cannot adequately represent their interest because Plaintiffs lack standing to bring claims on behalf of South Carolina class members, but Plaintiffs proposed to represent a nationwide class, and Plaintiffs' counsel have already been retained by South Carolina citizens and intend to add at least one South Carolina plaintiff and a South Carolina subclass in the Consolidated Complaint (along with citizens of other states, following counsel's vetting protocol). There is also nothing procedurally improper with appointing interim counsel even when one outlier class action has not been consolidated, especially when the *Oglesby* Plaintiffs themselves have

6

insisted on parallel litigation by opposing transfer and consolidation. As they have not met their burden of satisfying all of the requirements under Rule 24(a), the motion should be denied.

The *Oglesby* Plaintiffs do not dispute that they share the "same ultimate objective" as Plaintiffs in holding Defendants liable for failing to secure their sensitive personal information. *See Fresco v. Auto Data Direct, Inc.*, No. 03-61063-CIV, 2007 WL 9837874, at *1 (S.D. Fla. May 14, 2007) (applying presumption of adequacy because parties shared "the same objective."). In addition, the consolidated actions and the *Oglesby* action involve similar claims (*e.g.*, negligence in protecting borrowers' personal information and violation of state consumer protection law), and both cases seek damages and injunctive relief. *See A.R. v. Dudek*, No. 13-61576-CIV, 2014 WL 12519764, at *2 (S.D. Fla. Apr. 7, 2014) (that movants asserted the same claims demonstrated they were being adequately represented). It is therefore presumed that Plaintiffs adequately represent the *Oglesby* Plaintiffs. *See Gumm v. Jacobs*, No. 5:15-CV-41 (MTT), 2020 WL 1322575, at *3 (M.D. Ga. Mar. 20, 2020). To overcome the presumption, the *Oglesby* Plaintiffs must come forward with "something more than speculation" and "demonstrate adversity of interest, collusion, or nonfeasance." *Id.* (citation omitted); *see A.R.*, 2014 WL 12519764, at *2 (S.D. Fla. Apr. 7, 2014) (movants have "the burden to come forward with evidence that its interests are not adequately represented by the existing parties."). Their failure and inability to do so here preclude any right to intervene. *See Wallace v. Norwegian Cruise Line Ltd.*, No. 09-21814-CIV, 2011 WL 13112227, at *1 (S.D. Fla. May 9, 2011) ("The putative intervenors cannot show that the existing parties will inadequately represent their interests. The current plaintiffs share *identical* interests with the putative intervenors.") (emphasis in original).

The *Oglesby* Plaintiffs' *only* argument regarding inadequacy is an assertion that Plaintiffs lack standing to bring claims on behalf of South Carolina class members. (Mot. at 5). But, again,

Plaintiffs intend to file a Consolidated Complaint adding at least one South Carolina Plaintiff and a South Carolina subclass, leaving no doubt about Plaintiffs' standing to bring claims on behalf of South Carolina class members. The motion is devoid of any other arguments, let alone evidence, as to why Plaintiffs will not adequately protect their interests. Consequently, the *Oglseby* Plaintiffs cannot intervene as of right. *See Paris v. Progressive Am. Ins. Co.*, No. 19-21761-CIV, 2020 WL 7039018, at *10 (S.D. Fla. Nov. 13, 2020) (requirements for intervention as of right "would only be satisfied" if the existing plaintiff could not adequately represent movant's interests); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 00-00508-SBA, 2005 WL 8168756, at *2 n.2 (S.D. Fla. Jan. 20, 2005) (movant's failure to show that his interests were not adequately protected was fatal to request to intervene); *Singer v. WWF Operating Co.*, 294 F.R.D. 673, 677 (S.D. Fla. 2013) (same).

While the failure to establish any one of the requirements means a movant "is not entitled to intervention as of right," *Runton v. Brookdale Senior Living, Inc.*, No. 17-60664-CIV, 2020 WL 10502418, at *4 n.4 (S.D. Fla. Mar. 18, 2020), the *Oglesby* Plaintiffs also are not entitled to intervene because they "have clearly not satisfied the third prong. Movants have made no showing that their ability to protect their interest will be impeded by failure to intervene. Movants would be fully able to protect their interest by opting out of the class and litigating their case separately, or objecting to the settlement if they chose to remain in the case." *Saccoccio v. JP Morgan Chase Bank, N.A.*, No. 13-21107-CIV, 2013 WL 5585230, at *1 (S.D. Fla. Oct. 9, 2013) (citing *Grilli v. Metro. Life Ins. Co.*, 78 F.3d 1533, 1536 (11th Cir. 1996)). While the *Oglesby* Plaintiffs assert that appointing interim class counsel would prejudice them and deprive them of the "opportunity to protect their interests" (Mot. at 4), they provide no explanation or support for the assertion. In reality, even if the Court appoints proposed interim class counsel and later certifies a class, the

