**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re Lakeview Loan Servicing Data Breach Litigation

Case No. 1:22-cv-20955-DPG

**ORDER**

**THIS CAUSE** comes before the Court on the Motion for Appointment as Interim Class Counsel [ECF No. 26] and Motion to Intervene and Stay Appointment of Interim Class Counsel [ECF No. 32]. The Court has reviewed the Motions, the responses [ECF Nos. 29, 37, 38], and being fully advised, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Intervene and Stay Appointment of Interim Class Counsel [ECF No. 32] is **DENIED**. The Proposed Intervenors' Motion is largely conclusory in nature. The Court has already determined that consolidation of related matters is appropriate and there appears to be no dispute that all other related actions—aside from the *Oglesby* action— have already been transferred to this Court and consolidated. The Proposed Intervenors have not rebutted the presumption that their interests will be adequately represented by the existing Plaintiffs in the consolidated actions, especially given Plaintiffs' representation they intend to add South Carolina plaintiffs and represent a nationwide class. The Court determines that appointment of interim class counsel is appropriate at this juncture. For these reasons, the Motion to Intervene and Stay is denied.

2. The Motion for Appointment as Interim Class Counsel [ECF No. 26] is **GRANTED**. The Court appoints an executive committee chaired by John Yanchunis (Morgan & Morgan Complex Litigation Group) and including Rachele R. Byrd (Wolf Haldenstein Adler Freeman & Herz LLP), Stuart A. Davidson (Robbins Geller Rudman & Dowd LLP), Adam

E. Polk (Girard Sharp LLP), and Gary Klinger (Milberg Coleman Bryson Phillips Grossman, PLLC); and Julie Braman Kane (Colson Hicks Eidson, P.A.) as Liaison Counsel to lead the action and to assure the orderly prosecution of the action.

3. Pursuant to this structure, the executive committee shall have the authority to perform or delegate the following tasks on behalf of all Plaintiffs in this consolidated action:

   a. directing, coordinating, and supervising the prosecution of Plaintiffs' claims in this action;

   b. preparing, structuring, and presenting pretrial and other case management orders;

   c. convening meetings of counsel;

   d. communicating with defense counsel;

   e. initiating, responding to, scheduling, briefing, and arguing all motions;

   f. appearing at all hearings and conferences regarding the case;

   g. determining the scope, order, and conduct of all discovery proceedings;

   h. assigning work to Plaintiffs' counsel in this action, as necessary and appropriate;

   i. retaining experts;

   j. conducting settlement negotiations on behalf of named Plaintiffs and the class;

   k. entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

   l. preparing and distributing status reports to any other law firms that might seek to represent the proposed class;

   m. collecting and reviewing time and expense records from Plaintiffs' counsel on a regular basis, or as provided for under any Court-approved protocol;

n.   coordinating activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and generally in the litigation;

o.   coordinating discovery and briefing of common legal issues, and if appropriate, settlement approval proceedings; and

p.   performing such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court.

4.  Liaison Counsel shall have the authority to perform or delegate the following tasks on behalf of all Plaintiffs in this consolidated action:

a.   maintain and distribute to co-counsel and to Defendants' liaison counsel an up-to-date service list;

b.   receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

c.   maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party, except such documents as may be available at a document depository;

d.   establish and maintain a document depository; and

e.   perform such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by the Executive Committee.

5.  The Court further approves the Timekeeping Protocol attached as Exhibit G to the Declaration of John Yanchunis [ECF No. 26-8]. All Plaintiffs' counsel in this consolidated action shall comply with the terms thereof.

6. Pursuant to the Order of Consolidation [ECF No. 19], Plaintiffs shall file the Consolidated Complaint no later than 45 days from the date of this Order, on or before **August 1, 2022**. Defendant will respond to the Complaint no later than 30 days following its filing.

7. The parties will file a Joint Scheduling Report 21 days after the filing of the Consolidated Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of June 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE