## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |

## JOINT CONFERENCE SCHEDULING REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1(b)(2) of the Local Rules of the United States District Court for the Southern District of Florida, Plaintiffs Evelyn Rivera, Stephanie Stone, Jorge Gonzalez, Robert Keach, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Kristine Milewski, Thomas Lapenter, Emily Holt, Hardik Sevak, William Blando, Julie Abraham, Peter Wojciechowski, Kimberley Rowton, Dylan Normile, Jessica Valente-Brodrick, April Burnett, Denise Scott, Julia Franke, Ashley Cashon, Richard Cashon, Nilsa Misencik, Robert Martin, Christopher Sparks, David Kraus, John McMahon, Shannon Thomas, Mathew Myers, Jay Saporta, and Derek Crenshaw ("Plaintiffs") and Defendants Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Bayview Asset Management LLC ("Bayview" and, collectively with Lakeview and Pingora, "Defendants"), by and through their undersigned counsel, submit this Joint Scheduling Report and attached Joint Proposed Scheduling Order Setting Civil Trial Date and Pretrial Schedule ("Proposed Scheduling Order") and state as follows:

**I.  DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)(3)(A)-(F)**

**(A)  Rule 26(a) disclosures:** The parties will make the initial disclosures required in Rule 26(a)(1), if not previously made, within fourteen days of their Case Management Conference, on or before August 31, 2022, in accordance with Rule 26(a)(1)(C).

**(B)      Discovery**

**(1)      Subjects on which discovery may be needed**: The parties believe that discovery will be needed on the following general subjects:

   a) The Data Breach(es) at issue, including the cause and scope of the Data Breach(es).

   b) Defendants' data security or lack thereof, including audits and Defendants' compliance with laws, rules, regulations, and common law duties with respect to data security.

   c) Investigations of the Data Breach(es).

   d) Damages caused by the Data Breach(es).

   e) Class certification issues.

   f) Plaintiffs' alleged injuries and efforts to mitigate such injuries.

   g) Plaintiffs' alleged damages and payments or other compensation received for such damages.

   h) Communications between Plaintiffs and Defendants.

   i) Communications between Plaintiffs and third-parties regarding the events at issue in this litigation.

   j) Plaintiffs' relationship with Defendants.

**(2)      When discovery should be completed:** The parties recommend that this case be assigned to the Complex Track addressed in Local Rule 16.1(a)(2)(C) and therefore agree that discovery in this case should be completed by May 17, 2024.

- 3 -

**(3)** **Whether discovery should be conducted in phases or limited/focused on particular issues:** Defendants do not seek to bifurcate class discovery from merits discovery but contemplate an initial focus on issues related to class certification. Plaintiffs maintain that fact and class certification substantially overlap in a complex class action such as this, and while Plaintiffs are willing to agree to prioritize certain discovery (e.g., easily-producible documents Defendants already produced to regulators or other third parties; reports and audits regarding the scope and cause of the Data Breach(es) at issue), Plaintiffs do not believe it is possible to "focus" on class certification issues by themselves.

**(C)** **Changes to the limitations on discovery:** At this time, the parties do not believe that any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure or this Court's Local Rules are necessary. The parties each reserve the right to request changes to the limitations if they deem necessary in the future.

**(D)** **Additional orders that the Court should issue:** At this time, the parties do not believe that any additional orders from the Court are necessary.

**II.** **AREAS SET FORTH IN LOCAL RULE 16.1(2)(A)-(L)**

**(A)** **The Likelihood of Settlement:** The Parties agree to maintain a dialogue regarding settlement and will pursue settlement options in good faith.

**(B)** **The Likelihood of Appearance in the Action of Additional Parties:** Prior to or in conjunction with class certification, Plaintiffs may seek to add additional class representatives. Defendants will address any such requests if and when they are made and maintain all objections.

**(C)** **Proposed Case Management Deadlines:** The Parties have agreed upon the deadlines proposed in the Proposed Scheduling Order, attached hereto as Exhibit A, which includes proposed limits on the time to join other parties and to amend the pleadings, to file and hear motions, and to complete discovery.

**(D)** **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defendants, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment:** In light of the large number of parties and causes of action pled in Plaintiffs' Consolidated Class Action Complaint ("Complaint") [ECF No. 47], and Defendants' intent to move to dismiss the entire Complaint under Rule 12 of the Federal Rules of Civil Procedure, Plaintiffs believe that judicial and party efficiency will best be served by employing a streamlined bellwether process for Defendants' forthcoming motion to dismiss and Plaintiffs' eventual motion for class certification. This process has been successfully employed in several recent data breach MDLs involving a similar number of plaintiffs and claims, including *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-md-2879-PWG (D. Md.), and *In re Blackbaud, Inc. Customer Data Sec. Breach Litig.*, No. 3:20-mn-02972-JFA (D.S.C.). Defendants' position is that a bellwether process is inappropriate here because there is a single consolidated proceeding. Use of bellwether plaintiffs is commonly employed in mass tort litigation, where numerous individual lawsuits have been transferred to a single court for resolution of the pretrial and discovery process. In those instances, the bellwether process may be helpful to give the parties a sense of how judges and juries might resolve one case to guide in the resolution of others. In this case, there is no reason why a single motion to dismiss cannot be briefed by both sides covering all of individual Plaintiffs' claims. Whether class certification is appropriate or not can be determined without having to engage in a bellwether process. In fact, the necessity of a bellwether process would weigh against the superiority element required for class certification.

