**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:22-cv-20955-DPG

In re Lakeview Loan Servicing Data
Breach Litigation

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and with the consent of the Parties in the above-captioned litigation (the "Consolidated Proceeding"), this Court enters the following Stipulated Protective Order:

### I.   PURPOSES AND LIMITATIONS

1.     Disclosure and discovery activity in this Consolidated Proceeding may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Consolidated Proceeding may be warranted. Accordingly, the Parties have stipulated to, and the Court hereby enters, this Stipulated Protective Order.

2.     The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. This Stipulated Protective Order  does

not entitle the Parties to file confidential information under seal; Local Rule 5.4 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

3.      The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined below), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony or presentations by Parties or their counsel that might reveal Protected Material. This Stipulated Protective Order does not cover (1) any information that is in the public domain at the time of disclosure to a Receiving Party (as defined below) or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise, or (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party (as defined below).

4.      The inclusion of a category of documents as subject to this Stipulated Protective Order does not indicate or imply any relevancy of the category of documents to the Consolidated Proceeding. Moreover, by this Stipulated Protective Order, the Parties do not waive the right to object to the production of any document or tangible item on the basis of any privilege, the work product doctrine, relevancy, undue burden or any other objection.

5.      This Stipulated Protective Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons, including Non- Parties (as defined below), made subject to this Order by its terms.

## II.    DEFINITIONS

6.      "Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible items), that are produced or generated in disclosures or responses to discovery in this Consolidated Proceeding.

7.      "Information" includes the contents of documents and other data, data and information associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, answers to requests for admissions, answers to requests for documents, and data and information derived from objects other than documents, produced or disclosed in this Consolidated Proceeding by any Party to this Consolidated Proceeding or by any third party (the "Producing Party") to any other party or parties (the "Receiving Party"), subject to the provisions of this Order.

8.      "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Consolidated Proceeding.

9.      "Party" means any party to this Consolidated Proceeding.

10.     "Producing Party" means a Party or Non-Party that gives testimony or produces Discovery Material in this action.

11.     "Professional Vendors" refers to persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

12.     "Protected Material" means any Discovery Material that is designated as "Confidential" or "Highly Confidential" pursuant to this Order.

13.   "Receiving Party" refers to a Party that receives Discovery Material.

## III.   CATEGORIES OF PROTECTED MATERIAL

14.   Any Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential." The Parties shall make Confidential and Highly Confidential designations in good faith to ensure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

15.   *Confidential Designations*. Information may be designated as Confidential when: (i) the Producing Party reasonably believes that the Information constitutes, reflects, discloses or contains Information subject to protection under Federal Rule of Civil Procedure 26(c) or other confidential, non-public information, or (ii) the Producing Party reasonably believes that the documents or Information includes material protected by federal, state, or foreign Data Protection Laws or other privacy obligations, including (but not limited to) Social Security Numbers; health information relating to the past, present or future physical, medical or mental health or condition of an individual; the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual; driver's license or other identification numbers; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; or the personal email addresses or other contact information of Plaintiffs, Class members, and Defendants' employees or customers (the categories of information referred to in Paragraph 15(ii) are collectively referred to as "Personal Information"); personnel files and/or personally sensitive employment-related information not already in the public domain, such as ratings, salary, comments on performance or disciplinary action, including termination, and employees' testimony regarding performance or disciplinary action, including termination, of other current or former employees of Defendants

("Employment-Related Material"); internal codes, policies and procedures that are not available to the public. Any information pertaining to internal complaints made by customers to any Defendant that contains Personally Identifiable Information protected by law, including related communications or documentation ("Customer Complaint Material"), may be designated Confidential or redacted prior to production in conformity with Section V below. Should the Receiving Party dispute redactions or Confidential designations under this section, the Parties shall meet and confer regarding the same. Without derogating from the aforesaid, any Party may redact from any disclosures any Personal Information, Employment Related Material, Customer Complaint Material, and other any personal identifiers. If the same responsive information is otherwise available and not subject to Data Protection Laws, such information should be produced consistent with the terms of this Order which provides adequate protection without the need for redaction. "Data Protection Laws" means all laws and regulations, including laws and regulations of the European Union, the European Economic Area and their member states, Switzerland, the United Kingdom and the United States and its states, applicable to the processing of Personal Information in connection with this matter.

