UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |

**DEFENDANTS' MOTION TO QUASH OR MODIFY THIRD-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Lakeview Loan Servicing, LLC, Pingora Loan Servicing, LLC, Community Loan Servicing, LLC, and Bayview Asset Management LLC (collectively, "Defendants") respectfully move to quash or modify third-party subpoenas.

## I. BACKGROUND

On June 20, 2023, Plaintiffs' counsel filed a notice of intent to serve subpoenas on the following third-parties ("Third-Party Subpoenas"): (1) 24By7Security, Inc.; (2) Bishop Fox, Inc.; (3) FS-ISAC, Inc.; (4) Hurricane Labs, LLC; (5) Kaufman, Rossin & Co., P.A.; (6) Protiviti, Inc.; (7) ReliaQuest, LLC; and (8) Team Cymru, Inc. *See* Dkt. No. 106. Plaintiffs subsequently served copies of the subpoenas on Defendants. *See* Exs. 1-8 (appendices omitted).

The Third-Party Subpoenas seek extensive discovery concerning Defendants' data security and the data security incident at issue in this litigation. *See id*. In particular, the Third-Party Subpoenas seek information concerning investigations into the data security incident. *See id*. at Request Nos. 2, 6, 9, and 11. They also seek "Documents sufficient to reveal the identify [sic] of the individuals whose [personally identifiable information] was revealed or involved in the Data Breach, as well as the [personally identifiable information] involved for those particular individuals." *See id*. at Request No. 8.

Prior to issuing the Third-Party Subpoenas, Plaintiffs sought much of the same discovery from Defendants, who timely objected to a number of the requests on various grounds, including the assertion of attorney-client privilege and work-product protection. With regard to investigations into the data security incident, Defendants explained that they assert privilege over the investigations performed by Mandiant and Protiviti, which were engaged by counsel to provide information that was necessary for counsel's provision of legal advice and the formulation of Defendants' litigation strategy. *See, e.g.,* Ex. 9, Lakeview Resp. to RFP Nos. 18, 45–46, 50–53, 56, 58, 60, 62–70, 75, 77, 80, 82, 84; *see also* Ex. 10, Protiviti Statement of Work. Plaintiffs did not challenge Defendants' assertion of privilege. Instead, Plaintiffs issued the Third-Party Subpoenas seeking the same discovery from Defendants' vendors. *See* Ex. 6, Protiviti Subpoena; Exs. 1-8 at Request Nos. 1–4, 8–9, 11.

Plaintiffs also sought production of documents from Defendants setting forth the personally identifiable information ("PII") for every person whose PII may have been accessed in the data security incident at issue in this litigation, but Defendants objected. *See, e.g.,* Ex. 11, Lakeview Resp. to RFP No. 85. Plaintiffs did not challenge Defendants' objection to producing borrowers' PII. Instead, Plaintiffs purport to use the subpoena power to obtain the same discovery from Defendants' third-party vendors. *See* Exs. 1-8 at Request No. 8.

Defendants object to the Third-Party Subpoenas and hereby move to quash the Protiviti subpoena or, in the alternative, modify the Third-Party Subpoenas as set forth herein.

II.     **ARGUMENT**

    A.     **The Protiviti Subpoena Should Be Quashed Because It Seeks Production of Privileged Materials**

The subpoena issued to Protiviti, Inc. (Ex. 6) should be quashed because it seeks information that is protected by the attorney-client privilege and the work product doctrine.

Protiviti was engaged by defense counsel to provide information that was necessary for providing legal advice and formulating Defendants' litigation strategy, so Protiviti's work and related communications are privileged. *See* Ex. 10, Protiviti Statement of Work; FED. R. CIV. P. 45(d)(3)(A)(iii) (requiring that a subpoena be quashed or modified if it "requires disclosure of privileged or other protected matter"); *Scott v. Callaway Gardens Resorts, Inc.*, No. 4:20-CV-100 (CDL), 2021 WL 2875331, at *1–2 (M.D. Ga. Feb. 8, 2021) (quashing a subpoena seeking privileged materials).

Indeed, Defendants repeatedly objected to discovery relating to Protiviti's investigation in January 2023. *See, e.g.*, Ex. 9, Lakeview Resp. to RFP Nos. 18, 45–46, 50–53, 56, 58, 60, 62–70, 75, 77, 80, 82, 84. Plaintiffs did not challenge Defendants' assertion of privilege during the ensuing six months and, instead, seek the very same discovery directly from Protiviti. *See* Ex. 6, Protiviti Subpoena. In doing so, Plaintiffs do not adhere to Rule 45(d)(1), which requires them to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *See* FED. R. CIV. P. 45(d)(1).

