UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |
|---|---|

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION NO. 7**

Pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, Lakeview Loan Servicing, LLC, Pingora Loan Servicing, LLC, Community Loan Servicing, LLC, and Bayview Asset Management LLC (collectively, "Defendants") respectfully request an order compelling Plaintiffs to respond to Request for Production ("RFP") No. 7 of Defendants' First Set of Requests for the Production of Documents Directed to All Plaintiffs. Defendants further request that the Court order Plaintiffs' counsel to reimburse Defendants' reasonable expenses, including attorneys' fees, in connection with this Motion because Plaintiffs' position that it would not provide discovery in response to RFP No. 7 is not substantially justified.

**I.    BACKGROUND**

On January 4, 2023, Defendants served their first set of RFPs. *See* Ex. 1. Over the next three months, Defendants agreed to extensions at Plaintiffs' request and on April 6, 2023, Plaintiffs served their responses. *See* Ex. 2. However, Defendants identified numerous deficiencies in Plaintiffs' responses and sought to address those deficiencies through letters and the meet-and-confer process, during which Defendants agreed to narrow many of the requests. *See* Exs. 3–7. Ultimately, the parties were able to reach agreement with respect to all but two RFPS, Nos. 7 &

26. *See* Ex. 7. Herein, Defendants move to compel the production of documents in response to RFP No. 7.[1]

> RFP No. 7 seeks the following documents:
>
> All Account Statements for any credit card account, bank account, or loan account in Your name for the period October 1, 2016 to the present, regardless of whether You allege that such account was affected by the Incident. For the avoidance of doubt, this includes accounts that are in Your name and in the name of one or more other persons.

*See* Ex. 1, RFP No. 7. Plaintiffs responded with boilerplate objections, which they failed to substantiate, and unnecessary commentary:

> RESPONSE TO REQUEST FOR PRODUCTION NO. 7
>
> Plaintiffs object to this request as over broad, irrelevant because of its breadth, and seeking documents which are private and confidential, a somewhat ironic request in light of the nature of this case.

*See* Ex. 2, Resp. to RFP No. 7; *see also id.* at Resp. to RFP Nos. 8–12, 15 (copying and pasting the same boilerplate objections and commentary).

During the parties' meet-and-confer and in subsequent letters, Defendants explained that, as it pertains to RFP No. 7, numerous Plaintiffs allege unauthorized transactions involving their accounts. *See* Exs. 3–7; *see also*, Dkt. No. 47 ("Compl." or "Complaint") ¶¶ 149–153, 181, 194, 208–11, 222–24, 246, 258, 260, 269, 271, 295, 335, 346, 368–69, 405, 416, 428, 438, 440, 449, 460, 471 (alleging authorized transactions, unauthorized opening of accounts, etc.). Plaintiffs presume this alleged unauthorized activity was *caused* by the data security incident at issue in this litigation (the "Incident") because the alleged unauthorized transactions occurred *after* the Incident. *See, e.g.*, Compl. ¶¶ 149, 182, 222, 234, 272, 295, 335, 356, 368, 380, 392, 416, 438,

---

[1] Defendants reserve the right to move to compel documents in response to RFP No. 26.

449, 460, 471. Thus, Defendants explained that they are entitled to review Plaintiffs' account statements because they may show evidence of similar unauthorized transactions occurring *before* the Incident, which would refute Plaintiffs' presumption regarding causation. *See* Ex. 3.

Defendants also explained that Plaintiffs' account statements may show transactions with companies that are known to have an experienced a data security incident, which would refute Plaintiffs' presumption that any unauthorized activity must have been caused by the Incident. Lastly, Defendants explained that Plaintiffs' objection that this RFP seeks "private and confidential" information is resolved by the Stipulated Protective Order, which protects "confidential, proprietary, [and] private information." *Id.*; Dkt. No. 69 (Stipulated Protective Order).

During the parties' meet-and-confer, the parties discussed a compromise whereby this RFP would be narrowed such that Plaintiffs would only produce statements for accounts that they allege were subject to an unauthorized transaction. Defendants proposed the following revised language:

> If you allege that any credit card account, bank account, or loan account in Your name was affected by the Incident, all Account Statements for such account(s) for the period October 1, 2019 to the present. For the avoidance of doubt, this includes accounts that are in Your name and in the name of one or more other persons.

