# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |

**DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO ALL PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants, by and through their undersigned counsel, hereby require all Plaintiffs to individually respond to the Requests for Production below within thirty (30) days from the date of service hereof. Plaintiffs are instructed to supplement their responses up to and through the time of trial to the extent required by the applicable rules.

**I.    DEFINITIONS**

1. "Account Statement" means a periodic summary of account activity.

2. "Action" means the cases captioned *In re Lakeview Loan Servicing Data Breach Litigation*, No. 1:22-cv-20955-DPG (S.D. Fla.), and each of the constituent actions transferred to and consolidated therein.

3. "All Documents" means every Document, as defined herein, which is in Your possession, custody or control, and includes Documents which are not in Your possession, custody or control which are known to You or which can be located or discovered by reasonably diligent efforts.

4. "Communication(s)" means the transmission, sending, or receipt of information of any kind (in the form of facts, ideas, inquiries or otherwise) by one or more persons and/or between two or more persons by or through any means including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including, but not

1

limited to, e-mail, instant messaging, or other computer linkups), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, floppy disks, compact discs, CDROM, other removable or transportable media, sound, radio, or video signals, telecommunication, telephone, Short Message Service, Multimedia Messaging Service, teletype, telexes, telecopies, facsimile, telegram, microfilm, microfiche, photographic film of all type, or other media of any kind.

5. "Complaint" means the Consolidated Class Action Complaint filed in the Action on August 1, 2022 (ECF No. 47).

6. "Concerning" means Relating to, regarding, concerning, referring to, describing, evidencing, evincing, or constituting.

7. "Credit Bureau" means any entity that collects information Relating to the credit ratings or credit worthiness of individuals, including but not limited to Experian, TransUnion, and Equifax.

8. "Credit Monitoring Service" means a service that tracks a consumer's credit and changes to their credit and/or borrowing behavior to notify the consumer of potential fraud and/or to notify the consumer of changes in their credit worthiness.

9. "Data Security Incident" means any breach of security or other event that may have led to the destruction, loss, alteration, unauthorized disclosure of, or unauthorized access to, Your PII.

10. "Defendant(s)" means Lakeview Loan Servicing, LLC, Pingora Loan Servicing, LLC, Community Loan Servicing, LLC, and Bayview Asset Management, LLC.

11. "Document" means any written, recorded, or graphic material of any kind, whether prepared by You or by any other person, that is in Your possession, custody, or control. The term

includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

12. "Identity Theft Insurance" means any insurance policy or other product that covers expenses resulting from unauthorized use of the insured's PII, fraud, or identity theft.

13. "Identity Theft Monitoring/Protection Service" means any service that monitors PII in credit applications, public records, websites, and other places for any unusual activity that could be a sign of unauthorized use of PII, fraud, or identity theft.

14. "Incident" refers to the data security incident described in the Complaint.

15. "Plaintiff(s)" means all persons listed on page 1 of the Complaint and all persons who filed actions that were subsequently consolidated with the Action.

16. "Personal Identifying Information" or "PII" means information that can be used on its own or with other information to identify, contact, locate, target, or impersonate a person.

17. "Quantify" means to determine the precise number or amount of.

18. "Relate," "Relates," or "Relating" shall be construed to mean referring, constituting, comprising, evidencing, reflecting, respecting, discussing, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing,

Concerning, regarding, indicating, pertaining to, showing, bearing upon or studying, or any other term synonymous with or similar to the foregoing.

19. "Social Media" means any form of electronic communication through which users share information, ideas, personal messages, and other content.

20. "You" or "Your" refers to the individual Plaintiff responding to these Requests for Production.

## II. INSTRUCTIONS

1. In addition to the specific instructions set forth below, these Requests for Production incorporate by reference the instructions set forth in Rule 34 of the Federal Rules of Civil Procedure.

2. In construing these Requests for Production, You should give effect to the Definitions set forth above. Undefined words and terms shall be given their common meaning. If You are unsure of the definition of a particular term or word, use the definition that You believe to be the most accurate and state that definition in Your response.

3. The use of the singular form includes the plural and vice versa, any use of gender includes both genders, and a verb tense includes all other verb tenses. All terms and phrases used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal, or otherwise restrictive manner.

4. You must produce entire Documents, including attachments, enclosures, cover letters or emails, memoranda, and appendices, and Electronically Stored Information ("ESI") must be handled in accordance with the parties' agreement.

5. If You withhold any responsive information on privilege or work-product grounds, You must state the nature of the privilege claimed and provide Defendants with sufficient

information to assess the applicability of such claimed privilege or protection, as required by FED. R. CIV. P. 26(b)(5).

6. Unless otherwise indicated, the following requests cover the period commencing on October 1, 2020 to the date of Your responses, and must be timely supplemented as required by FED. R. CIV. P. 26(e). To the extent that any of Your claims or defenses in this Action Relate to events occurring prior to October 1, 2020, the time period governing these requests shall be coextensive with the time period encompassed by Your claims or defenses.

7. The singular shall be construed to include the plural, and the plural shall be construed to include the singular.

8. Verbs shall be construed to include all tenses.

9. The words "all" and "any" shall be construed to mean each and every.

10. The words "each" and "every" shall be construed to mean "including but not limited to."

11. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

12. The word "including" shall be construed to mean "including but not limited to."

13. All Documents must be produced with a bates prefix identifying the specific Plaintiff producing such Documents (*e.g.*, RIVERA0000001).

### III. REQUESTS FOR PRODUCTION

1. All Documents and Communications You received from any Defendant Relating to the Incident.

2. All Documents and Communications You received from any person or entity other than a Defendant Relating to the Incident.

5

3. All Documents and Communications You sent to any Defendant or any other person or entity Relating to the Incident.

4. Any additional Documents and Communications in Your possession Relating to the Incident not produced in response to Requests 1–3.

