# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG<br><br>**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION – SET ONE** |

PROPOUNDING PARTIES: Lakeview Loan Servicing, LLC, Pingora Loan Servicing, LLC, Community Loan Servicing, LLC, and Bayview Asset Management, LLC.

RESPONDING PARTIES: Plaintiffs William Blando, Robert Keach, Dylan Normile, Nilsa Misencik, Evelyn Rivera, Stephenie Stone, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Shannon Thomas, Thomas Lapenter, Hardik Sevak, Julie Abraham, Peter Wojciechowski, Kimberley Rowton, Jessica Valente-Brodrick, Mathew Myers, Denise Scott, Ashley Cashon, Richard Cashon, Robert Martin, Christopher Sparks, David Kraus, John McMahon, Albert Brumitt, David Cunningham, and John T. Johnson, April Burnett, Jay Saporta ("Plaintiffs").

SET NO.: One

Plaintiffs, by and through their undersigned counsel, hereby serve their objections and responses to Defendants' First Set of Requests for the Production of Documents Directed to All Plaintiffs.

REQUEST FOR PRODUCTION NO. 1

All Documents and Communications You received from any Defendant Relating to the Incident.

1

RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Plaintiffs will produce any such documents in their possession.

REQUEST FOR PRODUCTION NO. 2

All Documents and Communications You received from any person or entity other than a Defendant Relating to the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Other than documents protected by the attorney client privilege and work product doctrine that were created and or exchanged between Plaintiffs and Plaintiffs' counsel, Plaintiffs will produce any such documents in their possession.

REQUEST FOR PRODUCTION NO. 3

All Documents and Communications You sent to any Defendant or any other person or entity Relating to the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Plaintiffs will produce any such documents in their possession.

REQUEST FOR PRODUCTION NO. 4

Any additional Documents and Communications in Your possession Relating to the Incident not produced in response to Requests 1–3.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Plaintiffs object to the Request as overbroad and, based on its breadth, it seeks documents exchanged with or created by Plaintiffs' counsel and which are protected from discovery by the attorney-client privilege and attorney work product doctrine.

REQUEST FOR PRODUCTION NO. 5

All Account Statements for any loan serviced by a Defendant.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Plaintiffs will produce any such documents in their possession.

REQUEST FOR PRODUCTION NO. 6

All Documents Relating to or evidencing payment to any Defendant for loan servicing, data security, or any other product or service.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Plaintiffs will produce any documents in their possession.

REQUEST FOR PRODUCTION NO. 7

All Account Statements for any credit card account, bank account, or loan account in Your name for the period October 1, 2016 to the present, regardless of whether You allege that such account was affected by the Incident. For the avoidance of doubt, this includes accounts that are in Your name and in the name of one or more other persons.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Plaintiffs object to this request as over broad, irrelevant because of its breadth, and seeking documents which are private and confidential, a somewhat ironic request in light of the nature of this case.

REQUEST FOR PRODUCTION NO. 8

For the period of January 1, 2015 to the present, All Documents sent to or received from any Credit Bureau, Credit Monitoring Service, Identity Theft Monitoring/Protection Service, or Identity Theft Insurance company, including but not limited to Documents Relating to the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Plaintiffs object to this request as over broad, irrelevant because of its breadth, and seeking documents which are private and confidential, a somewhat ironic request in light of the nature of this case.

REQUEST FOR PRODUCTION NO. 9

For the period of January 1, 2015 to the present, All Documents evidencing payment to any Credit Bureau, any entity providing a Credit Monitoring Service, any entity providing an Identity Theft Monitoring/Protection Service, or any entity providing an Identity Theft Insurance, regardless of whether such payment and/or service Relates to the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Plaintiffs object to this request as over broad, irrelevant because of its breadth, and seeking documents which are private and confidential, a somewhat ironic request in light of the nature of this case.

REQUEST FOR PRODUCTION NO. 10

For any time period, All Documents Relating to any Data Security Incident that may have resulted in unauthorized access to or unauthorized use of Your PII.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Plaintiffs object to this request as over broad, irrelevant because of its breadth, and seeking documents which are private and confidential, a somewhat ironic request in light of the nature of this case.

REQUEST FOR PRODUCTION NO. 11

For any time period, any notifications You received Concerning any Data Security Incident that may have resulted in unauthorized access to or unauthorized use of Your PII.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Plaintiffs object to this request as over broad, irrelevant because of its breadth, and seeking documents which are private and confidential, a somewhat ironic request in light of the nature of this case.

