**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG<br><br>Judge: Hon. Darrin P. Gayles<br>Hon. Edwin G. Torres |

**DEFENDANTS' MOTION FOR ENTRY OF PROPOSED DISCOVERY ORDER**

Pursuant to Chief Magistrate Judge Torres' Order Setting Discovery Procedures, Defendants Bayview Asset Management, LLC, Lakeview Loan Servicing, LLC, Pingora Loan Servicing, LLC, and Community Loan Servicing, LLC (collectively, "Defendants"), respectfully move for the entry of Defendants' proposed discovery order and, in support thereof, state as follows:

**I.    Background**

On October 19, 2023, the Court heard argument concerning Defendants' request for an order compelling Plaintiffs to produce account statements in response to Request for Production No. 7. During the hearing, the Court directed the parties to meet and confer to attempt to reach an agreement on a proposed order that would: (1) memorialize rulings issued by the Court during the hearing; and (2) address one final area of dispute that was not resolved during the hearing. *See* 10/19/23 Hr'g Tr. at 54:25-70:18, attached hereto as **Exhibit A**.

The Parties, through counsel, have conferred numerous times and exchanged multiple drafts of proposed orders since the hearing to reach an agreement as to the aspect the Court left open for the Parties to attempt to resolve (discussed below) and the form of the proposed order. While the Parties made significant progress through multiple emails and exchanges of draft orders since the hearing, they were unable to resolve all issues and agree to the form of a proposed order. Defendants' [Proposed] Order Regarding Plaintiffs' Production of Account Statements ("Proposed Order") is attached hereto as **Exhibit B**.

At the hearing, the Court divided the named Plaintiffs into three groups: (1) those who are not alleging fraudulent charges attributable to the data security incident alleged in the Complaint (the "Incident") and are not seeking damages for time spent reviewing account statements ("First Group"); (2) those who are seeking damages for lost time spent reviewing account statements, but are not claiming fraudulent charges attributable to the Incident ("Second Group"); and (3) those who are claiming fraudulent charges attributable to the Incident ("Third Group"). At the hearing, the Court ruled as to the First and Second Group. Paragraphs 1 and 2 in Defendants' Proposed Order pertain to the Court's ruling on the First and Second Group.

## II.     First and Second Group.

With respect to the First Group, the Parties agree to the language in paragraph 1 of Defendants' Proposed Order. With respect to the Second Group, the Court ruled that Plaintiffs who seek compensation for time spent reviewing account statements, but do not allege fraudulent charges attributable to the Incident, must produce account statements for 2021 and 2022, but may redact descriptions of the items purchased and the credit/debit card number:

> But you have to include the amount because that has to be able to show the time involved in reviewing. So there has to be some part of the charge that you identify. The amount is not privileged. So the only thing that would be privileged would be the vendor or the item type, right? So the left side of the statement, you know what a statement looks like. The left side of the statement you can redact. The right part of the statement you don't redact.

Ex. A at 67:12-18, 68:11-15. Defendants drafted Paragraph 2 of the Proposed Order to conform to the Court's ruling. However, Plaintiffs' final proposal as to the Second Group included redactions contrary to the Court's ruling, so Defendants did not agree. Defendants believe that paragraph 2 of Defendants' Proposed Order accurately reflects the Court's ruling at the hearing.

## III.    Third Group.

With respect to the Third Group—those who allege fraudulent charges on an account and

2

attribute the charges to the Incident— the Court directed the Parties to attempt to reach a resolution:

> As to the fraudulent one I am going to let you work it out. Now you have my ruling and I could give the Defense an opportunity to leave town, I think you can work out what the obvious solution is for the fraudulent ones.
>
> But if you can't work it out, then give me amended proposed orders. You are the Plaintiff and you already know I am going to have to compel some things. You give me your proposal. Defense, you give me your proposal and whatever is the most reasonable I will adopt. How is that?

*Id.* at 70:6-14.

The Parties have been unable to reach an agreement as to this group, although they have reduced the issues for the Court's consideration. Specifically, Defendants agreed to limit the request to accounts on which a fraudulent charge was allegedly made and further agreed to Plaintiffs' request to limit the temporal scope of this request such that Plaintiffs alleging a fraudulent transaction would produce: (1) the statement including the alleged fraudulent transaction; (2) the twelve statements preceding the alleged fraudulent transaction; and (3) the twelve statements following the alleged fraudulent transaction (*i.e.*, twenty-five statements).

The unresolved issue concerns what information may be redacted from these statements. Plaintiffs' position is that they should be permitted to redact all information associated with transactions other than the alleged fraudulent transaction(s) or other transactions with the same vendor. The problem with Plaintiffs' position is two-fold:

> 1.  Plaintiffs' position denies Defendants an opportunity to cross examine Plaintiffs regarding other transactions that may break the causation link. For instance, Plaintiffs' proposed redactions would prevent Defendants from determining whether the Plaintiffs alleging unauthorized charges on an account engaged with vendors who experienced a data security incident, which caused the account to be compromised. Such transactions would be relevant to rebut Plaintiffs'

presumption that any alleged unauthorized transactions occurring after the Incident were caused by the Incident.

2. Plaintiffs' position requires Defendants to accept Plaintiffs' representations as to other transactions with the same vendor, rather than allowing Defendants to review the account statements to confirm whether there are other transactions with the same vendor (such as recurring charges or other charges for the same goods or services), which would call into question Plaintiffs' claims that the charges were fraudulent.

Plaintiffs contend that their redactions are appropriate because Plaintiffs answered interrogatories relating to alleged unauthorized charges, but Defendants should be permitted to determine whether the responses are accurate based on documentation and evidence.

## IV. Conclusion

Thus, for the foregoing reasons, Defendants respectfully request that the Court enter the attached Proposed Order which Defendants assert is narrow and reasonable, so as to allow Defendants meaningful discovery to rebut Plaintiffs' assumptions.

Dated: January 19, 2024.

*s/ Yameel L. Mercado Robles*
Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
Yameel L. Mercado Robles
Florida Bar No. 1003897
ymercadorobles@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue
Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
Facsimile: 407.841.0168

Paul Karlsgodt (*pro hac vice*)

PKarlsgodt@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805

Evan M. Mannering (*pro hac vice*)
emannering@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Ave, NW
Suite 1100
Washington, DC 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783

Joseph Givner
Florida Bar No. 850705
Primary Email: jgivner@givner.law
Secondary Email: paralegal@givner.law
GIVNER LAW GROUP, LLP
19790 W. Dixie Hwy
Suite 706
Miami, Florida 33180
Telephone: 305.933.9970

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 19, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Yameel L. Mercado Robles*
Yameel L. Mercado Robles