**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-20955-DPG

|  |  |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Judge: Hon. Darrin P. Gayles    Hon. Edwin G. Torres |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH THIRD-PARTY SUBPOENAS OR FOR A PROTECTIVE ORDER OR, IN THE ALTERNATIVE, AN ORDER HOLDING THE SUBPOENAS IN ABEYANCE PENDING AN AMENDED COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

Plaintiffs, by and through their undersigned counsel, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, submit this Response in Opposition to Defendants' Motion to Quash Third-Party Subpoenas or for a Protective Order or, in the Alternative, an Order Holding the Subpoenas in Abeyance Pending an Amended Complaint with Supporting Memorandum of Law ("Motion to Quash" or "Mot.") (ECF 152).

Plaintiffs filed notice of their intention to subpoena vendors of Defendants on December 21, 2023 for records that will shed light on Defendants' cybersecurity measures and practices. Plaintiffs have not been able to obtain this information from the Defendants in discovery. Their request to delay the discovery process by holding the subpoena productions in abeyance would prejudice Plaintiffs' ability to move for class certification by May 28, 2024 (ECF 122), and is without any merit. Defendants lack standing to move to quash these duly issued subpoenas that do not implicate their rights.  Only the subpoena targets themselves would have standing. Neither Defendants' own objections to discovery served on them, nor the confidential nature of nonparties' responses, gives Defendants the requisite stake in the outcome of Plaintiffs' subpoenas to move to quash.  The motion should, therefore, be denied.

## I.    BACKGROUND

On December 15, 2023, the Court entered its Order on Defendants' Motion to Dismiss Consolidated Class Action Complaint and Incorporated Memorandum of Law (ECF 144), dismissing without prejudice portions of the Consolidated Class Action Complaint (ECF 47). On December 18, 2023, the Court entered its Order reopening the case (ECF 145) and lifting the discovery stay previously entered on September 27, 2023 (ECF 127). On December 21, 2023, Plaintiffs served a Notice of Intent to Serve Subpoenas on non-parties. (ECF 146) ("Third-Party Subpoenas") and the subpoenas were served in early January.  On January 11, 2024, Plaintiffs filed their Notice of Intent to Seek Leave to Amend Consolidated Class Action Complaint (ECF 151). On January 12, 2024, Defendants filed their Motion to Quash (ECF 152).

## II.    ARGUMENT

### A.    Defendants Do Not Have Standing to Quash the Third-Party Subpoenas.

Defendants do not have standing to quash the Third-Party Subpoenas. For a party to have standing to move the Court to quash a third-party subpoena, the party must allege, "a personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). "The term 'privileged' refers to protections afforded by the rules of evidence." *See United States v. Reynolds*, 345 U.S. 1, 6 (1953).  To establish a personal right regarding records, Defendants must establish an "expectation of privacy in their business transactions with other corporations" or must show that the documents requested are confidential or proprietary. *Auto-owners Ins. Co. v. Se. Floating Docks, Inc*., 231 F.R.D. 426, 429 (M.D. Fla. 2005).

Defendants' Motion to Quash fails to allege either a personal right or privilege. Defendants have not and cannot identify any privilege that would permit their Motion to Quash. Defendants merely cite to objections made in their own Response to Plaintiffs' Requests for Production—

many of which do not include objections based on assertions of privilege—as justification for the Court to prohibit further discovery. *See* Mot. at 3-4. Defendants' Motion to Quash states in pertinent part, "Plaintiffs served comprehensive document requests on Defendant seeking much of the same discovery commanded by the Third-Party Subpoenas and, where appropriate, Defendants raised objections as permitted by Rule 34." *See* Mot. at 4. But Defendants' separate objections to Plaintiffs' Request for Production do not foreclose Plaintiffs' ability to request documents from a non-party. Because Defendants' Motion is unsupported by any privilege they hold, they lack standing to move to quash.

Defendants have similarly failed to demonstrate a personal right.  Instead, they simply contend that the Third-Party Subpoenas request "sensitive information." *See* Mot. at 5.  But a mere assertion that discovery documents contain sensitive information, without more, is insufficient to give rise to standing. *See In re Rum Marketing Int'l, Ltd*., No. 07-21466-NC, 2007 WL 2702206, at *4 (S.D. Fla. Sept. 14, 2007) (Torres, M.J.); *Rail Trusts Locomotive Leasing, LLC v. SunCoke Energy, Inc.*, No. 3:15-CV-1112-J-39MCR, 2016 WL 8929072, at *2 (M.D. Fla. Oct. 25, 2016) ("Rule 45 contemplates quashing a subpoena in response to the third-party's claim that a subpoena calls for disclosure of a trade secret or confidential business information, not the party's confidential information").

