UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-20955-DPG

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Judge: Hon. Darrin P. Gayles<br>Hon. Edwin G. Torres |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT
<u>WITH SUPPORTING MEMORANDUM OF LAW</u>**

Plaintiffs, by and through their undersigned counsel, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, respectfully seek leave of Court to file the attached Proposed Amended Consolidated Class Action Complaint (the "Proposed Amended Complaint").

On December 15, 2023, the Court entered its Order on Defendants' Motion to Dismiss Consolidated Class Action Complaint and Incorporated Memorandum of Law (ECF 144), dismissing without prejudice portions of the Consolidated Class Action Complaint (ECF 47).  On January 11, 2024, Plaintiffs filed notice of their intent to seek leave to amend the operative complaint on or before January 31, 2024 (ECF 151).

Plaintiffs now respectfully submit their Proposed Amended Consolidated Class Action Complaint which is being provisionally filed under seal as well as being filed redacted on the public docket because it quotes from material designated as confidential by Defendants in discovery.  For the reasons set forth below, the Court should accept the amended pleading in the interests of substantial justice, including because it will clarify and supply a predicate for the forthcoming class certification proceedings.

1

## I.  LEGAL STANDARD

Amendment of pleadings is typically governed by Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), if, as here, a party cannot amend its pleading as a matter of course under Rule 15(a)(1), the party "may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Its "general purpose . . . is to ensure that cases are decided on their merits rather than on the technical niceties of the parties' pleadings." *In re Clarus Corp. Sec. Litig.*, 2003 WL 23325303, at *1 (N.D. Ga. 2003) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). In furtherance of this core policy of the Federal Rules, courts typically give plaintiffs a reasonable opportunity to cure pleading deficiencies; thus, "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted, . . . a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *abrogated on other grounds*, *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

The Eleventh Circuit has set forth five factors for consideration in evaluating a motion for leave to amend a pleading under Rule 15(a):

> (1) undue delay,
>
> (2) bad faith or dilatory motive on the part of the movant,
>
> (3) repeated failure to cure deficiencies by amendments previously allowed,
>
> (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and
>
> (5) futility of amendment.

*Est. of Hand by & through Hand v. Fla. Dep't of Corr.*, No. 21-11542, 2023 WL 119426, at *5 (11th Cir. Jan. 6, 2023) (citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.*,

Inc., 556 F.3d 1232, 1241 (11th Cir. 2009). As applied here, these factors all weigh in favor of allowing Plaintiffs' amendment.

**II.     SUMMARY OF PROPOSED AMENDMENTS**

Plaintiffs propose to amend the operative complaint in the following respects:

(i)     Remove twelve (12) claims, including various claims dismissed by this Court:

   a. Breach of Implied Contract;

   b. Breach of Fiduciary Duty;

   c. Seven (7) statutory consumer claims:

      i. Violation of the Maryland Consumer Protection Act;

      ii. Violation of the Missouri Merchandising Practices Act;

      iii. Violation of the Indiana Deceptive Consumer Sales Act;

      iv. Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law;

      v. Violation of the Texas Deceptive Trade Practices – Consumer Protection Act;

      vi. Violation of the Ohio Residential Loan Mortgage Act; and

      vii. Violation of the Tennessee Consumer Protection Act of 1977;

   d. Three (3) other claims that Plaintiffs voluntarily dismissed:

      i. Violation of the Tennessee Identity Theft Deterrence Act of 1999;

      ii. Violation of the Georgia Security Breach Notification Act; and

      iii. Violation of New York's Information Security Breach and Notification Act.

(ii) Add two (2) previously-consolidated Plaintiffs (Cunningham and Brumitt) and one (1) previously-consolidated Defendant (Community Loan Servicing, LLC) (*see* ECF Nos. 83 (Dec. 15, 2022 Order of Consolidation (Cunningham)), 84 (Dec. 21, 2022 Order of Consolidation (Brumitt));

(iii) Add five (5) new Plaintiffs (Mark Arthur, Linda Kim, Maureen Keach, Pedro Rubio, and Norma Grossman);

(iv) Add two (2) new claims:

    a. Breach of Contract (Third-Party Beneficiary) (brought by all Plaintiffs, including the proposed new Plaintiffs); and

    b. Violation of the Washington Consumer Protection Act (brought by proposed new Plaintiff Mark Arthur);

(v) Amend seven (7) previously pleaded claims:

    a. Negligence; and

    b. Six (6) state statutory consumer protection claims:

        i. Violation of California's Consumer Privacy Act;

        ii. Violation of California's Customer Records Act;

        iii. Violation of the Unlawful and Unfair Prong of California's Unfair Competition Law;

        iv. Violation of the Florida Deceptive and Unfair Trade Practices Act;

        v. Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; and

        vi. Violation of the New York General Business Law.

