## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Bayview Asset Management, LLC ("Bayview"), Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Community Loan Servicing, LLC ("Community") (collectively, "Defendants"), hereby file this opposition to Plaintiffs' Motion for Leave to File Amended Consolidated Class Action Complaint (ECF No. 163) ("Motion").

### REQUEST FOR HEARING

In accordance with Local Rule 7.1(b), Defendants request oral argument. The Motion raises numerous factual disputes concerning whether Plaintiffs were diligent in seeking leave to amend, whether their proposed new claims are futile, and whether their proposed amended complaint addresses the deficiencies identified in the Court's order, ECF No. 144. Defendants believe the Court will benefit from oral argument concerning these factual issues and the opportunity to question the parties regarding their contentions. Defendants estimate that one hour will be sufficient for oral argument, with each side getting equal time.

### I.    INTRODUCTION

Defendants do not oppose Plaintiffs amending the complaint to address deficiencies identified by the Court. However, Plaintiffs seek to add new plaintiffs and new claims well past the applicable deadlines and make no effort to show good cause to modify the Scheduling Order. They also seek leave to file a 967-paragraph, 222-page amended complaint that asserts futile new claims, violates the Protective Order, and fails to correct the shotgun pleading issues that plagued

their Consolidated Complaint. Since Plaintiffs failed to correct the deficiencies found by the Court, the Court should not permit Plaintiffs any further opportunities to amend.

## II.    BACKGROUND

### A.    The Consolidated Complaint and Entry of the Parties' Proposed Schedule.

Plaintiffs allege their personally identifiable information ("PII") was accessed in a data security incident involving Defendants' computer systems (the "Incident"). ECF No. 47, ¶ 1. In March 2022, the first lawsuits were filed. ECF No. 1. The Court consolidated lawsuits relating to the Incident on May 5, 2022, and Plaintiffs filed their Consolidated Class Action Complaint ("Consolidated Complaint") on August 1, 2022. ECF Nos. 20, 47. The Parties then agreed to a schedule providing that the deadline for adding parties was March 7, 2023, and the deadline for amending the Consolidated Complaint was May 5, 2023. ECF No. 50. The Court entered a Scheduling Order with the Parties' agreed deadlines on August 26, 2022. ECF No. 53. Defendants moved to dismiss on September 1, 2022, and briefing was complete by November 7, 2022, months before the deadlines for adding parties and amending pleadings expired. ECF Nos. 53, 59, 75. Plaintiffs made no effort to add parties or claims before the deadlines expired.

### B.    The Agreement to Seek Amendment of *Only Certain Deadlines*.

In August 2023, the parties discussed extending deadlines relating to class certification. Defendants specifically objected to extending the already-passed deadlines for adding parties and amending pleadings, so Plaintiffs agreed to remove references to taking such actions from the draft joint motion. Ultimately, the Parties filed a joint motion, seeking an extension of deadlines *relating to class certification*. ECF No. 121, ¶ 9. For any deadlines that had not passed (*i.e.*, "schedule for the balance of the litigation"), the Parties agreed to submit a proposed schedule within 21 days of the Court's ruling on class certification. *Id.* The Court granted the joint motion. ECF No. 122.

### C. Plaintiffs' Proposed Amended Complaint.

On December 15, 2023, the Court dismissed all but one count in the Consolidated Complaint—a count for declaratory and injunctive relief related to Defendants' current security posture. ECF No. 144. The dismissal was without prejudice, but the Court did not grant leave to amend or set a deadline for the filing of an amended complaint. On January 5 and 10, 2024, the parties conferred regarding Plaintiffs' desire to amend their complaint. Defendants explained that, because the dismissal was without prejudice, they would not oppose an amendment limited to remedying the deficiencies identified by the Court, but would object to adding named plaintiffs and claims. ECF No. 151, ¶ 4. On January 31, 2024, Plaintiffs filed their Motion, in which they seek to add five named plaintiffs and two new claims. Mot. at 3-4.

### 1. Proposed New Plaintiffs.

Linda Kim received notice of the Incident on October 17, 2022. ECF No. 163-1 ("Proposed Amended Complaint"), ¶ 546. On October 31, 2022, her attorney, counsel in this action (ECF No. 163 at 14-15), sent a letter alleging that Community and Bayview violated the California Consumer Privacy Act ("CCPA") and stating her intent to file suit. ECF No. 163-1, ¶ 557; ECF No. 163-12. However, she did not file suit and no effort was made to add her as a party until January 31, 2024, when Plaintiffs filed their Motion. Mot. at 4.

