UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG-EGT |

**MOTION FOR HEARING**

Pursuant to Chief Magistrate Judge Edwin G. Torres' Order Setting Discovery Procedures, Defendants Bayview Asset Management, LLC ("Bayview"), Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Community Loan Servicing, LLC ("Community") (collectively, "Defendants") respectfully submit this Motion for Hearing, and in support thereof state as follows:

1. Defendants request that the Court hold a hearing on April 4 at 10:30 a.m. to address Defendants' Notice of Objections to Plaintiffs' Deposition Notices for Nathan Wilkey, Preston Acuff, and Brian Rosario (the "Notice"). *See* Exhibit A.

2. In compliance with Paragraph 3(c) of the Order Setting Discovery Procedures, Defendants certify that on February 8, 2024, counsel for Plaintiffs and Defendants conferred by telephone regarding Plaintiffs' intention to depose Messrs. Wilkey, Acuff and Rosario, and conferred by telephone again on March 18, 2023 regarding Defendants' objections to the Notices of Deposition for Messrs. Wilkey, Acuff, and Rosario. The parties also corresponded between February 16, 2024 and March 14, 2024. However, the parties were unable to resolve Defendants' objections.

**Objections to Deposition of Nathan Wilkey**

3. Nathan Wilkey is Bayview's Chief Information Security Officer and was hired in June 2022, approximately six months after the data security incident at issue in this litigation (the

"Incident").

4. On March 2, 2023, Mr. Wilkey testified as Defendants' Rule 30(b)(6) designee on topics related to: (a) Defendants' data security before, during, and after the Incident; and (b) how the Incident occurred, how it was discovered, and Defendants' response, including post-Incident measures to enhance data security.

5. The Incident occurred during the fourth quarter of 2021. Since Mr. Wilkey was hired in June 2022, his testimony concerning these topics was largely based on information provided to him in preparation for his Rule 30(b)(6) testimony. He does not have personal knowledge regarding matters that predate his employment, including the Incident.

6. Mr. Wilkey testified for three-and-a-half hours and was well-prepared to address the topics for which he was designated. Indeed, Plaintiffs agreed that although Mr. Wilkey's testimony was provided in the context of the Lakeview Rule 30(b)(6) deposition, it would be adopted by all Defendants as each of their testimony.

7. During Mr. Wilkey's Rule 30(b)(6) testimony, Plaintiffs did not introduce a single exhibit, even though this litigation concerns a data security incident, Mr. Wilkey is Bayview Chief Information Security Officer, and he was designated to testify regarding the Incident and Defendants' data security before, during and after the Incident—including currently. This was particularly surprising because by the time of Mr. Wilkey's Rule 30(b)(6) testimony, Defendants had produced nearly 1,600 documents, including hundreds of documents relating to: (1) the Incident and how it occurred; (2) post-Incident security enhancements; (3) audits and assessments of Defendants' data security; (4) Defendants' data security budget; (5) policies, procedures, and standards relating to data security; (6) agreements with data security vendors; and (7) data security training.

8. Plaintiffs' counsel also previously indicated their intent to conduct additional Rule 30(b)(6) depositions and Defendants responded that they would object to additional Rule 30(b)(6) depositions.

