UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Master File No. 1:22-cv-20955-DPG

| | |
|---|---|
| In re LAKEVIEW LOAN SERVICING DATA BREACH LITIGATION | ) <u>CLASS ACTION</u><br>)<br>) |

PLAINTIFFS' STATUS REPORT IN CONNECTION WITH
APRIL 24, 2024 STATUS CONFERENCE

4886-6764-5112.v1

Master File No. 1:22-cv-20955-DPG

Plaintiffs respectfully submit this Status Report in connection with the upcoming April 24, 2024 telephonic status conference with the Court.

### A. Status of the Pleadings and Case Schedule

On March 22, 2024, the Court granted Plaintiffs' leave to amend their complaint. *See* ECF 181. Plaintiffs filed their Amended Consolidated Class Action Complaint ("Amended Complaint") on March 28, 2024. *See* ECF 187. Defendants' response to the Amended Complaint is due on or before May 10, 2024.

On March 23, 2024, the Court ordered, among other things, the parties to file a joint proposed amended scheduling order. *See* ECF 182. The parties filed a Joint Proposed Amended Scheduling Order Setting Civil Trial Date and Pretrial Schedule on April 2, 2024, *see* ECF 189, and the Court issued a Second Amended Scheduling Order on April 5, 2024. *See* ECF 190. Under the Second Amended Scheduling Order, Plaintiffs' motion for class certification is due on August 16, 2024.

### B. Status of Discovery

#### 1. Discovery from Defendants

To date, Plaintiffs have served Defendants Bayview, Lakeview, and Pingora with one set of Interrogatories and four sets of Requests for Production of Documents, and served Defendant Community Loan with three sets of Requests for Production of Documents. In response, Defendants have produced a total of 123,523 documents to Plaintiffs and six volumes of privilege logs.

Master File No. 1:22-cv-20955-DPG

Plaintiffs have also taken the following deposition of Defendants and percipient witnesses:[1]

| Date | Name | Role |
|---|---|---|
| March 2, 2023 | Judith Tribble | Defendants' Rule 30(b)(6) corporate designee |
| March 2, 2023 | Julio Aldecocea | Defendants' Rule 30(b)(6) corporate designee |
| March 2, 2023 | Nathan Wilkey | Defendants' Rule 30(b)(6) corporate designee |
| March 2, 2023 | Scott Norton | Defendants' Rule 30(b)(6) corporate designee |
| June 28, 2023 | Carlos Portugal | Defendants' Rule 30(b)(6) corporate designee |
| June 29, 2023 | Christina Arroyo Maymi | Defendants' Rule 30(b)(6) corporate designee |
| June 29, 2023 | Todd Wallace | Defendants' Rule 30(b)(6) corporate designee |
| April 2, 2024 | Preston Acuff | Bayview Lead IT Security Analyst |
| April 3, 2024 | Brian Rosario | Bayview VP of IT Security |

Plaintiffs anticipate taking the depositions of additional percipient witnesses and various third parties in the coming weeks and months. Plaintiffs have requested dates for the depositions of Mark Morales (Bayview IT Security Analyst) and Eric Lozano (Bayview Chief Information Officer),

Although the parties have made progress in discovery, there are a few discrete disputed issues that have arisen.

***First***, Defendants objected on privilege and work-product grounds to producing documents and communications regarding the Data Breach between and among Defendant Bayview, third parties Mandiant and Protiviti, and in some instances, the Multistate Mortgage Committee, a governmental body of state mortgage regulators. Following a hearing before Judge Torres on October 19, 2023, *see* ECF 132, the parties submitted supplemental briefs. *See* ECF 136, 141, 142. The dispute was addressed at another hearing before Judge Torres on April 4, 2024, but no ruling

---

[1] "The Advisory Committee Notes to the 1993 Amendments explain that a deposition under Rule 30(b)(6) should, for purposes of this limit of 10 depositions, be treated as a single deposition even though more than one person may be designated to testify." *Procaps S.A. v. Patheon Inc.*, 2015 WL 2090401, at *3 n.2 (S.D. Fla. May 5, 2015) (cleaned up and citing cases).

