UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE CLASS DEMAND FOR STATUTORY DAMAGES BY CALIFORNIA SUBCLASS**

Defendants respectfully file this reply in support of Defendants' Motion to Strike Class Demand for Statutory Damages by California Subclass and Memorandum of Law [ECF No. 209] (the "Motion") and in response to Plaintiffs' Opposition to Defendants' Motion to Strike Class Demand for Statutory Damages By California Subclass [ECF No. 213] (the "Opposition").

## INTRODUCTION

Plaintiffs' Opposition is premised on the argument that Section 1798.150 of the California Consumer Privacy Act (the "CCPA") unambiguously gives a single individual the right to satisfy the notice and cure obligations of hundreds of thousands of putative class members. That argument is incorrect. The statute never speaks to this issue and no court has ever adopted this reading of the CCPA. Plaintiffs concede that the aggregated mandatory statutory damages imposed under their reading of the CCPA raise serious constitutional issues under both the California and U.S. Constitutions. The better and correct reading of the CCPA avoids constitutional quandaries and finds that only those individuals with a perfected individual right to seek statutory damages may be part of the California Subclass seeking such damages.

**I. § 1798.150 Requires that Each Class Member Send a Pre-Suit Notice and Give Defendants a Right to Cure Before Pursuing a Claim for Statutory Damages.**

Plaintiffs incorrectly argue that California Civil Code § 1798.150 ("§ 1798.150") "unmistakably" provides that once a single individual provides notice to a defendant of potential violations under the CCPA arising from a data breach and then waits 30 days, that such individual can then bring a class action seeking statutory damages on behalf of other persons who failed to satisfy the obligation under the statute to give pre-suit notice and an opportunity to cure. The correct reading of the statute requires that each class member send the required notice and give Defendants the right to cure before pursuing a claim for statutory damages.

1

First and foremost, Plaintiffs' reading of the statute is not supported by its text. § 1798.150 requires that a consumer provide notice and a thirty-day period to cure "prior to initiating any action against a business for statutory damages on an individual or class wide basis." Plaintiffs *assume* the statute *defines the class* to include persons who have never satisfied the statutory obligation to give notice and opportunity to cure. Plaintiffs *assume* the statute bestows upon one individual the power to act as the agent for hundreds of thousands of other individuals.

Neither of these assumptions prove true. *§ 1798.150* does not address the definition of who might be included in a "class" for which a plaintiff might pursue relief on a "class-wide" basis. The statute does not state that if one consumer gives notice, that notice dispenses with the obligation of all other persons to give notice and an opportunity to cure. The statute is silent on these issues. Because the statute is silent on these issues it is, at most, ambiguous[1] and susceptible to different and better interpretations: specifically, that it authorizes class actions only on behalf of other similarly situated plaintiffs with equal rights – namely, other consumers who have perfected their right to seek statutory damages by giving the requisite notice.

Plaintiffs' reading improperly enlarges the substantive rights of the hundreds of thousands of individuals who never gave any notice, simply because Plaintiffs seek to proceed on a class basis. The Rules Enabling Act bars such an interpretation. *See* Motion at pp. 13-15. Plaintiffs cannot deny that an individual who fails to give the required notice cannot bring an individual action seeking statutory damages. The statute expressly says so and the courts have uniformly enforced §1798.150 accordingly. *See Griffey v. Magellan Health Inc.*, No. CV-20-01282-PHX-

---

[1] *See Ware v. Antelope Valley Union High School District*, No. CV 15-8124-DMG (SKX), 2018 U.S. Dist. LEXIS 226913, at *7-8 (C.D. Cal. Aug. 14, 2018) (because statute is silent on whether minimum statutory damages award should be calculated based on each day on which Plaintiff attended classes and not properly accommodated or on the number of disability-related obstacles to educational services that Plaintiff faced, the statute is "ambiguous.")

MTL, 2022 U.S. Dist. LEXIS 98785, at *19-21 (D. Ariz. June 2, 2022) (dismissing with prejudice the CCPA claims for statutory damages asserted by a plaintiff both individually and on a putative class basis for failure to provide the required notice); *Guy v. Convergent Outsourcing, Inc.*, No. C22-1558 MJP, 2023 U.S. Dist. LEXIS 125332, at *27-29 (W. D. Wash. July 20, 2023).

