UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master File No. 1:22-cv-20955-GAYLES/TORRES

| | |
|---|---|
| In re LAKEVIEW LOAN SERVICING DATA ) BREACH LITIGATION                                    ) _____ ) | <u>CLASS ACTION</u> |

**PLAINTIFFS' MOTION FOR HEARING**

Pursuant to the Honorable Chief Magistrate Judge Edwin Torres' Standing Order Setting Discovery Procedures, Plaintiffs in the above-captioned action ("Plaintiffs"), by and through undersigned counsel, respectfully file this Motion for Hearing, and as grounds therefore state as follows:

1.      Plaintiffs request that the Court hear this discovery matter regarding Plaintiffs' request for: (1) basic data concerning the named Plaintiffs; and (2) information concerning the cause of the data breach that was improperly clawed back on October 31, 2024 on privilege grounds.  Plaintiffs raise these disputes given the upcoming January 31, 2025 deadline to move for class certification. Specifically, Plaintiffs seek to enforce their Fourth Request for Production of Documents to Defendants Lakeview Loan Servicing, LLC ("Lakeview"), Bayview Asset Management LLC ("Bayview"), and Pingora Loan Servicing, LLC ("Pingora") ("Fourth Requests"), and Third Request for Production of Documents to Defendant Community Loan Servicing, LLC ("Community") ("Third Requests") (together with Lakeview, Pingora, and

Bayview, "Defendants") (collectively with Plaintiffs, "Parties"). The Parties have met and conferred in good faith and have reached impasse on the issues.[1]

2.      In compliance with Local Rule 7.1(a)(3), Plaintiffs' counsel certify that between May 30, 2024, and November 15, 2024, the Parties conferred, via zoom and email, regarding Bayview's, Lakeview's, and Pingora's responses to Fourth Requests and Community's responses to Third Requests in a good faith effort to resolve the issues but have been unable to do so.

3.      **Information Concerning the Named Plaintiffs – Kroll Data.** First, starting on March 11, 2024, Plaintiffs requested basic materials about the information directly pertaining to the named Plaintiffs that was compromised in the data breach. Specifically, Plaintiffs requested (and the Parties discussed) deliverables and data identified in the Master Terms & Conditions and Statements of Work between Defendants and Kroll, LLC ("Kroll"). Kroll was engaged by Defendants to review Defendants' files and thereafter disseminate notice of the data breach to the class, including the named Plaintiffs. The data Plaintiffs seek exists in summary form as prepared by Kroll following its review of Defendants' own data. While Plaintiffs had initially sought the entirety of the Kroll production, as a compromise, on May 30, 2024, the Parties agreed that Defendants would produce line items from the Kroll spreadsheets referencing the named Plaintiffs, including the compromised data elements for each. Plaintiffs reserved the right to seek the remaining data following class certification.

---

[1]      Of note, the Parties are currently awaiting rulings from the Court on Defendants' Renewed Motion to Quash Third-Party Subpoenas (ECF 192, 197, 199); Non-Party United Data Technologies, Inc.'s Renewed Motion to Quash Third-Party Subpoena or for A Protective Order and Incorporated Memorandum of Law (ECF 193, 198, 200); and Plaintiffs' Motion for Reconsideration of Chief Magistrate's Order on Production of Investigative Reports (ECF 219, 229, 234).

4.      Following Defendants' production of certain Kroll "excerpts," Plaintiffs analyzed the information and determined that it was only partially complete. During the Parties' subsequent meet-and-confers, Defendants' counsel stated that he had personally and unilaterally reviewed the information responsive to Plaintiffs' request and was only able to identify partial information pertaining to certain named Plaintiffs. Plaintiffs then sent a list of deficiencies identifying the omitted categories of information and the named Plaintiffs to whom those deficiencies relate as well as examples of unique identifiers that could be used to associate information in the Kroll deliverables with each named Plaintiff. Plaintiffs' counsel further requested that Defendants' counsel identify the methodology used in his unilateral review and that, consistent with the negotiated ESI Protocol, *see* ECF 70 §5 (requiring a description of the search methodology to be used to identify or cull documents for review or production), Defendants' counsel propose a methodology for re-examining the files to effectively locate any and all information pertaining to the named Plaintiffs omitted from the initial production.

