UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG<br><br>**UNOPPOSED MOTION TO AMEND FOURTH AMENDED SCHEDULING ORDER (ECF NO. 248)** |

Pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 7.1, Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, and Norma Grossman, on behalf of themselves and all others similarly situated ("Plaintiffs") respectfully request the Court amend its Fourth Amended Scheduling Order (ECF No. 248) to enlarge all deadlines by sixty days, and in support thereof state as follows:

1.  On May 5, 2022, the Court entered its original Order re Consolidation of Actions and Process For Appointment of Interim Class Counsel ("Consolidation Order") to consolidate actions relating to the same data security incident (ECF No. 20).

2.  On August 1, 2022, pursuant to the Consolidation Order, Plaintiffs filed their Consolidated Class Action Complaint (ECF No. 47). This case has been actively litigated since.

3.  On November 18, 2024, the Court entered an Order granting the Parties' Joint Motion to Amend the Scheduling Order which, among other things, set the trial date and deadlines related to class certification (ECF No. 248).

4.  The parties have been working toward those deadlines including upcoming class certification deadlines. Under those deadlines, the Plaintiffs' Motion for Class Certification

("Motion") is due this Friday, January 31, 2025. Plaintiffs have been actively preparing the Motion to comply with this deadline.

5. A number of evidence-specific issues have arisen in recent days which the parties are attempting to resolve. These include issues, each to be addressed below, related to (1) delayed production of data from Kroll which was the subject of a hearing in front of Chief Magistrate Judge W. Torres on December 19, 2024; (2) the scheduled inspection of the 20 Terabytes of exfiltrated data, currently scheduled for Tuesday and Wednesday, January 28 and 29, 2025; and (3) Defendants' recent objection to the use of deposition testimony highly relevant to the Motion which occurred in writing by email on Saturday, January 25, 2025.

**Kroll Data**

6. After discovery of the breach, Kroll, LLC, was retained by Defendants to review Defendants' files and disseminate notice of the data breach to the class, including the named Plaintiffs. Interim class counsel subpoenaed Kroll, which subpoena was met with objection by Defendants. Thereafter, on March 24, 2024, Plaintiffs requested to be provided the Kroll deliverables and data identified in a Statement of Work between Defendants and Kroll. The data Plaintiffs sought exists in summary form as prepared by Kroll following its review of Defendants' own data. After conferral, the parties agreed that Defendants would produce line items from the Kroll spreadsheets referencing the named Plaintiffs, including the compromised data elements for each, prior to class certification. Production was made, Plaintiffs found it to be incomplete, and briefing and a lengthy argument in front of Chief Magistrate Judge Torres occurred on December 19. While a written order has not yet been issued, the transcript confirms that the named Plaintiffs' information be produced timely for use in the Motion. After further conferral, Plaintiffs agreed to serve interrogatories specifying the information sought, and counsel for Defendants agreed to produce the same promptly with responses anticipated by Plaintiffs last week. On Thursday, January 23, 2025, counsel for Defendants represented that the data analysis is in process but slow, given the number and size of files involved. Those interrogatory responses have been pending, and as of this filing responses  not been received  This information – which

concerns the Plaintiffs' specific data at issue in this breach – is highly relevant to Plaintiffs' claims in the Motion.

### 20 Terabytes of Data and Clean Room Inspection on January 28 and 29, 2025

7.     On October 8, 2024, Plaintiffs attempted to engage with Defendants to coordinate clean room access to the approximate 20 terabytes of data that was accessed by nefarious actors. Plaintiffs requested details concerning the setup (*e.g.*, type of computer, its capabilities, and operating system), any limitations that Defendant would insist on imposing for the clean room access, and the timeline for this review. With no response, Plaintiffs followed up on October 15 and were promised a response which was not received. On October 21, 2024, Plaintiffs followed up again, then again on October 22, 2024, when Defendants provided scant and inadequate details. Within hours, Plaintiffs requested the specific details crucial to inform the amount of time needed for the data review. On October 28, 2024, Plaintiffs followed up again, and again October 30 and October 31 to attempt to coordinate meet and confers and were told that Defendants had not yet been able to locate someone with the technical answers. The matter was set for hearing December 19 in front of Chief Magistrate Judge Torres, and in the days leading up to that hearing, Defendants confirmed the necessary details as well as available dates. Ultimately, the first available workable date was this week - the week the Motion is due. When asked if Defendants would confirm they did not intend to rely on this evidence in their opposition to class certification, they refused but offered a reasonable extension of deadlines.

