# **EXHIBIT 1**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Master File No. 1:22-cv-20955-DPG

| | |
|---|---|
| In re LAKEVIEW LOAN SERVICING DATA BREACH LITIGATION | CLASS ACTION |

**DECLARATION OF JOHN A. YANCHUNIS IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, John A. Yanchunis, declare as follows:

1. I am an attorney duly licensed to practice in the states of Florida and Texas and also a member of this Court. I lead Morgan & Morgan's class action group. Morgan & Morgan is America's largest injury law firm with over 1,000 lawyers in offices throughout the United States. Its depth as a trial firm, and its self-funded financial resources, allow it to undertake the largest and most significant cases throughout the country.

2. I have been appointed by this Court as Chair of Plaintiffs' Executive Committee ("PEC") in this case. I submit this declaration in support of the concurrently submitted Plaintiffs' Motion for Class Certification (the "Motion"). I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.

**Class Counsel**

3. On June 16, 2022, the Court granted Plaintiffs' Motion for Appointment as Interim Class Counsel and appointed a Plaintiffs' Executive Committee ("PEC"), which I chair and which includes Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP, Adam E. Polk of Girard Sharp LLP, Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Julie Braman

Kane of Colson Hicks Eidson, P.A. as Plaintiffs' Liaison Counsel. ECF No. 43.[1] The Motion seeks the appointment of the current members of the PEC—me, Mr. Davidson, Mr. Polk, Mr. Klinger, Ms. Kane and Mr. Berry—as Class counsel ("Proposed Class Counsel"). Proposed Class Counsel have substantial experience and expertise prosecuting class actions, including similar nationwide cases arising from major data breaches, have committed and will continue to apply the resources necessary to represent the Class, and have otherwise demonstrated our commitment and ability to vigorously prosecute this case in the best interests of the Class. *See* ECF No. 26 (Mtn. for Apptmt. As Interim Lead Counsel); ECF Nos. 26-2–26-7 (firm resumes).

4. In the nearly two years since our appointment, the PEC and our respective firms have worked efficiently, cooperatively, and tirelessly to represent the best interests of the Class. Among other things, the PEC has:

- Researched, prepared, and filed two consolidated complaints;
- Briefed two rounds of motions to dismiss;
- Requested, reviewed, and analyzed over 123,000 documents, consisting of 414,777 pages, from Defendants;
- Subpoenaed documents from nearly twenty third parties;
- Prepared for and taken fourteen Rule 30(b)(6) and percipient witness depositions;
- Prepared and served four sets of Requests for Production of Documents, four sets of Interrogatories, and one set of Requests for Admission on Defendants;
- Engaged in dozens of meet-and-confers with Defendants' counsel concerning various discovery disputes;
- Briefed and engaged in supplemental briefing on eight discovery-related motions, including disputes regarding work-product and privilege and

---

[1] On October 17, 2024, the Court substituted one other member of the PEC, Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz, with M. Anderson Berry of the Law Firm of Clayeo C. Arnold. *See* ECF No. 243.

> Plaintiffs' third-party subpoenas, and arguments at four hearings before Judge Torres;
>
> - Worked with dozens of Plaintiffs to prepare and serve responses to Defendants' two sets of Requests for Production of Documents, two sets of Interrogatories, and one set of Requests for Admission;
> - Assisted each Plaintiff in collecting and producing responsive documents, including working with a third-party vendor to collect ESI stored on Plaintiffs' electronic devices, if any;
> - Prepared for and defended the depositions of nearly 20 Plaintiffs;
> - Worked extensively with six experts on issues relating to class certification; and
> - Prepared and filed Plaintiffs' motion for class certification and supporting materials.

**Plaintiff Declarations**

5. Attached to the Motion as **Exhibits 2 through 17** are true and correct copies of the declarations of the following Plaintiffs: Mark Arthur **(Exhibit 2)**, Beth Berg **(Exhibit 3)**, David Cunningham **(Exhibit 4)**, Savannah Farley **(Exhibit 5)**, Jorge Gonzalez **(Exhibit 6)**, Norma Grossman **(Exhibit 7)**, Deborah Hamilton **(Exhibit 8)**, Michael Kassem **(Exhibit 9)**, Thomas Lapenter **(Exhibit 10)**, John McMahon **(Exhibit 11)**, Pedro Rubio **(Exhibit 12)**, Kimberley Rowton **(Exhibit 13)**, Jay Saporta **(Exhibit 14)**, Hardik Sevak **(Exhibit 15)**, Cindy Villanueva **(Exhibit 16)**, and Peter Wojciechowski **(Exhibit 17)**.

**Expert Declarations**

6. Attached to the Motion as **Exhibits 18 through 22** are true and correct copies of the declarations of the following Plaintiffs' experts: Eric Matolo, Ph.D. **(Exhibit 18),** Christopher Thompson **(Exhibit 19)**, Darren J. Mott **(Exhibit 20)**, Mary T. Frantz **(Exhibit 21)**, and Terry Long **(Exhibit 22)**.

