## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendants Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), Community Loan Servicing, LLC ("Community"), and Bayview Asset Management LLC ("Bayview") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiffs' Amended Consolidated Class Action Complaint (the "Complaint"). Except to the extent expressly admitted below, Defendants generally deny each and every allegation contained in the Complaint, including, without limitation, any allegations or assertions contained in the Complaint's headings and footnotes, and each and every purported cause of action in it, and further deny that Plaintiffs have been damaged in the manner alleged.

### I.      INTRODUCTION

1.      Defendants admit they were the victims of a criminal cyberattack and that Plaintiffs purport to bring this action on behalf of themselves and others, but deny that class treatment is appropriate. Defendants deny all other allegations.

2.      Defendants deny the allegations.

3.      Defendants deny the allegations.

4.      Defendants deny the allegations.

5.      Defendants admit they were the victims of a criminal cyberattack, certain aspects of which are described in the notification letter attached as Exhibit 1 to the Complaint, which speaks for itself. Defendants deny all other allegations.

6.      Defendants admit that they conducted an internal review which, by on or about January 31, 2022, determined a preliminary list of individuals whose information may have been subject to unauthorized access in the October 2021 data incident (the "Data Incident"), which included approximately 2,537,261 individuals who were notified by Lakeview.  Defendants admit that Lakeview reported the results of Defendants' investigation to various state attorneys general on or about March 18, 2022.  Defendants deny all other allegations.

7.      Defendants admit that, on or about June 23, 2022, Lakeview reported that an additional approximately 100,796 individuals' information may have been subject to unauthorized access in the Data Incident.  Defendants admit that, by on or about November 1, 2022, they had identified a total of approximately 3,920,444 individuals whose information may have been subject to unauthorized access in the Data Incident.  Defendants deny all other allegations.

8.      Defendants admit that approximately 1,405,383 individuals' information may have been subject to unauthorized access in the Data Incident. Community admits that approximately 444,534 individuals' information may have been subject to unauthorized access in the Data Incident.  Defendants deny all other allegations.

9.      Defendants admit that at least five million individuals' information may have been subject to unauthorized access in the Data Incident.  Defendants further admit that Plaintiffs purport to bring this action on behalf of themselves and others, but deny that class treatment is appropriate.  Defendants deny all other allegations.

10.     Defendants admit that on or about March 16, 2022, Lakeview began notifying individuals whose information may have been subject to unauthorized access in the Data Incident. Defendants admit that, on or about April 6, 2022, Pingora began notifying individuals whose information may have been subject to unauthorized access in the Data Incident.  Defendants admit

that, on or about May 16, 2022, Community began notifying individuals whose information may have been subject to unauthorized access in the Data Incident.  Defendants deny all other allegations.

11.   Defendants admit that they notified all individuals whose information may have been subject to unauthorized access in the Data Incident.  Defendants further admit that they, in the notification letters, offered individuals whose information may have been subject to unauthorized access in the Data Incident complimentary identity monitoring services through Kroll, LLC ("Kroll") for one year or, in certain cases, two years.  Defendants deny all other allegations.

12.   Defendants admit that they notified all individuals whose information may have been subject to unauthorized access in the Data Incident.  The notification letters speak for themselves.  Defendants deny all other allegations.

13.   Defendants deny the allegations.

14.   Defendants admit they produced the following documents in discovery, which speak for themselves:   BAYVIEW000033873-876,   BAYVIEW000127506-509, BAYVIEW000127486,   BAYVIEW000011422-427,   BAYVIEW000002010-011, BAYVIEW000006898-907,  and  BAYVIEW000147612-614.   Defendants deny all other allegations.

15.   Defendants admit that Plaintiffs purport to quote from a number of outdated job postings, which are now closed, and which job postings speak for themselves.  Defendants deny all other allegations.

16.    Defendants admit that Plaintiffs reference and purport to cite to a job posting, using a broken URL that is no longer active.  To the extent the job posting even exists, it speaks for itself.  Defendants deny all other allegations.

17.    Defendants admit that Plaintiffs reference and purport to cite to a job posting, using a URL that takes the user to a webpage which reads: "Error 404!  This page could not be found." To the extent the job posting even exists, it speaks for itself.  Defendants deny all other allegations.

18.    Defendants admit they produced the document cited in this paragraph, which speaks for itself.  Defendants deny all other allegations.

19.    The allegations in paragraph 19 of the Complaint are legal conclusions requiring no response.  Further, paragraph 19 purports to quote from an outdated job posting, which is now closed, and which speaks for itself.  To the extent a response is required, Defendants deny the allegations.

20.    The allegations in paragraph 20 of the Complaint are legal conclusions requiring no response.  Further, paragraph 20 cites to the following document produced in discovery, which speaks for itself: BAYVIEW000000354.  To the extent a response is required, Defendants deny the allegations.

21.    Defendants deny the allegations.

22.    Defendants admit that they used security measures to protect borrowers' personal information from unauthorized disclosure.  Defendants further admit that they, nonetheless, were the victims of a criminal cyberattack.  Defendants deny all other allegations, including any implication that Defendants did not safeguard PII in connection with the Data Incident.

23.    Defendants deny the allegations.

24.    Defendants deny the allegations.

25.     Defendants deny the allegations.

26.     Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and others, but deny that class treatment is appropriate.  Defendants admit that Plaintiffs seek damages and injunctive relief, but deny that Plaintiffs are entitled to any damages or other relief as alleged in paragraph 26.  Defendants deny all other allegations.

## II.     PARTIES

27.     Defendants lack information sufficient to answer the allegations set forth in paragraph 27 and therefore deny them.

28.     Defendants lack information sufficient to answer the allegations set forth in paragraph 28 and therefore deny them.

29.     Defendants lack information sufficient to answer the allegations set forth in paragraph 29 and therefore deny them.

30.     Defendants lack information sufficient to answer the allegations set forth in paragraph 30 and therefore deny them.

31.     Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

32.     Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

33.     Defendants lack information sufficient to answer the allegations set forth in paragraph 33 and therefore deny them.

34.     Defendants lack information sufficient to answer the allegations set forth in paragraph 34 and therefore deny them.

35.     Defendants lack information sufficient to answer the allegations set forth in paragraph 35 and therefore deny them.

36.     Defendants lack information sufficient to answer the allegations set forth in paragraph 36 and therefore deny them.

37.     Defendants lack information sufficient to answer the allegations set forth in paragraph 37 and therefore deny them.

38.     Defendants lack information sufficient to answer the allegations set forth in paragraph 38 and therefore deny them.

39.     Defendants lack information sufficient to answer the allegations set forth in paragraph 39 and therefore deny them.

40.     Defendants lack information sufficient to answer the allegations set forth in paragraph 40 and therefore deny them.

41.     Defendants lack information sufficient to answer the allegations set forth in paragraph 41 and therefore deny them.

42.     Defendants lack information sufficient to answer the allegations set forth in paragraph 42 and therefore deny them.

43.     Defendants lack information sufficient to answer the allegations set forth in paragraph 43 and therefore deny them.

44.     Defendants lack information sufficient to answer the allegations set forth in paragraph 44 and therefore deny them.

45.     Defendants lack information sufficient to answer the allegations set forth in paragraph 45 and therefore deny them.

46.     Defendants lack information sufficient to answer the allegations set forth in paragraph 46 and therefore deny them.

47.     Defendants lack information sufficient to answer the allegations set forth in paragraph 47 and therefore deny them.

48.     Defendants lack information sufficient to answer the allegations set forth in paragraph 48 and therefore deny them.

49.     Defendants lack information sufficient to answer the allegations set forth in paragraph 49 and therefore deny them.

50.     Defendants lack information sufficient to answer the allegations set forth in paragraph 50 and therefore deny them.

51.     Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

52.     Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

53.     Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

54.     Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

55.     Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

56.     Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

57.     Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

58.     Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

59.     Defendants lack information sufficient to answer the allegations set forth in paragraph 59 and therefore deny them.

60.     Defendants lack information sufficient to answer the allegations set forth in paragraph 60 and therefore deny them.

61.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

62.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

63.     Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

64.     Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

65.     Defendants lack information sufficient to answer the allegations set forth in paragraph 65 and therefore deny them.

66.     Defendants lack information sufficient to answer the allegations set forth in paragraph 66 and therefore deny them.

67.     Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

68.     Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

69.     Defendants lack information sufficient to answer the allegations set forth in paragraph 69 and therefore deny them.

70.     Defendants lack information sufficient to answer the allegations set forth in paragraph 70 and therefore deny them.

71.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

72.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

73.     Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

74.     Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

75.     Defendants lack information sufficient to answer the allegations set forth in paragraph 75 and therefore deny them.

76.     Defendants lack information sufficient to answer the allegations set forth in paragraph 76 and therefore deny them.

77.     Defendants lack information sufficient to answer the allegations set forth in paragraph 77 and therefore deny them.

78.     Defendants lack information sufficient to answer the allegations set forth in paragraph 78 and therefore deny them.

