## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No.: 1:22-cv-20955-DPG-EGT |

## OPPOSITION TO MOTION FOR LEAVE
## REGARDING SUMMARY JUDGMENT MOTIONS

Defendants seek leave pursuant to Local Rule 56.1(e) to move for summary judgment against an unspecified number of Plaintiffs' individual claims while reserving the right to again move for summary judgment as to any class-wide claims in the future. [ECF No. 284]. The motion should be denied. Defendants' request is not only legally unsupported, but they offer no reason for why the Court should depart from this District's default Local Rule 56.1(e). Instead, their proposal would only create piecemeal litigation in contravention of Rule 23, wasting court and party resources.

Defendants' motion lacks any supporting authority and flies in the face of Rule 23, which is designed to create judicial and party efficiency by preventing the type of "piecemeal litigation" Defendants propose. *Donovan v. Univ. of Texas at El Paso*, 643 F.2d 1201, 1206 (5th Cir. 1981) In light of Rule 23's unmistakable purpose, it is "difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits." *Bineman v. City of Chicago*, 838 F. 2d 962, 964 (7th Cir. 1988). Accordingly, courts have generally held that "issues relating to class certification should be decided before a decision on the merits is rendered." *Licari Fam. Chiropractic Inc. v. Eclinical Works, LLC*, 2019 WL 2491922, at *1 (M.D. Fla. Feb. 26, 2019) (citation omitted).

The "presumption" against multiple summary judgment motions "make sense" because it allows the moving party a "redo" "at considerable additional cost to opposing parties and at a considerable drain to scarce judicial resources[.]" *Id.* (quoting *Cap. Holdings USA, LLC v. Am. Paramount Fin.*, 2012 WL 13018351, at *1 (S.D. Fla. Feb. 3, 2012)). In addition, "[c]ourts in this District have regularly cited [the local rules] in refusing to allow second motions for summary judgment." *Id.*.; *see, e.g.,* [Leoncio v. Louisville Ladder, Inc., 2014 WL 11429107, at *2 (S.D. Fla. Apr. 11, 2014)](#); *Williams Island Synagogue, Inc. v. City of Aventura*, 2004 WL 2504633, at *2 (S.D. Fla. Nov. 2, 2004). As one court in the Middle District of Florida, which has promulgated a comparable local rule prohibiting successive summary-judgment motions absent leave of court, recently observed in denying a successive motion for summary judgment, "[s]uccessive motions for summary judgment promote piecemeal adjudication and erode judicial economy." *Tripro Consulting, LLC v. CACI, Inc.*, 2024 WL 4957967, at *3 (M.D. Fla. Dec. 4, 2024).

Defendants have not presented compelling reasons why this Court should disregard the overwhelming preference for efficiency expressed in Rule 23, Local Rule 56.1(e), and the decided weight of authority. Contrary to what Defendants appear to suggest, the Court did not invite Defendants to file successive summary judgment motions. The motion is also vague as to the precise individual issues Defendants are proposing to move on. Although Defendants argue that the transcript of the March 31, 2025 hearing was not available at the time they filed their motion and they will provide relevant citations in their reply brief [ECF No. 284 at 1 n.1], the absence of a transcript is no excuse for not at least offering some details about their proposal in their opening

brief.[1] Defendants also insist that deciding summary judgment of Plaintiffs' individual claims will assist the Court's determination of which issues are common or individualized, but Defendants already have the chance to thoroughly raise these arguments with their opposition to class certification. [ECF No. 284 at 2].

