**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE REGARDING SUMMARY JUDGMENT MOTIONS**

In their Motion for Leave Regarding Summary Judgment Motions, Defendants seek a bifurcated approach whereby they will move for summary judgment as to the named Plaintiffs' individual claims on or around May 30, 2025, while reserving the right to move for summary judgment as to class-wide claims if a class is certified. *See* ECF No. 284 ("Motion" or "Mot."). This approach will prevent waste of the Court's and Defendants' resources because Plaintiffs' claims will not withstand summary judgment, so delaying the inevitable is wasteful. *Id.* at 1-2. Plaintiffs are undoubtedly aware of this because they, like Defendants, are intimately familiar with the discovery record and know that many, if not all, of the named Plaintiffs' claims cannot withstand summary judgment, leaving certain claims, if not the entire action itself, without an adequate class representative. Nevertheless, Plaintiffs seek to delay the inevitable because they know summary judgment will be the nail in the coffin for certifying their claims for class treatment. *See* ECF No. 287 ("Opposition" or "Opp."). But Plaintiffs' desire to delay the inevitable and certify a class to exert pressure on Defendants does not justify precluding Defendants from seeking summary judgment as to the named Plaintiffs. The Court should grant the Motion.

Plaintiffs do not contest that Local Rule 56.1(e) is a "default" rule and that the Court has discretion to permit exceptions. *Id.* at 1. Instead, Plaintiffs go to great lengths to convince the Court that it should hold fast to the "default" rule, but none of Plaintiffs' arguments justify kicking the can further down the road.

Plaintiffs begin by claiming that "[Defendants] offer no reason for why the Court should depart from this District's default Local Rule 56.1(e)." *Id*. Not so. Defendants explained that departure from the default rule is appropriate here because a summary judgment decision "will narrow the scope of issues and claims for the Court's consideration in connection with Plaintiffs' motion for class certification." *See* Mot. at 1. Defendants further explained that a pre-certification motion is markedly different because it addresses the individual named Plaintiffs' claims, which is relevant to whether those named Plaintiffs can adequately represent a class. *Id.* at 2. Notably, Plaintiffs do not address this point. *See* Opp. For example, Defendants intend to challenge the named Plaintiffs' standing because facts uncovered during discovery show they do not have standing and standing must be determined before the Court renders a decision on class certification. *See Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1288 (11th Cir. 2001) ("Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others.").[1]

---

[1] In Plaintiffs' motion for class certification, they contend that the Court already addressed the question of standing. *See* ECF No. 282 at 19-20. However, Defendants challenged the standing of five Plaintiffs, three of whom dismissed their claims, based on allegations in a complaint that is no longer operative. *See* ECF Nos. 59 at 3-5, 105, 187, 244. Any suggestion that Defendants are foreclosed from challenging standing as to the remaining plaintiffs, or challenging the standing of any Plaintiff based on facts uncovered in discovery or allegations in the operative complaint, is contrary to governing law. *See Marino v. Broward Sheriff's Off.*, 2021 WL 9347050, at *3 (S.D. Fla. Dec. 6, 2021) (rejecting argument that standing was already decided because "standing and jurisdiction are matters that may be more fully developed later in the litigation" and "the Court must always ensure that it has jurisdiction"); *Fla. Ass'n of Med. Equip. Dealers, Med-Health Care v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999) ("[E]very court has an independent duty to review standing as a basis for jurisdiction at any time, for every case it adjudicates.").

Defendants also pointed to the fact that the Court raised doubts about the viability of Plaintiffs' individual claims at the summary judgment stage:

> I do note that many of the issues raised by the defense, there are some legitimate issues regarding some of these claims, but I am mindful of -- we are at the motion to dismiss stage of the proceeding, and I think the plaintiffs may have a tougher time at summary judgment, but given the standard for a motion to dismiss, I think my rulings are appropriate.

*See* Ex. 1, Mar. 31, 2025 Hr'g Tr. at 12:17-16:10, 63:7-12; Mot. at 1. In particular, the Court stated that whether each of the California Plaintiffs complied with the California Consumer Privacy Act's ("CCPA") notice requirement would be better suited for summary judgment. *Id.* at 12:17-16:10. This is critical because compliance with the CCPA's notice requirement is a condition precedent for a consumer to bring a claim for statutory damages in the first instance. *See* Cal. Civ. Code § 1798.150(b) (providing that a "statutory damages" claim "may be brought by a consumer ***if, prior to initiating any action*** against a business for statutory damages on an individual or class-wide basis, a consumer provides a business 30 days' written notice") (emphasis added).

