**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re Lakeview Loan Servicing Data Breach Litigation | Case No. 1:22-cv-20955-DPG |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF TERRY M. LONG**

Defendants Bayview Asset Management LLC ("Bayview"), Lakeview Loan Servicing LLC ("Lakeview"), Pingora Loan Servicing LLC ("Pingora"), and Community Loan Servicing LLC ("Community," and together with Bayview, Lakeview, and Pingora, "Defendants") respectfully file and serve this Reply in Support of their Motion to Exclude Testimony [ECF No. 312, the "Motion"] of proposed expert witness Terry M. Long ("Long"), under Fed. R. Evid. 702. In support thereof, Defendants state as follows:

**INTRODUCTION**

Long seeks to provide an expert damage calculation as to the cost of providing credit monitoring to the putative class. His opinion is purportedly based on actuarial science. His opinion should be excluded on several grounds, including: (i) there is no right to recover the cost of credit monitoring and [redacted]; (ii) [redacted]; and (iii) he knowingly and improperly [redacted] Long's opinions, therefore, fail to satisfy the requirements of Fed. R. Evid. 702 and should be excluded.

**I. There is No Right to Recover the Cost of Credit Monitoring and No Credible Risk of Imminent Harm**

Plaintiffs dismiss the holdings in *Muchnik v. Sambodromo, LLC*, No. 08-21248-CIV, 2009 U.S. Dist. LEXIS 139258, at *5 (S.D. Fla. May 18, 2009) and *Walsh v. Famous Dave's of America*, No. 4:08cv183, 2008 U.S. Dist. LEXIS 69134, at *10 (N.D. Fla. Sept. 11, 2008) as "outdated." *Muchnik* holds that "the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy." *Walsh* holds that "[a] potential for harm without a showing of actual harm is too speculative to establish actual

damages." Each case, however, remains good law and forecloses Plaintiffs' claim for credit monitoring given the lack of actual harm suffered by any Plaintiff in this action.

In their Opposition to Defendants' Motion to Exclude the Testimony of Terry M. Long ("Opposition") [ECF No. 326], Plaintiffs argue that they can recover for the cost of credit monitoring if there is "a credible risk of imminent harm." Opposition at p. 7, citing to *Greenstein v. Noblr Reciprocal Exch.*, 585 F. Supp. 3rd 1220, 1224-1225 (N.D. Cal. 2022). Plaintiffs assert in conclusory fashion that they meet this standard because [redacted] and cite to their Motion for Class Certification [ECF No. 282]. But those allegations have been thoroughly refuted and, in fact, [redacted] [ECF No. 294 p. 7-14; ECF No. 294-48]. Attached as **Exhibit A** is a summary as to each Plaintiff which demonstrates the complete failure of proof by Plaintiffs on this threshold question.

Plaintiffs' own purported expert, [redacted] but the testimony is crystal clear:

[redacted]

[Ex. 3 to Motion, Mott Dep. (ECF No. 312-3) at 133:2-12].

Finally, the case law recognizes that the [redacted] defeats any claim of "imminent harm". *See Storm v. Paytime,*

*Inc.*, 90 F. Supp. 3d 359, 366-67 (M.D. Pa. 2015) (passage of almost one year since data breach "undermine[s] the notion that identity theft would happen in the near future"); *In re Brinker Data Incident Litig.*, No. 3:18-cv-686-J-32-MCR, 2020 U.S. Dist. LEXIS 132399, *11 (M.D. Fla. July 27, 2020) (finding risk of injury too speculative where a second breach "has not happened in the more than two years since the original breach"). Plaintiffs assert (without citation to any authority) that the passage of time without misuse "bears no weight" on the admissibility of Long's opinion, but the case law refutes that unsupported ipse dixit. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ("[R]espondents cannot manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending."); *see also* Motion to Exclude Testimony of Terry M. Long ("Motion") (ECF No. 312 at p. 5). Having failed to make the threshold showing of imminent harm, Long's testimony as to the cost of identity theft protection is entirely irrelevant, is unhelpful to and would confuse the jury, is unduly prejudicial, and must be excluded.