*Oglesby* Plaintiffs will be able to fully protect their interests simply by opting out. *See In re OCWEN Fin. Corp. Sec. Litig.* No. 14-81057-CIV-WPD, 2016 WL 11783385, at *1 (S.D. Fla. Dec. 6, 2016) (finding no prejudice because movant could opt out of class).

The *Oglesby* Plaintiffs' claim that other "absent parties" would be prejudiced by appointment of interim class counsel misstates the facts and the applicable law.[7] (Mot. at 3-4). To start with, of the 16 related actions that have been filed across the country, the *Oglesby* Plaintiffs are the *only* "absent" party in this case because they filed an overlapping class action—after nine case had already been filed—in a different court. Moreover, they have since refused to stipulate to transfer and consolidation even after the parties in four other actions have voluntarily transferred or dismissed their cases in the interests of efficiency. Movants thus have created the very "waste of judicial resources" of which they now complain. (Mot. at 7).

Movants' contention that courts "almost uniformly" decline to appoint interim counsel when overlapping class actions are pending in different courts is also incorrect. (Mot. at 6 (citing *Davis v. GEICO Cas. Co.*, No. 2:19-CV-2477, 2021 WL 4876213, at *1 (S.D. Ohio May 20, 2021)). While it is true that some courts have elected not to appoint interim class counsel until all actions are pending before the same court, no rule or principle weighs against appointing interim counsel under the present circumstances, where all but one group of plaintiffs have agreed to proceed in a single district and the defendants do not oppose the appointment of interim class

---

[7] The *Oglesby* Plaintiffs also fault Plaintiffs for not invoking the MDL process. (Mot. at 4). But, because all related actions except *Oglesby* have been filed in or transferred to this District and consolidated, there are only two actions total. And the Judicial Panel on Multidistrict Litigation has made clear that, in this situation, informal coordination is "preferable to centralization." *In re Credit Suisse VelocityShares Daily Inverse VIX Short Term Exch. Traded Notes Sec. Litig.*, 326 F. Supp. 3d 1379, 1381 (J.P.M.L. 2018) (noting that because of consolidation, there were effectively only two separate actions). Again, *Oglesby* counsel have declined the efforts of Proposed Interim Counsel to coordinate activity in the two actions.

9

counsel. *See Razo v. AT&T Mobility Servs., LLC*, No. 120-CV-00172-HBK, 2021 WL 4847834, at *4 (E.D. Cal. Oct. 15, 2021) ("appointment of interim class counsel, however, is not limited to cases where competing or overlapping cases are consolidated before a court"), *report and recommendation adopted*, No. 120CV-00172-HBK, 2021 WL 4988866 (E.D. Cal. Oct. 27, 2021).

In fact, the Manual for Complex Litigation recognizes that appointing interim class counsel may be necessary even when there are parallel class actions pending in different courts: "If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and *some or* all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" Manual for Complex Litigation (Fourth) § 21.11 (2004) ("Manual"); *see Jacob Rieger & Co., LLC v. Cincinnati Ins. Co.*, No. 20-CV-00681-SRB, 2020 WL 9421046, at *3 (W.D. Mo. Dec. 7, 2020) ("[M]ultiple, overlapping, and duplicative class actions in this Court and in others is the precise scenario in which interim class counsel is appropriate."); *see also Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019) ("Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions."). Because Movants and their counsel have refused to join the consolidated litigation in this District, their opinion regarding appointment of interim counsel deserves little weight. *See In re California Title Ins. Antitrust Litig.*, No. 08-01341 JSW, 2008 WL 4820752, at *1 (N.D. Cal. Nov. 3, 2008) (appointing interim class counsel where "eleven actions currently pending before this Court, which have been consolidated, and there are similar cases pending throughout the country.").