**(E)** **The Necessity or Desirability of Amendments to the Pleadings:** Plaintiffs' Consolidated Complaint was filed on August 1, 2022. Defendants' response to the Complaint is due on August 31, 2022, in which Defendants intend to move to dismiss the Complaint. In the

event the Court grants or grants-in-part Defendants' motion to dismiss, Plaintiffs intend to seek leave to amend. If and when Plaintiffs seek to amend the pleadings, the Parties agree to confer regarding the same. Defendants maintain all objections to any further amendments to the pleadings.

**(F)** **The Possibility of Obtaining Admissions of Fact and of Documents Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and the Need for Advance Rulings from the Court on Admissibility of Evidence:** The Parties agree to maintain a dialogue regarding the possibility of obtaining admissions of fact and of documents to avoid unnecessary proof, as well as the potential for stipulations to the authenticity of documents and any need for advance admissibility rulings. At present, the Parties believe that any such discussions are premature.

**(G)** **Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence:** The Parties will work in good faith to narrow the factual and legal issues in dispute whenever possible in an effort to curtail the pretrial and trial proceedings.

**(H)** **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master:** The Parties agree that referring pretrial matters and non-dispositive motions to the Magistrate Judge may facilitate the resolution of preliminary, non-dispositive matters in dispute, such as discovery motions. Referral should not include dispositive motions, motions *in limine*, or *Daubert* motions. The Parties respectfully request that the Court preside over trial and rule on all dispositive motions, including any motions to dismiss and summary judgment motions.

**(I)** **A Preliminary Estimate of the Time Required for Trial:** The Parties anticipate that this case will require fifteen (15) to twenty (20) days for trial, but will have a better sense of the precise number of trial days needed as the case progresses.

**(J) Requested Dates for Conferences Before Trial, a Final Pretrial Conference and Trial:** The Parties request that the Court hold periodic monthly scheduling and discovery conferences, each conference preceded by the filing of a joint agenda. This process has worked exceptionally well in other MDLs and consolidated actions, as it allows the Court to stay informed as to the progress of the case and resolve or provide guidance regarding pending discovery disputes. As set forth in the attached Proposed Scheduling Order, the Parties also respectfully request the Court set August 5, 2024 as the Beginning of Trial Period, schedule a pretrial conference on June 26, 2024, and schedule a Status Conference on May 22, 2024.

**(K) Issues about disclosure, discovery, or preservation of electronically stored information:** The Parties have begun negotiating a comprehensive ESI protocol to govern the production of ESI and related issues. The Parties agree to use the District's Checklist for Rule 26(f) Conference Regarding Electronically Stored Information.

**(L) Issues about claims of privilege:** The parties believe that a confidentiality stipulation is necessary to protect their confidential and/or proprietary information as well as the private information of Defendants' customers. The parties intend to work together to reach an agreed Confidentiality Stipulation to address the protection of confidential, proprietary, and private information and will file an agreed Confidentiality Stipulation with the Court. The parties intend to abide by the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B) regarding the production and logging of material protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity against discovery. The parties intend to discuss the inclusion of an order under Fed. R. Evid. 502(d) in connection with their proposed Confidentiality Stipulation.

Dated:  August 22, 2022

Respectfully submitted,

/s/ *__Julie Braman Kane__*
Julie Braman Kane
Florida Bar No. 980277
**COLSON HICKS EIDSON**
255 Alhambra Circle – Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
julie@colson.com

*Liaison Counsel*

John A. Yanchunis
Ryan D. Maxey
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com

*Chair, Plaintiffs' Executive Committee*

M. Anderson Berry
Gregory Haroutunian
**CLAYEO C. ARNOLD,
A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com

/s/ *__Julie Singer Brady__*
Julie Singer Brady
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
jsingerbrady@bakerlaw.com

Paul Karlsgodt
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: (303) 861-0600
Facsimile: (303) 861-7805
PKarlsgodt@bakerlaw.com

Evan M. Mannering
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
Telephone: (202) 861-1500
Facsimile: (202) 861-1783
emannering@bakerlaw.com

*Attorneys for Defendants*

- 8 -

Stuart A. Davidson
Bradley Beall
Nicole Brito
**ROBBINS GELLER RUDMAN**
**& DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
sdavidson@rgrdlaw.com
bbeall@rgrdlaw.com
nbrito@rgrdlaw.com

Rachele R. Byrd
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
byrd@whafh.com

Adam E. Polk
Jordan Elias
Simon Grille
Kimberly Macey
**GIRARD SHARP LLP**
601 California St, Ste 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

*Members, Plaintiffs' Executive Committee*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on August 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served today on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/Julie Braman Kane*
JULIE BRAMAN KANE