16.   *Highly Confidential Designations*. Information may be designated as Highly Confidential when the Producing Party reasonably believes that the documents or information contain proprietary or competitively sensitive information, including product designs, formulas, pricing information or strategies; and marketing, research, technical, commercial or financial information, or other highly sensitive information, the disclosure of which to third party competitors may result in commercial harm.

17.   "Confidential" or "Highly Confidential" Information shall not include information that has been publicly disclosed or in the public domain at the time of disclosure to a Receiving Party.

## IV.     MANNER AND TIMING OF DESIGNATIONS

18.     Each Party or Non-Party that designates Information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific Information that qualifies under the appropriate standards. The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

19.     Confidentiality may be designated in the following manner:

a.   Discovery Material may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document, in the lower left-hand corner of the document, or as close thereto as possible while preserving the underlying image, and each page so designated. In addition, such "Confidential" or "Highly Confidential" designation shall also be entered on the file name or on the face of the tangible item or media containing the Confidential or Highly Confidential Information.

b.   With respect to documents produced in native format, the designation shall be entered in the file name or on the face of the tangible item or media containing the Discovery Material.

c.   In the case of deposition transcripts or other pre-trial testimony, a Party may designate the portion of the transcript on the record during the deposition or by

6

written notice served on counsel of record in the litigation within thirty (30) days after the receipt of the final transcript, provided, however, that the Receiving Party will consider reasonable requests for an extension of the deadline. Before the thirty days expire, the testimony shall be treated as Highly Confidential.

d.  For non-text materials (*e.g.*, videotape, audio tape, computer disk) a Party may make Confidential or Highly Confidential designations by labelling the outside of the material with the designation but, where the entire content is not subject to designation, the Producing Party must identify the specific content to which the designation applies.

20.  Unless otherwise stated herein and subject to sections VI and X, Parties must designate any Discovery Material as "Confidential" or "Highly Confidential" before disclosure. However, a Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it requests, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential" or "Highly Confidential" legend to each page that contains Protected Material. If only a portion (or portions) of the Information on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the confidentiality being asserted.

## V.  REDACTIONS

21.    Any Producing Party may redact any Discovery Material that is subject to attorney-client privilege, work-product protection, a legal prohibition against disclosure, or any other privilege or immunity, as well as additional categories of protected material under Section III herein. The Producing Party shall mark each Discovery Material where data or Information has been redacted with a legend stating "REDACTED," or a comparable notice. Where a document consists of more than one page, each page on which Information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document. The process for challenging the designation of redactions shall be the same as the process for challenging the designation of Confidential and Highly Confidential Information set forth in section IX. If counsel for the Producing Party agrees that Information initially redacted shall not be subject to redaction or shall receive alternative treatment, or if the Court orders that those materials shall not be subject to redaction or shall receive alternative treatment, and the Information is subsequently produced in unredacted form, then, if appropriate, that unredacted Information shall bear the applicable legend of "Confidential" or "Highly Confidential" and shall continue to receive the protections and treatment afforded to documents bearing the Confidential or Highly Confidential designation.

## VI.  CLAWBACK PROVISION

22.    *Bulk Designation*. To expedite production of potentially voluminous materials, a Producing Party may, but is not required to, produce Discovery Materials without a detailed confidentiality review, subject to the following "clawback" procedures as well as the provisions in section X. In so doing, the Producing Party may designate such collections of documents as "Bulk", and those collections of documents shall be afforded Confidential treatment for 120

days. Notwithstanding the foregoing, within 120 days of producing the designated document or information, the Producing Party shall state with specificity which of those documents are designated as "Confidential" or "Highly Confidential" and which are not. Following such designation, a Receiving Party may challenge that designation of one or more particular documents and the documents shall be afforded Confidential and Highly Confidential treatment during such period until the Parties reach an agreement or by Order of the Court. For the avoidance of any doubt, and in accordance with Section X.38 herein, this Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid 502(d); this language in this Section VI.22 shall not derogate from a Party's ability to claw-back privileged documents at any time upon disclosure of the same.

23.     The failure of a Party to designate Discovery Material as Confidential or Highly Confidential does not constitute a waiver and may be remedied by prompt written notice by the Producing Party upon discovery of the failure. Similarly, inadvertent or unintentional disclosure of Confidential or Highly Confidential Information will not constitute a waiver.