Issuing a third-party subpoena to obtain documents without first challenging Defendants' assertion of privilege and allowing the Court to determine the appropriateness of the requests and objections, violates Plaintiffs' duty to avoid undue burden and expense on third-parties and is an improper attempt to obtain documents over which Defendants have asserted privilege. *See Bogus v. City of Birmingham, Alabama*, No. 2:17-CV-00827-TMP, 2019 WL 13268139, at *3–4 (N.D. Ala. Mar. 7, 2019) (quashing subpoena seeking discovery that could be obtained from a party); *Doe v. Bd. of Trustees of Teton Cnty. Sch. Dist. No.1*, No. 20-CV-110-S, 2021 WL 7209990, at *2 (D. Wyo. Sept. 2, 2021) (same). Therefore, the Protiviti subpoena should be quashed. At a minimum, the Court should modify the Protiviti subpoena to make clear that Protiviti should not

produce documents or communications relating to Protiviti's investigation into the data security incident at issue in this litigation.

### B. Plaintiffs Are Not Entitled to PII for Absent Class Members

The Court should modify all the Third-Party Subpoenas to remove Request Number 8, which seeks PII for persons whose information may have been accessed in the data security incident, for two reasons.

*First*, pre-certification discovery regarding the identity of putative class members is inappropriate. *See Turner v. Allstate Ins. Co.*, No. 2:13-CV-685-WKW, 2016 WL 7155751, at *2–3 (M.D. Ala. Dec. 7, 2016) (granting motion to quash third-party subpoena seeking "personal identifying information [for] putative class members"); *Dubin & Dubin LLP v. Mayorga*, No. 13-MC-21S, 2013 WL 3989550, at *3–5 (W.D.N.Y. Aug. 2, 2013) (quashing subpoena seeking pre-certification discovery regarding identities of putative class members); *Field v. Anadarko Petroleum Corp.*, No. 4:20-CV-00575, 2020 WL 4937122, at *1–3 (S.D. Tex. Aug. 24, 2020) (same). Indeed, Plaintiffs sought the same discovery from Defendants, who repeatedly objected that such discovery is "inappropriate at this stage of the litigation where no class has been certified." *See, e.g.*, Ex. 9, Lakeview Resp. to RFP Nos. 43, 56, 65, 76–78, 81; Ex. 11, Lakeview Resp. to RFP No. 85. Thus, Plaintiffs are aware this discovery could be sought from Defendants at the appropriate time (i.e., if and when a class is certified). However, rather than challenge Defendants' objections or wait until after a class is certified, Plaintiffs attempt to circumvent Defendants' timely objections by seeking this discovery directly from Defendants' vendors in contravention of Rule 45(d)(1).

*Second*, producing PII for over 5.8 million persons to a half-dozen law firms is ill-advised. Defendants have no means of evaluating the security measures and controls implemented by the

multiple law firms representing Plaintiffs, not to mention the vendors those firms would share this information with. Moreover, the subpoenas broadly define PII as follows:

> "Personally Identifiable Information" or "PII" means information about persons whose PII was breached in the Data Breach including, without limitation, names, Social Security numbers or tax identification numbers; driver's license, passport or other government identification numbers; dates of birth; usernames and passwords; employee identification numbers; financial account or credit card information; and/or electronic signatures, whether or not that piece of information was identified by Defendants as specifically compromised in the Data Breach as described in the Complaint.

*See* Exs. 1-8 at Definition No. 18.  Thus, Plaintiffs demand that the subpoenaed parties produce every form of PII imaginable, without any regard for whether that PII was potentially accessed.

To be clear, the Request at issue refers to "the PII involved" for these persons.  *See id*. at Request No. 8.  It is unclear whether this is intended to limit the Request to PII that was potentially accessed, notwithstanding that PII is defined to include all personal information, regardless of whether it was potentially accessed.  However, even if the Request is limited to PII that was potentially accessed, Plaintiffs broadly define that to include "name, address, loan number, and Social Security number and, for some, information provided in connection with a loan application, loan modification, or other items regarding loan servicing…."  *See* Compl. ¶ 3 (Dkt. No. 47). Again, producing such information would be ill-advised even if the information was not being sought prematurely.

Issuing subpoenas demanding the provision of PII for over 5.8 million persons serves no purpose other than to prematurely provide Plaintiffs' counsel with a list of potential clients. Moreover, this discovery does not further the interests of the named Plaintiffs or the putative class members they purport to represent.  Thus, the subpoenas should be modified to remove Request Number 8 and to clarify that the subpoenaed third-parties should not produce PII in response to any Request.

5

### III.     CONCLUSION

For the foregoing reasons, the Court should quash the Protiviti subpoena or modify it to make clear that Protiviti should not produce documents or communications relating to Protiviti's investigation into the data security incident at issue in this litigation.  Further, the Court should modify all of the Third-Party Subpoenas to remove Request Number 8 and clarify that the third-parties should not produce PII in response to any Request.

### CERTIFICATION OF CONFERENCE

Prior to filing this Motion, Defendants conferred with Plaintiffs' counsel via electronic mail between July 7 and July 13, 2023, in a good faith effort to resolve the issues raised in the Motion, but were unable to reach a resolution.

Dated: July 14, 2023.

/s/ *Julie Singer Brady*
Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
Facsimile: 407.841.0168

Paul Karlsgodt (*pro hac vice*)
PKarlsgodt@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805

Evan M. Mannering (*pro hac vice*)
emannering@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on July 14, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the Florida E-Filing Portal, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Julie Singer Brady*
Julie Singer Brady