*See* Ex. 4.  Plaintiffs rejected this proposed compromise and stated that they would only agree to "produce the requested account statements that reflect unauthorized charges with the other transactions redacted, but will not produce all account statements regardless of whether they reflect unauthorized charges." *See* Ex. 5.

In response, Defendants again explained why they are entitled to examine Plaintiffs' account statements. *See* Ex. 6. However, Plaintiffs reiterated their position that they will only produce evidence of alleged unauthorized transactions and stated that the parties are "at an impasse." *See* Ex. 7.

Therefore, Defendants respectfully move to compel Plaintiffs to respond to RFP No. 7 as originally propounded. While Defendants offered to narrow that RFP as a compromise, they are seeking to compel Plaintiffs to respond to the original RFP for three reasons. *First*, the narrowed version of RFP No. 7 was offered as a compromise to avoid motions practice, but Plaintiffs rejected that compromise, resulting in this Motion. *Second*, Defendants offered that compromise even though Plaintiffs waived any objections to RFP No. 7. *Third*, and most importantly, in drafting this Motion, Defendants determined that this rejected compromise was not feasible because Plaintiffs' account statements are necessary to properly defend against Plaintiffs' damages claims. Plaintiffs seek damages for the time they allegedly spend reviewing all of their account statements and Defendants are unable to assess those damages claims and potentially dispute the reasonableness of the amount of time Plaintiffs contend they spent reviewing (and for which they seek reimbursement) without access to those statements.

Defendants further seek attorneys' fees in costs in connection with this Motion because Plaintiffs' refusal to provide discovery is not substantially justified.

**II.    ARGUMENT**

**A.    The Court Should Order Plaintiffs to Respond to RFP No. 7**

The Court should order Plaintiffs to produce documents responsive to RFP No. 7 because the request seeks documents that are clearly relevant to the claims and defenses at issue in this litigation and even if Plaintiffs' objections had merit, they are waived.

**1.    Plaintiffs' boilerplate objections are waived**

The Court should hold that Plaintiffs waived any objections to RFP No. 7. In response to RFP No 7—and numerous other RFPs—Plaintiffs copied and pasted the same boilerplate objections: "Plaintiffs object to this request as over broad, irrelevant because of its breadth, and seeking documents which are private and confidential, a somewhat ironic request in light of the

4

nature of this case." *See* Ex. 2 at Resp. to Nos. 7–12, 15.  This Court has repeatedly cautioned litigants that such boilerplate objections are meaningless and will be disregarded:

> In the Eleventh Circuit, objections should be "plain enough and specific enough so that the court can understand in what way the [discovery request is] alleged to be objectionable."  Courts in the Eleventh Circuit have also cautioned parties that boilerplate objections are borderline frivolous.  This means that parties cannot simply assert that discovery requests are "unduly burdensome" but "must show specifically how ... each [discovery request] is not relevant or how each question is overly broad, burdensome or oppressive."

*SOS Res. Servs., Inc. v. Bowers*, No. 14-22789-CIV, 2017 WL 9672796, at *4 (S.D. Fla. Mar. 17, 2017) (citations omitted); *id.* at *5 ("The law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objection being raised at all…."); *Ctr. for Individual Rts. v. Chevaldina*, No. 16-20905-CIV, 2018 WL 2432109, at *12 (S.D. Fla. May 30, 2018) (explaining that boilerplate objections "are essentially meaningless"); *Young v. Hancock*, No. 17-21473-CIV, 2017 WL 3113417, at *1 (S.D. Fla. Apr. 24, 2017) ("[A] boilerplate objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the court.").

Thus, the Court should disregard Plaintiffs' boilerplate objections and order Plaintiffs to produce documents that are responsive to RFP No. 7.

### 2. Plaintiffs' objections lack merit

Even if the Plaintiffs' objections were not waived, they lack merit because the documents at issue are clearly relevant to the claims and defenses at issue in this litigation and to Plaintiffs' alleged damages.