5. All Account Statements for any loan serviced by a Defendant.

6. All Documents Relating to or evidencing payment to any Defendant for loan servicing, data security, or any other product or service.

7. All Account Statements for any credit card account, bank account, or loan account in Your name for the period October 1, 2016 to the present, regardless of whether You allege that such account was affected by the Incident. For the avoidance of doubt, this includes accounts that are in Your name and in the name of one or more other persons.

8. For the period of January 1, 2015 to the present, All Documents sent to or received from any Credit Bureau, Credit Monitoring Service, Identity Theft Monitoring/Protection Service, or Identity Theft Insurance company, including but not limited to Documents Relating to the Incident.

9. For the period of January 1, 2015 to the present, All Documents evidencing payment to any Credit Bureau, any entity providing a Credit Monitoring Service, any entity providing an Identity Theft Monitoring/Protection Service, or any entity providing an Identity Theft Insurance, regardless of whether such payment and/or service Relates to the Incident.

10. For any time period, All Documents Relating to any Data Security Incident that may have resulted in unauthorized access to or unauthorized use of Your PII.

11. For any time period, any notifications You received Concerning any Data Security Incident that may have resulted in unauthorized access to or unauthorized use of Your PII.

12. For any time period, All Documents Relating to unauthorized access to or use of Your PII, credit card, debit card, bank account, loan account, or any of Your other financial accounts, regardless of whether You contend such access or use is connected to the Incident.

13. For any time period, All Documents and Communications between You and any law enforcement agency or government agency Relating to any Data Security Incident, including but not limited to the Incident.

14. For any time period, All Documents and Communications between You and any law enforcement agency or government agency Relating to any potential or actual unauthorized access to or use of Your PII.

15. For any time period, All Documents and Communications Relating to any potential or actual unauthorized access to or use of Your PII.

16. All Documents evidencing any connection between the Incident and any unauthorized use of Your PII, fraud, identity theft, or any other injury You allege was caused by the Incident.

17. All Documents that support and/or Quantify Your alleged damages.

18. All Documents reflecting Your efforts to mitigate any damages and/or injuries You allege resulted from the Incident.

19. All Documents reflecting how much time and/or money You spent on efforts to mitigate any damages and/or injuries You allege resulted from the Incident.

20. All Documents reflecting how much time and/or money You spent on efforts to protect Your PII prior to receiving notification regarding the Incident.

21. All Documents You sent to or received from any Defendant.

22. All Communications between You and any Defendant.

23. For any time period, All Documents or Communications Concerning any contract between You and any Defendant.

24. All Documents and Communications supporting Your contention or belief that Your PII is or may be on the "dark web," as that term is defined in Paragraph 15 of the Complaint.

25. All Documents and Communications Relating to Your contention that any Defendant has not been forthright about the Incident.

26. If You allege fear, anxiety, stress, mental anguish, emotional distress, physical injury, aggravation of physical injury, or any other mental or physical condition resulting from the Incident, all medical records for the period of January 1, 2015 to the present, including but not limited to medical records Related to any treatment You sought and/or received. For purposes of this request, "medical records" includes, but is not limited to, medical information, medical history, care or treatments received, test results, diagnoses, and medications prescribed and/or taken.

27. All Documents and Communications reflecting the value of Your PII, how such value is calculated, and Your contention that such value was diminished as a result of the Incident.

28. All Social Media posts You made Relating to any Defendant, the Incident, and/or any other Data Security Incident where Your PII was or may have been subject to unauthorized access.

29. If You allege an increase in spam calls, text messages and/or emails as a result of the Incident, all telephone bills, spam text messages, and spam emails received by You from December 1, 2020 to the present.

30. If You allege an increase in spam calls, text messages and/or emails as a result of the Incident, All Documents and Communications supporting Your contention that the increase was caused by the Incident.

31. If You allege an increase in spam calls, text messages and/or emails as a result of the Incident, All Documents and Communications that Quantify the number of spam calls, text messages and/or emails received before and after the Incident or that illustrate the difference in the volume of spam calls, text messages and/or emails You received before the Incident and after the Incident.

32. With respect to each person who will or may testify as an expert witness in this case: (a) their curriculum vitae; (b) all studies, analyses, and investigations, published and unpublished, conducted by such person Relating to subject matter of their testimony in the Action; (c) transcripts of any testimony the person has provided in connection with any litigation or arbitral proceeding; (d) copies of any expert reports the person has provided in connection with any litigation or arbitral proceeding; (e) All Documents prepared by such person Relating to the Incident, including, without limitation, calculations, notes, reports, affidavits, declarations, and studies.

Dated: January 4, 2023.

*s/ Julie Singer Brady*
Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
Facsimile: 407.841.0168

Paul Karlsgodt (*pro hac vice*)

9

PKarlsgodt@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805

Evan M. Mannering (*pro hac vice*)
emannering@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 4, 2023, I served the foregoing by electronic mail upon the following counsel of record:

JULIE BRAMAN KANE
COLSON HICKS EIDSON
255 Alhambra Circle – Penthouse
Coral Gables, Florida 33134
julie@colson.com

JOHN A. YANCHUNIS
RYAN D. MAXEY
MORGAN & MORGAN COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com

RACHELE R. BYRD
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
byrd@whafh.com

ADAM E. POLK
GIRARD SHARP LLP
601 California St, Ste 1400
San Francisco, CA 94108
apolk@girardsharp.com

GARY M. KLINGER
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 Monroe Street, Suite 2100
Chicago, IL 60606
gklinger@milberg.com

STUART A. DAVIDSON
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
sdavidson@rgrdlaw.com

*s/ Julie Singer Brady*
Julie Singer Brady

11