REQUEST FOR PRODUCTION NO. 12

For any time period, All Documents Relating to unauthorized access to or use of Your PII, credit card, debit card, bank account, loan account, or any of Your other financial accounts, regardless of whether You contend such access or use is connected to the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Plaintiffs object to this request as over broad, irrelevant because of its breadth, and seeking documents which are private and confidential, a somewhat ironic request in light of the nature of this case.

REQUEST FOR PRODUCTION NO. 13

For any time period, All Documents and Communications between You and any law enforcement agency or government agency Relating to any Data Security Incident, including but not limited to the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Plaintiffs will produce responsive documents for a period of time, and Plaintiffs are willing to meet and confer regarding the appropriate period of time. As it stands, the Request is objectionable as it is over broad as to time and scope.

REQUEST FOR PRODUCTION NO. 14

For any time period, All Documents and Communications between You and any law enforcement agency or government agency Relating to any potential or actual unauthorized access to or use of Your PII.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Plaintiffs will produce responsive documents for a period of time, and Plaintiffs are willing to meet and confer regarding the appropriate period of time. As it stands, the Request is objectionable as it is over broad as to time and scope.

REQUEST FOR PRODUCTION NO. 15

For any time period, All Documents and Communications Relating to any potential or actual unauthorized access to or use of Your PII.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Plaintiffs object to this Request as over broad, irrelevant because of its breadth, and seeking documents which are private and confidential, a somewhat ironic request in light of the nature of this case.

REQUEST FOR PRODUCTION NO. 16

All Documents evidencing any connection between the Incident and any unauthorized use of Your PII, fraud, identity theft, or any other injury You allege was caused by the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Plaintiffs will produce any responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 17

All Documents that support and/or Quantify Your alleged damages.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Plaintiffs object to this Request to the extent that it calls for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Plaintiffs will produce non-privileged, responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 18

All Documents reflecting Your efforts to mitigate any damages and/or injuries You allege resulted from the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 18

Plaintiffs object to this Request to the extent it calls for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Plaintiffs will produce any non-privileged, responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 19

All Documents reflecting how much time and/or money You spent on efforts to mitigate any damages and/or injuries You allege resulted from the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Plaintiffs object to this Request to the extent it calls for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Plaintiffs will produce any non-privileged, responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 20

All Documents reflecting how much time and/or money You spent on efforts to protect Your PII prior to receiving notification regarding the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20

Plaintiffs object to this Request to the extent it calls for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Plaintiffs will produce any non-privileged, responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 21

All Documents You sent to or received from any Defendant.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Plaintiffs will produce any responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 22

All Communications between You and any Defendant.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Plaintiffs will produce any responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 23

For any time period, All Documents or Communications Concerning any contract between You and any Defendant.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23

Plaintiffs will produce any responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 24

All Documents and Communications supporting Your contention or belief that Your PII is or may be on the "dark web," as that term is defined in Paragraph 15 of the Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24

Plaintiffs object to this Request to the extent it calls for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Plaintiffs will produce any non-privileged, responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 25

All Documents and Communications Relating to Your contention that any Defendant has not been forthright about the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Plaintiffs object to this Request to the extent it calls for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Plaintiffs will produce any non-privileged, responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 26

If You allege fear, anxiety, stress, mental anguish, emotional distress, physical injury, aggravation of physical injury, or any other mental or physical condition resulting from the Incident, all medical records for the period of January 1, 2015 to the present, including but not limited to medical records Related to any treatment You sought and/or received. For purposes of this request, "medical records" includes, but is not limited to, medical information, medical history, care or treatments received, test results, diagnoses, and medications prescribed and/or taken.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26

Plaintiffs object to this Request as over broad in scope and time and seeking documents which are private and confidential. Plaintiffs' mental and/or physical conditions are not in controversy. To the extent any Plaintiff alleged emotional distress injuries as a result of the Data Breach, these are garden variety claims of emotional distress-type injuries. Moreover, to the extent that Defendants

seek the production of any psychotherapy records from Plaintiffs, Plaintiffs deny any unusually severe emotional distress. Plaintiffs do not intend to offer expert testimony to support a claim for emotional distress damages. Plaintiffs do not intend to allege a specific mental or psychiatric injury or disorder.