Moreover, the Court's Stipulated Protective Order (ECF 69) governing the production of confidential information negates any concern Defendants may have that a third party will produce such information in discovery or improperly designate it. *See, e.g.*, *Kristoff-Rampata v. Publix Super Markets, Inc.*, No. 3:15-CV-1324-J-20PDB, 2016 WL 11431488, at *2, *3 (M.D. Fla. Sept. 9, 2016) (explaining that "[p]rotective orders prevent[] the parties from using any confidential information obtained during discovery except as part of the litigation" and "allow the parties to

make full disclosure in discovery without fear of public access to sensitive information and without the expense and delay of protracted disputes") (cleaned up); *Leber as Tr. of Steven E. Leber Charitable Remainder Unitrust v. Konigsberg*, No. 09-80593-CIV, 2010 WL 11603144, at *1 (S.D. Fla. May 12, 2010) ("Generally, . . . protective orders serve the purpose of protecting third-party privacy rights and/or sensitive and proprietary type information").

Unable to demonstrate either a privilege or right that would confer standing for their motion, Defendants assert that Plaintiffs' Third-Party Subpoenas attempt to circumvent Rule 34. *See* Mot. 3–4. But again, Defendants do not have standing to make this argument: only the non-parties subject to the subpoena have standing to argue whether Plaintiffs have taken "reasonable steps" to avoid imposing undue burden, such as seeking discovery from Defendants before non-parties. *See* Fed. R. Civ. P. 45(d)(1).

Furthermore, despite the parties' meet and confer efforts, it remains unclear whether this information is in Defendants' possession, custody, or control. Therefore, to ensure Plaintiffs obtain this information before class certification—facilitating the Court's determination under Rule 23—Plaintiffs have subpoenaed the targeted information from non-parties, while also pursuing discussions with Defendants about potential overlap. *See* Fed. R. Civ. P. 26(d)(3) (parties may sequence their own pursuit of discovery). Plaintiffs will continue discussions with Defendants about potential overlap and can work with the subpoenaed non-parties to phase production of documents to prioritize those uniquely in the non-parties' possession, custody, or control. Hence, even if they had standing, Defendants' Motion is premature. No non-party has sought protection from Plaintiffs' subpoenas.

**B.      The Third-Party Subpoenas Should Not Be Quashed on Relevancy Grounds.**

Plaintiffs' subpoenas seek relevant information. A subpoena may be quashed, by contrast, if it calls for "clearly irrelevant matters." *Sunshine Shredding, LLC v. Proshred Franchising Corp.*, No. 11-22432-MC, 2011 WL 4591935, at *2 (S.D. Fla. Sept. 30, 2011) (cleaned up). The Court need not determine the admissibility of documents prior to trial or quash a subpoena demanding their production if there is any good ground on which they might be relevant. *See* 9A Wright & Miller, Federal Practice & Procedure: Civil 3d § 2459 (2008). Courts construe relevance "broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Daly v. Markel Serv., Inc.*, No. 21-62056-CIV, 2022 WL 21835384, at *2 (S.D. Fla. Oct. 14, 2022) (cleaned up). Discovery is not limited to issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The information sought in the Third-Party Subpoenas is clearly relevant to the allegations in Plaintiffs' Proposed Amended Complaint.[1] The targeted documents relate to Defendants' cybersecurity practices and measures—information that bears on Plaintiffs' common law and statutory claims and that will aid in the Court's assessment of whether this case asserting a common

---

[1] Plaintiffs filed their Notice of Intent to Seek Leave to Amend Consolidated Class Action Complaint on January 11, 2024. (ECF 151). The parties conferred on January 5 and 10 regarding Plaintiffs anticipated Amended Complaint and whether Defendants would consent to Plaintiffs' forthcoming Motion for Leave to Amend. Counsel for Defendants advised that they consented to: (1) filing the Motion for Leave to Amend on January 31, 2024; (2) an amendment formally adding Community Loan Servicing, LLC as a Defendant; (3) clarification of the pleadings factually to address the Court's concerns; and (4) narrowing of the pleading to remove certain causes of action. Plaintiffs will file their Motion for Leave to Amend by January 31, 2024. The allegations in the Amended Complaint all arise out of a data breach that occurred on October 27, 2021 and exposed information of consumers who relied on Defendants for residential mortgage services ("Data Breach"). Defendants also are aware that Plaintiffs intend to cure the allegations in those Counts that the Court dismissed without prejudice, subject to the Court's approval.

course of negligent and unfair conduct will turn on predominantly common issues. *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004) (holding that "[c]ommon issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.") (cleaned up), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

The subpoenaed information also bears on Plaintiffs' injunctive relief claim in that it seeks information about what steps Defendants have taken to prevent a similar breach from occurring again. Thus, in addition to being without standing to challenge the subpoenas, Defendants' relevancy objection is fatally flawed.