**III.     ARGUMENT**

Plaintiffs meet the liberal Rule 15(a) standard as to each of their proposed complaint amendments.  Plaintiffs are filing the Proposed Amended Complaint less than seven weeks after the Court's first substantive ruling on the pleadings, and Plaintiffs have substantially narrowed the claims for relief with a view toward the forthcoming motion for class certification. There is no undue delay or prejudice and Plaintiffs' revised set of claims is viable rather than futile. Therefore, as summarized further below, the Court should freely permit the amendment in the interests of justice.

> **A.     The Court should grant Plaintiffs' request to add previously-consolidated plaintiffs and a previously-consolidated defendant.**

In Orders entered on December 15, 2022 and December 21, 2022, the Court consolidated cases brought by consolidated Plaintiffs Cunningham and Brumitt against consolidated Defendant Community Loan Servicing, LLC.  See (ECF Nos. 66, 83, 84).  As the operative complaint was filed on August 1, 2022 (ECF No. 47), these Plaintiffs and this Defendant were not included in it, and these Plaintiffs' claims were not addressed in Defendants' motion to dismiss the operative complaint (ECF No. 59). Defendants do not oppose including these parties, who were previously consolidated with the action, in the amended pleading.[1]

> **B.     The Court should grant Plaintiffs' request to add five (5) new plaintiffs to existing claims.**

---

[1] Counsel for Plaintiffs conferred with counsel for Defendants regarding Plaintiffs' anticipated amended pleading on January 5 and 10, 2024 by phone and from January 30 to 31, 2024 by email. Defendants indicated that they would oppose allowing the addition of new Plaintiffs, who were not previously consolidated with the action, and of Plaintiffs' proposed claims for relief for Breach of Contract (Third-Party Beneficiary) and for violation of the Washington Consumer Protection Act.  Defendants further stated that they object to the length of the Proposed Amended Complaint and its inclusion of materials produced in discovery. As Plaintiffs do not presently know whether or, if so, how Defendants contend the five factors used in evaluating a Rule 15(a) motion apply to the proposed amendments, Plaintiffs respectfully seek permission to file a reply addressing any arguments advanced by Defendants in response to this Motion.

A complaint "amendment adding a new named plaintiff is 'a common and normally an unexceptional ("routine") feature of class action litigation [ ] in federal courts.'" *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, No. 18-MD-02818, 2020 WL 3571716, at *2 (E.D. Mich. July 1, 2020) (quoting *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006)); *accord Hughes v. United Airlines, Inc.*, No. 3:22-CV-08967-LB, 2023 WL 4564403, at *3 (N.D. Cal. July 17, 2023) ("In accordance with Rule 15's liberal approach towards amendment, it isn't uncommon for a new named plaintiff to be added or even substituted in a class action."); *Turrey v. Vervent, Inc.*, No. 20-CV-0697 DMS (AHG), 2021 WL 5042120, at *2 (S.D. Cal. Oct. 28, 2021) ("[T]he substitution of named plaintiffs in class action cases is ordinary."); *Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2019 WL 13150915, at *1 (N.D. Ind. Sept. 11, 2019) ("The replacement of a class representative is not a novel or unusual occurrence in the realm of class action litigation.").

As noted above, Plaintiffs' Proposed Amended Complaint includes five additional Plaintiffs. One Maureen Keach, merits inclusion as the wife of existing Plaintiff Robert Keach. If her addition is permitted, Linda Kim will be the only California Plaintiff who interacted with Community Loan and, thus, her inclusion may be deemed necessary to maintain claims on behalf of the California Subclass against Community Loan. Similarly, Mark Arthur resides in Washington State, under whose statutory law the Proposed Amended Complaint seeks relief. The remaining two proposed new Plaintiffs, Pedro Rubio and Norma Grossman, are California victims of the Data Breach whose inclusion is warranted, not only in light of its large population but also to ensure adequate enforcement of California's unusually robust data privacy laws. All of these Plaintiffs will respond to Defendants' discovery requests within 60 days of Order granting leave to amend and are prepared to sit for deposition.