Maureen Keach received notice of the Incident on April 6, 2022. ECF No. 163-1, ¶ 561. On April 14, 2022, her attorney sent a letter alleging that Pingora violated the CCPA and stating her intent to file suit. ECF No. 163-1, ¶ 574; ECF No. 163-7. Ms. Keach was added to an existing lawsuit against Defendants, which was consolidated on May 5, 2022. Case No. 1:22-cv-20968, ECF No. 19; ECF No. 20. However, she was not included as a named Plaintiff in the Consolidated Complaint. ECF No. 47.

Pedro Rubio received notice of the Incident on March 17, 2022. ECF No. 163-1, ¶ 578. On April 13, 2022, his attorney sent a letter alleging that Lakeview violated the CCPA and stating his intent to file suit. *Id.*, ¶ 591. Mr. Rubio filed suit the same day, his case was removed to federal court, and he consented to transfer and consolidation on May 5, 2022. *Rubio v. Lakeview Loan Servicing, LLC*, Case No. 3:22-cv-00603 (S.D. Cal.), ECF Nos. 1, 4-5. Plaintiffs were aware of Mr. Rubio no later than May 12, 2022, but he was not named in the Consolidated Complaint and no effort was made to add him as a named Plaintiff until January 31, 2024. ECF No. 26 at 3 & n.2; ECF No. 47; Mot. at 4.

Norma Grossman received notice of the Incident on April 6, 2022. ECF No. 163-1, ¶ 594. On June 6, 2022, her attorney, counsel in this action (ECF No. 163 at 14-15), sent a letter alleging that Pingora violated the CCPA and stating her intent to file suit. ECF No. 163-1, ¶ 604; ECF No. 163-11. She did not file suit, was not included as a named plaintiff in the Consolidated Complaint, and no effort was made to add her until January 31, 2024. ECF No. 47; Mot. at 4.

Mark Arthur received notice of the Incident on November 4, 2022. ECF No. 163-1, ¶ 229. No effort was made to add him until January 31, 2024. Mot. at 4.

None of the proposed new plaintiffs responded to the discovery Defendants served on January 4, 2022.[1]

### 2.    Proposed New Causes of Action.

Plaintiffs propose two new causes of action: (1) Breach of Contract (Third-Party Beneficiary); and (2) Violation of the Washington Consumer Protection Act ("WCPA"). Mot. at 4. Plaintiffs previously alleged that they entered into implied contracts with Defendants relating to

---

[1] Plaintiffs also seek to add Messrs. Brummit and Cunningham and Defendants agreed not to oppose their inclusion because they provided discovery. Plaintiffs also seek to join Community as a defendant and Defendants agreed not to oppose consolidation of complaints against Community.

data security, but the Court rejected that theory. ECF No. 144 at 8-10. Now, Plaintiffs allege they conducted an "investigation" and it "revealed that the standard agreements between [] Defendants and other financial institutions" include detailed data security requirements. Mot. at 7. Plaintiffs further allege they are third-party beneficiaries to these "standard agreements," but do not provide any specifics as to these contracts or their terms. ECF No. 163-1, ¶¶ 668-97. This is because no such "standard agreements" exist.

The Consolidated Complaint included claims under seven state consumer protection statutes, all of which were dismissed without prejudice. ECF No. 144 at 12–15. Plaintiffs did not previously assert a claim under the WCPA, the only tether to Washington being the residency of proposed new plaintiff, Mark Arthur. Mot. at 8.

## III.   ARGUMENT

### A.   Plaintiffs Fail to Show Good Cause to Modify the Scheduling Order.

The Court should deny the Motion as it pertains to adding new plaintiffs and new claims because Plaintiffs fail to satisfy Rule 16's "good cause" standard, which requires a showing that "the schedule cannot be met despite the [movant's] diligence…." *Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citations and quotation marks omitted); *TIC Park Ctr., 9 LLC v. Cabot*, No. 16-24569-CIV, 2018 WL 4828435, at *3–5 (S.D. Fla. Aug. 28, 2018) (Torres, M.J.) ("The burden of establishing good cause rests on the [movant]."). In assessing diligence, courts consider: "(1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information." *Nutradose Labs, LLC v. Bio Dose Pharma, LLC*, No. 22-CV-20780, 2022 WL 17582272, at *2 (S.D. Fla. Dec. 12, 2022). Moreover, the "good cause" standard "is strictly enforced, particularly where, as here, the nonmovant has

objected to the proposed amendment as untimely ….” *Jasper Wood Prod., LLC v. Jordan Scrap Metal, Inc.*, No. CIV.A. 13-0407-WS-C, 2014 WL 3720530, at *3 (S.D. Ala. July 25, 2014) (internal quotation marks and citation omitted). Plaintiffs fail to show “good cause.”