9. Given that Plaintiffs did not introduce a single exhibit during Mr. Wilkey's Rule 30(b)(6) testimony and have stated their intent to conduct additional Rule 30(b)(6) depositions, Defendants are concerned that Plaintiffs will use Mr. Wilkey's individual deposition as a "do over" of his Rule 30(b)(6) testimony. To allay these concerns and avoid disputes during Mr. Wilkey's deposition, Defendants proposed that the parties enter into a stipulation whereby Plaintiffs would agree to limit their examination of Mr. Wilkey to his personal knowledge and documents that he authored or individually received. As individual depositions are to be limited to the witness's personal knowledge, Defendants believe their proposed stipulation would merely memorialize Plaintiffs' agreement to comply with Rule 30(b)(1). *See Equal Emp. Opportunity Comm'n v. Doherty Grp., Inc.*, No. 14-CV-81184, 2017 WL 882088, at *3–4 (S.D. Fla. Feb. 28, 2017) (granting motion for a protective order prohibiting an individual deposition where the witness previously testified as a Rule 30(b)(6) designee and the party seeking to conduct the deposition sought to ask "questions that could have and should have been asked at [the] 30(b)(6) deposition"); *Barham v. Royal Caribbean Cruises, Ltd.*, No. 20-22627-CIV, 2022 WL 4465407, at *10 (S.D. Fla. Sept. 26, 2022) (explaining that "a fact witness is expected to testify based on his or her personal knowledge," so "[t]he testimony of a fact witness must have a basis in the witness's personal knowledge") (citations and quotation marks omitted); *see also* FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); 27 Fed. Prac. & Proc. Evid. § 6022 (2d ed.) ("Rule 602 expresses the common sense notion that no lay witness is worth listening

to unless the witness has 'personal knowledge' derived from perceiving with her senses the facts about which she will testify.").

10. In response, Plaintiffs refused to agree to limit or confine the questioning of Mr. Wilkey in any way.

11. Therefore, Defendants seek an order requiring Plaintiffs to limit their examination of Mr. Wilkey to events and documents about which he has personal knowledge, in accordance with Rule 30(b)(1).

12. Defendants further seek an order limiting the duration of Mr. Wilkey's deposition to four (4) hours for the following reasons:

   a. Mr. Wilkey was not hired by Bayview until June 2022, well after the Incident was discovered and remediated, so he has no personal knowledge regarding the Incident or any other events or documents that predate his hiring;

   b. during his Rule 30(b)(6) testimony, Mr. Wilkey described his background and professional experience, so further testimony on those subjects is unnecessary;

   c. during his Rule 30(b)(6) testimony, Mr. Wilkey also testified regarding Defendants' data security, policies, and training up to the date of that deposition (March 2, 2023), so further testimony is unnecessary except to the extent it relates to changes implemented after Mr. Wilkey's Rule 30(b)(6) testimony; and

   d. Plaintiffs agreed to produce Preston Acuff (Information Technology Security Engineer) and Brian Rosario (Vice President, Information Security) for depositions, and Messrs. Acuff and Rosario have personal knowledge regarding the Incident and Defendants' data security for all times relevant to

4

this litigation.

13. Given Mr. Wilkey's limited personal knowledge and the fact that he already testified as to the matters for which he has personal knowledge—Defendants' security posture since the time of his employment—a seven-hour deposition is excessive and would give Plaintiffs' counsel the opportunity to question Mr. Wilkey at length about corporate documents, which Plaintiffs should have done during Mr. Wilkey's Rule 30(b)(6) testimony:

> [T]he very questions that Defendant's counsel stated would be asked at any further deposition of Mr. Weisberg are questions that could have and should have been asked at Mr. Weisberg's 30(b)(6) deposition as they primarily involve Plaintiff's policies and guidelines, i.e. policy decisions made in the Regional Office involving facts similar to this case, whether Plaintiff's own compliance manual has been violated, regarding whether the compliance manual can be changed, and regarding any regional guidelines. The policies at issue are not Mr. Weisberg's policies—they are EEOC policies. To the extent those areas of inquiry have any relevancy whatsoever, those questions would have been more appropriate for a 30(b)(6) deposition of Plaintiff as a 30(b)(6) deposition provides binding testimony on behalf of a party such as Plaintiff.

*See Doherty Grp., Inc.*, 2017 WL 882088, at *3–4. Accordingly, Defendants respectfully request an order limiting Mr. Wilkey's deposition to four (4) hours.