- 2 -

Master File No. 1:22-cv-20955-DPG

has been issued. *See* ECF 191. That said, Judge Torres indicated he was inclined to rule that the Mandiant and Protiviti documents are privileged, but would allow Plaintiffs to file a motion for reconsideration with any additional information he should consider. *See id*. Plaintiffs intend to file a motion for reconsideration once and order issued, and may also appeal an adverse ruling to this Court, if necessary.

***Second***, at the April 4, 2024 hearing, Judge Torres heard argument regarding Plaintiffs' request for the fact deposition of Nathan Wilkey, Bayview's Chief Information Security Officer. *See id.* Defendants objected to the deposition based on Wilkey having sat for a Rule 30(b)(6) deposition. Judge Torres ruled that he would allow the deposition to move forward and allow Plaintiffs to introduce any of the 100,000+ documents Defendants produced since Wilkey's Rule 30(b)(6) deposition, but would disallow use of any of the 1,600 that Defendants had produced at the time of the earlier deposition. The parties have agreed to proceed with Wilkey's deposition on April 24, 2024.

***Finally***, Defendants declined to produce in discovery their Mortgage Servicing Rights Contracts relating to their sale of rights to service mortgages. These contracts form the basis for Plaintiffs' third-party beneficiary breach of contract claim, *see* ECF 187, ¶¶668-697, the gravamen of which is that, under these contracts, Defendants "intended that Plaintiffs and Class Members, as borrowers required to provide their confidential PII, benefit from these contracts," and that these contracts "required [Defendants] to safeguard the PII of Plaintiffs and Class Members[.]" *Id.*, ¶¶669-670. The parties are continuing to meet-and-confer regarding this dispute and will bring it to Judge Torres' attention if necessary.

Master File No. 1:22-cv-20955-DPG

### 2. Discovery from Plaintiffs

To date, Defendants have served Plaintiffs with two sets of Requests for Production of Documents and Interrogatories. In response, Plaintiffs have produced a total of 18,485 documents to Defendants. Defendants have not yet set any Plaintiffs for deposition.

One discovery dispute has arisen regarding documents sought from Plaintiffs. Specifically, Plaintiffs objected to producing a voluminous number of bank and credit card account statements to Defendants in response to Defendants' Request for Production No. 7.

This dispute was presented to Judge Torres at the October 19, 2023 hearing. *See* ECF 132. While the parties were able to reach agreement on the scope of the information sought, they were at an impasse with respect to redactions to be made. At the hearing, Judge Torres ruled that he would allow statements to be produced for those individuals claiming lost time, with redactions to include all but the monetary amounts of the transactions. As to those Plaintiffs alleging fraud, Judge Torres asked that the parties confer to determine the proper scope of redactions, and submit a proposed order on the matter. While the parties exchanged several emails in an attempt to resolve the issue, agreement was not reached and both Defendants and Plaintiffs submitted competing orders to Judge Torres on January 19, 2023, and January 23, 2024, respectively. ECF 155, 156. The dispute was revisited at the April 4, 2024 hearing. *See* ECF 191. While Plaintiffs argued that all financial statement entries outside of those with fraud alleged should be redacted, Defendants argued that all entries should be left free of redactions. Judge Torres stated he was inclined to rule for Defendants, but would allow Plaintiffs to file a motion for reconsideration. The parties are currently awaiting an order from Judge Torres.

Master File No. 1:22-cv-20955-DPG

### 3. Third-Party Discovery

Plaintiffs have twice attempted to serve Rule 45 subpoenas on third parties possessing relevant information in this case. On June 20, 2023, Plaintiffs served Defendants with a Notice of Intent to Serve Subpoenas to Non-Parties. On July 14, 2023, Defendants moved to quash all third-party subpoenas, *see* ECF 111, which motion Judge Torres struck as non-compliant with his procedures. *See* ECF 115. Thereafter, Plaintiffs agreed to withdraw their subpoenas to give the parties time to meet-and-confer regarding the scope of the requests. *See* ECF 116.