Plaintiffs' interpretation strips Defendants of the right to provide a customized cure by, for example, deleting a complaining consumer's data from its system upon receipt of a notice and cure letter from a consumer. In footnote 3 of their Opposition, Plaintiffs claim this argument is not "credible" because Defendants gave the same response to each of the 7 notice letters sent and did not offer to delete the Plaintiffs' data (which no Plaintiff specifically requested). The response misses the point. Providing a customized cure is a right the Defendants have. They can choose to exercise that right or not. Plaintiffs' interpretation strips them of that right and that choice.

Plaintiffs fail to identify a single court that has adopted their interpretation. No court has ever ruled that a single plaintiff can satisfy the notice and cure requirement for hundreds of thousands of putative class members who failed to give the required notice.[2]

In short, Plaintiffs' interpretation of § 1798.150 is incorrect and no court has ever followed it. The correct interpretation of § 1798.150 does not enlarge the rights of the California Subclass in a class action. Instead, it requires each Member of a class satisfy the requirements for statutory damages by giving the mandatory notice before participating in such class action.

II. **Plaintiffs Concede Their Interpretation of the CCPA's Notice Provision Raises Constitutional Issues and, Accordingly, Compels a Different Interpretation.**

---

[2] Plaintiffs' argument that requiring compliance with the notice and cure provisions of the statute would render the words "on a class-wide basis" surplusage is incorrect. Defendants' interpretation never precludes a class action; rather, it authorizes class treatment for the appropriate class of consumers – those who have perfected their individual right to statutory damages by providing the statutorily required notice.

3

Plaintiffs concede that their preferred interpretation of the CCPA notice provisions raises constitutional issues under the due process clause. In particular, Plaintiffs concede that "aggregate statutory damages present the potential for due process issues down the road." Opposition 2, 17. Plaintiffs maintain that consideration of this issue, however, is "premature" and a "question for another day." *Id.* Plaintiffs are correct in conceding that aggregated cumulative statutory damages raise serious constitutional issues under both California law[3] and the U.S. Constitution.[4] Plaintiffs' argument that the Court should not address this issue now is incorrect as it ignores governing law and canons of constitutional construction under both California and U.S. law.

The California "canon of constitutional doubt" mandates that where a "statute is susceptible of two constructions, one of which will render it constitutional and the other . . . [which will] raise serious and doubtful constitutional issues," the Court should adopt the construction "which, without doing violence to the reasonable meaning of the language used, will render it . . . free from doubt." *Ware*, 2018 U.S. Dist. LEXIS 226913 at *9 (holding that interpreting statute in a manner that awards plaintiff statutory damages for each day she attended school, irrespective of the extent of her actual damage, violates the constitutional prohibition on excessive penalties).[5] The same rule of statutory construction applies when a statute raises concerns under the U.S. Constitution. *See Clark v. Martinez*, 543 U.S. 371, 380-81 (2005) ("[W]hen deciding which of two plausible statutory constructions to adopt, a court must consider the necessary consequences of its choice. If one of them would raise a multitude of constitutional problems, the other should prevail….").

---

[3] *See Hale v. Morgan*, 22 Cal 3d 388, 403-404 (Cal. 1978).
[4] *See Wakefield v. ViSalus, Inc.*, 51 F. 4th 1109, 1120 (9th Cir. 2022).
[5] California courts even refuse to give statutes their literal meaning to avoid harsh results and mischievous or absurd consequences. *See Starbucks Corp. v. Super. Ct.*, 168 Cal. App. 4th 1436, 1449 (Cal. Ct. App. 2008) (". . . the literal meaning of [a statute's] words must give way to avoid harsh results and mischievous or absurd consequences.").

4

In this case, Plaintiffs' reading of § 1798.150 raises constitutional issues. The devastating aggregated mandatory award of potential statutory damages of no less than $88,813,600 and as much as $666,102,000, which are in no way related to the actual damages suffered by the members of the putative California Subclass, raise serious due process concerns under both the California and U.S. Constitutions as well as under the prohibitions on excessive fines under the California Constitution. Even if this Court found § 1798.150 ambiguous as to the identity of the potential class seeking statutory damages, given the admittedly serious constitutional issues raised by Plaintiffs' reading of the statute, the doctrines of constitutional construction compel a viable interpretation of the statute that avoids a constitutional quandary: namely, that the statute authorizes class membership on claims for statutory damages to those persons who have perfected their rights to such remedies by providing the statutorily required pre-suit notice and opportunity to cure.