5.      On July 24, 2024, the Parties conferred and Plaintiffs again requested a second review of the Kroll data and disclosure of the methodology utilized during counsel's review.

6.      Thereafter, Defendants vacillated on whether they were actually willing to conduct a second review as discussed during the Parties' July 24, 2024 meet-and-confer. However, on September 6, 2024, Defendants finally agreed to conduct a second review of the Kroll data.

7.      On September 10, 2024, Defendants provided a few additional Kroll excerpts related to named Plaintiffs, but still fell short of providing the information pertaining to all named Plaintiffs. That is, of the 16 remaining named Plaintiffs, Kroll information is currently missing for

*11 of them*.  Further, Defendants have yet to disclose the specific methodology used to identify the information provided in compliance with the ESI protocol.

8.      Given the relevance of this data to Plaintiffs' claims, and because the information Plaintiffs seek has already been compiled in summary fashion by Kroll and should be readily reviewable in that form, Plaintiffs respectfully request that the Court compel Defendants to produce all Kroll deliverables.

9.      **Information Concerning the Named Plaintiffs – 20 Terabytes.** Relatedly, during the July 24, 2024 meet-and-confer, the Parties discussed Plaintiffs' access to the complete universe of data impacted by the data breach, approximately 20 terabytes of data. Following the meeting, Defendants put forth a proposal to allow access to the data based on certain conditions, one being that the data be examined by Plaintiffs' expert on a hard drive in a "clean room" located at Defendants' headquarters in Coral Gables, Florida.

10.     Plaintiffs engaged several experts for estimates to determine the cost of such an exercise. On several occasions since, Plaintiffs have attempted to communicate with Defendants to set up the clean room access and to address questions concerning the setup (*e.g.*, type of computer, its capabilities, and operating system), any limitations that Defendants would insist on imposing for the clean room access, and to work out the timeline for this review. These details are crucial to inform Plaintiffs' expert to determine the amount of time the expert will need to conduct review of the data.

11.     To date, Defendants have not complied, and their scant responses on the matter include that they do not "have specs for the computer" and that the files "will be loaded to a hard drive that is connected to a computer."

- 4 -

12.     Like with the importance of the data that Kroll produced after the data breach, this data is central to the litigation. The discovery that Plaintiffs seek through the clean room access will assist with further developing Plaintiffs' case in chief and identifying any potential defenses Defendants may assert.

13.     The 20 terabytes of data are readily available without any burden to Defendants. Defendants' failure to meaningfully answer routine questions regarding the proposal has substantially prejudiced Plaintiffs' efforts to obtain relevant discovery in this case. Thus, Plaintiffs respectfully request the Court compel Defendants to engage with Plaintiffs to negotiate the terms of the proposed clean room access and make available for review the 20 terabytes accessed during the data breach in question.

14.     **Improper Clawback of Relevant Documents.** On October 31, 2024, Defendants communicated their intent to claw back certain documents, and portions of other documents via redactions, for which Defendants now claim attorney-client privilege.

15.     These documents, and the portions that Defendants now seek to redact, all generally relate to Defendants' internal discussions regarding potential responses to the Multistate Mortgage Commission, a representative body of state mortgage regulators that conducted a post-incident investigation of Defendants.

16.     On November 1, 2024, Plaintiffs acknowledged receipt of the assertion of privilege, and receipt of proposed redactions, but advised Defendants that there was not necessarily agreement that the privilege assertions were appropriate.  Plaintiffs further advised Defendants that the documents and redactions may need to be submitted to the Court for in camera review.