### Recent Objections to the Use of Evidence

8.     Last week, on January 21, 2025, Defendants raised an issue about certain deposition testimony taken in this case potentially being subject to the Multistate Mortgage Commission's ("MMC") confidential supervisory information ("CSI") privilege, asserting that Plaintiffs could not utilize that deposition testimony in support of Plaintiffs' motion for class certification. A dispute exists as to whether or not this issue had been properly raised prior to January 21, 2025. However, it is not in dispute that to date, the MMC – who holds the privilege

– has not asserted that position, nor claimed privilege over any deposition testimony taken in this case. The Parties have a disagreement about whether or not any claim of privilege over the deposition testimony (consisting of approximately 50 pages of deposition testimony of Nathan Wilkey, Defendants' Chief Information Security Officer ("CISO"), identified with specificity by Defendants on Saturday, January 25, 2025) would be valid and whether that testimony can be considered in the Motion.

**Argument**

9.  Each of the above-described evidentiary issues is central to at least one issue in the Motion, and Plaintiffs, at this point, are not able to cite to it, while Defendants have control over the evidence at issue and can and likely will refer to it extensively in their response to the Motion.

10. Good cause exists to amend the Scheduling Order to facilitate administration of the case and conserve the Court's and the Parties' resources, given these critical evidentiary issues.

11. Discovery in this matter is complex and substantial. This Action involves four named Defendants and many Plaintiffs who have produced thousands of pages of documents and continue to review and produce documents. Deposition discovery is ongoing. Third-party subpoenas have been issued and related issues have been argued extensively in front of Magistrate Judge Torres, as have additional discovery disputes beyond those outlined above. Amending the case schedule to allow the Parties sufficient time to complete discovery pertaining to class certification and determine the issues for class certification will ensure an orderly, streamlined, and efficient use of the Parties' and Court's resources, and will ensure class certification is decided on a developed record. This disparate access to critical evidence, through no fault of the Plaintiffs' team, as described above, forces Plaintiffs to file this Motion to Enlarge the Scheduling Order by sixty (60) days to allow Court intervention where and if needed and to allow equal access to critical evidence and argument for both parties to this lawsuit.

12. Accordingly, the Plaintiffs propose amending the current deadlines through trial and respectfully request that the Court enter the proposed schedule outlined below.

| EVENT | CURRENT DEADLINE | PROPOSED NEW DEADLINE |
|---|---|---|
| Plaintiffs shall file their motion for class certification and serve any class expert reports or declarations in support of the same | 1/31/2025 | 3/31/2025 |
| Defendants shall file their opposition to Plaintiffs' motion for class certification and serve any class expert reports or declarations in support of the same by | 3/31/2025 | 5/3/2025 |
| Plaintiffs shall file their reply brief in support of their motion for class certification and serve any rebuttal class expert reports or declarations in support of the same by | 4/28/2025 | 6/27/2025 |
| Written lists containing names and addresses of all fact witnesses intended to be called at trial due by | 2/19/2026 | 4/17/2026 |
| Plaintiffs shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | 7/30/2025 | 9/30/2025 |
| Defendants shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | 9/11/2025 | 11/11/2025 |
| Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by | 10/13/2025 | 12/12/2025 |
| Fact discovery shall be completed by | 8/6/2025 | 10/6/2025 |
| Expert discovery shall be completed by | 10/27/2025 | 12/23/2025 |
| Dispositive motions, including motions for summary judgment, and Daubert motions, shall be filed by | 11/17/2025 | 1/17/2026 |
| Responses to dispositive and Daubert motions shall be filed by | 1/16/2026 | 3/16/2025 |
| Replies in support to dispositive and Daubert motions shall be filed by | 1/30/2026 | 3/30/2026 |
| All pretrial motions and memoranda of law, including motions in limine, shall be filed by | 2/26/2026 | 4/27/2026 |
| Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law shall be filed by | 4/6/2026 | 6/8/2026 |