**Trial Plan**

7.      Attached to the Motion as **Exhibit 26** is a true and correct copy of Plaintiffs' proposed Trial Plan.

**Documents, Interrogatory Responses, and Deposition and Hearing Transcripts**

8.      Attached to the Motion as **Exhibit 23** is a true and correct copy of a document produced by Defendants[2] in this litigation bearing the Bates numbers BAYVIEW000138037–BAYVIEW000138038.

9.      Attached to the Motion as **Exhibit 24** is a true and correct copy of a Settlement Agreement and Consent Order between State Mortgage Regulators and Defendants ("Settlement"), dated December 31, 2024, available at https://dfpi.ca.gov/wp-content/uploads/2025/01/Consent-Order-Lakeview-Loan-Servicing-LLC.pdf  (last visited March 28, 2025). As the Settlement indicates, "on becoming aware of and due to the" data breach at issue in this case (the "Data Breach"), on or about April 1, 2022, the "State Mortgage Regulators" of the various "Participating States," "as coordinated" by the Multi-State Mortgage Committee ("MMC"), commenced "a multi-state targeted cybersecurity examination (the 'Multi-State Cybersecurity Examination') of [Defendants] … in order to determine [their] compliance with applicate State and Federal laws and regulations and assess the effectiveness of [their] information technology ('IT') and cybersecurity program (the 'IT and Cybersecurity Program')." Settlement at 1, 3. Plaintiffs have been denied access to some of the most critical evidence that Defendants provided to the MMC during the course of its Multi-State Cybersecurity Examination, including investigative reports drafted by two consulting companies, Mandiant and Protiviti, following the Data Breach (the "Consultant Reports). *See* Settlement at 3-4 (referring to MMC's receipt of documents relating to Defendants' "investigation into the incident," including "assessment and

---

[2] Defendants are Bayview Asset Management, LLC ("Bayview"), Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Community Loan Servicing, LLC ("CLS").

root cause reports" and MMC's reliance on "reports from third parties" that were "provided by [Defendants]").

10. In response to Plaintiffs' document requests, Defendants produced many draft and final versions of presentations to and correspondence with the MMC, including documents that reflected their "root cause" analysis. Since then, however, an issue has arisen regarding whether MMC has a confidential supervisory information ("CSI") privilege over not only those documents but *any* of Defendants' presentations, communications or other documents relating to the MMC's Cybersecurity Examination, whether those documents were presented to the MMC or not. This includes various iterations of Defendants' own "root cause" analysis of the Data Breach, including those as to which Defendants assert no privilege or work product protection. Plaintiffs' negotiations with the MMC regarding Plaintiffs' ability to use such documents in this case, and the scope of MMC's privilege (if any), are ongoing.

11. Regarding the Consultant Reports, Defendants voluntarily disclosed them to the MMC but then refused to produce them in this case under a claim of work-product protection. On March 27, 2025, Chief Magistrate Judge Torres issued an Order (ECF No. 275) rejecting Defendants' claim of work product protection and directed Defendants to produce the Consultant Reports within seven (7) days (or on March 3, 2025), which is two days after Plaintiffs' deadline to file their instant class certification Motion.

12. Attached to the Motion as **Exhibit 25** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000033873–BAYVIEW000033876.

13. Attached to the Motion as **Exhibit 27** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000371774–BAYVIEW000371779.

14. Attached to the Motion as **Exhibit 28** is a true and correct copy of excerpts of Bayview's Objections and Responses to Plaintiffs' First Set of Interrogatories, dated January 17, 2023, specifically Bayview's responses to interrogatory numbers 1, 2, 4, 6, and 11.

5

15. Attached to the Motion as **Exhibit 29** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000271724–BAYVIEW000271726.

16. Attached to the Motion as **Exhibit 30** is a true and correct copy of excerpts from the transcript of the deposition of Eddie Buitrago, Bayview Vice President, Enterprise Services, taken in this action on August 29, 2024.

17. Attached to the Motion as **Exhibit 31** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000002779–BAYVIEW000002781.

18. Attached to the Motion as **Exhibit 32** is a true and correct copy of excerpts from the transcript of the deposition of Brian Rosario, Bayview Vice President IT Security, taken in this action on April 3, 2024.

19. Attached to the Motion as **Exhibit 33** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000371311–BAYVIEW000371313.

20. Attached to the Motion as **Exhibit 34** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000297131–BAYVIEW000297137.

21. Attached to the Motion as **Exhibit 35** is a true and correct copy of excerpts from the transcript of the Rule 30(b)(1) deposition of Nathan Wilkey, Bayview Chief Information Security Officer, taken in this action on April 24, 2024.

22. Attached to the Motion as **Exhibit 36** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates number BAYVIEW000395411.

23. Attached to the Motion as **Exhibit 37** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000281035–BAYVIEW000281049.

24. Attached to the Motion as **Exhibit 38** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000289247–BAYVIEW000289253.

25. Attached to the Motion as **Exhibit 39** is a true and correct copy of excerpts from the transcript of the deposition of Eric Lozano, Bayview Chief Information Officer, taken in this action on June 12, 2024.