79.     Defendants deny the allegations.

80.     Defendants deny the allegations.

81.     Defendants deny the allegations.

82.     Defendants admit the allegations in paragraph 82.

83.     Defendants admit the allegations in paragraph 83.

84.     Defendants admit the allegations in paragraph 84.

85.     Defendants admit the allegations in paragraph 85.

86.     Defendants admit the allegations in paragraph 86.

### III.     JURISDICTION AND VENUE

87.     The allegations in paragraph 87 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

88.     The allegations in paragraph 88 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

89.     The allegations in paragraph 89 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

90.     The allegations in paragraph 90 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

### IV.     FACTUAL ALLEGATIONS

91.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000008204-238.  Defendants deny all other allegations.

92.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000002314-327.  Defendants deny all other allegations.

93.     Defendants admit the allegations.

94.     Defendants admit the allegations.

95.     Defendants admit that Bayview acquired Pingora Holdings, L.P. and its wholly-owned subsidiary, Pingora Loan Servicing, LLC, from Annaly Capital Management, Inc. Defendants deny all other allegations.

96.     Defendants admit that Pingora, among other things, sources mortgage loan servicing acquisitions for Lakeview.

97.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000005825-921.  Defendants deny all other allegations.

98.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000030187; BAYVIEW000002314.  Defendants deny all other allegations.

99.     Defendants lack information sufficient to answer the allegations set forth in paragraph 99 and therefore deny them.

100.    Defendants deny the allegations.

101.    Defendants admit they are generally aware that sophisticated threat actors operate across the internet, who are constantly evolving their tactics, techniques, and procedures to commit criminal acts for profit.  Defendants further admit that they use security measures to guard against these threat actors' criminal exploits.  Defendants deny all other allegations.

102.    Defendants deny the allegations.

103.    The allegations in paragraph 103 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

104.    Defendants admit they were the victims of a criminal cyberattack which began on or around October 27, 2021, and which Defendants identified on or about December 6, 2021.

Defendants further admit that they notified all individuals whose information may have been subject to unauthorized access in the Data Incident.  Defendants deny all other allegations.

105.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002036.  Defendants deny all other allegations.

106.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000002036-038 and BAYVIEW000007223-233.  Defendants deny all other allegations.

107.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW00002012-020 and BAYVIEW000114332.  Defendants deny all other allegations.

108.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002036.  Defendants deny all other allegations.

109.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000100830-833.  Defendants deny all other allegations.

110.    Defendants admit Bayview engaged ReliaQuest to perform remote monitoring and management of Bayview's Security Information and Event Management System ("SIEM") and log management environment.  Defendants further admit Bayview engaged CompuQuip to manage detection and response services for events identified by SentinelOne.  Defendants deny all other allegations.

111.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000010129-132.  Defendants deny all other allegations.

112.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002036-038.  Defendants deny all other allegations.

113.    Defendants admit that their legal counsel retained Mandiant to investigate the Data Incident pursuant to a Statement of Work attached as Exhibit 12 to the Complaint, which speaks for itself.  Defendants deny all other allegations.

114.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002012-020.  Defendants deny all other allegations.

115.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002012-020.  Defendants deny all other allegations.

116.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000002036-038 and BAYVIEW000002158-163.  Defendants deny all other allegations.

117.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000019980, BAYVIEW000136711-727, and BAYVIEW000136728-747.  Defendants deny all other allegations.

118.    Defendants admit that they reported the Data Incident to the Attorney General offices of California, Maine, Massachusetts, and Vermont, among other states, on or around March 18, 2022.  Defendants further admit that they notified all individuals whose information may have been subject to unauthorized access in the Data Incident.  Defendants deny all other allegations.

119.    Defendants admit that they notified all individuals whose information may have been subject to unauthorized access in the Data Incident.  The notification letters speak for themselves.  Defendants deny all other allegations.

120.    Defendants admit that they notified all individuals whose information may have been subject to unauthorized access in the Data Incident.  The notification letters speak for themselves.  Defendants deny all other allegations.

121.    Defendants admit that they notified all individuals whose information may have been subject to unauthorized access in the Data Incident.   The notification letters speak for themselves.  Defendants deny all other allegations.

122.    Defendants admit that they notified all individuals whose information may have been subject to unauthorized access in the Data Incident.   The notification letters speak for themselves.  Defendants deny all other allegations.

123.    Defendants admit that they notified all individuals whose information may have been subject to unauthorized access in the Data Incident.   The notification letters speak for themselves.  Defendants deny all other allegations.

124.    Defendants admit that they notified all individuals whose information may have been subject to unauthorized access in the Data Incident.   The notification letters speak for themselves.  Defendants deny all other allegations.

125.    Defendants deny the allegations.

126.    Defendants deny the allegations.

127.    Defendants lack information sufficient to answer the allegations set forth in paragraph 127 and therefore deny them.

128.    Defendants lack information sufficient to answer the allegations set forth in paragraph 128 and therefore deny them.

129.    Defendants lack information sufficient to answer the allegations set forth in paragraph 129 and therefore deny them.

130.    Defendants lack information sufficient to answer the allegations set forth in paragraph 130 and therefore deny them.

131.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000127669-673.  Defendants deny all other allegations.

132.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000046204-205 and BAYVIEW000122391-393.  Defendants deny all other allegations.

133.    Defendants lack information sufficient to answer the allegations set forth in paragraph 133 and therefore deny them.

134.    The allegations in paragraph 134 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

135.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000010847-858.  Defendants deny all other allegations.

136.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000005066-071.  Defendants deny all other allegations.

137.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002314-327.  Defendants deny all other allegations.

138.    The allegations in paragraph 138 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

139.    Defendants admit that Lakeview posts its Privacy Policy on its website, which speaks for itself.  Defendants deny all other allegations.

140.    Lakeview admits that it posts its Privacy Policy on its website, which speaks for itself.  Defendants deny all other allegations.

141.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000147258.  Defendants deny all other allegations.

142.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000126991 and BAYVIEW000006189-200.  Defendants deny all other allegations.

143.     The allegations in paragraph 143 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

144.     Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000004233-4332.  Defendants deny all other allegations.

145.     Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000003106.  Defendants deny all other allegations.

146.     Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000147258.  Defendants deny all other allegations.

147.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000126991 and BAYVIEW000006189-200.  Defendants deny all other allegations.

148.     The allegations in paragraph 148 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

149.     Community admits that it posts its Privacy Policy on its website, which speaks for itself.  Defendants deny all other allegations.

150.     Defendants admit that Community posts its Privacy Policy on its website, which speaks for itself.  Defendants deny all other allegations.

151.     Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000171495-97.  Defendants deny all other allegations.

152.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000147258.  Defendants deny all other allegations.

153.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000126991 and BAYVIEW000006189-200.  Defendants deny all other allegations.

154.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000006189-200.  Defendants deny all other allegations.

155.    Defendants lack information sufficient to answer the allegations set forth in paragraph 155 and therefore deny them.

156.    Defendants lack information sufficient to answer the allegations set forth in paragraph 156 and therefore deny them.

157.    Defendants lack information sufficient to answer the allegations set forth in paragraph 157 and therefore deny them.

158.    Defendants lack information sufficient to answer the allegations set forth in paragraph 158 and therefore deny them.

159.    Defendants lack information sufficient to answer the allegations set forth in paragraph 159 and therefore deny them.

160.    Defendants lack information sufficient to answer the allegations set forth in paragraph 160 and therefore deny them.

161.    Defendants lack information sufficient to answer the allegations set forth in paragraph 161 and therefore deny them.

162.    Defendants lack information sufficient to answer the allegations set forth in paragraph 162 and therefore deny them.

163.    The allegations in paragraph 163 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

164.    Defendants lack information sufficient to answer the allegations set forth in paragraph 164 and therefore deny them.

165.    Defendants lack information sufficient to answer the allegations set forth in paragraph 165 and therefore deny them.

166.    Defendants admit that they were aware of data on their shared network.  Defendants deny all other allegations.

167.    Defendants admit that they offered individuals whose information may have been subject to unauthorized access in the Data Incident complimentary identity monitoring services through Kroll for one year or, in certain cases, two years.  Defendants deny all other allegations.

168.    The allegations in paragraph 168 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

169.    Defendants deny the allegations.

170.    The allegations in paragraph 170 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

171.    Defendants deny the allegations.

172.    Defendants admit they produced the following documents in discovery, which speak    for    themselves:    BAYVIEW000006189-200,    BAYVIEW000002010-011, BAYVIEW000006898-907,    BAYVIEW000033873-876,    and    BAYVIEW000127506-509. Defendants deny all other allegations.

173.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000038066-070 and BAYVIEW000048948-949.  Defendants deny all other allegations.

174.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEWEW000138037-8038 and BAYVIEW000138039-8040. Defendants deny all other allegations.

175.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000031240-1241, BAYVIEW00126859-6860, and BAYVIEW000126861-6862.  Defendants deny all other allegations.

176.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000011422-427.  Defendants deny all other allegations.

177.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000127486.  Defendants deny all other allegations.