Moreover, there is good reason to believe that allowing Defendants to file individual motions for summary judgment prior to class certification will create a costly and time-consuming game of whack-a-mole that will waste this Court's and the parties' resources. *See Williams Island*, 2004 WL 2504633, at *2  (discussing prior version of rule and stating "[t]he bar imposed by the local rules, in part, protects the party opposing summary judgment and conserves judicial resources[.]"). If Defendants are permitted to submit a pre-certification motion for summary judgment, Plaintiffs will almost certainly seek Rule 56 discovery. Plaintiffs will also need to consider whether they should submit their own cross-motion for summary judgment as to certain individual plaintiffs' claims. In addition, by moving for summary judgment prior to a class certification ruling, Defendants would be waiving any protection under the one-way intervention rule. *See Sos v. State Farm Mut. Auto. Ins. Co.*, 2023 WL 5608014, at *15 (11th Cir. Aug. 30, 2023). As such, even if Defendants are successful as to a particular named plaintiff pre-certification, any summary-judgment ruling will bind only that class representative. *Helms v. Consumerinfo.com*, 436 F. Supp. 2d 1220, 1227 n.7 (N.D. Ala. ("Because this court has yet to rule on class certification  in  this  case,  a summary judgment ruling against  Plaintiff  will not bind the as yet unnamed class members."). This means granting summary judgment would

---

[1] To the extent Defendants intend to identify the specific contours of their anticipated summary judgment motion on reply, Plaintiffs reserve the right to move to strike and/or respond to any such argument. *Cf. Herring v. Secretary, Dep't of Corrections,* 397 F.3d 1338, 1342 (11th Cir. 2005) (arguments raised for first time on reply are not properly raised).

force Plaintiffs to seek leave to substitute another class representative to take their place, after which, presumably, Defendant would seek leave to target the new representative in discovery and a subsequent motion for summary judgment, resulting in duplication of effort and inefficiencies.

In sum, Defendants' proposal is against the great weight of authority, lacking in specifics, and would have the practical effect of increasing rather than conserving court and party resources. Because Defendants fail to give the Court any cogent reason to depart from this District's general prohibition against multiple summary judgment motions, the Court should deny the motion for leave.

Dated: April 24, 2025

/s/Julie Braman Kane
Julie Braman Kane
Florida Bar No. 980277
**COLSON HICKS EIDSON**
255 Alhambra Circle – Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
julie@colson.com
*Plaintiffs' Liaison Counsel*

JOHN A. YANCHUNIS
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com
*Chair, Plaintiffs' Executive Committee*

ADAM E. POLK (*pro hac vice*)
SIMON GRILLE (*pro hac vice*)
KRISTEN PALUMBO (*pro hac vice*)
MIKAELA BOCK
**GIRARD SHARP LLP**
601 California St, Ste 1400
San Francisco, CA  94108
Telephone: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

GARY M. KLINGER (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 Monroe Street, Suite 2100
Chicago, IL 60606
866.252.0878
gklinger@milberg.com

STUART A. DAVIDSON
Florida Bar No. 0084824
DOROTHY P. ANTULLIS
Florida Bar No. 890421
NICOLLE B. BRITO
Florida Bar No. 43399
**ROBBINS GELLER RUDMAN & DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  (561) 750-3000
(561) 750-3364 (fax)
sdavidson@rgrdlaw.com
dantullis@rgrdlaw.com
nbrito@rgrdlaw.com

M. ANDERSON BERRY (*pro hac vice*)
GREGORY HAROUTUNIAN (*pro hac vice*)
**CLAYEO C. ARNOLD, A PROFESSIONAL CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com
*Members, Plaintiffs' Executive Committee*

DAVID K. LIETZ (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW
Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
dlietz@milberg.com

RYAN D. MAXEY
**MAXEY LAW FIRM, P.A.**
107 North 11th Street, Suite 402
Tampa, FL 33602

ryan@maxeyfirm.com

TERRY R. COATES (*pro hac vice*)
DYLAN J. GOULD (*pro hac vice* forthcoming)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: 513/651-3700
513/665-0219 (fax)
tcoates@msdlegal.com
dgould@msdlegal.com

LORI G. FELDMAN (*pro hac vice*)
**GEORGE GESTEN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (917) 983-9321
Fax: (888) 421-4173
LFeldman@4-Justice.com
E-Service: eService@4-Justice.com

JOSEPH M. LYON (*pro hac vice*)
**THE LYON FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
(513) 381-2333
jlyon@thelyonfirm.com

*Attorneys for Plaintiffs*