Next, Plaintiffs raise a series of purported concerns about the bifurcated approach suggested by Defendants, but none of those concerns hold water. *First*, Plaintiffs claim this approach will result in "piecemeal litigation in contravention of Rule 23." *See* Opp. at 1. However, the viability of the named Plaintiffs' individual claims must be determined at some point. Defendants merely propose to make that determination sooner rather than later to avoid further waste of the Court's and Defendants' resources by potentially certifying claims that would need to be decertified later. *See* Mot. at 2.

Plaintiffs' authorities do not counsel a different result. While the court in *Donovan v. Univ. of Texas at El Paso* recognized that Rule 23 seeks to avoid "piecemeal litigation," it does not foreclose a pre-certification motion for summary judgment that addresses issues unique to the individual plaintiffs. 643 F.2d 1201, 1206 (5th Cir. 1981). Moreover, Plaintiffs' purported

3

concerns about "piecemeal litigation" are unfounded because they concede that putative class members will not file standalone suits if the named Plaintiffs' claims fail:

> [T]here is no indication any absent class member has any interest in controlling their own litigation and Proposed Class Counsel are unaware of any other parallel litigation against Defendants. Further, the small amount of recovery available to each Class member on an individual basis, including on their CCPA statutory damages claims ($100-$750), would not justify the prosecution of separate lawsuits.

*See* ECF No. 282 at 36.  In *Bieneman v. City of Chicago*, the district court dismissed plaintiff's claims under Rule 12(b)(6).  838 F. 2d 962, 963 (7th Cir. 1988).  Plaintiff then appealed, but the appeal was dismissed for want of jurisdiction because there was no final appealable order since the court had not decided the question of class certification.  *Id.*  Here, Defendants are not asking the Court to forego deciding whether class treatment is appropriate; indeed, whether Plaintiffs have viable claims is directly relevant to whether the named Plaintiffs are adequate because Plaintiffs who do not have viable claims cannot adequately represent a class.  *See* Mot. at 2; *Wooden*, 247 F.3d at 1288 ("Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others.").

In *Licari Fam. Chiropractic Inc. v. Eclinical Works, LLC*, the court was concerned about the possibility of "one-way intervention," which is where potential class members await a judgment on the merits before deciding whether to participate in the class.  2019 WL 2491922, at *1 (M.D. Fla. Feb. 26, 2019).  However, one-way intervention does not apply where the ***defendant*** moves for summary judgment.  The rule is designed to prevent ***plaintiffs*** from raising merits issues before class certification, because then absent class members could strategically await a decision on the merits before deciding whether to participate in the class.  In that scenario, they would benefit from a favorable decision, but could avoid an unfavorable decision by opting out of the

4

class. *See Sos v. State Farm Mut. Auto. Ins. Co.*, 2023 WL 5608014, at *16 (11th Cir. Aug. 30, 2023) (explaining that the "rationale for one-way intervention disappears if the defendant himself moves for summary judgment before a decision on class certification") (citation and quotation marks omitted); *Goren v. LawPracticeCLE, L.L.C.*, 2022 WL 833707, at *2 (M.D. Fla. Mar. 21, 2022). In *Cap. Holdings USA, LLC v. Am. Paramount Fin.*, which was not a class action, the court addressed "'eve-of-trial' attempts to raise new arguments in a successive motion for summary judgment," whereas here Defendants propose a pre-certification motion filed long before any trial to avoid further waste of resources. 2012 WL 13018351, at *1 (S.D. Fla. Feb. 3, 2012); Mot. at 1-2. Similarly, in *Leoncio v. Louisville Ladder, Inc.*, the court denied leave to file a second motion for summary judgment at a "late stage" of the litigation because doing so would require amending the scheduling order, but those concerns are not present here. 2014 WL 11429107, at *2 (S.D. Fla. Apr. 11, 2014). Plaintiffs miss the critical distinction that Defendants are not seeking leave to be able to file summary judgment on the same claims but, rather, are seeking the ability to pursue summary judgment as to Plaintiffs' individual claims based on the factual circumstances of the named Plaintiffs without foreclosing their ability to later seek summary judgment on a class-wide basis. In *Williams Island Synagogue, Inc. v. City of Aventura*, the Court denied leave to file a second motion for summary judgment to "conserve[] judicial resources," but the bifurcated approach proposed by Defendants would conserve the Court's resources. 2004 WL 2504633, at *2 (S.D. Fla. Nov. 2, 2004). Plaintiffs' reliance on *Tripro Consulting, LLC v. CACI, Inc.*, 2024 WL 4957967, at *3 (M.D. Fla. Dec. 4, 2024) is misplaced for the same reason.