## II. <u>Plaintiffs Concede that Long Failed to Employ Proper Actuarial Methodologies.</u>

In the Opposition, Plaintiffs do not deny that [redacted]

[redacted]

In their Opposition, Plaintiffs seek to justify Long's disregard of actuarial science by explaining that the purpose of the award "is not to [redacted]". Opposition at p. 10. Rather, it is to "put Plaintiffs and the Class in the position they would have been in but for Defendants' failure to protect their privacy and security." Plaintiffs' purported justification contradicts their pleadings; the Amended and Consolidated Class Action Complaint specifically demands "purchasing of credit monitoring" for Plaintiffs [ECF No.187 at ¶ 611, 964]. Furthermore, the justification appears to be a non-sequitur and Plaintiffs offer no explanation how paying Plaintiffs [redacted]

---

[redacted]

[redacted] restores Plaintiffs to the position the occupied prior to the Incident.

Plaintiffs' illusory justification fails to save Long's testimony from exclusion for failure to meet the requirements of Fed. R. Evid. 702 for two additional fundamental reasons. First, the cost of purchasing credit monitoring is only potentially recoverable as a form of mitigation expense. *See In re Equifax Customer Data Sec. Breach Litig.*, No. 20-10249, 999 F.3d 1247, 1263 (11th Cir. 2021) (referring to credit monitoring as "mitigation injuries"). Assuming it is recoverable under applicable law,[2] it is only available if "reasonable and necessary" to protect Plaintiffs from the imminent risk of misuse of their PII caused by the Incident. *Gardiner v. Walmart Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079, at *15-16 (N.D. Cal. Mar. 5, 2021) (dismissing claim for credit monitoring for failure to sufficiently allege that such services were "reasonable and necessary"). The cases from other jurisdictions that Plaintiffs cite to in the Opposition (*Mason v. Wright Bros. Construction Co.*, No. 1:24-cv-384, 2025 U.S. Dist. LEXIS 57386, at *19-20 (E.D. Tenn. Mar. 27, 2025) and *In re Numotion Data Incident Litig.*, No. 3:24-cv-00545, 2025 U.S. Dist. LEXIS 4509, at *40 (M.D. Tenn. Jan. 9, 2025)) confirm that claims for credit monitoring are only available to mitigate against an imminent risk of future identity theft. Plaintiffs cite to no case that holds that credit monitoring is meant to put or does put the Plaintiffs in the same position they were in prior to the Incident.

Furthermore, Florida law rejects Plaintiffs' assertions that the cost of credit monitoring is recoverable whether the Plaintiffs incur it or not. *See* e.g. Fla. Std. Jury Instr. (Civ.) 501.2(b) (Florida law permits the recovery of "[t]he reasonable [value] [or] [expense] of [hospitalization

---

[2] *See infra* at p. 2 citing to *Muchnik*, 2009 U.S. Dist. LEXIS 139258, at *14 for the proposition that the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy.

and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) in the past [or to be so obtained in the future].") To recover future mitigation expenses, a plaintiff must prove that it is "reasonably certain" the expenses will be incurred in the future. *Volusia County v. Joynt*, No. 5D14-3403, 179 So. 3d 448, 452 (Fla. 5th DCA 2015) (denying recovery of medical expenses because Plaintiff failed to prove it was "reasonably certain" such expenses would be incurred). The recovery of future medical expenses, for example, cannot be grounded on the mere possibility "that certain treatment 'might' be obtained in the future." *White v. Westlund*, No. 92-2314, 624 So. 2d 1148, 1150 (Fla. 4th DCA 1993) (citing 2 Damages in Tort Actions § 9.55(1), at 9-45 (1986)). Here, [redacted] Motion at 2. Further, there must be an evidentiary basis upon which the jury can, with reasonable certainty, determine the amount of those expenses. *Loftin* v. *Wilson*, 67 So. 2d 185, 188 (Fla. 1953) ("In every case, plaintiff must afford a basis for a reasonable estimate of the amount of his loss and only medical expenses which are reasonably certain to be incurred in the future are recoverable.").

Second, [redacted] Long becomes simply a mouthpiece for counsel and no longer provides help to the jury through scientific or specialized expertise.

The expert admissibility inquiry has been distilled to three factors:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citation omitted).