The fallacy of Movants' argument to defer decision is further shown by *Troy Stacy Enterprises Inc. v. Cincinnati Insurance Company*, where the court rejected the defendants'

argument that appointing interim counsel was improper because a different district court had "recently appointed interim class counsel in related class action litigation" against the defendants. 337 F.R.D. 405, 410 (S.D. Ohio 2021). Citing the Manual, the court explained that the pendency of "[s]imilar litigation and appointment of interim counsel in other courts do not moot appointment of interim counsel in this Court—they warrant it. Indeed, that is one of the purposes of interim counsel." *Id.* As that court explained, when "similar cases have been filed in other districts and other attorneys are vying for class counsel appointment nationwide—it is foreseeable that the attorneys in more localized litigation may stipulate to the appointment of lead interim counsel to act for the proposed class." *Id.* As in that case, appointing class counsel here, where there are competing class actions, "will result in more efficient management of the overlapping putative class action[] in this District" and "will also clarify who bears the primary responsibility for protecting the class's interests." *Id.*; *see Jacob Rieger*, 2020 WL 9421046, at *4 ("[I]nherent in the appointment of interim class counsel is the potential for similar class actions to be filed by different counsel.").

The other cases the *Oglesby* Plaintiffs cite do not support their argument that it would be improper for the Court to appoint interim class counsel at this time. In one case, the court declined to consider the appointment of interim class counsel because the motions "expressly contemplate that the Court should first rule on the Motions to Consolidate." *Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-CV210-FTM-99MRM, 2016 WL 9383330, at *4 (M.D. Fla. July 21, 2016), *report and recommendation adopted*, No. 2:16CV-210-FTM-99MRM, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016). Here, this Court has already consolidated the related actions. Further, unlike in *Donaldson v. Pharmacia Pension Plan*, where there was "only a single law firm seek[ing] appointment as class counsel," there are numerous related actions that have been filed in (or

11

transferred to) this district with different and potentially competing counsel. No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006).

Accordingly, because the request for intervention does not satisfy the requirements of Rule 24(a), it should be denied.

**B.   The Court Should Decline to Allow Permissive Intervention or Enter a Stay, Which Would Prejudice Plaintiffs.**

Although their motion seeks only to intervene of right (Mot. at 2), the *Oglesby* Plaintiffs' motion contains a single reference to Rule 24(b). (Mot. at 1). But because they do not address the requirements of permissive intervention in their brief, they have waived any argument under Rule 24(b). *See Schmidt v. APAC Mid-S., Inc.*, No. 4:19-CV-0027-HLM, 2019 WL 9620219, at *2 (N.D. Ga. Oct. 29, 2019) (party waived argument by not addressing it in opening brief); *Guy Roofing, Inc. v. Angel Enters., LLC*, No. 17-14081-CIV, 2017 WL 8890873, at *3 (S.D. Fla. Sept. 6, 2017) (noting that arguments raised for the first time on reply are waived). Even if the Court were to consider an argument for permissive intervention (and it should not), the *Oglesby* Plaintiffs are not entitled to permissively intervene given the facts of record.

First, their failure to show that their interests are inadequately protected strongly weighs against permissive intervention. *See Gumm*, 2020 WL 1322575, at *5 ("As noted above, Todd's interests are adequately protected by the existing parties to the lawsuit, and his intervention would not further the development of factual or legal issues in the case."); *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 356 F. Supp. 3d 287, 298 (S.D.N.Y. 2018) (similar). The substantial overlap between the actions favors denial of permissive intervention as it would "merely increase the number of parties and attorneys to this already complex litigation without adding any articulable benefit." *A.R.*, 2014 WL 12519764, at *4 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir. 1989) ("The duplicative nature of the claims and interests they asserted threatens to unduly

delay the adjudication of the rights of the parties in the lawsuit and makes it unlikely that any new light will be shed on the issues to be adjudicated.")).