24.     If Confidential or Highly Confidential Information is disclosed without the appropriate marking or designation of it as such, the Producing Party may thereafter assert a claim or designation of confidentiality, and promptly provide replacement document and/or media. Thereafter, the Receiving Party must immediately return or destroy the original Confidential or Highly Confidential Information to the Producing Party and destroy all copies of the same, and make no use of such Protected Material.

## VII.     LIMITATIONS ON DISCLOSURE OF PROTECTED MATERIAL

25.     The Receiving Party shall not disclose or permit the disclosure of any Protected Material except as set forth in this section.

26.     *Persons authorized to review Confidential Information are*:

a.  Counsel for the Parties and employees of counsel who have responsibility for the action;

b.  Plaintiffs, but only after they have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

c.  Defendants' employees and agents, but only to the extent counsel determines in good faith that the employee's and/or agent's assistance is reasonably necessary to the conduct of the litigation, and only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

d.  The Court and its personnel;

e.  Court reporters and videographers engaged for depositions, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

f.  Professional Vendors specifically engaged for this litigation but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

g.  Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Consolidated Proceeding but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

h.  Witnesses at depositions to whom disclosure is reasonably necessary. However, witnesses shall not retain a copy of documents containing Confidential Information provided to them during their deposition. Pages of transcribed deposition testimony

11

or exhibits to depositions that are designated as Confidential Information pursuant to this Stipulated Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

i.   The author or recipient of the document (not including persons who received the document as a result of this litigation);

j.   Special Masters;

k.   Mediators; and

l.   Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

27.   *Persons authorized to review Highly Confidential Information are*:

a.   Counsel for the Parties and employees of counsel who have responsibility for the action;

b.   The Court and its personnel;

c.   Court reporters and videographers engaged for depositions but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

d.   Professional Vendors specifically engaged for this litigation but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

e.   Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Consolidated Proceeding but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

f.   Witnesses at depositions to whom disclosure is reasonably necessary. However, witnesses shall not retain a copy of documents containing Highly Confidential Information, provided to them during their deposition. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly Confidential Information pursuant to the process set out in this Stipulated Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

g.   The author or recipient of the document (not including persons who received the document as a result of this litigation);

h.   Special Masters;

i.   Mediators; and

j.   Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

28.   Counsel shall have the right to exclude any person who is not authorized by this Stipulated Protective Order to receive documents or Information designated as Protected Material from any deposition where testimony regarding Protected Material or use of Protected Material is likely to arise pursuant to the Deposition Protocol entered in this Consolidated Proceeding.

## VIII.   USE OF PROTECTED MATERIAL

29.   *Restricted to This Proceeding.* Protected Material shall be used solely for purposes of this Consolidated Proceeding, including any appeal. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material.

30.     Counsel shall maintain the originals of the certified Acknowledgments of Understanding and Agreement to Be Bound signed by persons acknowledging their obligations under this Order for a period of one year after the termination of this Consolidated Proceeding.

31.     *Filings*. All Parties shall make reasonable efforts to avoid requesting the filing of Protected Material under seal by, for example, redacting or otherwise excluding from a submission to the Court any such Information not directly pertinent to the submission. Where not reasonably possible, any Party wishing to file a document containing Protected Material may request by motion that such Information be filed under seal or may file such Information with written permission from the Producing Party or a Court order, and subject to the provisions of Local Rule 5.4.

32.     *Hearings*. In the event that a Party intends to utilize Protected Material during a hearing, such Party shall provide written notice no less than five (5) calendar days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Party could not reasonably anticipate the need to use the document at the hearing five days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Protected Material during the hearing shall be determined by agreement of the Parties or by Order of the Court.

33.     *Trial*. Nothing in this Stipulated Protective Order shall be construed to affect the use of any document, Discovery Material, or Information at trial. A party that intends to present or that anticipates that another party may present Protected Material at trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such Discovery Material or Information at trial.

34. *Subpoena by Other Courts or Agencies*. Should any person bound by this Order receive a subpoena, civil investigative demand, or other process from a third-party seeking disclosure of Protected Material, the Party or other person to whom the subpoena or other process is directed must promptly notify the Producing Party in writing of all of the following:

(a) the Discovery Materials that are requested for production in the subpoena or other process

(b)  the date by which compliance with the subpoena or other process is requested; (c) the location at which compliance with the subpoena or other process is requested; (d) the identity of the party serving the subpoena or other process; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena  or other process has been issued unless the third party making the request is a governmental entity that explicitly requires that the request not be disclosed. No person bound by this Order who received a subpoena, or other process seeking Protected Material shall produce that Information unless (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is consented to by the Producing Party. The Producing Party will bear the burden and all costs of opposing the subpoena on grounds of confidentiality.