Plaintiffs cannot credibly contend that their account statements are not at issue in this litigation because Plaintiffs put those statements front-and-center.  Throughout the Complaint, Plaintiffs allege that they experienced unauthorized transactions on their accounts and that accounts were opened using Plaintiffs' personal information.  *Supra* at 2–3.  Moreover, Plaintiffs

presume that this unauthorized activity was *caused* by the Incident merely because they allege such activity occurred only *after* the Incident. *Id.*

Given these allegations, Defendants are entitled to discovery that may refute Plaintiffs' self-serving presumption regarding causation. As discussed, Plaintiffs' statements may show fraudulent transactions occurring *before* the Incident, transactions with companies that are known to have experienced a data security incident, or past transactions with the same merchants associated with the allegedly fraudulent transactions. Those statements may also reveal instances where charges were challenged and/or reversed because Plaintiffs alleged those transactions were unauthorized. Indeed, a number of Plaintiffs admit they experienced fraudulent transactions before the Incident occurred. *See, e.g.*, Ex. 8, Abraham Resp. to Rog. No. 2; Ex. 9, Blando Resp. to Rog. No. 2. Statements reflecting those transactions are clearly relevant and discoverable because they refute those Plaintiffs' presumption that other transactions must have been caused by the Incident. With respect to those Plaintiffs who do not admit to experiencing unauthorized transactions before the Incident, Defendants are entitled to discovery that may show otherwise. Defendants should not be forced to assume the truth of Plaintiffs' self-serving allegation that any unauthorized transaction occurring *after* the Incident was *caused* by the Incident.

Moreover, the Complaint contains dozens of paragraphs alleging that Plaintiffs habitually review their account statements for evidence of unauthorized transactions after the Incident. *See, e.g.*, Compl. ¶¶ 152, 183, 195, 211, 224, 226, 235, 261, 273, 297, 309, 322, 336, 347, 368, 369, 381, 406, 429, 440, 450, 461, 473, 507, 530, 608, 621, 762. Indeed, Plaintiffs seek to recover damages for the significant amount of time they allegedly spend reviewing their account statements, so those statements are clearly at issue and are relevant to Plaintiffs' alleged damages. *Id.*, ¶¶ 20, 608, 621, 762. Without those statements, it is impossible to determine whether the time

6

Plaintiffs allegedly spent reviewing their statements and the corresponding demand for compensation are reasonable.

Nevertheless, Plaintiffs take the position that they only need to produce discovery that supports their allegations. Specifically, Plaintiffs state that they will only "produce … account statements that reflect unauthorized charges with the other transactions redacted…." *See* Ex. 7. Plaintiffs' position is unreasonable. Defendants are entitled to discovery that may *refute* Plaintiffs' allegations and should not be limited to cherry-picked evidence that Plaintiffs believe *supports* their allegations. Thus, Plaintiffs' boilerplate relevance objection is without merit because relevance is not defined so as to limit discovery to evidence that supports a party's allegations. *See* Ex. 2, Resp. to RFP No. 7 (objecting on relevance grounds without explanation); FED. R. EVID. 401 (defining "Relevant Evidence" to include evidence that "has any tendency to make a fact ***more or less probable*** than it would be without the evidence) (emphasis added).

Plaintiffs' boilerplate objection that RFP No. 7 is "over broad" is also without merit. *See* Ex. 2, Resp. to RFP No. 7 (objecting to breadth without explanation). Plaintiffs cannot allege that their accounts were subject to unauthorized charges, agree to produce heavily-redacted statements that Plaintiffs believe confirm their allegations, and then refuse to produce any statements that may refute their allegations merely because doing so would be inconvenient. Likewise, Plaintiffs cannot allege that they zealously review their statements for unauthorized transactions and seek compensation for time spent reviewing those statements, and then refuse to produce the very statements that form the basis of Plaintiffs' damages claim. Indeed, there is no way to evaluate Plaintiffs' demand to be compensated for time spent reviewing account statements without access to those statements.

Lastly, Plaintiffs' boilerplate objection that responsive documents "are private and confidential" is without merit because the Stipulated Protective Order protects "confidential, proprietary, [and] private information." *See* Dkt. No. 69. In any event, privacy and confidentiality are at the heart of Plaintiffs' allegations, so Plaintiffs cannot refuse to engage in discovery merely because it touches upon matters that "are private and confidential." *See, e.g.*, Compl. ¶¶ 102, 106, 123, 125, 142, 146, 163, 171, 178, 191, 204, 219, 231, 243, 255, 266, 280, 292, 304, 310, 317, 332, 342, 353, 365, 377, 389, 401, 413, 425, 435, 446, 457, 468, 480, 492, 496, 504, 516, 527, 546, 547, 570, 593, 607, 608, 618, 620, 621, 626, 627, 634, 635, 651–61, 666, 668, 670, 677, 697(c), 712(c), 724(c), 732(c), 735, 763, 818.