REQUEST FOR PRODUCTION NO. 27

All Documents and Communications reflecting the value of Your PII, how such value is calculated, and Your contention that such value was diminished as a result of the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27

The information requested will be produced upon the submission of Plaintiffs' expert reports, but such reports have not yet been prepared.

REQUEST FOR PRODUCTION NO. 28

All Social Media posts You made Relating to any Defendant, the Incident, and/or any other Data Security Incident where Your PII was or may have been subject to unauthorized access.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28

Plaintiffs object to this Request to the extent it calls for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Plaintiffs will produce any non-privileged, responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 29

If You allege an increase in spam calls, text messages and/or emails as a result of the Incident, all telephone bills, spam text messages, and spam emails received by You from December 1, 2020 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29

Plaintiffs will produce any responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 30

If You allege an increase in spam calls, text messages and/or emails as a result of the Incident, All Documents and Communications supporting Your contention that the increase was caused by the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30

Plaintiffs will produce any responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 31

If You allege an increase in spam calls, text messages and/or emails as a result of the Incident, All Documents and Communications that Quantify the number of spam calls, text messages and/or emails received before and after the Incident or that illustrate the difference in the volume of spam calls, text messages and/or emails You received before the Incident and after the Incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31

Plaintiffs will produce any responsive documents in their possession.

REQUEST FOR PRODUCTION NO. 32

With respect to each person who will or may testify as an expert witness in this case: (a) their curriculum vitae; (b) all studies, analyses, and investigations, published and unpublished, conducted by such person Relating to subject matter of their testimony in the Action; (c) transcripts of any testimony the person has provided in connection with any litigation or arbitral proceeding; (d) copies of any expert reports the person has provided in connection with any litigation or arbitral proceeding; (e) All Documents prepared by such person Relating to the Incident, including, without limitation, calculations, notes, reports, affidavits, declarations, and studies.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32

Plaintiffs will comply with their obligations in accordance with Rule 26 and the scheduling order entered by the Court. To the extent that this request seeks information beyond that required by Rule 26 and the local rules of this Court, Plaintiffs object that the Request is over broad in scope and seeks documents potentially protected by the work product doctrine.

Date: April 6, 2023   /s/Rachele R. Byrd

RACHELE R. BYRD (*pro hac vice*)
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599
byrd@whafh.com

*Member, Plaintiffs' Executive Committee*

Julie Braman Kane
Florida Bar No. 980277
**COLSON HICKS EIDSON**
255 Alhambra Circle – Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
julie@colson.com

*Plaintiffs' Liaison Counsel*

JOHN A. YANCHUNIS
RYAN D. MAXEY
**MORGAN & MORGAN COMPLEX
  LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com

*Chair, Plaintiffs' Executive Committee*

ADAM E. POLK (*pro hac vice*)
JORDAN ELIAS (*pro hac vice*)
SIMON GRILLE (*pro hac vice*)
KIMBERLY MACEY (*pro hac vice*)

12

**GIRARD SHARP LLP**
601 California St, Ste 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

GARY M. KLINGER (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 Monroe Street, Suite 2100
Chicago, IL 60606
866.252.0878
gklinger@milberg.com

STUART ANDREW DAVIDSON
BRADLEY BEALL
NICOLLE BRITO
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
561-750-3000
Fax: 750-3364
sdavidson@rgrdlaw.com
bbeall@rgrdlaw.com
nbrito@rgrdlaw.com

*Members, Plaintiffs' Executive Committee*

TERRY R. COATES (*pro hac vice*)
DYLAN J. GOULD (*pro hac vice* forthcoming)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: 513/651-3700
513/665-0219 (fax)
tcoates@msdlegal.com
dgould@msdlegal.com

M. ANDERSON BERRY (*pro hac vice*)
GREGORY HAROUTUNIAN (*pro hac vice* forthcoming)
**CLAYEO C. ARNOLD, A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

13

aberry@justice4you.com
gharoutunian@justice4you.com

LORI G. FELDMAN (*pro hac vice*)
**GEORGE GESTEN**
 **MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (917) 983-9321
Fax: (888) 421-4173
LFeldman@4-Justice.com
E-Service: eService@4-Justice.com

JOSEPH M. LYON (*pro hac vice* forthcoming)
**THE LYON FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
(513) 381-2333
jlyon@thelyonfirm.com

DAVID K. LIETZ (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON**
 **PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW
Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
dlietz@milberg.com

*Additional Attorneys for Plaintiffs*

29153v1

14