### C.     No Protective Order Should Be Entered.

Under Fed. R. Civ. P. 26(c)(1), any "party or any person from whom discovery is sought may move for a protective order," and the Court "may, for good cause, issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order." *Auto-owners Ins. Co.*, 231 F.R.D. at 430 (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Defendants have failed to meet their burden of demonstrating good cause for a protective order. Plaintiffs, with Defendants' acquiescence, have filed their Notice of Intent to Seek Leave to Amend (ECF 151). Defendants are aware of Plaintiffs intentions to file their Motion for Leave to Amend by January 31, 2024, and the allegations therein all arise out of the Data Breach. The Third-Party Subpoenas are directed at 13 of Defendants' vendors and seek six categories of documents directly related to the Data Breach. As such, no protective order is justified.

6

**III.     CONCLUSION**

For the forgoing reasons, this Court should deny Defendants' Motion to Quash.


Dated:  January 26, 2024                    Respectfully submitted,

                                            /s/ Gary M. Klinger
                                            GARY M. KLINGER (*admitted pro hac vice*)
                                            **MILBERG COLEMAN BRYSON**
                                            **PHILLIPS GROSSMAN, PLLC**
                                            227 W. Monroe Street, Suite 2100
                                            Chicago, IL 60606
                                            Phone: 866.252.0878
                                            Email: gklinger@milberg.com

                                            DAVID K. LIETZ (*admitted pro hac vice*)
                                            **MILBERG COLEMAN BRYSON**
                                            **PHILLIPS GROSSMAN, PLLC**
                                            5335 Wisconsin Avenue NW
                                            Suite 440
                                            Washington, D.C. 20015-2052
                                            Telephone: (866) 252-0878
                                            Facsimile: (202) 686-2877
                                            Email: dlietz@milberg.com

                                            MARIYA WEEKES
                                            Florida Bar No. 56299
                                            **MILBERG COLEMAN BRYSON**
                                            **PHILLIPS GROSSMAN, PLLC**
                                            201 Sevilla Avenue, 2nd Floor
                                            Coral Gables, FL 33134
                                            Tel: (786) 879-8200
                                            Fax: (786) 879-7520
                                            Email: mweekes@milberg.com

                                            Julie Braman Kane
                                            Florida Bar No. 980277
                                            **COLSON HICKS EIDSON**
                                            255 Alhambra Circle – Penthouse
                                            Coral Gables, Florida 33134
                                            Telephone: (305) 476-7400
                                            Facsimile: (305) 476-7444
                                            julie@colson.com

JOHN A. YANCHUNIS
RYAN D. MAXEY
**MORGAN & MORGAN COMPLEX**
**LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com

ADAM E. POLK (*pro hac vice*)
JORDAN ELIAS (*pro hac vice*)
SIMON GRILLE (*pro hac vice*)
**GIRARD SHARP LLP**
601 California St, Ste 1400
San Francisco, CA  94108
Telephone: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com

M. ANDERSON BERRY (*pro hac vice*)
GREGORY HAROUTUNIAN (*pro hac vice*
forthcoming)
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com

RACHELE R. BYRD (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599
byrd@whafh.com

8

JOSEPH M. LYON (*pro hac vice* forthcoming)
**THE LYON FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
jlyon@thelyonfirm.com

STUART ANDREW DAVIDSON
**ROBBINS GELLER RUDMAN & DOWD LLP**
225 N.E. Mizner Boulevard, Suite 720
Boca Raton, FL 33432
561-750-3000
Fax: 561-750-3364
Email: sdavidson@rgrdlaw.com

TERRY R. COATES (*pro hac vice*)
DYLAN J. GOULD (*pro hac vice* forthcoming)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: 513/651-3700
513/665-0219 (fax)
tcoates@msdlegal.com
dgould@msdlegal.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of January, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served today on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.


__/s/ Gary M. Klinger_____
Gary M. Klinger