Accordingly, "there is no prejudice to [Defendants] in the addition of [the proposed new plaintiffs], as the amendment does not 'unfairly affect[ ] [Defendants] 'in terms of preparing [their] defense to the amendment,' because the amendment does not 'arise out of a subject matter different from what was set forth in the [original] complaint[s]' or 'raise significant new factual issues.'" *In re Frontier Airlines Litig.*, 559 F. Supp. 3d 1146, 1154 (D. Colo. 2021) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006)). Plaintiffs have proposed to respond to outstanding discovery on behalf of the proposed new Plaintiffs within 60 days, and to make them available for deposition.

In addition, it would be far more efficient for the new plaintiffs to simply join this consolidated action instead of filing separate, related cases and then either (i) having their case consolidated with this action or (ii) having their case proceed separately, resulting in potential waste or other inefficiencies. Defendants have not explained how either of those alternatives could be superior for the Court or the parties. *Cf.* Fed. R. Civ. P. 1.

      **C.**    **The Court should grant Plaintiffs' request to assert two (2) new claims.**

All Plaintiffs and proposed new Plaintiffs seek to bring a new common law claim against Defendants Lakeview, Pingora, and Community Loan Servicing (but not Bayview) for breach of contract as third-party beneficiaries of servicing contracts between these Defendants and other entities with which they contracted for loan servicing. Plaintiffs' investigation has revealed that the standard agreements between these mortgage servicer Defendants and other financial institutions include terms and conditions that require these Defendants to safeguard consumer information for the benefit of borrowers. The Court has not yet had the opportunity to evaluate this claim. Plaintiffs believe it has merit in this factual setting. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 1006 (N.D. Cal. 2016); *Irwin v. RBS Worldpay, Inc.*, No. 1:09-

7

CV-0033-CAP, 2010 WL 11570892, at *7 (N.D. Ga. Feb. 5, 2010); *McDowell v. CGI Fed. Inc.*, No. 15-1157 (GK), 2017 WL 2392423, at *7 (D.D.C. June 1, 2017); *Leibovic v. United Shore Mortg., LLC*, No. 15-12639, 2016 WL 6395954, at *3-4 (E.D. Mich. Oct. 28, 2016).

Proposed new Plaintiff Mark Arthur proposes to bring a claim under the Washington Consumer Protection Act against Bayview and Pingora, the entity that serviced his loan. Mr. Arthur's cause of action does not sound in fraud but instead alleges *unfair* conduct based on Defendants' failure to safeguard consumer information. Just as in analogous data breach cases, Plaintiffs believe they state viable claims of unfair conduct substantially injurious to consumers. *See, e.g.*, *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1217-18 (S.D. Fla. 2022); *In re Cap. One Consumer Data Sec. Breach Litig.*, 488 F. Supp. 3d 374, 428-29 (E.D. Va. 2020); *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1162 (W.D. Wash. 2017); *Buckley v. Santander Consumer USA, Inc.*, No. C17-5813 BHS, 2018 WL 1532671, at *4 (W.D. Wash. Mar. 29, 2018).

Proposed new Plaintiffs could have brought these claims via separate lawsuits. They have reasonably elected to forgo that route, which would unnecessarily consume judicial and party resources, in favor of the common-sense approach of asserting these claims in the proposed amended pleading in this consolidated action. As one court in the Middle District of Alabama explained in similar circumstances:

> [D]enial of the motion to amend would not preclude [plaintiff] from filing a brand new lawsuit asserting the very claims it would pursue in its amended complaint. But this case has been pending before this court for over a year now. . . . The parties and the court have invested a great deal of time and effort framing the larger issues and setting the background. ***[Plaintiff] wishes to proceed with one old claim and new claims arising out of the same subject matter* . . . *this is the time and place. Common sense dictates judicious use of judicial resources, if common sense coincides with discretion***. Here it does, and the court

8

> will heed Rule 15's mandate that "leave should be freely granted when justice so requires." Fed.R.Civ.P. 15(a)(2).