### 1. Rule 16 Governs Plaintiffs' Request to add Plaintiffs and Claims.

The Court should reject Plaintiffs' argument that Rule 16 does not apply because the Court terminated the deadlines for adding parties and amending the complaint. Mot. at 10-12. The Court did no such thing. Plaintiffs rely on the following statement from the Court's Order to argue that Rule 16 does not apply: “[a]ll other deadlines outlined in this Court's [] Scheduling Order are terminated.” *Id.* Plaintiffs argue this sentence evidences the Court's intent to terminate all deadlines, including those that passed, but Plaintiffs' interpretation of this isolated phrase is untenable. The Order addressed deadlines related to class certification, with the Court ordering the parties to “file a joint proposed amended scheduling order for the *balance of the litigation* within twenty-one (21) days of this Court's ruling on … class certification.” ECF No. 122, ¶ 8 (emphasis added). “[B]alance of the litigation” obviously refers to events *after* the Court's ruling on class certification. Thus, the record shows that the Court **did not** terminate deadlines that already expired, and Defendants **did not** agree to modify those deadlines. *Supra* Pt.II.B.

### 2. Plaintiffs Fail to Show Good Cause for Joining New Plaintiffs.

Plaintiffs fail to show that they were diligent in seeking to add the proposed new plaintiffs. Indeed, the record shows that Plaintiffs knew about at least four of the five “new” plaintiffs well before the deadline for adding parties expired, which forecloses a finding of diligence. *Supra* Pt.II.C.1; *TIC Park Ctr.*, 2018 WL 4828435 at *5. Plaintiffs could have included the proposed new plaintiffs in the Consolidated Complaint or sought leave to amend while the motion to dismiss was pending, but chose not to.

Plaintiffs argue that Maureen Keach should be added because she is "the wife of existing Plaintiff Robert Keach." Mot. at 6. This familial relationship is irrelevant. What matters is that Plaintiffs chose to include Mr. Keach—but not Mrs. Keach—in the Consolidated Complaint and offer no reason why they could not have added her before the deadline expired. *Supra* Pt. II.C.1; ECF No. 47.

Plaintiffs argue that Linda Kim should be added because "[she] will be the only California Plaintiff who interacted with Community and… may be deemed necessary to maintain claims … against Community…." Mot. at 6. If true, this statement shows why Plaintiffs **should have** been diligent, not that they **were**. Plaintiffs do not make any showing of diligence with respect to Ms. Kim. *Supra* Pt. II.C.1.

Plaintiffs argue that Pedro Rubio and Norma Grossman should be added because they are California residents and California has a "large population" and "robust data privacy laws." Mot. at 6. Again, this shows why Plaintiffs **should have** been diligent, not that they **were**. In any event, there are two California Plaintiffs *and a third was voluntarily dismissed*. ECF No. 163-1, ¶¶ 31, 65; ECF Nos. 104-05. Plaintiffs do not show they were diligent in seeking to join Mr. Rubio or Ms. Grossman. *Supra* Pt. II.C.1.

Plaintiffs argue that Mark Arthur should be added because "[he] resides in Washington State, under whose statutory law the Proposed Amended Complaint seeks relief." Mot. at 6. However, Plaintiffs make no showing of good cause to add Mr. Arthur. *Id.* Good cause does not exist merely because Plaintiffs want to seek relief under an additional consumer protection statute.

Lastly, Plaintiffs promise that the proposed new plaintiffs will respond to discovery "within 60 days of [an] Order granting leave to amend and are prepared to sit for deposition." Mot. at 6. However, Plaintiffs' promise to respond to discovery is irrelevant under Rule 16. *TIC Park Ctr*,

2018 WL 4828435, at *4 ("[I]f a party does not show diligence, 'the inquiry should end.'"). Also irrelevant is Plaintiffs' contention that Defendants failed to show that individual actions are superior to adding parties and claims to this action. Mot. 7. Plaintiffs have the burden here and their threat to file more lawsuits is irrelevant to the "good cause" analysis.