14. In Defendants' Notice, they also objected to the fact that the Wilkey deposition notice purports to require Mr. Wilkey to appear for a deposition in Coral Gables, Florida on April 4, 2024, because Mr. Wilkey resides in Draper, Utah and Defendants did not agree to hold this deposition on April 4, 2024. Based on communications between the parties, it is Defendants' understanding that Plaintiffs agree that Mr. Wilkey cannot be compelled to travel to Florida for his deposition. The parties are conferring as to a mutually agreeable date and location for Mr. Wilkey's deposition.

### Objections to Depositions of Preston Acuff and Brian Rosario

15. Defendants object to the deposition notices for Messrs. Acuff and Rosario because

5

they purport to require Messrs. Acuff and Rosario to produce documents at their depositions.

16. Messrs. Acuff and Rosario are Bayview employees. In connection with this litigation, Defendants pulled Messrs. Acuff and Rosario's files, applied the parties' agreed-upon search terms, reviewed every document hit by those search terms, and produced any documents that were responsive to Plaintiffs' requests. Defendants produced 39,585 documents from Mr. Acuff's files and 53,657 documents from Mr. Rosario's files. At no point have Plaintiffs suggested that Defendants' production of documents from Messrs. Acuff and Rosario's files is incomplete.

17. Plaintiffs' deposition notices demanded that Messrs. Acuff and Rosario bring the following categories of documents to their depositions:

   a. Copies of all calendars, day planners, or any other items in your possession showing your scheduled activities from September 1, 2021 through August 31, 2022.

   b. Copies of any emails between you and CompuQuip (including any CompuQuip personnel) from September 20, 2021 to December 15, 2021.

   c. Copies of any emails between you and ReliaQuest (including any ReliaQuest personnel) from September 20, 2021 to December 15, 2021.

   d. Copies of any documents containing handwritten notes relating to or referencing the data security incident giving rise to this litigation.

   e. Copies of any documents that you personally maintain that are subject to any litigation hold imposed in connection with this litigation.

18. Based on discussions between the parties, it is Defendants' understanding that any disputes concerning (a), (d), and (e) are moot because Messrs. Acuff and Rosario do not possess

such documents, and that any disputes concerning (b) and (c) are moot because such documents were produced by Defendants.

WHEREFORE, the Defendants respectfully request that the Court schedule a hearing on the above-referenced discovery issues for April 4, 2024 at 10:30 a.m.

Dated: March 20, 2024                                   Respectfully Submitted,


                                                        *s/ Julie Singer Brady*
                                                        Julie Singer Brady
                                                        Florida Bar No. 389315
                                                        jsingerbrady@bakerlaw.com
                                                        Yameel L. Mercado Robles
                                                        Florida Bar No. 1003897
                                                        ymercadorobles@bakerlaw.com
                                                        Baker & Hostetler LLP
                                                        200 South Orange Avenue
                                                        Suite 2300
                                                        Orlando, FL 32801
                                                        Telephone: 407.649.4000
                                                        Facsimile: 407.841.0168

                                                        Paul Karlsgodt (*pro hac vice*)
                                                        PKarlsgodt@bakerlaw.com
                                                        BAKER & HOSTETLER LLP
                                                        1801 California Street
                                                        Suite 4400
                                                        Denver, CO 80202
                                                        Telephone: 303.861.0600
                                                        Facsimile: 303.861.7805

                                                        Evan M. Mannering (*pro hac vice*)
                                                        emannering@bakerlaw.com
                                                        BAKER & HOSTETLER LLP
                                                        1050 Connecticut Ave, NW
                                                        Suite 1100
                                                        Washington, DC 20036
                                                        Telephone: 202.861.1500
                                                        Facsimile: 202.861.1783

                                                        Joseph Givner
                                                        Florida Bar No. 850705
                                                        Primary Email: jgivner@givner.law
                                                        Secondary Email: paralegal@givner.law
                                                        GIVNER LAW GROUP, LLP

                    19790 W. Dixie Hwy  
                    Suite 706  
                    Miami, Florida 33180  
                    Telephone: 305.933.9970

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 20, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the Florida E-Filing Portal, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Julie Singer Brady*
Julie Singer Brady