On December 21, 2023, Plaintiffs served Defendant with a new Notice of Intent to Serve Subpoenas to Non-Parties. Defendants again moved to quash those subpoenas. *See* ECF 152. Plaintiffs filed a response to Defendants' motion on January 26, 2024. *See* ECF 159. Third-party UDT also filed a motion to quash, *see* ECF 165, which Plaintiffs similarly opposed. *See* ECF 169. On March 15, 2024, Judge Torres issued two Orders holding all subpoenas, including to UDT, in abeyance pending resolution of Plaintiffs' motion for leave to amend the complaint. *See* ECF 176, 177.[2] Following the Court's grant of leave for Plaintiffs to amend their complaint, Defendants and UDT renewed their respective motions to quash. *See* ECF 192, 193. Plaintiffs' deadline to respond to these renewed motions are April 23, 2024, and April 24, 2024, respectively. Plaintiffs anticipate seeking a hearing before Chief Magistrate Judge Torres once briefing on the motions to quash is complete.

### C. Other Issues

Plaintiffs are not aware of any other issues requiring the Court's attention at this time.

---

[2] All documents Plaintiffs have received from third parties prior to Judge Torres' Order have been reproduced to Defendants.

Master File No. 1:22-cv-20955-DPG

Respectfully submitted,

DATED: April 22, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON
*Member, Plaintiffs' Executive Committee*
Florida Bar No. 0084824
DOROTHY P. ANTULLIS
Florida Bar No. 890421
NICOLLE B. BRITO
Florida Bar No. 43399

<u>          **Stuart A. Davidson**          </u>
Stuart A. Davidson

Florida Bar No. 0084824
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
dantullis@rgrdlaw.com
bbeall@rgrdlaw.com
nbrito@rgrdlaw.com

JULIE BRAMAN KANE
*Plaintiffs' Liaison Counsel*
Florida Bar No. 980277
COLSON HICKS EIDSON
255 Alhambra Circle – Penthouse
Coral Gables, FL  33134
Telephone:  305/476-7400
305/476-7444 (fax)
julie@colson.com

JOHN A. YANCHUNIS
Florida Bar No. 324681
*Chair, Plaintiffs' Executive Committee*
MORGAN & MORGAN COMPLEX
  LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Telephone:  813/223-5505
jyanchunis@ForThePeople.com

Master File No. 1:22-cv-20955-DPG

ADAM E. POLK (*pro hac vice*)
JORDAN ELIAS (*pro hac vice*)
SIMON GRILLE (*pro hac vice*)
KIMBERLY MACEY (*pro hac vice*)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA  94108
Telephone:  415/981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

RACHELE R. BYRD (*pro hac vice*)
WOLF HALDENSTEIN ADLER FREEMAN
  & HERZ LLP
750 B Street, Suite 1820
San Diego, CA  92101
Telephone:  619/239-4599
619/234-4599 (fax)
byrd@whafh.com

GARY M. KLINGER (*pro hac vice*)
MILBERG COLEMAN BRYSON PHILLIPS
  GROSSMAN, PLLC
227 Monroe Street, Suite 2100
Chicago, IL  60606
Telephone: 866/252-0878
gklinger@milberg.com

JOSEPH M. LYON (*pro hac vice*)
THE LYON FIRM, LLC
2754 Erie Avenue
Cincinnati, OH  45208
Telephone:  513/381-2333
jlyon@thelyonfirm.com

- 7 -

4886-6764-5112.v1

- 8 -

Master File No. 1:22-cv-20955-DPG

M. ANDERSON BERRY (*pro hac vice*)
CLAYEO C. ARNOLD, A
 PROFESSIONAL LAW CORP.
865 Howe Avenue
Sacramento, CA  95825
Telephone:  916/777-7777
916/924-1829
aberry@justice4you.com

TERRY R. COATES (*pro hac vice*)
DYLAN J. GOULD (*pro hac vice*)
MARKOVITS, STOCK & DEMARCO, LLC
119 E. Court Street, Suite 530
Cincinnati, OH  45202
Telephone:  513/651-3700
513/665-0219 (fax)
tcoates@msdlegal.com

*Members of Plaintiffs' Executive Committee*