Plaintiffs' request that all decisions on constitutional issues be left until the end of the case and after years of litigation neither makes sense nor is supported by the authorities. The Motion raises a fundamental question of pure law: what are the CCPA's requirements for bringing a class action seeking statutory damages? Plaintiffs offer no reason for delaying this purely legal determination. In *Starbucks Corp. v. Superior Court*, 168 Cal. App. 4th 1436 (Cal. Ct. App. 2008), the California appellate court confirmed the need for early determinations on statutory meaning in cases seeking class relief. The appellate court granted a mandate and heard an interlocutory appeal to rule on the trial court's denial of defendant Starbuck's motion for summary judgment. The Court explained:

> When the substantive theories and claims of a proposed class suit are alleged to be without legal or factual merit, the interests of fairness and efficiency are furthered when the contention is resolved in the context of a formal pleading (demurrer) or motion (judgment on the pleadings, summary judgment, or summary adjudication)

5

> that affords proper notice and employs clear standards. Given the size of the class, the potential exposure is so large that the pressure to settle may become irresistible. As we have noted, the verified petition has alleged as much regarding the "great monetary risks" to Starbucks. This is a valid concern: "Many corporate executives are unwilling to bet their company that they are in the right in big-stakes litigation, and a grant of class status can propel the stakes of a case into the stratosphere. … This interaction of procedure with the merits justifies an earlier appellate look. *By the end of the case it will be too late—if indeed the case has an ending that is subject to appellate review.*" (*Blair v. Equifax Check Services, Inc*. (7th Cir. 1999) 181 F.3d 832, 834; see *Consumer Defense Group, supra*, 137 Cal.App.4th 1185.) "Enhancing the prospects for obtaining a settlement on a basis other than the merits is hardly a worthy legislative objective … ." (*Jones, supra*, 42 Cal.4th at p. 1166.) *The civil justice system is not well served by turning Starbucks into a Daddy Warbucks*.

*Id*. at 1453 (emphasis added).

### III. § 1798.150 Is a Penal Statute.

§ 1798.150 is a penal statute under California law.[6] Plaintiffs concede that statutes are penal under California law where they provide recovery that is additional to actual losses incurred and are calculated without reference to the actual damage sustained. Opposition p. 13 (citing to *Prudential Home Mtg. Co. v. Super. Ct.*, 66 Cal. App. 4th 1236, 1242 (Cal. Cal. Ct. App. 1998) and *Murphy v Kenneth Cole Prods., Inc.*, 40 Cal. App. 4th 1094, 1104 (Cal. Cal. Ct. App. 1998)).

California courts consistently find statutes allowing for recovery equal to the greater of actual damages or statutory damages to be penal. *Associated Indus. Ins. Co. v. San Joaquin Hills Transp. Corridor Agency*, CV 18-1776 PSG, 2023 U.S. Dist. LEXIS 37942, at *18 (Feb. 13, 2023) (citing *Goehring v. Chapman Univ.*, 121 Cal. App. 4th 353, 386 (Cal. Ct. App. 2004) (Section 31490, which provides for the recovery of "either actual damages or two thousand five

---

[6] The analysis regarding whether the statute is penal is independent of the rules of construction under California and federal law meant to avoid constitutional doubt. Thus, regardless of whether Section 1798.150 is found to apply a penalty or not, as explained in the prior section of this Reply, both California and federal law require that the Court adopt an interpretation that avoids a constitutional issue.

6

dollars ($2,500) for each individual violation, whichever is greater," is penal); *Anderson v. Placentia Linda Hosp.*, 2016-00868595-CU-NP-CJC, 2018 Cal. Super. LEXIS 66319, at *3-5 (Cal. Super. Ct. Feb 2, 2018) (California Probate Code Section 4742, which provides for "damages of two thousand five hundred dollars ($2,500) or actual damages resulting from the violation, whichever is greater," is penal); *Starbucks Corp.*, 168 Cal. App. 4th at 1449 (where statute provided for damages equal to the greater of actual damages and $200, the Court limited the eligible class to those with actual marijuana convictions after resolving ambiguity in the statute "according to the usual, ordinary import of the language, and to avoid absurd consequences, *including an unconstitutionally excessive penalty*"(emphasis added)).