17. On November 8, 2024, Plaintiffs emailed Defendants and indicated that upon review of the descriptions of the documents and redacted material sought to be clawed back, Plaintiffs did not believe that the assertion of attorney-client privilege for communications between and among employees of the Defendants was well-taken, and that any assertion of attorney-client privilege was waived. Plaintiffs indicated their intention to add this issue to the list of discovery issues to bring before the Court and invited a meet-and-confer.

18. On November 15, 2024, the Parties met and conferred telephonically about this issue and were unable to reach a resolution.

19. As such, Plaintiffs respectfully request the Court deem the documents at issue not protected under the attorney-client privilege. In the alternative, Plaintiffs respectfully request the Court conduct an in-camera review to determine whether attorney-client privilege applies.

20. Between October 25, 2024 and November 22, 2024, the Parties communicated regarding their respective availability for a hearing on the above-referenced issues.

21. Accordingly, on November 22, 2024, the undersigned counsel called the Honorable Chief Magistrate Judge Edwin Torres' chambers to obtain a hearing date to address the above-referenced issues. The undersigned was informed that Judge Torres is available on December 19, 2024, at 1:30 p.m.

WHEREFORE, the Plaintiffs respectfully request that the Court schedule a hearing on the above-referenced discovery issues on December 19, 2024, at 1:30 p.m., or at the Court's earliest convenience.

<u>**Local Rule 7.1(a)(3) Certification**</u>

Counsel for Plaintiffs including but not limited to Nicolle Britto and David Lietz have conferred both by zoom orally and in writing with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

Dated: November 22, 2024                    */s/Julie Braman Kane*

Julie Braman Kane
Florida Bar No. 980277
**COLSON HICKS EIDSON**
255 Alhambra Circle – Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
julie@colson.com

*Plaintiffs' Liaison Counsel*

JOHN A. YANCHUNIS
**MORGAN & MORGAN COMPLEX
  LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com

*Chair, Plaintiffs' Executive Committee*

STUART ANDREW DAVIDSON
BRADLEY BEALL
NICOLLE BRITO
**ROBBINS GELLER RUDMAN &
  DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
561-750-3000
Fax: 750-3364
sdavidson@rgrdlaw.com
bbeall@rgrdlaw.com
nbrito@rgrdlaw.com

ADAM E. POLK (*pro hac vice*)
SIMON GRILLE (*pro hac vice*)
JORDAN ISERN (*pro hac vice*)
KRISTEN PALUMBO (*pro hac vice*)
**GIRARD SHARP LLP**
601 California St, Ste 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

GARY M. KLINGER (*pro hac vice*)
**MILBERG COLEMAN BRYSON**
  **PHILLIPS GROSSMAN, PLLC**
227 Monroe Street, Suite 2100
Chicago, IL 60606
866.252.0878
gklinger@milberg.com

M. ANDERSON BERRY (*pro hac vice*)
GREGORY HAROUTUNIAN (*pro hac vice*)
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com

*Members, Plaintiffs' Executive Committee*

DAVID K. LIETZ (*pro hac vice*)
**MILBERG COLEMAN BRYSON**
  **PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW
Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
dlietz@milberg.com

RYAN D. MAXEY
**MAXEY LAW FIRM, P.A.**
107 North 11th Street, Suite 402
Tampa, FL 33602
ryan@maxeyfirm.com

TERRY R. COATES (*pro hac vice*)
DYLAN J. GOULD (*pro hac vice*
forthcoming)
**MARKOVITS, STOCK &
  DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: 513/651-3700
513/665-0219 (fax)
tcoates@msdlegal.com
dgould@msdlegal.com

LORI G. FELDMAN (*pro hac vice*)
**GEORGE GESTEN
  MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (917) 983-9321
Fax: (888) 421-4173
LFeldman@4-Justice.com
E-Service: eService@4-Justice.com

JOSEPH M. LYON (*pro hac vice*)
**THE LYON FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
(513) 381-2333
jlyon@thelyonfirm.com

*Attorneys for Plaintiffs*