13. In compliance with Local Rule 7.1(a)(3), the Plaintiffs certify that John Yanchunis has conferred with Defendants' lead counsel Paul Karlsgodt regarding the present Motion and he

represents that his clients agrees to the relief sought herein.

14. This enlargement of time will not result in undue delay in the administration of this case and will create significant efficiencies for both the Court and the parties.

WHEREFORE, the Plaintiffs respectfully request that the Court enter an order amending the Scheduling Order as set forth herein.

## NOTICE OF ENDORSEMENT

Pursuant to the CM/ECF Administrative Procedure 3(J)(3), the undersigned filing counsel hereby certifies that John Yanchunis has conferred with Defendants' lead counsel Paul Karlsgodt regarding the present Motion and Mr. Karlsgodt has represented that his clients agrees to the relief sought herein.

Dated: January 27, 2025

*/s/Julie Braman Kane*
Julie Braman Kane
Florida Bar No. 980277
**COLSON HICKS EIDSON**
255 Alhambra Circle – Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
julie@colson.com
*Plaintiffs' Liaison Counsel*

JOHN A. YANCHUNIS
**MORGAN & MORGAN COMPLEX
 LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com
*Chair, Plaintiffs' Executive Committee*

ADAM E. POLK (*pro hac vice*)
SIMON GRILLE (*pro hac vice*)
JORDAN ISERN (*pro hac vice*)
KRISTEN PALUMBO (*pro hac vice*)
**GIRARD SHARP LLP**
601 California St, Ste 1400
San Francisco, CA  94108
Telephone: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com

kmacey@girardsharp.com

GARY M. KLINGER (*pro hac vice*)
**MILBERG COLEMAN BRYSON
 PHILLIPS GROSSMAN, PLLC**
227 Monroe Street, Suite 2100
Chicago, IL 60606
866.252.0878
gklinger@milberg.com

STUART A. DAVIDSON
Florida Bar No. 0084824
DOROTHY P. ANTULLIS
Florida Bar No. 890421
NICOLLE B. BRITO
Florida Bar No. 43399
**ROBBINS GELLER RUDMAN
     & DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  (561) 750-3000
(561) 750-3364 (fax)
sdavidson@rgrdlaw.com
dantullis@rgrdlaw.com
nbrito@rgrdlaw.com

M. ANDERSON BERRY (*pro hac vice*)
GREGORY HAROUTUNIAN (*pro hac vice*)
**CLAYEO C. ARNOLD,
A PROFESSIONAL CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com

*Members, Plaintiffs' Executive Committee*

DAVID K. LIETZ (*pro hac vice*)
**MILBERG COLEMAN BRYSON
 PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW
Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
dlietz@milberg.com

RYAN D. MAXEY
**MAXEY LAW FIRM, P.A.**

107 North 11th Street, Suite 402
Tampa, FL 33602
ryan@maxeyfirm.com

TERRY R. COATES (*pro hac vice*)
DYLAN J. GOULD (*pro hac vice* forthcoming)
**MARKOVITS, STOCK &
 DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: 513/651-3700
513/665-0219 (fax)
tcoates@msdlegal.com
dgould@msdlegal.com

LORI G. FELDMAN (*pro hac vice*)
**GEORGE GESTEN
 MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (917) 983-9321
Fax: (888) 421-4173
LFeldman@4-Justice.com
E-Service: eService@4-Justice.com

JOSEPH M. LYON (*pro hac vice*)
**THE LYON FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
(513) 381-2333
jlyon@thelyonfirm.com

*Attorneys for Plaintiffs*