26. Attached to the Motion as **Exhibit 40** is a true and correct copy of excerpts from the transcript of the Rule 30(b)(6) deposition of Defendants' designee, Scott Norton, Bayview Senior Vice President, Internal Audit, taken in this action on March 2, 2023.

27. Attached to the Motion as **Exhibit 41** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000010129–BAYVIEW000010132.

28. Attached to the Motion as **Exhibit 42** is a true and correct copy of excerpts from the transcript of the Rule 30(b)(6) deposition of Defendants' designee, Nathan Wilkey, taken in this action on March 2, 2023.

29. Attached to the Motion as **Exhibit 43** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000136384–BAYVIEW000136388.

30. Attached to the Motion as **Exhibit 44** is a true and correct copy of excerpts of a December 19, 2024 discovery hearing in this action before the Honorable Edwin G. Torres, Chief United States Magistrate Judge.

31. Attached to the Motion as **Exhibit 45** is a true and correct copy of excerpts of Defendants' Supplemental Objections and Responses to Plaintiffs' Interrogatories to Defendants Regarding Kroll, dated March 4, 2025, specifically Defendants' responses to interrogatory numbers 13 and 14.

32. Attached to the Motion as **Exhibit 46** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates number BAYVIEW000019980.

33. Attached to the Motion as **Exhibit 47** is a true and correct copy of excerpts from the transcript of the deposition of Richard O'Brien, Bayview Co-Chief Operations Officer, taken in this action on August 20, 2024.

34. Attached to the Motion as **Exhibit 48** is a true and correct copy of an excerpt of a document produced by Defendants in this litigation bearing the Bates number BAYVIEW000138620.

35. Attached to the Motion as **Exhibit 49** is a true and correct copy of an excerpt of documents, consisting of an email chain plus three attachments, produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000150569–BAYVIEW000150587. Due to its size (16 pages), Plaintiffs only include the first page of the email chain (BAYVIEW000150569) and the three attachments (BAYVIEW000150585–BAYVIEW000150587). Plaintiffs are prepared to make the complete document available to the Court upon request.

36. Attached to the Motion as **Exhibit 50** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates number BAYVIEW000002669.

37. Attached to the Motion as **Exhibit 51** is a true and correct copy of excerpts from the transcript of the deposition of Preston Acuff, Bayview IT Security Engineer, taken in this action on April 2, 2024.

38. Attached to the Motion as **Exhibit 52** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates number BAYVIEW000020872.

39. Attached to the Motion as **Exhibit 53** is a true and correct copy of excerpts from the transcript of the deposition of Mark Morales, Bayview IT Security Engineer, taken in this action on June 18, 2024.

40. Attached to the Motion as **Exhibit 54** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000002006–BAYVIEW000002009.

41. Attached to the Motion as **Exhibit 55** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000280995–BAYVIEW000281007.

42. Attached to the Motion as **Exhibit 56** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000038066–BAYVIEW000038070.

43. Attached to the Motion as **Exhibit 57** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates number BAYVIEW000048952.

44. Attached to the Motion as **Exhibit 58** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000006189–BAYVIEW000006200.

45. Attached to the Motion as **Exhibit 59** is a true and correct copy of excerpts of a document produced by Defendants in this litigation bearing the Bates number BAYVIEW000269537. BAYVIEW000269537 was produced natively as a thirty-seven (37) page PowerPoint file. Given the size of the complete document, Plaintiffs submit only the first three (3) pages of the document. Plaintiffs are prepared to make the complete document available to the Court upon request.

46. Attached to the Motion as **Exhibit 60** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000002010–BAYVIEW000002011.

47. Attached to the Motion as **Exhibit 61** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000006042–BAYVIEW000006056.

48. Attached to the Motion as **Exhibit 62** is a true and correct copy of copy of excerpts from the transcript of the Rule 30(b)(6) deposition of Defendants' designee, Carlos Portugal, Bayview Chief Compliance Officer, taken in this action on June 28, 2023.

49. Attached to the Motion as **Exhibit 63** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000280362–BAYVIEW000280365.

50. Attached to the Motion as **Exhibit 64** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000389481–BAYVIEW000389483.

51. Attached to the Motion as **Exhibit 65** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000007193–BAYVIEW000007195.

52. Attached to the Motion as **Exhibit 66** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000171495–BAYVIEW000171497.

53. Attached to the Motion as **Exhibit 67** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000006566–BAYVIEW000006574.

54. Attached to the Motion as **Exhibit 68** is a true and correct copy of excerpts of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000004233–BAYVIEW000004334. Plaintiffs attach only excerpts, specifically the pages bates numbered BAYVIEW000004233–4235 and BAYVIEW000004312–BAYVIEW000004321, due to the size of the document in its entirety, which is 100 pages. Plaintiffs are prepared to make the complete document available to the Court upon request.

55. Attached to the Motion as **Exhibit 69** is a true and correct copy of a document produced by Defendants in this litigation bearing the Bates numbers BAYVIEW000414625–BAYVIEW000414627.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of March, 2025, at Tampa, Florida.

/s/
John A. Yanchunis