178.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000138033.  Defendants deny all other allegations.

179.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000148153-180.  Defendants deny all other allegations.

180.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000100830-833.  Defendants deny all other allegations.

181.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000087865-866.  Defendants deny all other allegations.

182.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000008204-238.  Defendants deny all other allegations.

183.   Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000002010-011 and BAYVIEW000006898-907.  Defendants deny all other allegations.

184.   Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002578.  Defendants deny all other allegations.

185.   Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002578.  Defendants deny all other allegations.

186.   Defendants deny the allegations.

187.   Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000088360 and BAYVIEW000006189-200.  Defendants deny all other allegations.

188.   Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000147612-614.  Defendants deny all other allegations.

189.   Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000006915 and BAYVIEW000125645.  Defendants deny all other allegations.

190.   Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002012-020.  Defendants deny all other allegations.

191.   Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000100276-277.  Defendants deny all other allegations.

192.   Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000006915-16.  Defendants deny all other allegations.

193.   Defendants deny the allegations.

194.    Defendants admit that, prior to the Data Incident, Defendants did not employ an individual with the title Chief Information and Security Officer ("CISO"); however, Defendants employed an individual who had the same job responsibilities as a CISO.  Defendants admit that they currently employ a CISO, Nathan Wilkey, who oversees data security for Defendants. Defendants deny all other allegations.

195.    The allegations in paragraph 195 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

196.    Defendants deny the allegations.

197.    Defendants admit that Bayview managed the network that Lakeview used to upload and store information.  Defendants deny all other allegations.

198.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000100276-277 and BAYVIEW000147612-614.  Defendants deny all other allegations.

199.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000006915.  Defendants deny all other allegations.

200.    Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002010-011.  Defendants deny all other allegations.

201.    Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000100276-277 and BAYVIEW000147612-614.  Defendants deny all other allegations.

202.    Defendants deny the allegations.

203.    Defendants admit that Bayview managed the network that Community used to upload and store information.  Defendants deny all other allegations.

204.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000100276-277 and BAYVIEW000147612-614.  Defendants deny all other allegations.

205.     Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002010-011.  Defendants deny all other allegations.

206.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000100276-277 and BAYVIEW000147612-614.  Defendants deny all other allegations.

207.     Defendants deny the allegations.

208.     Defendants admit that Bayview managed the network that Pingora used to upload and store information.  Defendants deny all other allegations.

209.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000100276-277 and BAYVIEW000147612-614.  Defendants deny all other allegations.

210.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000100276-277 and BAYVIEW000147612-614.  Defendants deny all other allegations.

211.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000100276-277 and BAYVIEW000147612-614.  Defendants deny all other allegations.

212.     Defendants admit they produced the following document in discovery, which speaks for itself: BAYVIEW000002010-011.  Defendants deny all other allegations.

213.     Defendants admit they produced the following documents in discovery, which speak for themselves: BAYVIEW000100276-277 and BAYVIEW000147612-614.  Defendants deny all other allegations.

214.     The allegations in paragraph 214 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

215.     The allegations in paragraph 215 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

216.     The allegations in paragraph 216 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

217.     The allegations in paragraph 217 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

218.     The allegations in paragraph 218 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

219.     The allegations in paragraph 219 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

220.     The allegations in paragraph 220 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

221.     The allegations in paragraph 221 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

222.     The allegations in paragraph 222 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

223.    The allegations in paragraph 223 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

224.    The allegations in paragraph 224 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

225.    The allegations in paragraph 225 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

226.    The allegations in paragraph 226 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

## V.    PLAINTIFF-SPECIFIC ALLEGATIONS

227.    Defendants lack information sufficient to answer the allegations set forth in paragraph 227 and therefore deny them.

228.    Defendants lack information sufficient to answer the allegations set forth in paragraph 228 and therefore deny them.

229.    Defendants lack information sufficient to answer the allegations set forth in paragraph 229 and therefore deny them.

230.    Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 230 and therefore deny them.

231.    Defendants deny that they advised any Plaintiff to mitigate their losses and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 231 and therefore deny them.

232.    Defendants lack information sufficient to answer the allegations set forth in paragraph 232 and therefore deny them.

233.     Defendants lack information sufficient to answer the allegations set forth in paragraph 233 and therefore deny them.

234.     Defendants lack information sufficient to answer the allegations set forth in paragraph 234 and therefore deny them.

235.     Defendants lack information sufficient to answer the allegations set forth in paragraph 235 and therefore deny them.

236.     Defendants lack information sufficient to answer the allegations set forth in paragraph 236 and therefore deny them.

237.     Defendants lack information sufficient to answer the allegations set forth in paragraph 237 and therefore deny them.

238.     Defendants lack information sufficient to answer the allegations set forth in paragraph 238 and therefore deny them.

239.     Defendants lack information sufficient to answer the allegations set forth in paragraph 239 and therefore deny them.

240.     Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 240 and therefore deny them.

241.     Defendants lack information sufficient to answer the allegations set forth in paragraph 241 and therefore deny them.

242.     Defendants lack information sufficient to answer the allegations set forth in paragraph 242 and therefore deny them.

243.     Defendants lack information sufficient to answer the allegations set forth in paragraph 243 and therefore deny them.

244.     Defendants deny that they advised any Plaintiff that they incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 244 and therefore deny them.

245.     Defendants lack information sufficient to answer the allegations set forth in paragraph 245 and therefore deny them.

246.     Defendants deny the allegations.

247.     Defendants deny the allegations.

248.     Defendants deny the allegations.

249.     Defendants lack information sufficient to answer the allegations set forth in paragraph 249 and therefore deny them.

250.     Defendants lack information sufficient to answer the allegations set forth in paragraph 250 and therefore deny them.

251.     Defendants lack information sufficient to answer the allegations set forth in paragraph 251 and therefore deny them.

252.     Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

253.     Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

254.     Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

255.     Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

256.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

257.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

258.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

259.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

260.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

261.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

262.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

263.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

264.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

265.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

266.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

267.    Plaintiff Keach voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

268.    Defendants lack information sufficient to answer the allegations set forth in paragraph 268 and therefore deny them.

269.    Defendants lack information sufficient to answer the allegations set forth in paragraph 269 and therefore deny them.

270.    Defendants lack information sufficient to answer the allegations set forth in paragraph 270 and therefore deny them.

271.    Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 271 and therefore deny them.

272.    Defendants lack information sufficient to answer the allegations set forth in paragraph 272 and therefore deny them.

273.    Defendants lack information sufficient to answer the allegations set forth in paragraph 273 and therefore deny them.

274.    Defendants lack information sufficient to answer the allegations set forth in paragraph 274 and therefore deny them.

275.    Defendants lack information sufficient to answer the allegations set forth in paragraph 275 and therefore deny them.

276.    Defendants deny that they advised any Plaintiff that they had incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 276 and therefore deny them.

277.    Defendants lack information sufficient to answer the allegations set forth in paragraph 277 and therefore deny them.

278.    Defendants lack information sufficient to answer the allegations set forth in paragraph 278 and therefore deny them.

279.    Defendants lack information sufficient to answer the allegations set forth in paragraph 279 and therefore deny them.

280.    Defendants lack information sufficient to answer the allegations set forth in paragraph 280 and therefore deny them.

281.    Defendants lack information sufficient to answer the allegations set forth in paragraph 281 and therefore deny them.

282.    Defendants deny the allegations.

283.    Defendants deny the allegations.

284.    Defendants lack information sufficient to answer the allegations set forth in paragraph 284 and therefore deny them.

285.    Defendants lack information sufficient to answer the allegations set forth in paragraph 285 and therefore deny them.

286.    Defendants lack information sufficient to answer the allegations set forth in paragraph 286 and therefore deny them.

287.    Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 287 and therefore deny them.

288.    Defendants lack information sufficient to answer the allegations set forth in paragraph 288 and therefore deny them.

289.     Defendants deny that they advised any Plaintiff that they had incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 289 and therefore deny them.

290.     Defendants lack information sufficient to answer the allegations set forth in paragraph 290 and therefore deny them.

291.     Defendants deny the allegations.

292.     Defendants deny the allegations.

293.     Defendants deny the allegations.

294.     Defendants lack information sufficient to answer the allegations set forth in paragraph 294 and therefore deny them.

295.     Defendants lack information sufficient to answer the allegations set forth in paragraph 295 and therefore deny them.

296.     Defendants lack information sufficient to answer the allegations set forth in paragraph 296 and therefore deny them.

297.     Defendants lack information sufficient to answer the allegations set forth in paragraph 297 and therefore deny them.

298.     Defendants lack information sufficient to answer the allegations set forth in paragraph 298 and therefore deny them.

299.     Defendants lack information sufficient to answer the allegations set forth in paragraph 299 and therefore deny them.

300.     Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 300 and therefore deny them.

301.     Defendants lack information sufficient to answer the allegations set forth in paragraph 301 and therefore deny them.

302.     Defendants lack information sufficient to answer the allegations set forth in paragraph 302 and therefore deny them.