*Second*, Plaintiffs claim that a bifurcated approach will give Defendants a "redo" and will lead to inefficiency. *See* Opp. at 2. However, as Defendants explained, they seek leave so they can move for summary judgment based on individualized issues that are unique to the named

5

Plaintiffs' claims, not on any common issues. The proposed motion will not, for example, seek summary judgment on the question whether Defendants violated an applicable standard of care in failing to prevent the security incident. A pre-certification motion for summary judgment addressing that issue would be of no benefit to either party and it is not necessary to reach that issue in resolving potentially dispositive individual issues, such as whether individual Plaintiffs have any Article III injury. However, if a class is certified, Defendants would reserve the right to move for summary judgment on the common issues to which the certification order applies. *See* Mot. at 1-2. Because the proposed pre-certification motion would address only individual issues, any purported concerns about a "redo" are unfounded. Likewise, Plaintiffs' concerns about additional costs and straining judicial resources are unfounded. *See* Opp. at 3. To date, the parties have engaged in over three years of litigation about claims that will not survive summary judgment because they are based on allegations that discovery has shown to be untrue. Defendants' proposal would prevent further waste of resources the Court's and Defendants' resources.

*Third*, Plaintiffs threaten to seek Rule 56 discovery if the Motion is granted. *Id.* However, the evidence cited in support of Defendants' initial motion would consist of Plaintiffs' own documents and testimony, so further discovery from Defendants would be unnecessary. Moreover, Plaintiffs' threat to "submit their own cross-motion for summary judgment as to certain individual plaintiffs' claims" would violate the one-way intervention rule. *Id.*

*Fourth*, Plaintiffs argue that if summary judgment is granted, they will simply substitute a new representative who is not bound by the Court's decision. *Id.* at 3-4. This is not a reason to avoid scrutiny over the named Plaintiffs who have already sued the defendants and have the burden of proving the elements of their claims, whether or not a class is ultimately certified. Moreover,

early resolution of individualized issues affecting the current Plaintiffs' claims will create efficiencies by highlighting potential adequacy problems for any other proposed Plaintiff.

For the foregoing reasons, and those stated in the Motion, the Court should grant the Motion and permit the bifurcated approach proposed by Defendants. This approach will eliminate claims based on allegations now proven to be untrue and will avoid further waste of the Court's and Defendants' resources. Moreover, there is no reason to believe this approach will result in "piecemeal litigation" or a flood of lawsuits by absent class members.

Dated: May 1, 2025.                     */s/ Julie Singer Brady*
                                         Julie Singer Brady
                                         Florida Bar No. 389315
                                         jsingerbrady@bakerlaw.com
                                         Yameel L. Mercado Robles
                                         Florida Bar No. 1003897
                                         ymercadorobles@bakerlaw.com
                                         BAKER & HOSTETLER LLP
                                         200 South Orange Avenue, Suite 2300
                                         Orlando, FL 32801
                                         Telephone: 407.649.4000
                                         Facsimile: 407.841.0168

                                         Paul Karlsgodt (*pro hac vice*)
                                         PKarlsgodt@bakerlaw.com
                                         BAKER & HOSTETLER LLP
                                         1801 California Street, Suite 4400
                                         Denver, CO 80202
                                         Telephone: 303.861.0600
                                         Facsimile: 303.861.7805

                                         Evan M. Mannering (*pro hac vice*)
                                         emannering@bakerlaw.com
                                         BAKER & HOSTETLER LLP
                                         1050 Connecticut Ave, NW, Suite 1100
                                         Washington, DC 20036
                                         Telephone: 202.861.1500
                                         Facsimile: 202.861.1783

>Joseph Givner
>Florida Bar No. 850705
>Primary Email: jgivner@givner.law
>Secondary Email: paralegal@givner.law
>GIVNER LAW GROUP, LLP
>19790 W. Dixie Hwy, Suite 706
>Miami, Florida 33180
>Telephone: 305.933.9970
>
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 1, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the Florida E-Filing Portal, which will send a Notice of Electronic Filing to all counsel of record.

>*/s/ Julie Singer Brady*
>Julie Singer Brady