In determining the reliability of a scientific expert opinion, the courts of the Eleventh Circuit consider the following factors to the extent possible:

> (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community. Notably, however, these factors do not exhaust the universe of considerations that may bear on the reliability of a given expert opinion, and a federal court should consider any additional factors that may advance its Rule 702 analysis.

*Bello v. DHL Express, Inc.*, No. 22-23005-CV-GAYLES/TORRES, 2023 U.S. Dist. LEXIS 237404, at *8 (S.D. Fla. Nov. 10, 2023).

Mr. Long's methodology is not reliable because it fails to meet the *Daubert* inquiry. [redacted] In doing so, Long ceased providing scientific or technical expertise that would be helpful to the jury and simply became a mouthpiece for Plaintiffs' counsel. Long's methodology is indisputably flawed. It relies on patently indefensible assumptions, does not assist the trier of act, and would mislead and confuse the trier of fact. Thus, his opinion should be entirely excluded.

## III. Long Further Inflates The Cost of Credit Monitoring by $680 Million Dollars by Using Annual Payments for Credit Monitoring Even Though Monthly Payments Are Available.

[redacted] Motion at p. 13. They claim this [redacted] in methodology is of "no moment". Opposition at p. 15. However, it stands as another example of a patently indefensible assumption that would actually mislead and confuse the trier of fact. For this reason, his opinion should be entirely excluded.

## IV. Plaintiffs Do Not Dispute that Long Makes Multiple Other Assumptions in Calculating Damages which Long Knows are Incorrect.

Plaintiff do not dispute that Long makes multiple other material assumptions that he knows are incorrect. These incorrect assumptions include the following: (i) [redacted]"; (ii) Defendants have the [redacted]; and (iii) the data he relies on [redacted]

[redacted] Opposition at p.16. But SOP 23, Section 3.1 (which is attached hereto as **Exhibit B**) does not authorize the use of knowingly false data. Furthermore, it requires the actuary to disclose issues with the data and identify the possible impact. Specifically, section 3.1 of the SOP provides as follows: "[I]f significant data limitations are known to the actuary, the actuary should disclose those limitations and their implications in accordance with section 4.1(b)." Furthermore, section 4.1(b) of the SOP states that "such communication [as to the results of actuarial work] should contain the following disclosures when relevant and material: . . . any limitations on the use of the actuarial work product due to uncertainty about the quality of the data or other information relevant to the use of the data, as discussed in section 3.1." Simply put, Long does not [redacted] Long's Declaration clearly fails to meet the requirements of SOP 23.

[redacted]

Similarly, with respect to [redacted] [Ex. 2 to Motion, Long Dep. (ECF No. 312-2) at 59:16-60:6, 63:3-10].

Nor does he explain or disclose the [redacted]

[redacted] Defendants also advised [redacted]

[redacted] See **Exhibit C** attached hereto. Plaintiffs omit these facts to create the false impression [redacted]" when, in reality, Defendants made clear from the outset that [redacted]

Clearly, Long's methodology is flawed because he relies on knowingly false assumptions. The false assumptions cannot be defended by reference to the SOP since [redacted]. Nor can it be defended by [redacted] Long's opinions are based on data [redacted] and are likely to confuse and mislead the trier of fact, so his opinions should be excluded.

**CONCLUSION**

For the foregoing reasons, and those stated in Defendants' Motion, the Court should exclude Long's damages model and his related opinions as they fail to meet the requirements of Fed. R. Evid. 702.

Dated: August 18, 2025.

s/ ________________________________
Joseph Givner
Florida Bar No. 850705
Primary Email: jgivner@givner.law
Secondary Email: paralegal@givner.law
GIVNER LAW GROUP, LLP
19790 W. Dixie Hwy, Suite 706
Miami, Florida 33180
Telephone: 305.933.9970

Yameel L. Mercado Robles
Florida Bar No. 1003897
ymercadorobles@bakerlaw.com
Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
BAKER & HOSTETLER LLP

200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
Facsimile: 407.841.0168

Paul Karlsgodt (*pro hac vice*)
PKarlsgodt@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805

Evan M. Mannering (*pro hac vice*)
emannering@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 18, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF filing system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jacob Joseph Givner*
Jacob Joseph Givner