Moreover, staying the appointment of interim class counsel until the South Carolina court rules on transfer is not warranted, and a stay would prejudice Plaintiffs. (Mot. at 7.) It is unclear how long the South Carolina court will take to rule on the motions, and indefinite stays are disfavored. *See Sokolowski v. Erbey*, No. 9:14-CV-81601-WPD, 2015 WL 13935262, at *1 (S.D. Fla. Sept. 29, 2015); *Powell v. Youfit Health Clubs LLC*, No. 17-CV-62328, 2018 WL 11182369, at *1 (S.D. Fla. Sept. 25, 2018). Pausing the proceedings in this case after Plaintiffs have worked cooperatively with Defendants to move this case forward, and after this Court established an initial case management procedure (ECF No. 19), simply to accommodate a single group of other plaintiffs who have insisted on litigating separately in another district, constitutes prejudice. *See Wright v. Bluestem Brands, Inc.*, No. 1:17-CV-10-MW/GRJ, 2017 WL 1862477, at *1 (N.D. Fla. May 7, 2017) (noting substantial prejudice to the plaintiff from delaying resolution of his claims); *Volkswagen Grp. of Am., Inc. v. Saul Chevrolet, Inc.*, No. 5:15-cv-00505-ODW (SPX), 2015 WL 5680317, at *4 (C.D. Cal. Sept. 25, 2015) (plaintiffs have an interest in having their case resolved quickly); *Ontiveros v. Zamora*, No. CIV. S-08-567 LKK, 2013 WL 1785891, at *5 (E.D. Cal. Apr. 25, 2013) (recognizing that "unduly delaying a plaintiff's day in court constitutes a significant injury.").

The *Oglesby* Plaintiffs have made clear that they seek to intervene in this action for the sole purpose of seeking a stay. In situations like this where the putative intervenor cannot invoke the first-to-file rule (or the rule does not apply), courts have denied intervention if the putative intervenor seeks to intervene merely to stay a parallel action in favor of its own case, as allowing intervention would prejudice the parties to the action. *See Calderon v. Clearview AI, Inc.*, No. 20

CIV. 1296 (CM), 2020 WL 2792979, at *8 (S.D.N.Y. May 29, 2020); *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 347 (E.D.N.Y. 2018) (denying permissive intervention where proposed intervenors sought to stay, dismiss, or transfer the action and first-to-file rule did not apply); *Glover v. Ferrero USA*, Inc., No. CIV.A. 11-1086 FLW, 2011 WL 5007805, at *7 (D.N.J. Oct. 20, 2011) (similar). Here, nine related cases were filed in this district before the *Oglesby* Plaintiffs chose to file their case in South Carolina. Plaintiffs who brought later-filed cases in California and Colorado agreed to transfer their cases to this District or voluntarily dismiss. Similarly, Lakeview moved to transfer *Oglesby* to this District. Under these circumstances, allowing the *Oglesby* Plaintiffs—the sole obstacle to moving this litigation forward—to intervene to seek a stay would prejudice the overwhelming majority of Plaintiffs who have agreed to proceed in this District and diligently moved to advance this litigation by working cooperatively and coordinating with defense counsel. *See Calderon*, 2020 WL 2792979, at *8 ("There is little question that Plaintiffs who have either sued or consented to transfer to New York would be prejudiced if Mutnick is granted permission to intervene, since he does not seek to litigate here and only hopes to have the New York Actions dismissed, stayed, or transferred to the Northern District of Illinois—where the Clearview Defendants have already filed a motion to dismiss or transfer for lack of personal jurisdiction."). Thus, the Court should not stay this consolidated litigation that encompasses at least 12 cases just to accommodate the lawyers for the *Oglesby* Plaintiffs.

## V.     CONCLUSION

For the foregoing reasons, the *Oglesby* Plaintiffs' motion to intervene and to stay should be denied.

Respectfully submitted,

*/s/ John A. Yanchunis*

14

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
Ryan D. Maxey
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: (813) 223-5505
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com

Rachele R. Byrd
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
byrd@whafh.com

Adam E. Polk (*pro hac vice*)
Jordan Elias (*pro hac vice*)
Simon Grille (*pro hac vice*)
Kimberly Macey (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

Stuart A. Davidson (Fla. Bar No. 84824)
Dorothy P. Antullis (Fla. Bar No. 890421)
Eric S. Dwoskin (Fla. Bar No. 112459)
Maxwell H,. Sawyer (Fla. Bar No. 1003922)
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
Facsimile: 561/750-3364
sdavidson@rgrdlaw.com
dantullis@rgrdlaw.com
edwoskin@rgrdlaw.com
msawyer@rgrdlaw.com

Gary M. Klinger (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
Email: gklinger@milberg.com

Julie Braman Kane (Florida Bar No. 980277)
**COLSON HICKS EIDSON**
Attorneys for the Plaintiff
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
julie@colson.com
b.cancela@colson.com
eservice@colson.com

*Proposed Interim Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ John A. Yanchunis*
John A. Yanchunis