## IX.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

35. *Timing of Challenges*. Any Party may challenge a designation of confidentiality by serving a written objection upon the Producing Party's counsel. The Producing Party or its counsel shall thereafter, within fourteen (14) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. Counsel may agree to a reasonable extension of the fourteen-day period, if necessary.

36.     *Judicial Intervention*. If the Parties cannot resolve a challenge without Court intervention, the challenging Party shall submit a motion to the Court to retain confidentiality under Local Rule 5.4 within fourteen (14) calendar days of a Party determining that the meet and confer process will not resolve their dispute, in accordance with the Court's rules. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with meet and confer requirements.

37.     The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) are not permissible. All Parties shall continue to afford the Discovery Material in question the confidentiality to which it is entitled under the Producing Party's designation until the Court rules on the challenge or the Parties otherwise resolve their dispute.

## X.     PRIVILEGES

38.     If a Producing Party discloses Information in connection with this Stipulated Protective Order that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege, work product protection or other privilege or immunity ("Disclosed Protected Information"), pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this Consolidated Proceeding or in any other federal or state proceeding.

39.     A Producing Party may assert in writing a claim of privilege or work product protection with respect to Disclosed Protected Information. The Receiving Party must—unless it contests the claim of privilege or work product protection—within seven (7) business days of receipt of that writing, at the Producing Party's election, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all the Disclosed Protected Information has been returned or destroyed. Within seven (7) business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

40.     If the Receiving Party contests the claim of privilege or work product protection, within fourteen (14) calendar days, the Receiving Party must move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The Receiving Party must seek to file the Disclosure Motion under seal. Any such motion practice is subject to the protections afforded by paragraph 24. Pending resolution of the Disclosure Motion, the Receiving Party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

41.     The Parties may stipulate to extend the time to file a Disclosure Motion.

42.     Disclosed Protected Information that is sought to be reclaimed by the Parties to this Consolidated Proceeding pursuant to this Stipulated Protective Order shall not be used as grounds by any Party or third party to argue that any waiver of privilege or protection has occurred as a result of production of the Disclosed Protected Information.

16

43.     The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information.

44.     Further, nothing in this Stipulated Protective Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so. Rather, in the event a Receiving Party becomes aware that it is in possession of what appears to be privileged documents or Information, then counsel for the Receiving Party shall immediately: (i) cease any further review or use of that document or Discovery Material and (ii) notify the Producing Party of the apparent production of Disclosed Protected Information, requesting whether the documents or Discovery Materials are Disclosed Protected Information. In the event the Producing Party confirms the documents or Discovery Material are Disclosed Protected Information, the Receiving Party shall (i) promptly return or destroy all copies of the Disclosed Protected Information in its possession and (ii) take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties.

45.     *Privilege Log Production*. Unless otherwise provided in this Stipulated Protective Order, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party on a privilege log, which the Producing Party shall produce in an electronic format that allows text searching. For administrative purposes, an e-mail thread contained within a single document need only be recorded once on the Producing Party's privilege log, even if a privilege is asserted over multiple

portions of the thread. Redacted documents need not be logged as long as (a) for emails, the bibliographic information (*i.e.*, to, from, cc, bcc, recipients, date and time) is not redacted, and the reason for the redaction is noted on the face of the document; and (b) for non-email documents, the reason for the redaction is noted on the face of the document. Documents that are redacted shall be identified as such in a "redaction" field in the accompanying data load file.

46.     Privilege log identification is not required for work product pertaining to this Consolidated Proceeding created by counsel, or by an agent of counsel other than a Party, after March 29, 2022, or for post- March 29, 2022 communications exchanged between or among: (i) the Producing Party and their counsel; (ii) counsel for the Producing Party; (iii) counsel for Plaintiffs; and/or (iv) counsel for Defendants. Privilege log identification is also not required for internal communications within a law firm representing a Party or a legal department of a Party that is a corporation or another organization.