Given Plaintiffs' allegations regarding unauthorized transactions and their presumption that such transactions were caused by the Incident, Defendants are entitled to discovery that may refute those allegations and should not be limited to cherry-picked evidence that Plaintiffs believe supports their allegations. Further, given Plaintiffs' demand that they be compensated for time spent reviewing their account statements, they cannot refuse the produce those statements.

**B. The Court Should Order Plaintiffs' Counsel to Reimburse Defendants' Attorneys' Fees and costs**

The Court should order Plaintiffs' counsel to reimburse Defendants' attorneys' fees and costs. Under Rule 37(a)(5)(A), if the Court grants this Motion, an award of attorneys' fees and costs is automatic unless: (1) the movant failed to attempt in good faith to obtain the discovery at issue; (2) the non-movant's refusal to provide discovery was "substantially justified"; or (3) "other circumstances make an award of expenses unjust." *See* FED. R. CIV. P. 37(a)(5)(A).

It is indisputable that Defendants attempted in good faith to obtain the discovery at issue. As discussed above, Defendants exchanged letters and participated in a meet-and-confer over the course of two months in the hopes of convincing Plaintiffs to comply with their discovery

obligations. *Supra* at 1–4; Exs. 3–7. Defendants also offered to narrow the scope of RFP No. 7 to avoid motions practice to no avail. *Id.* Thus, Defendants clearly attempted in good faith to obtain the discovery at issue.

It is also indisputable that Plaintiffs' refusal to provide discovery was not "substantially justified." Plaintiffs refused to respond to RFP No. 7 on the basis of boilerplate objections, despite this Court's repeated admonitions that such objections are meaningless and will be disregarded. Even after Defendants offered to narrow the scope of RFP No. 7 to address objections Plaintiffs belatedly raised during the parties' meet-and-confer, Plaintiffs rejected that proposed compromise. *Supra* at 1–4. Moreover, it has been nearly seven months since Defendants served their discovery, yet not one of the 32 named Plaintiffs has produced a single document to date. In contrast, Defendants have produced 6,177 documents so far and continue to make rolling productions.

Lastly, no "other circumstances make an award of expenses unjust."

Under these circumstances, an award of attorneys' fees and costs is appropriate. Such an award will deter Plaintiffs and other litigants from disregarding this Court's admonitions regarding boilerplate objections and from refusing to produce evidence that is clearly relevant and discoverable. Further, such an award will avoid a scenario where Defendants have to foot the bill for Plaintiffs' refusal to provide discovery. Therefore, the Court should order Plaintiffs' counsel to reimburse Defendants' attorneys' fees and costs in an amount to be determined in accordance with Local Rule Local Rule 7.3. *See Harris v. Cellco P'ship*, No. 21-81129-CV, 2021 WL 8155699, at *3 (S.D. Fla. Dec. 30, 2021) (awarding attorneys' fees and costs where party's refusal to provide discovery was based on "boilerplate objections"); *Odom v. Navarro*, No. 09-21480-CIV, 2010 WL 547652, at *3 (S.D. Fla. Feb. 11, 2010) (ordering reimbursement of attorneys' fees where refusal to provide discovery was not substantially justified).

### III.     CONCLUSION

For the foregoing reasons, the Court should order Plaintiffs to respond to RFP No. 7 and should order Plaintiffs' counsel to reimburse Defendants' attorneys' fees and costs in an amount to be determined in accordance with Local Rule 7.3.

### CERTIFICATION OF CONFERENCE

Prior to filing this Motion, Defendants conferred with Plaintiffs' counsel through multiple letters both before and after a meet-and-confer held on June 5, 2023, in a good faith effort to resolve the issues raised in the Motion, but the parties were unable to reach a resolution.

Dated: July 26, 2023.

*s/ Julie Singer Brady*
Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
Facsimile: 407.841.0168

Paul Karlsgodt (*pro hac vice*)
PKarlsgodt@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805

Evan M. Mannering (*pro hac vice*)
emannering@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 26, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the Florida E-Filing Portal, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Julie Singer Brady*
Julie Singer Brady