*Black Warrior Riverkeeper, Inc. v. Alabama Dep't of Transp.*, No. 2:11-CV-267-WKW, 2012 WL 4478777, at *1 (M.D. Ala. Sept. 27, 2012) (Watkins, C.J.) (emphasis added).

Defendants cannot reasonably contend that they were not on notice of the facts underlying the proposed new claims. Where "new claims are all supported primarily by the same allegations appearing in [a prior] Amended Complaint . . . [the defendant] was on notice of the relevant allegations[.]" *Tombigbee Elec. Coop., Inc. v. Shelton Energy Sols., LLC*, No. 7:22-CV-01204-LSC, 2023 WL 5351997, at *2 (N.D. Ala. Aug. 21, 2023) (granting leave to file second amended complaint adding claim arising from same underlying facts alleged in prior complaint). The Court should, therefore, entertain Plaintiffs' proposed new claims for Breach of Contract (Third-Party Beneficiary) and for violation of the Washington Consumer Protection Act.

**D.    The Court should grant Plaintiffs' request to revise seven (7) existing claims.**

In the Order, the Court concluded that Plaintiffs sufficiently alleged damages for purposes of stating a negligence claim but had not adequately "distinguish[ed] which Defendants are responsible for certain acts or omissions in their Complaint." (ECF 144 at 8). The Court thus required Plaintiffs to "specify which Defendant committed which alleged act and/or breach." *Id.* Following the Court's directive, Plaintiffs' Proposed Amended Complaint specifies the actions and inaction of each Defendant that reflect its breach of duty to exercise reasonable care. *See* Proposed Amended Complaint at ¶¶ 627, 628-36 (Bayview); *id.* at ¶¶ 627, 637-45 (Lakeview); *id.* at ¶¶ 646-54 (Community Loan); *id.* at ¶¶ 655-63 (Pingora). Plaintiffs likewise replead to address the Court's reasoning in relation to the remaining consumer protection clams. *See* Proposed Amended Complaint at ¶¶ 689-743 (California's Consumer Privacy Act); *id.* at ¶¶ 753-789 (California's Customer Records Act); *id.* at ¶¶ 790-824 (California's Unfair Competition Law); *id.* at ¶¶ 825-

875 (the Florida Deceptive and Unfair Trade Practices Act); *id.* at ¶¶ 876-917 (the Illinois Consumer Statutes); *id.* at ¶¶ 918-955 (the New York General Business Law). As Plaintiffs have fully addressed the Court's concerns, Defendants' objections to amending those claims also is without support.

While Defendants may protest that avoiding the group pleading problem identified by the Court resulted in a lengthy pleading, Plaintiffs properly respond in the proposed Amended Consolidated Class Action Complaint to the Court's reasoning. Moreover, the evidence cited in the Proposed Amended Complaint will also assist in the conduct of the litigation going forward, including in the forthcoming class certification proceedings. As Defendants otherwise appear not to object to the amendment of these existing claims, Plaintiffs respectfully submit that the Court should permit the amendment.

### E. The "good cause" standard for amendment does not apply, but even if it did, Plaintiffs' proposed amendment satisfies that standard.

Plaintiffs recognize that, were they seeking leave to amend their complaint after the deadline for such amendments, the "good cause" standard of Fed. R. Civ. P. 16(b)(4) would apply. *See MidAmerica C2L Inc. v. Siemens Energy Inc.*, No. 20-11266, 2023 WL 2733512, at *13 (11th Cir. Mar. 31, 2023) ("[W]hen a party moves to amend their complaint after the deadline for doing so set by the district court in its scheduling order, a litigant must also 'show good cause why leave to amend the complaint should be granted.'") (quoting *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (per curiam)).

The Court initially set a May 5, 2023 deadline for motions to amend the complaint via a Scheduling Order entered August 26, 2022. (ECF No. 53). However, the Court later terminated that deadline and others in the Scheduling Order, requiring the parties to file a joint proposed amended scheduling order for the balance of the litigation within twenty-one (21) days of the

10

Court's ruling on the motion for class certification. (ECF No. 122). Accordingly, at this time there is no deadline for motions to amend the complaint, and the "good cause" standard does *not* apply.