### 3.      Plaintiffs Fail to Show Good Cause for Adding New Causes of Action.

Plaintiffs fail to show they were diligent in seeking to bring claims under the WCPA and for breach of contract (third party beneficiary). The WCPA claim is only asserted by proposed new plaintiff, Mark Arthur. Because Plaintiffs failed to show good cause to join Mr. Arthur, *supra* Pt. III.A.2, it necessarily follows that there is not good cause to add the WCPA claim. Further, as Plaintiffs cannot state a claim under the WCPA, *infra* Pt.III.B.2.b, leave to amend would be futile.

The Court rejected Plaintiffs' original implied contract theory. ECF No. 144 at 8-10. Now, Plaintiffs claim to be third party beneficiaries under contracts between "Defendants and other financial institutions." However, either Plaintiffs knew of this theory and decided to wait and see if their original contract theory withstood dismissal or Plaintiffs concocted this theory at the eleventh hour after the Court dismissed their implied contract theory. Either way, Plaintiffs were not diligent. *Donaldson v. Carnival Corp.*, No. 20-23258-CIV, 2021 WL 65445, at *1 (S.D. Fla. Jan. 7, 2021) (plaintiff failed to show good cause where she "vigorously opposed [the motion to dismiss] and then sat back and waited to see if the Court would let her pleading stand").[2]

Moreover, the Court should disregard Plaintiffs' vague claim that they conducted an "investigation" and it "revealed that the ***standard agreements*** between [] Defendants and other financial institutions include terms and conditions that require these Defendants to safeguard

---

[2] Nor should Plaintiffs be permitted to use the Court's dismissal of a completely different contract theory when the Court did not actually grant leave to amend at all, let alone leave to plead entirely new claims.

consumer information for the benefit of borrowers." Mot. at 7 (emphasis added). Plaintiffs provide no details concerning the alleged "investigation," do not cite or attach a single "standard agreement," and do not provide any relevant provisions.

The Court should be very skeptical of Plaintiffs' allegation that the purchase agreements for mortgage servicing rights are "standard agreements" that can support a class-wide claim. Purchases of mortgage servicing rights are highly complex, business-to-business, transactions involving thousands of mortgages. Those underlying mortgages generally have a thirty-year lifespan, are securitized and owned by third parties, and are subject to a complex regulatory framework at the state and federal levels. Plaintiffs' allegation that these complex, multi-million-dollar transactions are accomplished through "standard agreements" is not remotely plausible. This claim would also fail.

After failing to show good cause, Plaintiffs argue that "Defendants cannot reasonably contend that they were not on notice of the facts underlying the proposed new claims." Mot at 9. However, notice and prejudice are not relevant considerations. Nonetheless, Plaintiffs' conclusory statement that Defendants were on notice of their contention that they are third party beneficiaries is unsupported and incorrect.

**B.    The Court Should Deny Leave to Amend Under Rule 15.**

Since Plaintiffs cannot satisfy Rule 16, the Court need not consider whether amendment should be permitted under Rule 15. *Sosa*, 133 F.3d at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). As there is no good cause, the Court need not go any further as to the new proposed plaintiffs and claims. However, even if Rule 15 applied, the Court should deny the Motion. "[A] district court need not give leave to amend… (1) where there has been undue delay, bad faith, dilatory motive, or repeated

failure to cure deficiencies by amendments ...; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation and quotation marks omitted). These considerations support denying Plaintiffs' Motion, including as it pertains to Plaintiffs' previously dismissed claims, because: (1) the Proposed Amended Complaint violates Rule 8; and (2) amendment would be futile as to the new claims and Plaintiffs failed to correct the pleading defects as to the replead claims.

### 1.    The Proposed Amended Complaint Violates Rule 8.

The Proposed Amended Complaint violates Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Consolidated Complaint contained 22 causes of action, 844 paragraphs and 161 pages. ECF No. 47. It was not a model of brevity or clarity and the Court dismissed 14 claims due to pleading defects. ECF No. 144 at 7-8, 12-15 ("Lumping Defendants together 'creates confusion and makes the analysis [of the Complaint] unnecessarily burdensome.'"). The Proposed Amended Complaint does not cure these defects. Indeed, it is 222 pages long (excluding exhibits) and contains 967 paragraphs (with numerous lengthy subparagraphs). In every count, Plaintiffs incorporate the same 625 paragraphs of factual allegations, which is a classic example of shotgun pleading. ECF No. 163, ¶¶ 626, 668, 698, 753, 790, 825, 826, 876, 918, 932, 956; *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) ("The amended complaint is an incomprehensible shotgun pleading. It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief."); *id.* at 1357-59 (explaining that the filing of a second shotgun pleading is grounds for dismissal with prejudice and imposition of monetary sanctions).