In contrast, Plaintiffs fail to cite authority interpreting a California statute providing for a recovery equal to the greater of actual damages or statutory damages to not be penal in nature. Rather, Plaintiffs cite to interpretations of federal legislation. *See e.g. Limon v. Circle K Stores*, 84 Cal. App. 5th 671, 700-03 (Cal. Ct. App. 2022) (interpreting 15 USCS § 1681s); *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1313 (11th Cir. 2009) (§ 616(a)(1)(A) of the Fair Credit Reporting Act,15 U.S.C. § 1681, et seq.); *Kehoe v. Fid. Fed. Bank & Tr.*, 421 F.3d 1209, 1212 (11th Cir. 2005) (interpreting 18 U.S.C. § 2724(b)). Plaintiffs suggest *Miller v. Collectors Universe, Inc.*, 159 Cal. App. 4th 988, 991, 1006 (Cal. Ct. App. 2008), which is a case interpreting Cal. Civ. Code § 3344, supports their interpretation. Yet, the Court in *Miller* never held that the subject statute was not penal in nature and, in fact, never addresses the contention that Plaintiff's award constituted an "unconstitutional penalty." Id. at 1008.  More fundamentally, the appellate court interprets the damages provision narrowly, not allowing the plaintiff to collect statutory damages in the amount of $750 for each of the 14,060 separate unauthorized uses of Miller's name and signature, reverses

a judgment in favor of Plaintiff and, therefore, avoids ruling on whether an award of $10,545,000 would be excessive and violate defendant's due process rights. *Id.* at 1008.

Here, § 1798.150 clearly meets the definition of a penal statute under California law. It awards a plaintiff the greater of actual damages or statutory damages of between $100 and $750. Further, the CCPA's statutory damages are calculated without reference to actual damages. A plaintiff recovers statutory damages under § 1798.150 even without suffering any actual damages. The amount of those statutory damages depends on culpability, not harm suffered by the plaintiff. *See* § 1798.150(a)(2) (directing courts to consider "the nature and seriousness of the misconduct, the number of violations, the persistence of the misconduct, the length of time over which the misconduct occurred, the willfulness of the defendant's misconduct, and the defendant's assets, liabilities, and net worth.").[7]

As § 1798.150 is a penal statute, the Court must apply "the narrowest construction of its penalty clause to which it is reasonably susceptible in the light of its legislative purpose." *Hale v. Morgan*, 22 Cal 3d 388, 405 (Cal. 1978). Applying this rule limits class membership on claims for statutory damages to those persons who perfected their right to such remedies.

## IV. Case Law Under CLRA Does Not Apply

Plaintiffs cite to case law interpreting California's Consumer Remedies Act (the "CLRA") to support their preferred reading of the CCPA and claim that the two statutes are "similar." Opposition 8-9. The argument fails, however, because the CLRA is materially different from the CCPA. Most notably, the *CLRA does not provide for mandatory, aggregated and cumulative*

---

[7] Plaintiffs' reliance on legislative history of the CCPA is misplaced because legislative history cannot supplant the CCPA's unambiguous text. *See Whaley v. Sony Computer Entertainment America, Inc.,* 121 Cal. App. 4th 479, 486 (Cal. Ct. App. 2004) (legislative history cannot change the plain meaning of language in a clear statute); *Riddick v. City of Malibu*, 99 Cal. App. 5th 956, 970 (Cal. Ct. App. 2024) (where statutory language is unambiguous, a court is precluded from considering legislative history).

*statutory damages as does the CCPA*. *See* Cal Civ Code § 1780.  Accordingly, the CLRA does not raise constitutional issues under the due process clauses of the California or U.S. Constitutions or the prohibition on excessive fines found in the California Constitution and is not subject to narrow construction under canons of constitutional doubt.

V. **The Remedies Provisions of the CCPA Are Not Liberally Interpreted.**

Plaintiffs argue that the CCPA should be liberally construed to effectuate its purpose. Opposition 11-12. The same concept, however, applies to the Unruh Civil Rights Act. Cal. Civ. Code § 51. Courts in California hold that the Unruh Civil Rights Act "is to be given a liberal construction with a view to effectuating its purposes." *Jackson v. Superior Court*, 30 Cal. App. 4th 936, 940 (Cal. Ct. App. 1994) (citing *Koire* v. *Metro Car Wash*, 40 Cal. 3d 24, 28 (Cal. 1985)). In *Ware*, the District Court also addressed interpretation of the statutory damages provisions under the Unruh Civil Rights Act. *Ware*, 2018 U.S. Dist. LEXIS 226913, at *6-11. As discussed in the Motion (*see* Motion at 8), the District Court applied the canon of constitutional doubt, rejected the plaintiff's liberal interpretation of the statutory damages remedies and applied an interpretation that avoided a constitutional quandary created by excessive penalties. *Id*. at *9-10. As *Ware* demonstrates, even if a civil statute generally receives a liberal construction, statutory penalty provisions implicating constitutional issues do not.