303.     Defendants lack information sufficient to answer the allegations set forth in paragraph 303 and therefore deny them.

304.     Defendants lack information sufficient to answer the allegations set forth in paragraph 304 and therefore deny them.

305.     Defendants lack information sufficient to answer the allegations set forth in paragraph 305 and therefore deny them.

306.     Defendants lack information sufficient to answer the allegations set forth in paragraph 306 and therefore deny them.

307.     Defendants deny the allegations.

308.     Defendants deny the allegations.

309.     Defendants deny the allegations.

310.     Defendants lack information sufficient to answer the allegations set forth in paragraph 310 and therefore deny them.

311.     Defendants lack information sufficient to answer the allegations set forth in paragraph 311 and therefore deny them.

312.     Defendants lack information sufficient to answer the allegations set forth in paragraph 312 and therefore deny them.

313.     Defendants lack information sufficient to answer the allegations set forth in paragraph 313 and therefore deny them.

314.     Defendants lack information sufficient to answer the allegations set forth in paragraph 314 and therefore deny them.

315.     Defendants lack information sufficient to answer the allegations set forth in paragraph 315 and therefore deny them.

316.     Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 316 and therefore deny them.

317.     Defendants lack information sufficient to answer the allegations set forth in paragraph 317 and therefore deny them.

318.     Defendants lack information sufficient to answer the allegations set forth in paragraph 318 and therefore deny them.

319.     Defendants lack information sufficient to answer the allegations set forth in paragraph 319 and therefore deny them.

320.     Defendants lack information sufficient to answer the allegations set forth in paragraph 320 and therefore deny them.

321.     Defendants lack information sufficient to answer the allegations set forth in paragraph 321 and therefore deny them.

322.     Defendants lack information sufficient to answer the allegations set forth in paragraph 322 and therefore deny them.

323.     Defendants lack information sufficient to answer the allegations set forth in paragraph 323 and therefore deny them.

324.     Defendants deny the allegations.

325.     Defendants deny the allegations.

326.     Defendants deny the allegations.

327.     Defendants lack information sufficient to answer the allegations set forth in paragraph 327 and therefore deny them.

328.     Defendants lack information sufficient to answer the allegations set forth in paragraph 328 and therefore deny them.

329.     Defendants lack information sufficient to answer the allegations set forth in paragraph 329 and therefore deny them.

330.     Defendants lack information sufficient to answer the allegations set forth in paragraph 330 and therefore deny them.

331.     Defendants lack information sufficient to answer the allegations set forth in paragraph 331 and therefore deny them.

332.     Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 332 and therefore deny them.

333.     Defendants lack information sufficient to answer the allegations set forth in paragraph 333 and therefore deny them.

334.     Defendants lack information sufficient to answer the allegations set forth in paragraph 334 and therefore deny them.

335.     Defendants deny that they advised any Plaintiff that they had incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 335 and therefore deny them.

336.     Defendants lack information sufficient to answer the allegations set forth in paragraph 336 and therefore deny them.

337.    Defendants deny the allegations.

338.    Defendants deny the allegations.

339.    Defendants deny the allegations.

340.    Defendants lack information sufficient to answer the allegations set forth in paragraph 340 and therefore deny them.

341.    Defendants lack information sufficient to answer the allegations set forth in paragraph 341 and therefore deny them.

342.    Defendants lack information sufficient to answer the allegations set forth in paragraph 342 and therefore deny them.

343.    Defendants lack information sufficient to answer the allegations set forth in paragraph 343 and therefore deny them.

344.    Defendants lack information sufficient to answer the allegations set forth in paragraph 344 and therefore deny them.

345.    Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 345 and therefore deny them.

346.    Defendants lack information sufficient to answer the allegations set forth in paragraph 346 and therefore deny them.

347.    Defendants deny that they advised any Plaintiff to mitigate their losses and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 347 and therefore deny them.

348.    Defendants lack information sufficient to answer the allegations set forth in paragraph 348 and therefore deny them.

349.     Defendants deny the allegations.

350.     Defendants deny the allegations.

351.     Defendants deny the allegations.

352.     Defendants lack information sufficient to answer the allegations set forth in paragraph 352 and therefore deny them.

353.     Defendants lack information sufficient to answer the allegations set forth in paragraph 353 and therefore deny them.

354.     Defendants lack information sufficient to answer the allegations set forth in paragraph 354 and therefore deny them.

355.     Defendants lack information sufficient to answer the allegations set forth in paragraph 355 and therefore deny them.

356.     Defendants lack information sufficient to answer the allegations set forth in paragraph 356 and therefore deny them.

357.     Defendants lack information sufficient to answer the allegations set forth in paragraph 357 and therefore deny them.

358.     Defendants lack information sufficient to answer the allegations set forth in paragraph 358 and therefore deny them.

359.     Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 359 and therefore deny them.

360.     Defendants lack information sufficient to answer the allegations set forth in paragraph 360 and therefore deny them.

361.   Defendants lack information sufficient to answer the allegations set forth in paragraph 361 and therefore deny them.

362.   Defendants deny that they advised any Plaintiff that they had incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 362 and therefore deny them.

363.   Defendants lack information sufficient to answer the allegations set forth in paragraph 363 and therefore deny them.

364.   Defendants lack information sufficient to answer the allegations set forth in paragraph 364 and therefore deny them.

365.   Defendants deny the allegations.

366.   Defendants deny the allegations.

367.   Defendants deny the allegations.

368.   Defendants lack information sufficient to answer the allegations set forth in paragraph 368 and therefore deny them.

369.   Defendants lack information sufficient to answer the allegations set forth in paragraph 369 and therefore deny them.

370.   Defendants lack information sufficient to answer the allegations set forth in paragraph 370 and therefore deny them.

371.   Defendants lack information sufficient to answer the allegations set forth in paragraph 371 and therefore deny them.

372.   Defendants lack information sufficient to answer the allegations set forth in paragraph 372 and therefore deny them.

373.     Defendants lack information sufficient to answer the allegations set forth in paragraph 373 and therefore deny them.

374.     Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 374 and therefore deny them.

375.     Defendants lack information sufficient to answer the allegations set forth in paragraph 375 and therefore deny them.

376.     Defendants lack information sufficient to answer the allegations set forth in paragraph 376 and therefore deny them.

377.     Defendants deny that they advised any Plaintiff that they had incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 377 and therefore deny them.

378.     Defendants lack information sufficient to answer the allegations set forth in paragraph 378 and therefore deny them.

379.     Defendants deny the allegations.

380.     Defendants deny the allegations.

381.     Defendants deny the allegations.

382.     Defendants lack information sufficient to answer the allegations set forth in paragraph 382 and therefore deny them.

383.     Defendants lack information sufficient to answer the allegations set forth in paragraph 383 and therefore deny them.

384.     Defendants lack information sufficient to answer the allegations set forth in paragraph 384 and therefore deny them.

385.     Defendants lack information sufficient to answer the allegations set forth in paragraph 385 and therefore deny them.

386.     Defendants lack information sufficient to answer the allegations set forth in paragraph 386 and therefore deny them.

387.     Defendants lack information sufficient to answer the allegations set forth in paragraph 387 and therefore deny them.

388.     Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 388 and therefore deny them.

389.     Defendants lack information sufficient to answer the allegations set forth in paragraph 389 and therefore deny them.

390.     Defendants lack information sufficient to answer the allegations set forth in paragraph 390 and therefore deny them.

391.     Defendants lack information sufficient to answer the allegations set forth in paragraph 391 and therefore deny them.

392.     Defendants lack information sufficient to answer the allegations set forth in paragraph 392 and therefore deny them.

393.     Defendants deny that they advised any Plaintiff that they had incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 393 and therefore deny them.

394.     Defendants lack information sufficient to answer the allegations set forth in paragraph 394 and therefore deny them.

395.    Defendants lack information sufficient to answer the allegations set forth in paragraph 395 and therefore deny them.

396.    Defendants deny the allegations.

397.    Defendants deny the allegations.

398.    Defendants deny the allegations.

399.    Defendants lack information sufficient to answer the allegations set forth in paragraph 399 and therefore deny them.

400.    Defendants lack information sufficient to answer the allegations set forth in paragraph 400 and therefore deny them.

401.    Defendants lack information sufficient to answer the allegations set forth in paragraph 401 and therefore deny them.

402.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

403.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

404.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

405.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

406.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

407.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

408.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

409.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

410.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

411.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

412.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

413.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

414.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

415.    Plaintiff Valente-Brodrick voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

416.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

417.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

418.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

419.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

420.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

421.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

422.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

423.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

424.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

425.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

426.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

427.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

428.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

429.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

430.    Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

431.    Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

432.    Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

433.    Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

434.    Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

435.    Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

436.    Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

437.    Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

438.    Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

439.    Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

440.    Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

441.     Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

442.     Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

443.     Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

444.     Plaintiff Misencik voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

445.     Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

446.     Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

447.     Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

448.     Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

449.     Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

450.     Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

451.     Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

452.    Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

453.    Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

454.    Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

455.    Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

456.    Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

457.    Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

458.    Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

459.    Plaintiff Kraus voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

460.    Defendants lack information sufficient to answer the allegations set forth in paragraph 460 and therefore deny them.