47.     To avoid unnecessary cost, the Parties are encouraged to identify categories of privileged information that may be logged categorically, metadata log, or some combination of these approaches, rather than document-by-document. (*See* Advisory Committee Note to Fed. R. Civ. P. 26(b)(5) (1993)). Without revealing information that is privileged or protected, the Producing party shall provide sufficient information to enable the Receiving Party to assess the claim of privilege. The Parties shall meet and confer on this issue and, in the event of an inability to reach an agreement, raise with the Court proposals for logging other than document-by-document that have been proposed by one or more Producing Parties, but which have not been agreed to by the Receiving Parties. The Parties should keep in mind that the Court's intention is to enable the Parties to minimize the cost and resources devoted to privilege logging, while enabling the Court and Receiving Party to assess the assertions of privilege made by the Producing Party. A Producing Party shall  produce privilege logs no later than forty-five (45) days after withholding

from production documents pursuant to a claim of privilege, provided, however, that the Receiving Party will consider reasonable requests for an extension of the deadline.

## XI.    VIOLATIONS OF THE PROTECTIVE ORDER BY A RECEIVING PARTY

48.    If any person or party violates the terms of this Stipulated Protective Order, the aggrieved Producing Party should apply to the Court to obtain relief against any such person or Party violating or threatening to violate any of the terms of this Stipulated Protective Order. If the aggrieved Producing Party seeks injunctive relief, it must direct the petition for such relief to this Court. The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over it and them for purpose of enforcing this Stipulated Protective Order. Moreover, it shall be the responsibility of the breaching Party to contact that Receiving Party to whom unauthorized disclosure was made in order to comply with any applicable laws or regulations or to comply with this Stipulated Protective Order.

## XII.    COMPLETION OF LITIGATION

49.    Within ninety (90) days of the termination of any Party from all proceedings in this Consolidated Proceeding, that Party, its employees, attorneys, consultants, experts or other similar persons subject to this Stipulated Protective Order must destroy or return (at the election of the Receiving Party) all originals and/or copies of documents with Confidential Information or Highly Confidential Information, provided however, that the obligation to destroy or return such documents that is imposed on counsel, consultants and experts representing multiple parties shall

19

not occur until the last of their represented parties has been terminated from this Consolidated Proceeding (and until resolution of all appellate proceedings). At the written request of the Producing Party, any Party or person or entity having custody or control of Discovery Material produced by the Producing Party shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials except for privileged communications, work product and court-filed documents subject to this Stipulated Protective Order have been destroyed or delivered to the Producing Party in accordance with the terms of this Stipulated Protective Order. A Receiving Party is permitted to retain a list of the documents by Bates Number that are produced by a Producing Party under this Stipulated Protective Order. Further, with respect to Discovery Material subject to this Stipulated Protective Order, the Receiving Party shall make reasonable efforts to remove such Discovery Material from the Receiving Party's active systems, specifically, active email servers, active document management systems, and active litigation support databases. The Receiving Party will not be required, however, to remove such electronically stored information from any back up or disaster recovery systems, or from any other source which is not reasonably accessible because of undue burden or cost. Any retained Confidential or Highly Confidential Information shall continue to be protected under this Stipulated Protective Order through the duration of any time period it is maintained on any such back up or disaster recovery systems. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Information.

## XIII.    DURATION

50.      This Stipulated Protective Order shall remain in force and effect until modified,

superseded, or terminated by the Parties or Order of the Court. Unless otherwise ordered, or agreed upon by the Parties in writing, this Protective Order shall survive the termination of this Consolidated Proceeding. The Court retains jurisdiction even after termination of this action to enforce this Stipulated Protective Order and to make such amendments, modifications, deletions and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate.

51.     Nothing in this Stipulated Protective Order abridges the right of any Party to seek its modification by the Court in the future.

52.     Further, by stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this __7th__ day of __October__, 2022.

_____

Chief U.S. Magistrate Judge

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:22-cv-20955-DPG

In re Lakeview Loan Servicing Data
Breach Litigation

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order

entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be

bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the

Southern District of Florida in matters relating to the Stipulated Protective Order and understands that the

terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential or

Highly Confidential Information in accordance with the Order solely for the purposes of the consolidated

proceeding, and not to disclose any such Confidential or Highly Confidential Information to any other

person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in

penalties for contempt of court:

Name: _____

Job Title: _____

Employer: _____

Business Address: _____


Date                    Signature


Dated at [city]_____, [state]_____this_____day of_____, 202__.

23