Nevertheless, for reasons that are unclear, Defendants have taken the position that the "good cause" standard applies. Plaintiffs do not know the basis for Defendants' position or whether they will assert it in their response, and Plaintiffs therefore reserve their position for reply.

Regardless, Plaintiffs' Proposed Amended Complaint satisfies the "good cause" standard: Plaintiffs acted with diligence at all times and the amendment will not unduly prejudice Defendants. "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). Here, again, there was no schedule to meet once the Court terminated the deadline for motions to amend the complaint. But, even had the Court not vacated the deadline, it could not have been met in the exercise of diligence. Shortly after the Court set the May 5, 2023 initial deadline for motions to amend the complaint (ECF No. 53 entered Aug. 26, 2022), Defendants moved to dismiss the operative complaint (ECF No. 59 filed Sept. 1, 2022). The Court ruled on the Motion to Dismiss via an Order entered December 15, 2023 (ECF No. 144). After studying the Court's order, conducting further investigation, including through close review of discovery materials, and framing a pleading that we believe provides a sound basis for an order granting class certification, Plaintiffs now seek leave to amend, less than seven weeks later. Plaintiffs have acted diligently under the circumstances, which include the far-reaching Data Breach and the complexities raised by the presence of multiple hacked Defendants in the same corporate enterprise. Lastly, the amendment will not unfairly prejudice Defendants as they will have the ability to respond to the

complaint as they see fit and to take discovery of the proposed new Plaintiffs to the same extent as all other Plaintiffs.

IV. **CONCLUSION**

Given the foregoing, Plaintiffs respectfully request that the Court grant leave to file the [Proposed] Amended Consolidated Class Action Complaint, submitted herewith.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel certified that counsel for Plaintiffs has conferred extensively with Defendants' counsel as outlined in footnote 1 regarding the relief sought in the Motion, and Defendants' counsel advises that Defendants object to the relief sought Motion.

Dated: January 31, 2024

Respectfully submitted,

/s/ Julie Braman Kane
Julie Braman Kane
Florida Bar No. 980277
**COLSON HICKS EIDSON**
255 Alhambra Circle—Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
julie@colson.com

*Liaison Counsel*

JOHN A. YANCHUNIS
RYAN D. MAXEY
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
jyanchunis@ForThePeople.com

rmaxey@ForThePeople.com

*Chair, Plaintiffs' Executive Committee*

ADAM E. POLK (*pro hac vice*)
JORDAN ELIAS (*pro hac vice*)
SIMON GRILLE (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com

STUART ANDREW DAVIDSON
NICOLLE B. BRITO
**ROBBINS GELLER RUDMAN & DOWD LLP**
225 N.E. Mizner Boulevard, Suite 720
Boca Raton, FL 33432
561-750-3000
Fax: 750-3364
sdavidson@rgrdlaw.com
nbrito@rgrdlaw.com

RACHELE R. BYRD (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
byrd@whafh.com

GARY M. KLINGER (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
Email: gklinger@milberg.com

13

*Members, Plaintiffs' Executive Committee*

TERRY R. COATES (*pro hac vice*)
DYLAN J. GOULD (*pro hac vice* forthcoming)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: 513/651-3700
513/665-0219 (fax)
tcoates@msdlegal.com
dgould@msdlegal.com

M. ANDERSON BERRY (*pro hac vice*)
GREGORY HAROUTUNIAN (*pro hac vice* forthcoming)
**CLAYEO C. ARNOLD,
A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com

JOSEPH M. LYON (pro hac vice forthcoming)
**THE LYON FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
jlyon@thelyonfirm.com

DAVID K. LIETZ (pro hac vice forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW
Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
Email: dlietz@milberg.com

>
> LORI G. FELDMAN *(pro hac vice)*
> **GEORGE GESTEN MCDONALD, PLLC**
> *102 Half Moon Bay Drive*
> *Croton-on-Hudson, New York 10520*
> *Phone: (917) 983-9321*
> *Fax: (888) 421-4173*
> *Email: LFeldman@4-Justice.com*
> *E-Service: eService@4-Justice.com*
>
> *Additional Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on January 31, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the unredacted version of the foregoing document is being served today on all defense counsel of record in this case via email.

> */s/  Julie Braman Kane*
> JULIE BRAMAN KANE