Further the Proposed Amended Complaint violates the Protective Order, which requires Plaintiffs to "make reasonable efforts to avoid requesting the filing of Protected Material under seal by, for example, redacting or *otherwise excluding from a submission to the Court any such Information not directly pertinent to the submission*." ECF No. 69, ¶ 31 (emphasis added). The Proposed Amended Complaint is replete with unnecessary and out-of-context quotes from dozens of confidential documents and, thus, violates the Protective Order. ECF No. 163-1, ¶¶ 105-07, 109, 111-17, 131-32, 135-37, 141-42, 147, 153, 172-92, 199, 210-11.[3]

Therefore, the Court should deny the Motion because the Proposed Amended Complaint is a shotgun pleading that violates Rule 8 and the Protective Order.

### 2.      The Proposed Amendments are Futile.

The Court should deny the Motion because Plaintiffs' new claims would not withstand a motion to dismiss. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).[4]

### a.      The Breach of Contract (Third-Party Beneficiary) Claim is Futile.

Plaintiffs' breach of contract (third-party beneficiary) claim is futile. To properly plead a claim for breach of contract, "a plaintiff is required to identify a valid contract with a degree of specificity…." *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 17, 2014). Moreover, "[i]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the

---

[3] The filing of the Proposed Amended Complaint, replete with reference to confidential documents produced during discovery, also abuses the discovery rules and prejudices Defendants.

[4] Defendants assert that Plaintiffs fail to state a claim for the causes of action they replead in the Proposed Amended Complaint for the reasons set forth in Defendants' motion to dismiss the Consolidated Complaint. ECF No. 59. In the interest of brevity, Defendants focus on Plaintiffs' new claims and Plaintiffs' failure to correct the deficiencies noted by the Court in the claims they attempt to replead.

contract allegedly breached." *Herssein Law Group v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015). Plaintiffs fail to comply with these pleading requirements.

In the 967 paragraph, 222 page Proposed Amended Complaint, Plaintiffs do not identify the alleged contracts underlying their claim with any degree of specificity. Plaintiffs do not identify the specific provisions of the purported contracts that Defendants allegedly breached. Moreover, Plaintiffs fail to cite specific language evidencing the contracting parties' intent to "primarily and directly benefit [Plaintiffs]." *Fischer v. CentralSquare Techs., LLC*, No. 21-CV-60856-RAR, 2021 WL 10558134, at *4 (S.D. Fla. Sept. 16, 2021) (dismissing third-party beneficiary claim because plaintiff did not attach the agreement or "cite[] specific language" evidencing the parties' intent to "primarily and directly benefit the plaintiff") (quotation marks omitted); *GVB, LLC v. Cigna Health Ins. Co.*, No. 19-CV-21373, 2020 WL 13880660, at *3 (S.D. Fla. Mar. 18, 2020) (Gayles, J.) ("Plaintiff's breach of third-party beneficiary contract claim … must be dismissed because Plaintiff alleges no facts demonstrating a clear or manifest intent of the contracting parties … that the insurance contract[s] primarily and directly benefit [plaintiff].") (citations and quotation marks omitted).

Indeed, Plaintiffs cannot identify the alleged contracts with any degree of precision because they do not have and have not seen any such contracts. Plaintiffs cannot justify the claim on the basis they believe that discovery may support their speculation as to the contents of contracts they have not seen. *Herssein*, 594 F. App'x at 608 ("A plaintiff may not use discovery to locate the contracts in question after filing a suit."); *Anderson v. Branch Banking & Trust Co.*, 56 F. Supp. 3d 1345, 1352-54 (S.D. Fla. 2014) (dismissing breach of contract claim where plaintiffs failed to specify the terms of the contract that were breached and where plaintiffs admitted not having the

contracts but sought to obtain them in discovery). Plaintiffs' attempt to manufacture a contract to fit their narrative fails.