VI. **Neither the Scheduling Order, Rule 12, Nor Local Rule 7.1(a)(3) Apply to the Instant Motion.**

The May 10, 2024, deadline for Defendants' response to the Amended Consolidated Class Action Complaint set forth in the Second Amended Scheduling Order [ECF No. 190] does not apply to the Motion. The Motion is filed under Rule 23(d)(1)(D), seeks to strike a class demand for statutory damages, is not limited to the four corners of the complaint, and relies on undisputed facts in the record not found in the Amended Consolidated Class Action Complaint.

9

The meet and confer requirements under Local Rule 7.1(a)(3) do not apply to motions to "dismiss or to permit maintenance of a class action" (which the instant Motion is).

The Motion is not prohibited by Rule 12(g)(2) because the Motion was filed strictly under Fed. R. Civ. P. 23(d)(1)(D). Rule 23(d)(1)(D) vests courts with independent authority to strike or dismiss class allegations separate and apart from the authority to dismiss or strike under Rule 12. *See Pettis v. Empire Educ. Grp., Inc.*, NO. 1:18-CV-4940-TWT, 2019 U.S. Dist. LEXIS 245231, at *3 & n.7 (N.D. Ga. June 11, 2019) (noting that "[s]ome district courts in this Circuit have proceeded with the understanding that Rule 23(d)(1)(D) provides independent grounds for striking class allegations"); *Goff v. LaSalle Bank, N.A.*, NO. 09-CV-147-TMP-WMA, 2009 U.S. Dist. LEXIS 141567, at *5-7 (N.D. Ala. Sept. 16, 2009) (distinguishing motions to strike brought under Rule 23(d)(1)(D) from those brought under Rule 12(f)). Moreover, "[s]everal federal courts have entertained Rule 23(d) motions to strike after a Rule 12 motion to dismiss has been filed." *Dallas Cnty., Tex. v. MERSCORP, Inc.*, No. 3:11-cv-02733-O, 2012 U.S. Dist. LEXIS 176533, at *11-12 (N.D. Tex. Dec. 13, 2012) (collecting cases). *See also Carrier v. Ravi Zacharias Int'l Ministries, Inc.*, Civ. No. 21-CV-3161, 2023 U.S. Dist. LEXIS 35487, at *6 (Mar. 3, 2023) (holding that a motion to strike was not untimely under Rule 12(g)(2) because the motion to strike was filed under Rule 23(d)(1)(D)); *Edwards v. Zenimax Media Inc.*, No. 12-cv-00411-WYD-KLM, 2012 U.S. Dist. LEXIS 137520, at *6 (D. Colo. Sep. 25, 2012) (same).

## **CONCLUSION**

For all of the foregoing reasons, the Motion should be granted and the class demand by the California Subclass for statutory damages under the CCPA should be stricken.

| | |
|---|---|
| Dated: July 8, 2024 | <u>*s/Jacob J. Givner*</u> |
| | Jacob Joseph Givner |
| | Florida Bar No. 850705 |
| | jgivner@givner.law |
| | paralegal@givner.law |
| | GIVNER LAW GROUP, LLP |
| | 19790 W. Dixie Hwy, Suite 706 |
| | Miami, Florida 33180 |
| | Telephone: 305.933.9970 |
| | |
| | Julie Singer Brady |
| | Florida Bar No. 389315 |
| | jsingerbrady@bakerlaw.com |
| | Yameel L. Mercado Robles |
| | Florida Bar No. 1003897 |
| | ymercadorobles@bakerlaw.com |
| | BAKER & HOSTETLER LLP |
| | 200 South Orange Avenue, Suite 2300 |
| | Orlando, Florida 32801 |
| | Telephone: 407.649.4000 |
| | Facsimile: 407.841.0168 |
| | |
| | Paul Karlsgodt (*pro hac vice*) |
| | PKarlsgodt@bakerlaw.com |
| | BAKER & HOSTETLER LLP |
| | 1801 California Street, Suite 4400 |
| | Denver, CO 80202 |
| | Telephone: 303.861.0600 |
| | Facsimile: 303.861.7805 |
| | |
| | Evan M. Mannering (*pro hac vice*) |
| | emannering@bakerlaw.com |
| | BAKER & HOSTETLER LLP |
| | 1050 Connecticut Ave, NW, Suite 1100 |
| | Washington, DC 20036 |
| | Telephone: 202.861.1500 |
| | Facsimile: 202.861.1783 |
| | |
| | *Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on July 8, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF, which will send a Notice of Electronic Filing to all counsel of record.

                                                       *s/ Jacob J. Givner*
                                                       Jacob Joseph Givner