461.    Defendants lack information sufficient to answer the allegations set forth in paragraph 461 and therefore deny them.

462.    Defendants lack information sufficient to answer the allegations set forth in paragraph 462 and therefore deny them.

463.    Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 463 and therefore deny them.

464.    Defendants lack information sufficient to answer the allegations set forth in paragraph 464 and therefore deny them.

465.    Defendants deny the allegations.

466.    Defendants deny that they advised any Plaintiff that they had incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 466 and therefore deny them.

467.    Defendants lack information sufficient to answer the allegations set forth in paragraph 467 and therefore deny them.

468.    Defendants deny the allegations.

469.    Defendants deny the allegations.

470.    Defendants deny the allegations.

471.    Defendants lack information sufficient to answer the allegations set forth in paragraph 471 and therefore deny them.

472.    Defendants lack information sufficient to answer the allegations set forth in paragraph 472 and therefore deny them.

473.    Defendants lack information sufficient to answer the allegations set forth in paragraph 473 and therefore deny them.

474.    Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

475.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

476.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

477.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

478.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

479.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

480.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

481.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

482.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

483.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

484.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

485.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

486.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

487.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

488.     Plaintiff Thomas voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

489.     Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

490.     Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

491.     Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

492.     Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

493.     Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

494.     Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

495.     Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

496.     Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

497.    Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

498.    Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

499.    Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

500.    Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

501.    Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

502.    Plaintiff Myers voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

503.    Defendants lack information sufficient to answer the allegations set forth in paragraph 503 and therefore deny them.

504.    Defendants lack information sufficient to answer the allegations set forth in paragraph 504 and therefore deny them.

505.    Defendants lack information sufficient to answer the allegations set forth in paragraph 505 and therefore deny them.

506.    Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 506 and therefore deny them.

507.    Defendants lack information sufficient to answer the allegations set forth in paragraph 507 and therefore deny them.

508.     Defendants deny that they advised Plaintiff that they incurred any loss and. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 508 and therefore deny them.

509.     Defendants lack information sufficient to answer the allegations set forth in paragraph 509 and therefore deny them.

510.     Defendants deny the allegations.

511.     Defendants deny the allegations.

512.     Defendants deny the allegations.

513.     Defendants lack information sufficient to answer the allegations set forth in paragraph 513 and therefore deny them.

514.     Defendants lack information sufficient to answer the allegations set forth in paragraph 514 and therefore deny them.

515.     Defendants lack information sufficient to answer the allegations set forth in paragraph 515 and therefore deny them.

516.     Defendants admit that they responded to a letter purporting to have been sent by Plaintiff Saporta, but deny the remaining allegations, including denying that the letter complied with the requirements of the CCPA or that they failed to cure any alleged violation.

517.     Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

518.     Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

519.     Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

520.    Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

521.    Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

522.    Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

523.    Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

524.    Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

525.    Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

526.    Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

527.    Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

528.    Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

529.    Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required.  (ECF No. 244.)

530.    Defendants lack information sufficient to answer the allegations set forth in paragraph 530 and therefore deny them.

531.    Defendants lack information sufficient to answer the allegations set forth in paragraph 531 and therefore deny them.

532.    Defendants lack information sufficient to answer the allegations set forth in paragraph 532 and therefore deny them.

533.    Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 533 and therefore deny them.

534.    Defendants lack information sufficient to answer the allegations set forth in paragraph 534 and therefore deny them.

535.    Defendants deny that they advised any Plaintiff that they had incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 535 and therefore deny them.

536.    Defendants lack information sufficient to answer the allegations set forth in paragraph 536 and therefore deny them.

537.    Defendants lack information sufficient to answer the allegations set forth in paragraph 537 and therefore deny them.

538.    Defendants deny the allegations.

539.    Defendants deny the allegations.

540.    Defendants deny the allegations.

541.    Defendants lack information sufficient to answer the allegations set forth in paragraph 541 and therefore deny them.

542.    Defendants lack information sufficient to answer the allegations set forth in paragraph 542 and therefore deny them.

543.     Defendants lack information sufficient to answer the allegations set forth in paragraph 543 and therefore deny them.

544.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

545.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

546.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

547.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

548.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

549.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

550.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

551.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

552.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

553.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

554.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

555.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

556.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

557.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

558.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

559.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

560.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

561.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

562.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

563.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

564.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

565.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

566.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

567.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

568.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

569.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

570.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

571.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

572.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

573.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

574.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

575.    Plaintiff Keach voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

576.   Defendants lack information sufficient to answer the allegations set forth in paragraph 576 and therefore deny them.

577.   Defendants lack information sufficient to answer the allegations set forth in paragraph 577 and therefore deny them.

578.   Defendants lack information sufficient to answer the allegations set forth in paragraph 578 and therefore deny them.

579.   Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 579 and therefore deny them.

580.   Defendants deny that they advised any Plaintiff that they had incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 580 and therefore deny them.

581.   Defendants deny the allegations.

582.   Defendants deny the allegations.

583.   Defendants lack information sufficient to answer the allegations set forth in paragraph 583 and therefore deny them.

584.   Defendants lack information sufficient to answer the allegations set forth in paragraph 584 and therefore deny them.

585.   Defendants deny the allegations.

586.   Defendants deny the allegations.

587.   Defendants deny the allegations.

588.   Defendants lack information sufficient to answer the allegations set forth in paragraph 588 and therefore deny them.

589.     Defendants lack information sufficient to answer the allegations set forth in paragraph 589 and therefore deny them.

590.     Defendants lack information sufficient to answer the allegations set forth in paragraph 590 and therefore deny them.

591.     Defendants admit that they responded to a letter purporting to have been sent by Plaintiff Rubio, but deny the remaining allegations, including denying that the letter complied with the requirements of the CCPA or that they failed to cure any alleged violation.

592.     Defendants lack information sufficient to answer the allegations set forth in paragraph 592 and therefore deny them.

593.     Defendants lack information sufficient to answer the allegations set forth in paragraph 593 and therefore deny them.

594.     Defendants lack information sufficient to answer the allegations set forth in paragraph 594 and therefore deny them.

595.     Defendants deny that any Plaintiff faces a "present, immediate, and substantially increased risk of harm." Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 595 and therefore deny them.

596.     Defendants deny that they advised any Plaintiff that they had incurred any loss and deny that any Plaintiff experienced any loss. Defendants lack information sufficient to answer the remaining allegations set forth in paragraph 596 and therefore deny them.

597.     Defendants lack information sufficient to answer the allegations set forth in paragraph 597 and therefore deny them.

598.     Defendants deny the allegations.

599.     Defendants deny the allegations.

600.     Defendants deny the allegations.

601.     Defendants lack information sufficient to answer the allegations set forth in paragraph 601 and therefore deny them.

602.     Defendants lack information sufficient to answer the allegations set forth in paragraph 602 and therefore deny them.

603.     Defendants lack information sufficient to answer the allegations set forth in paragraph 603 and therefore deny them.

604.     Defendants deny the allegations.

605.     Defendants deny the allegations.

606.     Defendants lack information sufficient to answer the allegations set forth in paragraph 606 and therefore deny them.

607.     Defendants lack information sufficient to answer the allegations set forth in paragraph 607 and therefore deny them.

608.     Defendants deny the allegations.

609.     Defendants deny the allegations.

610.     Defendants deny the allegations.

611.     Defendants deny the allegations, including all subparts.

612.     Defendants lack information sufficient to answer the allegations set forth in paragraph 612 and therefore deny them.

613.     Defendants deny the allegations.

## VI.    CLASS ALLEGATIONS

614.    Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23, as set forth in paragraph 614, but deny the substance of the allegations and deny that class treatment is appropriate.

615.    Defendants admit that Plaintiffs purport to exclude certain individuals and entities from their proposed class definitions, but deny the premise that any class treatment is appropriate.

616.    Defendants admit that Plaintiffs purport to reserve the right to modify or amend the definitions of their proposed classes before the Court determines whether certification is appropriate, as set forth in Paragraph 616, but deny the premise that any class treatment is appropriate.

617.    Defendants deny the allegations.

618.    Defendants deny the allegations, including all subparts.

619.    Defendants deny the allegations.

620.    Defendants deny the allegations.

621.    Defendants deny the allegations.

622.    Defendants deny the allegations.

623.    Defendants deny the allegations.

624.    Defendants deny the allegations.

625.    Defendants deny the allegations.

## **COUNT I: NEGLIGENCE**

626.    Defendants repeat and reallege each and every response to the allegations in Paragraphs 1-625 as if the same were set forth herein.