**b.      The WCPA Claim is Futile.**

The attempt to plead a WCPA claim is also futile. First, because Plaintiffs have not shown good cause to add the sole plaintiff who pleads a WCPA claim, the WCPA claim necessarily fails. Second, the WCPA does not apply where there is no connection between the alleged conduct and Washington. *Trader Joe's Co. v. Hallat*, 835 F.3d 960, 976-77 (9th Cir. 2016) (WCPA did not apply extraterritorially where defendants resided in Canada and their conduct occurred there). The Ninth Circuit explained that the justification to apply the WCPA "extraterritorially—that it may be applied to combat deceptive practices of Washington businesses—would not be served by applying it" where the defendant and alleged conduct did not occur in Washington. *Id.*

Here, Plaintiffs do not allege any connection between Defendants' alleged conduct and Washington. Defendants are not alleged to have any presence in Washington and the alleged conduct did not occur in Washington, nor was it allegedly directed at Washington consumers. The sole "connection" to Washington is that a proposed new plaintiff, Mr. Arthur, is a Washington resident.

This Court should also be wary of Plaintiffs' proposed joinder of Mr. Arthur and inclusion of a WCPA claim where the allegations are comprised of mere recitations of the legal elements of the claim without any factual support. Indeed, to plead a claim under the WCPA, a plaintiff must allege, among other elements, "an unfair or deceptive act or practice…*occurring in trade or commerce*…." *Id.* (emphasis added). The Washington legislature defined the terms "trade" and "commerce" "to include 'the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." *Id.* In the Proposed Amended Complaint, Plaintiffs do not allege any trade or commerce by Bayview or Pingora that "directly or indirectly"

affects the people of Washington. Plaintiffs merely recite the definition of trade or commerce. ECF No. 163-1, ¶¶ 936, 946. This mere recitation of the definition of trade or commerce is particularly problematic where the factual allegations are that "Plaintiff Mark Arthur did not use Pingora's services" and "[t]o his knowledge, Pingora has never serviced his mortgage and he has never willingly provided any of his PII to Pingora," *id.* at ¶ 227, which *contradict* the allegations in the WCPA count. Thus, Plaintiffs specifically disclaim that Pingora engaged in any trade or commerce with Mr. Arthur, in Washington or anywhere else. And, as to Bayview, all Plaintiffs allege is that "Bayview, on behalf of and in cooperation with its subsidiaries, obtained and stored the PII of Plaintiff and Washington Subclass Members for the purpose of allowing its subsidiaries to service loans and manage portfolios of its subsidiaries to service loans and manage portfolios of mortgages." *Id.*, ¶ 937. That Washington consumers' data may have been included in data stored by Bayview is not sufficient to implicate the WCPA. Further, this claim rests on Plaintiffs' allegation that "Bayview's acts and practices were done in the course of it ***and*** its affiliates' business of offering, providing, and servicing loans throughout Washington and the United States." *Id.*, ¶ 939. (Emphasis added). Plaintiffs, through depositions in this case, know that Bayview does not offer, provide and service loans and Plaintiffs acknowledge this elsewhere in the Proposed Amended Complaint. *Id.*, ¶ 79 ("[Bayview] is an investment management services company").[5] Thus, the Court should deny leave to amend to add the WCPA claim as it would be futile. *Harding v. NCL (Bahamas) Ltd.*, 90 F. Supp. 3d 1305, 1307 ("[A] pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not survive dismissal.").

---

[5] In contrast, Plaintiffs affirmatively allege that Lakeview, Pingora and Community are mortgage loan servicers. ECF No. 163-1, ¶¶ 81, 83, 85.

### c.   The Claim Against Community for Statutory Damages Under the California Consumer Privacy Act ("CCPA") is Futile.

Plaintiffs seek to add a claim against Community for statutory damages under the CCPA. They should not be permitted to do so because that claim is futile.

### (1)   The Statutory Damages Claim Against Community is Time-Barred.

Plaintiffs seek leave to add a claim for CCPA statutory damages against Community, but that claim is time-barred. The CCPA does not contain a statute of limitations, so California's Code of Civil Procedure applies. Cal. Civ. Pro. Code § 312 ("Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute."). The Code contains two periods applicable to CCPA claims: (1) Section 338(a) provides a three-year period for "[a]n action upon a liability created by statute, *other than a penalty or forfeiture*"; and (2) Section 340(a) provides a one-year period for "[a]n action upon a statute *for a penalty or forfeiture*…." Cal. Code Civ. Proc., §§ 338(a), 340(a) (emphases added). Thus, Plaintiffs' statutory damages claim is subject to a one-year limitations period because it is an "[a]ction upon a statute" (the CCPA) and statutory damages are "a penalty." *Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 840–45 (2011) (explaining that where a statute provides for actual damages and statutory damages, statutory damages are subject to § 340(a)); *Tavares v. Cargill Inc.*, No. 118CV00792DADSKO, 2019 WL 2918061, at *7 (E.D. Cal. July 8, 2019) (holding that statutory damages are "a penalty or forfeiture" and, thus, subject to § 340's one-year period); *Akopian v. VW Credit, Inc.*, No. 2:12-CV-8679-SVW-RZ, 2013 WL 12123231, at *2 (C.D. Cal. Feb. 28, 2013) ("Plaintiff … seeks statutory damages…. Thus, this is an action upon a statute for a penalty, and is subject to the one-year statute of limitations.") (quotation marks omitted).