627.     The allegations in paragraph 627 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

628.     The allegations in paragraph 628 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

629.     The allegations in paragraph 629 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

630.     The allegations in paragraph 630 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

631.     The allegations in paragraph 631 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

632.     The allegations in paragraph 632 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

633.     The allegations in paragraph 633 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

634.     The allegations in paragraph 634 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

635.    The allegations in paragraph 635 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

636.    The allegations in paragraph 636 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

637.    The allegations in paragraph 637 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

638.    The allegations in paragraph 638 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

639.    The allegations in paragraph 639 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

640.    The allegations in paragraph 640 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

641.    The allegations in paragraph 641 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

642.    The allegations in paragraph 642 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

643.    The allegations in paragraph 643 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

644.    The allegations in paragraph 644 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

645.    The allegations in paragraph 645 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

646.    The allegations in paragraph 646 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

647.    The allegations in paragraph 647 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

648.    The allegations in paragraph 648 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

649.    The allegations in paragraph 649 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

650.    The allegations in paragraph 650 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

651.    The allegations in paragraph 651 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

652.    The allegations in paragraph 652 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

653.    The allegations in paragraph 653 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

654.    The allegations in paragraph 654 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

655.    The allegations in paragraph 655 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

656.    The allegations in paragraph 656 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

657.    The allegations in paragraph 657 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

658.    The allegations in paragraph 658 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

659.    The allegations in paragraph 659 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

660.    The allegations in paragraph 660 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

661.    The allegations in paragraph 661 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

662.     The allegations in paragraph 662 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

663.     The allegations in paragraph 663 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

664.     The allegations in paragraph 664 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

665.     The allegations in paragraph 665 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

666.     The allegations in paragraph 666 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

667.     The allegations in paragraph 667 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT II: BREACH OF CONTRACT (THIRD-PARTY BENEFICIARY)

### *CLAIM DISMISSED*

668-697.  The Court has dismissed Plaintiffs' Second Cause of Action.  (ECF No. 283.) Defendants therefore need not respond to the allegations of the Second Cause of Action.

## COUNT III: VIOLATION OF CALIFORNIA'S CONSUMER PRIVACY ACT

698.     Defendants repeat and reallege each and every response to the allegations in Paragraphs 1-625 as if the same were set forth herein.

699.     Defendants admit that Plaintiffs Cindy Villanueva and Pedro Rubio purport to bring this claim on behalf of themselves and others against Bayview and Lakeview, but deny the substance of the allegations or that class treatment is appropriate.

700.     Defendants admit that Plaintiffs Norma Grossman and Jay Saporta purport to bring this claim on behalf of themselves and others against Bayview and Pingora, but deny the substance of the allegations or that class treatment is appropriate.  Plaintiffs Robert Keach and Maureen Keach voluntarily dismissed their claims with prejudice, so no response is required as to those two plaintiffs.  (ECF No. 244.)

701.     Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

702.     The allegations in paragraph 702 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

703.     The allegations in paragraph 703 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

704.     The allegations in paragraph 704 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

705.     The allegations in paragraph 705 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

706.     The allegations in paragraph 706 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

707.     Defendants admit that they possess information of the borrowers and that they use security measures to protect such information.  Defendants deny all other allegations.

708.     The allegations in paragraph 708 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

709.     The allegations in paragraph 709 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

710.    The allegations in paragraph 710 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

711.    The allegations in paragraph 711 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

712.    The allegations in paragraph 712 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

713.    The allegations in paragraph 713 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

714.    The allegations in paragraph 714 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

715.    The allegations in paragraph 715 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

716.    The allegations in paragraph 716 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

717.    The allegations in paragraph 717 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

718.    The allegations in paragraph 718 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

719.    The allegations in paragraph 719 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

720.    The allegations in paragraph 720 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

721.    The allegations in paragraph 721 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

722.    The allegations in paragraph 722 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

723.    The allegations in paragraph 723 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

724.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

725.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

726.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

727.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

728.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

729.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

730.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

731.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

732.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

733.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)  To the extent a response is required, the allegations in paragraph 733 are denied.

734.    The allegations in paragraph 734 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

735.    The allegations in paragraph 735 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

736.    The allegations in paragraph 736 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

737.    The allegations in paragraph 737 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

738.    The allegations in paragraph 738 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

739.    The allegations in paragraph 739 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

740.    The allegations in paragraph 740 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

741.    The allegations in paragraph 741 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

742.    The allegations in paragraph 742 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

743.    The allegations in paragraph 743 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

744.    The allegations in paragraph 744 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

745.    The allegations in paragraph 745 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

746.    The allegations in paragraph 746 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

747.    The allegations in paragraph 747 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

748.    The allegations in paragraph 748 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

749.    The allegations in paragraph 749 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

750.    The allegations in paragraph 750 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

751.    The allegations in paragraph 751 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

752.    The allegations in paragraph 752 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT IV: VIOLATION OF CALIFORNIA'S CUSTOMER RECORDS ACT

### *CLASS CERTIFICATION NOT SOUGHT*

753.    Defendants repeat and reallege each and every response to the allegations in Paragraphs 1-625 as if the same were set forth herein.

754.    Defendants admit that Plaintiffs Villanueva and Rubio purported to bring this claim on behalf of themselves and others against Defendants Bayview and Lakeview, but deny the substance of the allegations or that class treatment is appropriate.  Indeed, Plaintiffs recently elected not to seek class certification as to their claims under California's Consumer Records Act.  (ECF No. 282, n. 71.)  Defendants deny all other allegations.

755.    Defendants admit that Plaintiffs Grossman and Saporta purported to bring this claim on behalf of themselves and others against Defendants Bayview and Pingora, but deny the substance of the allegations or that class treatment is appropriate.  Indeed, Plaintiffs recently elected not to seek class certification as to their claims under California's Consumer Records Act.  (ECF No. 282, n. 71.)  Plaintiffs Robert Keach and Maureen Keach voluntarily dismissed their claims with prejudice, so no response is required as to Plaintiffs Robert Keach and Maureen Keach.  (ECF No. 244.)  Defendants deny all other allegations.

756.    Plaintiff Kim voluntarily dismissed her claims with prejudice, so no response is required.  (ECF No. 244.)

757.    The allegations in paragraph 757 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

758.     The allegations in paragraph 758 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

759.     The allegations in paragraph 759 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

760.     The allegations in paragraph 760 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

761.     The allegations in paragraph 761 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

762.     The allegations in paragraph 762 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

763.     The allegations in paragraph 763 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

764.     Defendants admit they were the victims of a criminal cyberattack which began on or around October 27, 2021, and which Defendants identified on or about December 6, 2021.  Defendants further admit that they timely notified all individuals whose information may have been subject to unauthorized access in the Data Incident.  Defendants further admit that they produced the following document in discovery, which speaks for itself: BAYVIEW000002036.  Defendants deny all other allegations.

765.     Defendants deny the allegations.

766.     Defendants deny the allegations.

767.     Defendants deny the allegations.

768.     The allegations in paragraph 768 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

769.    The allegations in paragraph 769 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

770.    The allegations in paragraph 770 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

771.    Defendants admit they were the victims of a criminal cyberattack which began on or around October 27, 2021, and which Defendants identified on or about December 6, 2021. Defendants further admit that they timely notified all individuals whose information may have been subject to unauthorized access in the Data Incident.  Defendants deny all other allegations.

772.    Defendants deny the allegations.

773.    Defendants deny the allegations.

774.    Defendants deny the allegations.

775.    The allegations in paragraph 775 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

776.    The allegations in paragraph 776 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

777.    The allegations in paragraph 777 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

778.    Defendants admit they were the victims of a criminal cyberattack which began on or around October 27, 2021, and which Defendants identified on or about December 6, 2021. Defendants further admit that they timely notified all individuals whose information may have been subject to unauthorized access in the Data Incident.  Defendants deny all other allegations.

779.    Defendants deny the allegations.

780.    Defendants deny the allegations.

781.     Defendants deny the allegations.

782.     The allegations in paragraph 782 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

783.     The allegations in paragraph 783 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

784.     The allegations in paragraph 784 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

785.     Defendants admit they were the victims of a criminal cyberattack which began on or around October 27, 2021, and which Defendants identified on or about December 6, 2021.  Defendants further admit that they timely notified all individuals whose information may have been subject to unauthorized access in the Data Incident.  Defendants deny all other allegations.

786.     Defendants deny the allegations.

787.     Defendants deny the allegations.

788.     Defendants deny the allegations.

789.     Defendants admit that Plaintiffs previously sought class treatment for this claim, but deny the premise that any class treatment is appropriate.  Indeed, Plaintiffs recently elected not to seek class certification as to their claims under California's Consumer Records Act.  (ECF No. 282, n. 71.)  Defendants admit that Plaintiffs seek individual relief under California's Consumer Records Act, but deny they are entitled to any such relief.  Defendants deny all other allegations.

## COUNT V: UNLAWFUL AND UNFAIR CONDUCT IN VIOLATION OF

## CALIFORNIA'S UNFAIR COMPETITION LAW

### *CLAIM DISMISSED*

790-824.   The Court has dismissed Plaintiffs' Fifth Cause of Action.  (ECF No. 283.) Defendants therefore need not respond to the allegations of the Fifth Cause of Action.