The only California resident asserting a CCPA claim against Community is proposed new plaintiff Linda Kim. Mot. at 6. She received notice of the Incident on October 17, 2022 and sent a CCPA notice letter on October 31, 2022, wherein she threatened to file suit, but she chose not to do so after receiving Community's cure letter on November 10, 2022. ECF No. 163-1, ¶ 546, 557; ECF No. 163-8 at 5-6; ECF No. 163-12. Thus, her claim for statutory damages accrued long before the Motion and Proposed Amended Complaint were filed on January 31, 2024, so her claim is untimely.

### (2)   Defendants Cured Any Alleged CCPA Violation.

Even if the CCPA statutory damages claim against Community was timely, it is still futile because the record shows that any alleged violation was cured. Under the CCPA, a plaintiff who seeks statutory damages must provide a business "30 days' written notice identifying the specific provisions of [the CCPA] the consumer alleges have been or are being violated." If the business cures with 30 days "and provides the consumer an express written statement that the violations have been cured and that no further violations shall occur, no action for individual statutory damages or class-wide statutory damages may be initiated against the business." Cal. Civ. Code § 1798.150(b).

Plaintiffs allege that Community failed to cure because it did not retrieve lost data, encrypt PII on its systems, and delete PII it no longer needed. ECF No. 163-1, ¶ 745. However, Community was not required to take these actions. As Plaintiffs concede, the 2020 version of the CCPA applies, and that version did not require recovery of lost data. ECF 163-1 at pg. 152 n.144 ("Plaintiffs' citations herein are to the 2020 version [of the CCPA], which was the operative version of the statute, to which Defendants were subject, when the Data Breach occurred."); *Rodriguez v. River City Bank*, No. 34-2021-00296612, 2021 Cal. Super. LEXIS 105085, *21-24 (Sept. 2, 2021) ("Since the version of §1798.150(b) containing this new law language will not be operative until

1/1/2023, plaintiff's reference to it is of no legal consequence and cannot … provide a means by which to evade the otherwise unqualified statutory bar found in the presently operative version of §1798.150(b)."). In *Rodriguez*, the court dismissed a CCPA statutory damages claim where the complaint showed that defendant's cure letter provided assurances that "new security procedures and practices" cured any alleged violation and that no further violations would occur. That is all that is required under the operative version of the CCPA. *Rodriguez*, 2021 Cal. Super. LEXIS 105085, *21-24; *In re Waste Mgmt. Data Breach Litig.*, No. 21CV6147 (DLC), 2022 WL 561734, at *7 (S.D.N.Y. Feb. 24, 2022) ("[P]laintiffs argue that [defendant] failed to cure … because the plaintiffs' data are still out there…. But the CCPA does not require businesses … to place consumers in the same position they would have been absent a breach. It just requires them to remedy any 'violation' of their 'duty to implement and maintain reasonable security procedures and practices.'"); *In re Canon U.S.A. Data Breach Litig.*, No. 20CV6239AMDSJB, 2022 WL 22248656, at *13 (E.D.N.Y. Mar. 15, 2022). Moreover, nothing in the CCPA requires encryption or proactive deletion. Indeed, the CCPA permits consumers to request deletion, so proactive deletion is clearly not required. Cal. Civ. Code § 1798.105.

The record shows that Community cured any alleged violation. In the CCPA response letter attached to the Proposed Amended Complaint, Community explained that it implemented extensive security measures to prevent a future incident and provided an "express written statement that any alleged CCPA violations have been cured and no further violations shall occur." ECF No. 163-8 at 5-6. That is all the operative version of the CCPA requires, so Community cured any alleged violation and statutory damage are unavailable. As Linda Kim, and the class she seeks to represent, would not be entitled to statutory damages, this claim would fail, so leave to amend is

futile.[6]

> **d.**      **Plaintiffs Failed to Cure the Deficiencies Identified by the Court.**

Plaintiffs seek leave to amend seven claims that were dismissed for shotgun pleading and failure to comply with Rule 9(b). Mot. at 4; ECF No. 144 at 7-8, 12-15 (dismissing negligence, Illinois Consumer Fraud and Deceptive Business Practices Act, and unfair and unlawful practices claims for the "lack of distinction between Defendants" which "creates confusion and makes the analysis [of the Complaint] unnecessarily burdensome"). Plaintiffs fail to cure these deficiencies, so the Motion should be denied.