## COUNT VI: VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR

## TRADE PRACTICES ACT

825.    Defendants repeat and reallege each and every response to the allegations in Paragraphs 1-625 as if the same were set forth herein.

826.    Defendants admit that Plaintiff Wojciechowski purports to bring this claim on behalf of himself and others against Defendants, but deny the substance of the allegations or that class treatment is appropriate.  Plaintiff Scott voluntarily dismissed her claims with prejudice, so no response is required as to Plaintiff Scott.  (ECF No. 244.)

827.    The allegations in paragraph 827 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

828.    The allegations in paragraph 828 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

829.    The allegations in paragraph 829 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

830.    Defendants deny the allegations.

831.    The allegations in paragraph 831 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

832.    The allegations in paragraph 832 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

833.    Defendants deny the allegations.

834.    The allegations in paragraph 834 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

835.    The allegations in paragraph 835 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

836.    The allegations in paragraph 836 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

837.    The allegations in paragraph 837 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

838.    The allegations in paragraph 838 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

839.    Defendants lack information sufficient to answer the allegations set forth in paragraph 839 and therefore deny them.

840.    The allegations in paragraph 840 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

841.    The allegations in paragraph 841 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

842.    Defendants deny the allegations.

843.    The allegations in paragraph 843 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

844.    The allegations in paragraph 844 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

845.    The allegations in paragraph 845 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

846.    The allegations in paragraph 846 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

847.    The allegations in paragraph 847 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

848.    The allegations in paragraph 848 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

849.    Defendants lack information sufficient to answer the allegations set forth in paragraph 849 and therefore deny them.

850.    The allegations in paragraph 850 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

851.    The allegations in paragraph 851 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

852.    Defendants deny the allegations.

853.    The allegations in paragraph 853 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

854.    The allegations in paragraph 854 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

855.    The allegations in paragraph 855 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

856.    The allegations in paragraph 856 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

857.    The allegations in paragraph 857 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

858.    The allegations in paragraph 858 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

859.    Defendants lack information sufficient to answer the allegations set forth in paragraph 859 and therefore deny them.

860.    The allegations in paragraph 860 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

861.    The allegations in paragraph 861 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

862.    Defendants deny the allegations.

863.    The allegations in paragraph 863 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

864.    The allegations in paragraph 864 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

865.    The allegations in paragraph 865 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

866.    The allegations in paragraph 866 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

867.    The allegations in paragraph 867 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

868.    The allegations in paragraph 868 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

869.    The allegations in paragraph 869 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

870.    The allegations in paragraph 870 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

871.    Defendants admit that Plaintiffs seek class treatment, but deny the premise that any class treatment is appropriate.  Defendants admit that Plaintiffs seek relief under FDUTPA, but deny they are entitled to any such relief.  Defendants deny all other allegations.

872.    The allegations in paragraph 872 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

873.    The allegations in paragraph 873 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

874.    Defendants admit that Plaintiffs seek class treatment, but deny the premise that any class treatment is appropriate.  Defendants admit that Plaintiffs seek relief under FDUTPA, but deny they are entitled to any such relief.  Defendants deny all other allegations.

875.     Defendants admit that Plaintiffs seek class treatment, but deny the premise that any class treatment is appropriate.  Defendants admit that Plaintiffs seek relief under FDUTPA, but deny they are entitled to any such relief.  Defendants deny all other allegations.

## COUNT VII: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

### *CLASS CERTIFICATION NOT SOUGHT*

876.     Defendants repeat and reallege each and every response to the allegations in Paragraphs 1-625 as if the same were set forth herein.

877.     Defendants admit that Plaintiff Berg purported to bring this claim on behalf of herself and others against Defendants Bayview and Lakeview, but deny the substance of the allegations or that class treatment is appropriate.  Indeed, Plaintiffs recently elected not to seek class certification as to their claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").  (ECF No. 282, n. 71.)  Defendants deny all other allegations.

878.     Defendants admit that Plaintiff Cunningham purported to bring this claim on behalf of himself and others against Defendants Bayview and Community, but deny the substance of the allegations or that class treatment is appropriate.  Indeed, Plaintiffs recently elected not to seek class certification as to their claims under ICFA.  (ECF No. 282, n. 71.)  Plaintiff Brumitt voluntarily dismissed his claims with prejudice, so no response is required as to Plaintiff Brumitt.  (ECF No. 244.)  Defendants deny all other allegations.

879.     The allegations in paragraph 879 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

880.     The allegations in paragraph 880 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

881.     The allegations in paragraph 881 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

882.     The allegations in paragraph 882 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

883.     The allegations in paragraph 883 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

884.     Defendants deny the allegations.

885.     The allegations in paragraph 885 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

886.     Defendants deny the allegations.

887.     Defendants deny the allegations.

888.     The allegations in paragraph 888 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

889.     Defendants deny the allegations, including all subparts.

890.     The allegations in paragraph 890 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

891.     Defendants deny the allegations.

892.     The allegations in paragraph 892 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

893.     Defendants deny the allegations.

894.     The allegations in paragraph 894 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

895.    The allegations in paragraph 895 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

896.    Defendants deny the allegations.

897.    Defendants deny the allegations.

898.    The allegations in paragraph 898 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

899.    Defendants deny the allegations, including all subparts.

900.    The allegations in paragraph 900 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

901.    Defendants deny the allegations.

902.    The allegations in paragraph 902 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

903.    Defendants lack information sufficient to answer the allegations set forth in paragraph 903 and therefore deny them.

904.    The allegations in paragraph 904 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

905.    Defendants deny the allegations.

906.    Defendants deny the allegations.

907.    Defendants deny the allegations.

908.    The allegations in paragraph 908 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

909.    Defendants deny the allegations, including all subparts.

910.     The allegations in paragraph 910 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

911.     Defendants deny the allegations.

912.     The allegations in paragraph 912 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

913.     The allegations in paragraph 913 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

914.     Defendants deny the allegations.

915.     Defendants deny the allegations.

916.     Defendants admit that Plaintiffs previously sought class treatment for this claim, but deny the premise that any class treatment is appropriate.  Indeed, Plaintiffs recently elected not to seek class certification as to their claims under ICFA.  (ECF No. 282, n. 71.)  Defendants admit that Plaintiffs seek individual relief under ICFA, but deny they are entitled to any such relief.  Defendants deny all other allegations.

917.     Defendants admit that Plaintiffs previously sought class treatment for this claim, but deny the premise that any class treatment is appropriate.  Indeed, Plaintiffs recently elected not to seek class certification as to their claims under ICFA.  (ECF No. 282, n. 71.)  Defendants admit that Plaintiffs seek individual relief under ICFA, but deny they are entitled to any such relief.  Defendants deny all other allegations.

## COUNT VIII: VIOLATION OF THE NEW YORK GENEREAL BUSINESS LAW

### *CLASS CERTIFICATION NOT SOUGHT*

918.   Defendants repeat and reallege each and every response to the allegations in Paragraphs 1-625 as if the same were set forth herein.

919.   Defendants admit that Plaintiff Sevak purported to bring this claim on behalf of himself and others against Defendant Lakeview, but deny the substance of the allegations or that class treatment is appropriate.  Indeed, Plaintiffs recently elected not to seek class certification as to their claims under the New York General Business Law ("NYGBL").  (ECF No. 282, n. 71.) Defendants deny all other allegations.

920.   The allegations in paragraph 920 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

921.   Defendants lack information sufficient to answer the allegations set forth in paragraph 921 and therefore deny them.

922.   Defendants deny the allegations.

923.   Defendants deny the allegations.

924.   Defendants deny the allegations.

925.   Defendants deny the allegations, including all subparts.

926.   Defendants deny the allegations.

927.   Defendants deny the allegations.

928.   Defendants deny the allegations.

929.   Defendants deny the allegations.

930.   Defendants deny the allegations.

931.    Defendants admit that Plaintiff Sevak previously sought class treatment for this claim, but deny the premise that any class treatment is appropriate.  Indeed, Plaintiff Sevak recently elected not to seek class certification as to his claims under the NYGBL.  (ECF No. 282, n. 71.) Defendants admit that Plaintiff Sevak seeks individual relief under the NYGBL, but deny he is entitled to any such relief.  Defendants deny all other allegations.

## COUNT IX: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

932.    Defendants repeat and reallege each and every response to the allegations in Paragraphs 1-625 as if the same were set forth herein.

933.    Defendants admit that Plaintiff Arthur purports to bring this claim on behalf of himself and others against Defendants Bayview and Pingora, but deny the substance of the allegations or that class treatment is appropriate.

934.    The allegations in paragraph 934 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

935.    The allegations in paragraph 935 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

936.    The allegations in paragraph 936 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

937.    The allegations in paragraph 937 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

938.    Defendants deny the allegations.

939.    The allegations in paragraph 939 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

940.     The allegations in paragraph 940 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

941.     The allegations in paragraph 941 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

942.     The allegations in paragraph 942 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

943.     The allegations in paragraph 943 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

944.     The allegations in paragraph 944 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

945.     The allegations in paragraph 945 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

946.     The allegations in paragraph 946 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

947.     Defendants deny the allegations.

948.     Defendants deny the allegations.

949.     The allegations in paragraph 949 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

950.     The allegations in paragraph 950 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations, including all subparts.