The Court also dismissed seven consumer fraud claims for failure to plead fraud with specificity, as required under Rule 9(b). ECF No. 144 at 12-14 ("At no point, however, do Plaintiffs specify which Defendant engaged in the deceptive practices or which Defendant affirmatively made false promises. Plaintiffs also fail to allege how any of the misrepresentations or omissions informed their decision to receive loan servicing from Defendants."). Plaintiffs abandoned six of those statutory claims, leaving only their Illinois Consumer Fraud and Deceptive Business Practices Act claim. Mot. at 3-4. However, in support of that claim, Plaintiffs merely allege a series of vague and duplicative "omissions" and attribute them to all Defendants, with minor differences for Bayview. ECF No. 163-1, ¶¶ 876-917. Thus, Plaintiffs still do not satisfy Rule 9(b).

Plaintiffs also continue to engage in shotgun pleading. For every claim, Plaintiffs incorporate the same 625 paragraphs of allegations. *Supra* Pt.III.B.1. By way of illustration, Count IX alleges violation of the WCPA on behalf of just one plaintiff. ECF No. 163-1, ¶ 932. Yet, Plaintiffs incorporate 428 paragraphs of allegations concerning 25 other plaintiffs who are not

---

[6] In fact, all Defendants cured any alleged violation as to all Plaintiffs, so no Plaintiff is entitled to statutory damages. ECF No. 59 at 12.

asserting such a claim. ECF No. 163-1, ¶¶ 29-78, 237-604. Likewise, Counts III through VIII pertain to residents of certain states, yet Plaintiffs incorporate allegations regarding every plaintiff, regardless of residency. ECF No. 163-1, ¶¶ 698, 753, 790, 825, 876, 918.

Moreover, while the Court warned Plaintiffs not to "[l]ump[] Defendants together" because it "creates confusion and makes the analysis [of the Complaint] unnecessarily burdensome," Plaintiffs continue to do so. ECF No. 144 at 14-15. The Proposed Amended Complaint merely splits allegations against Defendants generally into multiple paragraphs alleging each Defendant committed the same act or omission. ECF No. 163-1, ¶¶ 626-967. Plaintiffs still "provid[e] no factual basis to distinguish [Defendants'] conduct." *See, e.g.*, ECF No. 163-1, ¶¶ 668-97, 753-89, 956-67 (making the same allegations each Defendant); *id.* at ¶¶ 626-67, 698-752, 790-917, 932-55 (recycling the same allegations for all Defendants with minor differences for Bayview); *id.* at ¶¶ 918-31 (naming a single Defendant, Lakeview, and recycling the same allegations repeated throughout the Proposed Amended Complaint).

Under the circumstances, dismissal of Plaintiffs' claims **with prejudice** is the only appropriate remedy given Plaintiffs' disregard of the Court's order. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020) ("[A] district court is required to give a counseled plaintiff only one chance to replead before dismissing a complaint with prejudice on shotgun-pleading grounds.") (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018)); *Jackson*, 898 F.3d at 1358-59 ("Here, after being put on notice … of the specific defects in their complaint, [plaintiffs] filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments … **The District Court should have dismissed the amended complaint with prejudice**….") (emphasis added).

## IV.    CONCLUSION

For all the reasons set forth above, this Court should deny Plaintiffs' Motion.

Dated: February 28, 2024.

*s/ Yameel L. Mercado Robles*

Yameel L. Mercado Robles
Florida Bar No. 1003897
ymercadorobles@bakerlaw.com
Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
Facsimile: 407.841.0168

Paul Karlsgodt (*pro hac vice*)
PKarlsgodt@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805

Evan M. Mannering (*pro hac vice*)
emannering@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783

Joseph Givner
Florida Bar No. 850705
Primary Email: jgivner@givner.law
Secondary Email: paralegal@givner.law
GIVNER LAW GROUP, LLP
19790 W. Dixie Hwy, Suite 706
Miami, Florida 33180
Telephone: 305.933.9970

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on February 28, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF, which will send a Notice of Electronic Filing to all counsel of record.

<u>*s/ Yameel L. Mercado Robles*</u>

Yameel L. Mercado Robles