951.    The allegations in paragraph 951 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

952.    The allegations in paragraph 952 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

953.    The allegations in paragraph 953 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

954.    The allegations in paragraph 954 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

955.    Defendants admit that Plaintiffs seek class treatment, but deny the premise that any class treatment is appropriate.  Defendants admit that Plaintiffs seek relief under the Washington Consumer Protection Act, but deny they are entitled to any such relief.  Defendants deny all other allegations.

## COUNT X: DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

956.    Defendants repeat and reallege each and every response to the allegations in Paragraphs 1-625 as if the same were set forth herein.

957.    Defendants admit that Plaintiffs bring a declaratory judgment and injunctive relief count for which they seek class treatment, but deny that Plaintiffs are entitled to any relief or that class treatment is appropriate.  Defendants deny all other allegations.

958.    The allegations in paragraph 958 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

959.    The allegations in paragraph 959 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

960.     Defendants lack information sufficient to answer the allegations set forth in paragraph 960 and therefore deny them.

961.     Defendants deny the allegations.

962.     Defendants deny the allegations.

963.     The allegations in paragraph 963 of the Complaint are legal conclusions requiring no response.  To the extent a response is required, Defendants deny the allegations.

964.     Defendants admit that Plaintiffs bring a declaratory judgment and injunctive relief count for which they seek class treatment, but deny that Plaintiffs are entitled to any relief or that class treatment is appropriate.  Defendants deny all other allegations, including all subparts.

965.     Defendants admit that Plaintiffs bring a declaratory judgment and injunctive relief count for which they seek class treatment, but deny that Plaintiffs are entitled to any relief or that class treatment is appropriate.  Defendants deny all other allegations.

966.     Defendants deny the allegations.

967.     Defendants deny the allegations.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs and the putative class(es) are entitled to any of the relief they seek in (A) through (G) of their Prayer for Relief, and deny the allegations contained in the Prayer for Relief.

## DEMAND FOR JURY TRIAL

Defendants demand proof that Plaintiffs and the putative class are entitled to trial by jury on each of the claims asserted in the Amended Consolidated Class Action Complaint as a matter of right.

## **GENERAL DENIAL**

Defendants deny each and every allegation in the Amended Consolidated Class Action Complaint that is not specifically admitted herein.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendants set forth the following Affirmative and Other Defenses without waiving their rights to put Plaintiffs to their burden of proof and without assuming any burden of proof not otherwise imposed upon Defendants:

1. Plaintiffs' claims and those of putative class members fail to state a claim upon which relief can be granted.

2. Any acts and/or omissions alleged on the part of Defendants were not the factual, legal, or proximate cause of Plaintiffs' or putative class members' alleged injuries and damages, if any.

3. The Data Incident complained of was caused by third parties over whom Defendants had no control and for whom Defendants are not legally responsible.

4. Plaintiffs' causes of action and those of putative class members are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or laches.

5. Plaintiffs' causes of action and those of putative class members are barred, in whole or in part, by the doctrine of release.

6. Plaintiffs' causes of action and those of putative class members are barred, in whole or in part, by the doctrine of consent.

7. Plaintiffs' causes of action and those of putative class members are barred, in whole or in part, by the collateral source doctrine.

8.      Plaintiffs' causes of action and those of putative class members are barred, in whole or in part, because Defendants were in compliance with all applicable laws, regulations, and rules.

9.      Plaintiffs' causes of action and those of putative class members are barred, in whole or in part, by the voluntary payment doctrine.

10.      Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of good faith.

11.      Plaintiffs' and putative class members' alleged injuries and damages, if any, were directly caused in full or in part by Plaintiffs' or putative class members' own negligence, carelessness and/or recklessness, and/or that of a third party for which Defendants bear no responsibility, including the criminal third-party who perpetrated the Data Incident that is the subject of this lawsuit.  As a result, Defendants' percentage of negligence, fault, and/or liability, if any, is reduced by Plaintiffs' and putative class members' contributive or comparative fault.

12.      Plaintiffs' claims and those of putative class members are barred or reduced by their failure to mitigate damages.

13.      Plaintiffs' and putative class members' damages, if any, were the result of supervening and/or intervening causes, including intervening criminal actions of third parties, which actions bar, preclude and/or diminish Plaintiffs' and putative class members' recovery against Defendants.

14.      Plaintiffs' claims and those of putative class members are barred, in whole or in part, because their alleged damages were caused by Plaintiffs' or putative class members' own actions or by a third party.

15.      Plaintiffs' claims and those of putative class members are barred, in whole or in part, by their assumption of risk.

16.     Plaintiffs' claims and those of putative class members are barred because Defendants did not make a material omission or misrepresentation in their privacy policies.

17.     Plaintiffs' claims and those of putative class members are barred in whole or in part under the economic loss doctrine.

18.     Plaintiffs' claims and those of putative class members are barred, in whole or part, by the doctrine of election of remedies, because they seek inconsistent and conflicting relief and more than will make them whole.

19.     Plaintiffs' claims and those of putative class members are barred, in whole or in part, because they have failed to join necessary and indispensable parties to this action.

20.     Plaintiffs' claims and those of putative class members must be reduced, in whole or part, by an appropriate setoff to the extent that Plaintiffs or putative class members owe or have any amounts due to Defendants.

21.     The imposition of aggregated, class-wide damages in this case would be excessive and violate Defendants' due process and other Constitutional rights under the U.S. constitutional and state constitutions, including California.

22.     Plaintiffs' claims violate Defendants' due process rights under the United States Constitution and state constitutions, including California, in that, among other things, by attempting to aggregate what are in reality potentially numerous individual claims arising out of widely disparate facts, Plaintiffs seek to deprive Defendants of traditional means of establishing that their conduct was not the cause of the claimed injuries.

23.     Any finding of liability and damages under a theory of negligence or under Plaintiffs' statutory claims would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution because the standards of liability under the statutes are unduly vague

and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

24.     Plaintiffs' claims are improper for resolution on a class-wide basis because the putative class does not meet the requirements of Federal Rule of Civil Procedure 23.  Specifically, Plaintiffs are not an adequate representative of any putative class; their claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest.

25.     Plaintiffs' and putative class members' causes of action are barred, in whole or in part, because there is no basis for injunctive relief in this action.

26.     Plaintiffs and putative class members have suffered no actual injury or legally cognizable damages and their purported damages, if any, are speculative and/or uncertain and therefore not compensable.

27.     The Complaint fails to state facts sufficient to constitute a claim for recovery of attorneys' fees.

28.     Plaintiffs and putative class members are not entitled to recover pre-judgment interest because their alleged damages are not certain or capable of being made certain by any calculation.

29.     Plaintiffs' claims and those of putative class members for equitable relief are barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

30.     Defendants state that the aggregated nature of Plaintiffs' claims, in particular with respect to absent putative class members, make an analysis of all potential affirmative defenses

that might be applicable to any given absent class member infeasible at this time. Defendants expressly reserve the right to assert additional affirmative defenses as this case progresses.

31.     Some or all of the putative class members lack standing to assert their alleged claims against Defendants.

## JURY DEMAND

Defendants hereby demand a trial by jury by the maximum number of jurors allowable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.     That the Complaint be dismissed with prejudice;

2.     That Plaintiffs take nothing by way of the Complaint;

3.     That Plaintiffs' prayer for relief is denied;

4.     That judgment be entered in favor of Defendants and against Plaintiffs;

5.     For costs of suit incurred herein, including attorneys' fees and expenses; and

6.     For such other and further relief as the Court deems just and proper.


Dated: April 14, 2025.                          *s/ Julie Singer Brady*
                                                Julie Singer Brady
                                                Florida Bar No. 389315
                                                jsingerbrady@bakerlaw.com
                                                Yameel L. Mercado Robles
                                                Florida Bar No. 1003897
                                                ymercadorobles@bakerlaw.com
                                                BAKER & HOSTETLER LLP
                                                200 South Orange Avenue, Suite 2300
                                                Orlando, FL 32801
                                                Telephone: 407.649.4000
                                                Facsimile: 407.841.0168

                                                Paul Karlsgodt (*pro hac vice*)
                                                PKarlsgodt@bakerlaw.com
                                                BAKER & HOSTETLER LLP

1801 California Street, Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805

Evan M. Mannering (*pro hac vice*)
emannering@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783

Joseph Givner
Florida Bar No. 850705
Primary Email: jgivner@givner.law
Secondary Email: paralegal@givner.law
GIVNER LAW GROUP, LLP
19790 W. Dixie Hwy, Suite 706
Miami, Florida 33180
Telephone: 305.933.9970

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on April 14, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the Florida E-Filing Portal, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Julie Singer Brady*
Julie Singer Brady
