UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master File No. 1:22-cv-20955-GAYLES/TORRES

In re LAKEVIEW LOAN SERVICING DATA )    <u>CLASS ACTION</u>
BREACH LITIGATION                  )
_____ )

**STIPULATION OF CLASS ACTION SETTLEMENT**

This Stipulation of Class Action Settlement ("Settlement Agreement"), dated January 27, 2026, is made and entered into by and among the following Settling Parties,[1] by and through the Parties' counsel of record: (i) Defendants Bayview Asset Management LLC ("Bayview"), Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Community Loan Servicing, LLC ("Community Loan") (collectively, "Defendants"); and (ii) Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner, both individually and on behalf of the Settlement Class (collectively, "Plaintiffs"), in the cases of *In re Lakeview Loan Servicing Data Breach Litig.*, No. 1:22-cv-20955-GAYLES/TORRES (S.D. Fla.), and *Lazarus v. Lakeview Loan Servicing, LLC*, No. 25CV018437 (Cal. Super. Ct., Sacramento Cnty.). Defendants and Plaintiffs are each referred to as a "Party" and are collectively referred to herein as the "Parties." The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions thereof.

## I.   RECITAL: THE LITIGATION

The first case stemming from the Incident was filed on March 29, 2022. Soon after, other plaintiffs filed other, related proposed class action lawsuits, which the Court subsequently consolidated and, thereafter, appointed interim Class Counsel to represent Plaintiffs in the Litigation.

---

[1]   All capitalized terms shall have the meaning set forth in the Definitions section below.

On August 1, 2022, Plaintiffs filed their Consolidated Class Action Complaint, which included various state common law and statutory consumer protection and privacy claims against all Defendants except Community Loan, including claims for negligence and violation of the California Consumer Privacy Act ("CCPA"). *See* ECF 47. On September 1, 2022, Defendants filed a motion to dismiss under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure (ECF 59), which the Court granted, in part, without prejudice. *See* ECF 144.

On March 28, 2024, Plaintiffs filed the operative Amended Consolidated Class Action Complaint ("Complaint") against all Defendants. *See* ECF 187. Defendants moved to dismiss under Rule 12(b)(6) (ECF 201), and separately moved to strike the CCPA claim brought by certain Plaintiffs on behalf of a California subclass (ECF 209). On March 20, 2025, the Court denied the motion to strike without prejudice. *See* ECF 269. And, on March 31, 2025, following oral argument, the Court granted in part and denied in part Defendants' motion to dismiss. *See* ECF 283. The remaining claims of the Complaint after this decision consisted of negligence and claims brought by certain Plaintiffs on behalf of state subclasses for violations of the CCPA, Cal. Civ. Code §1798.100, *et seq.*, the California Customer Records Act, Cal. Civ. Code §1798.80, *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505, *et seq.*, New York General Business Law §349, the Washington Consumer Protection Act, RCW Ch. 19.86, *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, *et seq.* (for injunctive relief only).

Substantial discovery occurred from October 21, 2022, to October 31, 2025. Document discovery included, among other things, searches for and collections of electronically stored information by Defendants and Plaintiffs; service subpoenas for documents on third parties that contracted with Defendants in connection with their information security and the Incident; five

sets of document requests, five sets of interrogatories, and one set of requests for admission served on Defendants; and two sets of document requests, two sets of interrogatories, and one set of requests for admission served on Plaintiffs. All told, Defendants and third parties produced, and Plaintiffs reviewed, a total of 517,135 pages of documents; Plaintiffs produced, and Defendants reviewed, 46,928 pages of documents.

The Parties also took numerous depositions. Specifically, Plaintiffs took 17 percipient and Rule 30(b)(6) witness depositions, and Defendants took the depositions of 16 Plaintiffs.

During the course of the Litigation, the Parties presented nine discovery disputes for hearing to Magistrate Judge Edwin G. Torres and appeared before Judge Torres on five occasions. *See* ECF 132, 191, 254, 266, 307.

On March 31, 2025, Plaintiffs filed their motion for class certification, along with five expert reports regarding the Incident, Defendants' data security practices, damages, and the risk of harm to alleged victims of the Incident. *See* ECF 282. Defendants opposed class certification on May 30, 2025, and filed three reports from their own experts and two non-expert declarations. *See* ECF 294. The Parties also each moved to strike the opposing Party's experts under *Daubert* and Plaintiffs moved to exclude Defendants' declarants. *See* ECF 311, 313, 334-35, 342, 346. As of October 24, 2025, Plaintiffs' motion for class certification, the Parties' *Daubert* motions, and Plaintiffs' motions to exclude Defendants' declarants were fully briefed and awaiting hearing or decision.

Throughout this case, the Parties have engaged in numerous discussions concerning a potential resolution. The Parties engaged in an early mediation on April 17, 2023, in Miami, with Rodney Max of Upchurch Watson White & Max. While the Parties were unable to reach agreement

during this first mediation, they agreed to keep the lines of communication open to further discussions.

The Parties engaged in a second mediation on December 9, 2024, in Miami, with the Honorable Scott Silverman (ret.), but again were unable to reach agreement.

Once class certification, *Daubert* motions, and Plaintiffs' motions to exclude Defendants' declarants were fully briefed, the Parties agreed to attend a third mediation on November 12, 2025, in Philadelphia, with the Honorable Diane Welsh (ret.), a former United States Magistrate Judge and a highly experienced mediator in data breach class actions. After a full day of mediation with Judge Welsh, the Parties were able to reach an agreement in principle on the Settlement of this Litigation.

The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for both of the Parties.

## II.   RECITAL: PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLING

Plaintiffs believe the claims asserted in the Litigation, as set forth in the Complaint, have merit. Plaintiffs and Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through continued motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Class Counsel are highly experienced in data breach litigation specifically and class action litigation generally, and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation.

They have determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

## III.     RECITAL: DENIAL OF WRONGDOING AND LIABILITY

Defendants deny each and all of the claims and contentions alleged against them in the Litigation. Defendants deny all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Nonetheless, Defendants have concluded that further litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Defendants have considered the uncertainty and risks inherent in any litigation. Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.     SETTLEMENT TERMS & DEFINITIONS

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, Class Counsel, and Defendants that, subject to the approval of the Court, the Litigation, and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties and the Settlement Class, except those members of the Settlement Class who timely opt-out of the Settlement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

### 1.     Definitions

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1     "**Agreement**" or "**Settlement Agreement**" means this agreement, exhibits, and the Settlement embodied herein.

- 5 -

1.2    "**CAFA Notice**" means the notice required by 28 U.S.C. §1715.

1.3    "**California *Pro Rata* Cash Payment**" means a payment of two *Pro Rata* Shares made to all Settlement Class Members who resided in California at the time of the Incident and submit a timely and valid Claim Form.

1.4    "**Claim**" means a claim for Settlement benefits made under the terms of this Settlement Agreement.

1.5    "**Claim Form**" means the claim form to be used by Settlement Class Members to submit a Claim, either through the mail or online through the Settlement Website, substantially in the form as shown in **Exhibit A** attached hereto.

1.6    "**Claims Deadline**" means the postmark and/or online submission deadline for Valid Claims submitted pursuant to ¶4.1. The Claims Deadline shall be set as a date ninety (90) days after the Notice Date or such other date as ordered by the Court in the Preliminary Approval Order. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice, on the Settlement Website, and on the Claim Form.

1.7    "**Class Counsel**" means John A. Yanchunis of Morgan & Morgan Complex Litigation Group, Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP, Adam E. Polk of Girard Sharp LLP, Gary M. Klinger of Milberg, PLLC, Julie Braman Kane of Colson Hicks Eidson, P.A., and M. Anderson Berry of the Emery Reddy PC.

1.8    "**Court**" means the United States District Court for the Southern District of Florida.

1.9    "**Defendants' Counsel**" means Baker & Hostetler LLP.

1.10    "**Dispute Resolution**" means the process for resolving disputed Claims as set forth in this Settlement Agreement.

1.11    "**Effective Date**" means the date on which the Judgment becomes Final, as defined herein.

1.12    "**Escrow Agents**" means Morgan & Morgan Complex Litigation Group, Robbins Geller Rudman & Dowd LLP, Colson Hicks Eidson, P.A., and Girard Sharp LLP.

1.13    "**Fee and Expense Award**" means the award of attorneys' fees and expenses by the Court to Class Counsel, including interest earned thereon, to be paid from the Settlement Fund.

1.14    "**Fee Application**" means the motion filed by Class Counsel for a Fee and Expense Award.

1.15    "**Final**" means that the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any Fee and/or Expense Award or Service Award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.16    "**Final Fairness Hearing**" means the hearing at which the Court will determine whether to finally approve the proposed Settlement.

1.17    "**Final Approval Order**" means the order finally approving the Settlement Agreement. The Settling Parties' proposed form of the Final Approval Order is attached to this Agreement as **Exhibit E**.

1.18    "**Incident**" means the cybersecurity incident that began on October 11, 2021, about which Defendants sent letters to Settlement Class Members between March 2022 and November 2022.

1.19    "**Judgment**" means a judgment with prejudice rendered by the Court under Federal Rule of Civil Procedure 54, a proposed form of which is attached to this Agreement as **Exhibit F**.

1.20    "**Litigation**" means *In re Lakeview Loan Servicing Data Breach Litig.*, No. 1:22-cv-20955-GAYLES/TORRES (S.D. Fla.), including all consolidated claims therein.

1.21    "**Long Form Notice**" means the long form notice of Settlement posted on the Settlement Website, substantially in the form as shown in **Exhibit C** attached hereto.

1.22    "**Monitoring Services**" means the services provided by CyEx pursuant to its Financial Shield Total product.

1.23    "**Net Settlement Fund**" means the Settlement Fund less any Fee and Expense Award, Service Award payments, Notice and Administration Expenses, and Taxes and Tax-Related Expenses.

1.24    "**Non-Profit Residual Recipient**" means Florida Funding Legal Aid, which is a 501(c)(3) non-profit organization(s) reasonably agreed upon by the Settling Parties that is not politically partisan and does not advocate a litigation agenda.

1.25    "**Notice and Administration Expenses**" means all costs incurred or charged by the Settlement Administrator in connection with providing Notice to Settlement Class Members, processing claims, and costs of otherwise administering the Settlement benefits, including the *Pro Rata* Cash Payment, the California *Pro Rata* Cash Payment, and the Out-of-Pocket Loss Payment.

1.26    "**Notice Date**" is the date that Short Form Notice and Long Form Notice will be issued or otherwise made available to Settlement Class Members, which will commence forty-five (45) calendar days after the entry of the Preliminary Approval Order, or as otherwise ordered by the Court.

1.27    "**Notice Plan**" consists of dissemination of the Short Form Notice that will be mailed to Settlement Class Members via regular U.S. Mail for whom mailing addresses are available, emailed to Settlement Class Members to the extent email addresses are available, posting the Long Form Notice to the Settlement Website, posting other important case information and important case documents to the Settlement Website, and a targeted digital media ad campaign.

1.28    "**Objection Date**" means the date by which Settlement Class Member objections must be filed with the Court.

1.29    "**Opt-Out Date**" means the date by which Settlement Class Members must mail or submit their requests to be excluded from the Settlement Class for that request to be effective. The postmark or submission date shall constitute evidence of the date of mailing for these purposes.

1.30    "**Out-of-Pocket Loss Payment**" means the Settlement benefit (as described below) available to Settlement Class Members to reimburse a Settlement Class Member up to $5,000 per Person for documented out-of-pocket losses actually and reasonably incurred that are fairly traceable to the Incident, and that have not already been reimbursed by a third party, subject to a cap of $5,000,000, and subject to *pro rata* reduction if the total of Valid Claims for Out-of-Pocket Losses exceeds $5,000,000.

1.31    "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, agents, and/or assignees.

1.32    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties have proposed a timeline to incorporate into the Preliminary Approval Order as **Exhibit D**.

1.33    "***Pro Rata* Cash Payment**" means a one-time *pro rata* payment made to all Settlement Class Members who submit a timely and valid Claim Form, except those who make a claim for a California *Pro Rata* Cash Payment.

1.34    "***Pro Rata* Shares**" are equal shares of the Remainder Settlement Fund. To calculate the *Pro Rata* Shares, the amount of the Remainder Settlement Fund shall be divided by the number of Valid Claims for *Pro Rata* Cash Payments. For purposes of determining the number of Valid Claims for *Pro Rata* Cash Payments, each approved claim for California *Pro Rata* Cash Payments shall be counted as two Valid Claims, and each such claimant shall receive two *Pro Rata* Shares.

1.35    "**Related Entities**" means Defendants' past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, employees, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation.

1.36    "**Released Claims**" shall collectively mean all claims against the Released Parties, and assigns, arising out of or relating to the Incident. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.37   **"Released Parties"** means Defendants and their Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers.

1.38   **"Remainder Settlement Fund"** means the Net Settlement Fund, less the total amount of approved claims for Out-of-Pocket Loss Payments and Monitoring Services.

1.39   **"Residual Funds"** means any funds that remain in the Net Settlement Fund after all Settlement Payments provided for in this Settlement Agreement have been distributed and the time for cashing and/or redeeming Settlement Payments has expired. While it is not anticipated that there will be any Residual Funds after the Net Settlement Fund payments are made (which will have the practical effect of "sweeping" all the Net Settlement Funds into *pro rata* payments for Valid Claims), Residual Funds will be distributed as follows: the funds related to any checks remaining uncashed after ninety (90) days from mailing and any checks returned undelivered after a second mailing attempt will be redistributed *pro rata* to Valid Claimants, so long as the amount of such reimbursement would equal or exceed the amount of $10.00. Any costs associated with the second distribution shall be taken out before the *pro rata* check amount is determined. The funds remaining in the Net Settlement Fund after Settlement Payments have been distributed and the time for reissuing checks has expired will be Residual Funds. The Residual Funds will be sent to the Non-Profit Residual Recipient.

1.40   **"Service Award"** means financial compensation to named Plaintiffs in recognition of work they performed on behalf of the Settlement Class. Such compensation is in addition to any compensation and/or benefits they may otherwise receive under this Settlement Agreement.

1.41   "**Settlement Administration**" means the process of disseminating the Notice and the processing and payment of Claims received from Settlement Class Members by the Settlement Administrator.

1.42   "**Settlement Administrator**" means Kroll Settlement Administration.

1.43   "**Settlement Amount**" means the non-reversionary amount to be paid by Defendants, totaling Twenty-Six Million Dollars ($26,000,000.00) in cash to be paid by wire transfer to the Escrow Agents pursuant to ¶2.1 of this Settlement Agreement.

1.44   "**Settlement Class**" means all Persons residing in the United States who were sent notice from any Defendant that their personally identifiable information ("PII") was potentially accessed during the Incident. The Settlement Class specifically excludes: (i) Defendants and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or Magistrate assigned to evaluate the fairness of this Settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Incident or who pleads *nolo contendere* to any such charge.

1.45   "**Settlement Class Member(s)**" means all Persons meeting the definition of the Settlement Class.

1.46   "**Settlement Fund**" means the Settlement Amount plus all interest and accretions thereto.

1.47   "**Settlement Payment**" means the payment (via paper checks or electronic payment) to be made to a Settlement Class Member from the Net Settlement Fund, based on a Valid Claim.

1.48    "**Settlement Website**" means a website, the URL for which to be mutually selected by the Settling Parties, that will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates, and deadlines and related information, as well as provide Settlement Class Members with the ability to submit a Claim online.

1.49    "**Settling Parties**" means, collectively, Defendants and Plaintiffs, individually and on behalf of the Settlement Class, and all Released Parties.

1.50    "**Short Form Notice**" means the short form notice of the proposed class action Settlement, substantially in the form as shown in **Exhibit B** attached hereto. The Short Form Notice will direct recipients to the Settlement Website and inform Settlement Class Members of, among other things, the Claims Deadline, the Opt-Out and Objection Deadlines, and the date of the Final Fairness Hearing, and will include a QR code directly taking Settlement Class Members to the Claim Form, as hosted by the Settlement Website.

1.51    "**Tax Expenses**" means expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.7.

1.52    "**Taxes and Tax Expenses**" means: (a) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund; (b) any other taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (c) any and all expenses and liabilities incurred in connection with the taxation of the Settlement Fund (including without limitation, Tax Expenses).

- 13 -

1.53     "**Unknown Claims**" means any of the Released Claims that Plaintiffs do not know or suspect to exist in their favor at the time of the release of the Released Parties that, if known by them, might have affected their settlement with, and release of, the Released Parties, or might have affected their decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have waived the provisions, rights, and benefits conferred by California Civil Code §1542 (or any similar comparable, or equivalent provision of any federal, state or foreign law, or principle of common law which is similar, comparable, or equivalent to California Civil Code §1542), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.54     "**Valid Claims**" means Claims in an amount approved by the Settlement Administrator or found to be valid upon completion of the Dispute Resolution process.

1.55     "**Valid Claimant**" means a claimant who is eligible to receive a Settlement Payment or other benefit under the Settlement.

### 2. The Settlement Fund

2.1     Defendants shall pay or cause to be paid the Settlement Amount by wire transfer in accordance with instructions, to be provided by the Escrow Agents as follows: Within twenty-one (21) calendar days of an order from the Court directing notice to the Settlement Class and receipt of necessary W-9 forms, Defendants will pay or cause to be paid an amount to the Escrow Agents determined by the Settlement Administrator to be reasonably necessary to commence the Notice Plan, which amount will be credited towards the remaining Settlement Amount Defendants must pay to the Escrow Agents. Defendants will pay or cause to be paid the balance of the Settlement Amount to the Escrow Agents within fourteen (14) calendar days after the date that the Final Approval Order and Judgment becomes Final and, thus, after the Effective Date. The Escrow Agents shall deposit the Settlement Amount plus any accrued interest in a segregated Escrow Account for the Settlement Fund maintained by the Escrow Agents. The Escrow Account shall be controlled solely by the Escrow Agents and shall be interest-bearing.

### a. The Escrow Agents

2.2     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agents. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by and exclusively satisfied through the Settlement Fund.

2.3     The Escrow Agents shall not disburse the Settlement Fund except: (a) as provided in this Settlement Agreement; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

2.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Settlement Agreement, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement. Other than the obligation to pay or cause to be paid the Settlement Amount into the Escrow Account set forth in ¶2.1 herein, the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission, or determination by the Escrow Agents, Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; or (b) any transaction executed by the Escrow Agents or any designees or agents thereof. Other than the obligation to cause the payment of the Settlement Amount pursuant to ¶2.1, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Settlement Agreement or otherwise.

2.5     All funds held by the Escrow Agents shall be deemed and considered to be *in custodia legis* of the Court, and shall be subject to the jurisdiction of the Court.

2.6     The Escrow Agents, without further approval of Defendants or the Court, may pay as incurred and from the Settlement Fund, all Notice and Administration Expenses subject only to the approval of Class Counsel.

### b.     Taxes and Settlement Fund

2.7     The Settling Parties and the Escrow Agents agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1, and the Escrow Account shall be interest-bearing. In addition, the Escrow Agents shall

timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agents to timely and properly prepare and deliver, or cause the preparation and delivery of, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agents. The Escrow Agents shall be solely responsible for timely and properly filing, or causing to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with ¶2.7 and in all events shall reflect that all Taxes including, any estimated Taxes, interest, or penalties on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof. Released Parties shall not have liability or responsibility for any such Taxes.

(b)     The following shall be paid out of the Settlement Fund: (i) all Taxes (including any estimated Taxes, interest, or penalties) and Tax Expenses arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (ii) all expenses and costs incurred in connection with the operation

- 17 -

and implementation of ¶2.7 (including, without limitation, Tax Expenses and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.7). In all events, the Released Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid, or caused to be paid, by the Escrow Agents out of the Settlement Fund without prior order from the Court, and the Escrow Agents shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Settlement Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Parties nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agents, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶2.7.

2.8    The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Net Settlement Fund to Settlement Class Members pursuant to this Agreement.

2.9    The Settlement Administrator and Class Counsel are responsible for communicating with Settlement Class Members regarding the distribution of the Net Settlement Fund and amounts paid under the Settlement.

2.10    Each Plaintiff and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

### 3. Settlement Benefits

3.1     The Settlement Fund shall be the sole source of monetary funds for the payment of Settlement Benefits to Settlement Class Members set forth herein.

3.2     **Out-of-Pocket Loss Payment Claims**. Settlement Class Members may claim reimbursement for documented Out-of-Pocket Losses. Claims for Out-of-Pocket Losses will be subject to review for completeness and plausibility by the Settlement Administrator.

     (a)     Settlement Class Members shall have the opportunity to submit a Claim for Out-of-Pocket Loss Payments by submitting a Valid Claim Form and the necessary documentation. The Out-of-Pocket Loss Payments available to Settlement Class Members, as described below, up to a maximum of $5,000 per Person, are documented, unreimbursed out-of-pocket costs or expenditures incurred by the Settlement Class Member that are fairly traceable to the Incident, subject to an aggregate cap of $5,000,000. If the total of all Out-of-Pocket Loss Claims deemed to be Valid Claims by the Settlement Administrator exceeds $5,000,000, Out-of-Pocket Loss Payments shall be reduced *pro rata*.

     (b)     Out-of-Pocket Losses may include, for example and without limitation, unreimbursed losses fairly traceable to the Incident for the following: (i) costs, expenses, losses, or charges incurred as a result of identity theft or identity fraud or other misuse of a Settlement Class Member's PII after October 11, 2021; (ii) costs incurred on or after October 11, 2021, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (iii) miscellaneous expenses such as notary, postage, copying, mileage, and other charges; and (iv) charges for credit monitoring or other mitigative expenditures incurred on or after October 11, 2021, through the Notice Date. Settlement Class Members with Out-of-Pocket Losses must submit documentation and an attestation supporting their claims. This may include receipts or other documentation, not "self-prepared" by the claimant, that document the costs incurred. "Self-

prepared" documents, such as handwritten receipts, are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation. Out-of-Pocket Losses must include an attestation that the monetary losses are fairly traceable to the Incident and were not incurred due to some other event or reason.

3.3     *Pro Rata* **Cash Payment Claims**.  In addition to the Out-of-Pocket Loss Payments described in Section 3.2, all Settlement Class Members may request a Cash Payment (either California *Pro Rata* Cash Payment or *Pro Rata* Cash Payment) (the "Cash Payment") by submitting a Valid Claim form selecting a Cash Payment. Documentation will be necessary to claim a Cash Payment, including submission of a Claim Form establishing that the Claimant is a Settlement Class Member and, for those seeking California *Pro Rata* Cash Payments, proof of California residency at the time of the Incident. The Cash Payment will be calculated in accordance with subsections (a) and (b) of ¶3.3. One Cash Payment will be issued per Valid Claim and will be paid from the Net Settlement Fund.

(a)     **California *Pro Rata* Cash Payment**: After the payment of Out-of-Pocket Loss Claims, the Settlement Administrator will issue California *Pro Rata* Cash Payments from the Net Settlement Fund, consisting of two *Pro Rata* Shares (2x) of the Remainder Settlement Fund for each Settlement Class Member residing in California at the time of the Incident who submits a Valid Claim. For the avoidance of doubt, the intention of awarding two *Pro Rata* Shares to those validly claiming the California *Pro Rata* Cash Payment is to provide those approved claimants with double the amount of the *Pro Rata* Cash Payment, in recognition of the potential value of the CCPA claim.

(b)     ***Pro Rata* Cash Payment**: After the payment of Out-of-Pocket Loss Claims, the Settlement Administrator will issue *Pro Rata* Cash Payments of a single *Pro Rata* Share of the

Remainder Settlement Fund to each Settlement Class Member who submits a Valid Claim and is not eligible to receive the California *Pro Rata* Cash Payment.

3.4     **Monitoring Services Claims**. In addition to Out-of-Pocket Losses and Cash Payments, Settlement Class Members may claim and enroll in up to one year of Monitoring Services (CyEx's Financial Shield Total product), which shall include and shall be delivered consistent with the standards set forth herein, for both personal information and financial information. These services will be provided by CyEx, which will be appointed by the Court as the provider of Monitoring Services and be subject to the Court's jurisdiction for enforcement of the terms of this Settlement. Settlement Class Members who submit a Claim Form for Financial Shield Total will be provided with an enrollment code by email after the Effective Date of the Settlement, and will have one year to enroll in the service. The enrollment code may be used to activate the full term if used at any time during that one year period

3.5     Financial Shield Total includes credit monitoring with three credit bureaus, financial transaction monitoring, monthly credit score and tracker, fictitious identity monitoring, bank and financial account monitoring, address change monitoring, home title monitoring, dark web monitoring, real-time authentication alerts, high-risk transaction monitoring, lost wallet protection, $1,000,000 of insurance coverage for identity theft with no deductible, security freeze assist, victim assistance, and customer support. The one-year period will commence when Settlement Class Members use their activation codes. All costs of Monitoring Services will be paid out of the Settlement Fund. As of December 2025, the retail reference value of Financial Shield Total is $32.95 per month.

3.6     Claims for approved Out-of-Pocket Losses and Monitoring Services shall be paid prior to determining the amount of California *Pro Rata* Cash Payments and *Pro Rata* Cash Payments.

3.7     The Settlement Administrator shall verify that each Person who submits a Claim Form is a Settlement Class Member. No Settlement Class Member may have more than one Valid Claim. Ambiguities or deficiencies on the face of the Claim Form shall be resolved by the Settlement Administrator. Class Counsel shall have the right to audit the resolution of decisions made by the Settlement Administrator at their own expense and may seek review by the Court of the Settlement Administrator's determination of Out-of-Pocket Loss Claims after attempting to meet and confer with the Settlement Administrator and the other Settling Parties.

3.8     For any payments returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the payment within thirty (30) calendar days after the payment is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an email and/or place a telephone call to that Settlement Class Member to obtain updated address information. Only one replacement payment may be issued per Settlement Class Member, absent a Court order.

3.9     If the Settlement Administrator is notified that a Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue payment to the Settlement Class Member's estate upon receiving proof that the Settlement Class Member is deceased and after consultation with Class Counsel.

3.10     Residual Funds. If any monies remain in the Net Settlement Fund (due to returned or uncashed checks or otherwise) more than ninety (90) calendar days after the distribution of Settlement Payments described in ¶¶3.2-3.4, and it is not economically feasible to distribute the Residual Funds to Valid Claimants (*i.e.*, the amounts to be paid to those Settlement Class Members would be less than $10.00), then the Settling Parties will distribute the Residual Funds to the Non-Profit Residual Recipient.

## 4.     Administration of Claims and Claims Resolution

4.1     The claims process will, at a minimum, include an online "check-the-box" Claim Form at the Settlement Website. Valid Claims must be submitted on or before the Claims Deadline.

(a)     In order to make a claim for a *Pro Rata* Cash Payment, Settlement Class Members must simply identify themselves as Settlement Class Members (which such identification may be validated by the list Defendants provide to the Settlement Administrator or, if they do not appear on the list, sufficient proof that such Person is a Settlement Class Member), provide their personal contact information and other such information as is necessary to receive a Cash Payment, and electronically "sign" an acknowledgment that they are a Settlement Class Member.

(b)     In order to make a claim for the California *Pro Rata* Cash Payment, Settlement Class Members must follow the same steps for *Pro Rata* Cash Payment, but must also verify that they resided in California at the time of the Incident (October 11, 2021) by submitting their name, address, and an attestation under penalty of perjury that they were residents of California at the time of the Incident. Unless specifically requested by the Settlement Administrator, Settlement Class Members seeking a California *Pro Rata* Cash Payment need not submit any additional proof-of-residency documentation.

- 23 -

(c)     In order to make a claim for an Out-of-Pocket Loss Payment, the Settlement Class Member must upload supporting documentation and must electronically "sign" an attestation, under oath, that their claim for and supporting documentation concerning Out-of-Pocket Losses is true and correct.

(d)     In order to make a claim for Monitoring Services, Settlement Class Members must simply identify themselves as Settlement Class Members (which such identification may be validated by the list Defendants provide to the Settlement Administrator or, if they do not appear on the list, sufficient proof that such Person is a Settlement Class Member), provide their personal email address and any other such information as may be necessary to receive a code to register for Monitoring Services, and electronically "sign" an acknowledgment that they are a Settlement Class Member.

(e)     Settlement Class Members may not make a claim for both a *Pro Rata* Cash Payment and a California *Pro Rata* Cash Payment, but may make a claim for one form of Cash Payment and an Out-of-Pocket Loss Payment and/or Monitoring Services.

(f)     If a Settlement Class Member makes a claim for a California *Pro Rata* Cash Payment and that claim is rejected, the Settlement Class Member shall receive a *Pro Rata* Cash Payment.

(g)     The Settlement Administrator shall administer and calculate the Claims submitted by Settlement Class Members. Class Counsel shall be given reports as to both Claims and distribution periodically (or as requested) and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. Any determination by the Settlement Administrator regarding whether to approve a Claim shall be binding, subject to the Claim Resolution process set forth in this ¶4.

4.2     Settlement Class Members with Valid Claims shall be able to select from a variety of payment options, including paper check and one or more of the following digital options, as determined by the Settlement Administrator and Class Counsel: Zelle, PayPal, Venmo, or ACH. Settlement Payments for Valid Claims shall be transmitted or mailed to Settlement Class Members within forty-five (45) calendar days of the Effective Date.

4.3     All Settlement Class Members who fail to timely submit a Claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any Settlement Payment pursuant to this Settlement Agreement, but will in all other respects be subject to, and bound by the provisions of the Settlement Agreement, the releases contained herein, and the Judgment.

4.4     No Person shall have any claim against Defendants, Class Counsel, Defendants' Counsel, any of the Released Parties, or any of the Plaintiffs based on: (i) distributions to Settlement Class Members made substantially in accordance with this Settlement Agreement; and (ii) the Settlement contained herein or any alleged failure by Defendants to implement or maintain any business practice changes.

4.5     Information submitted by Settlement Class Members pursuant to this Settlement Agreement shall be deemed confidential and protected as such by the Settlement Administrator.

4.6     Upon receipt of an incomplete or unsigned Claim Form, or a Claim Form that is not accompanied by sufficient documentation to determine whether the claimant is a Settlement Class Member or is entitled to an Out-of-Pocket Loss Payment, the Settlement Administrator shall request additional information ("Claim Supplementation") and give the claimant thirty (30) calendar days to cure the defect before rejecting the Claim. If the defect is not timely cured, then the Claim will be deemed invalid, and there shall be no obligation to pay the Claim.

4.7     Following receipt of additional information or documentation from a Settlement Class Member in response to a request for Claim Supplementation, the Settlement Administrator shall have thirty (30) calendar days to accept or reject each Claim. If, after review of the Claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a Claim is valid, either in whole or in part, then the Claim shall be paid. If the Claim is not valid because the claimant has not provided all information needed to complete the Claim Form and evaluate and substantiate the Claim, then the Settlement Administrator may reject the Claim without any further action. To the extent necessary, the Settlement Administrator shall consult with Class Counsel to assist with adjudicating any disputed individual claim or claims. Defendants and Defendants' Counsel shall have no involvement with the adjudication of claims and will not be liable for any disputes arising out of the distribution of those funds.

4.8     If there is any ambiguity with respect to a Settlement Class Member's election of monetary compensation and the Settlement Administrator cannot resolve the ambiguity, the ambiguous Claim Form shall default to providing a *Pro Rata* Cash Payment under ¶3.2(b).

**5.     Opt-Out Procedures**

5.1     Each Settlement Class Member wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box or electronically through the Settlement Website established by the Settlement Administrator. The written notice must clearly manifest the Settlement Class Member's intent to opt-out of the Settlement Class. To be effective, written notice must be postmarked or received no later than twenty-one (21) days before the date set for the Final Fairness Hearing in the Preliminary Approval Order.

5.2     All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the

- 26 -

Settlement Class who do not opt-out of the Settlement Class shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

5.3     The public filings of any papers identifying Opt-Outs or Settlement Class Members shall redact the names of the Opt-Outs or Settlement Class Members with the complete papers filed under seal, unless otherwise ordered by the Court.

**6.     Objection Procedure**

6.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall timely file with the Court a written notice of his or her objection by the Objection Date. Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number: *In re Lakeview Loan Servicing Data Breach Litig.*, No. 1:22-cv-20955-GAYLES/TORRES (S.D. Fla.); (iii) a written statement of all grounds for the objection, including whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) the identity of all class action cases in which the objector or his or her counsel has objected; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature, even if represented by counsel. To be timely, written notice of an objection in the appropriate form must be received by the Clerk of Court no later than twenty-one (21) days before the date set for the Final Fairness Hearing in the Preliminary Approval Order.

6.2     Any Settlement Class Member who fails to comply with the requirements for objecting in ¶6.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶6.1. Without

limiting the foregoing, any challenge to the Settlement Agreement, the Final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**7.      Settlement Class Certification**

7.1      The Settling Parties agree, for purposes of this Settlement only, to the certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3). If the Settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**8.      Mutual Releases**

8.1      Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

8.2     Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiffs, each and all of the Settlement Class Members, Class Counsel and their respective firms, and any other Plaintiffs' Counsel in the Litigation of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation, except for enforcement of the Settlement Agreement; *provided, however*, that the foregoing release does not in any way affect, limit, reduce or modify any Settlement Class Member's obligations under any existing promissory notes, loan agreements, mortgages, deeds of trust or other loan documents that are or ever have been either owned, controlled, administered, or serviced, directly or indirectly, by any the Defendants or any of their affiliated companies (collectively, "Loan Obligations") and all such Loan Obligations remain unmodified and in full force and effect.

### 9.     Class Counsel's Attorneys' Fees and Expenses

9.1     The Parties have agreed that, as part of the Settlement, the Court shall determine the amount of any award of attorneys' fees and expenses to Class Counsel.

9.2     Class Counsel shall submit a motion to the Court requesting an award of attorneys' fees and expenses no later than thirty-five (35) days before the date set for the Final Fairness Hearing in the Preliminary Approval Order.

9.3     Any attorneys' fees or expenses awarded by the Court shall be paid from the Settlement Fund. Any attorneys' fees and expenses awarded by the Court shall be paid to Class Counsel within five (5) calendar days of Defendants' full funding of the Escrow Account.

9.4     Class Counsel may allocate such fees to themselves and any other Plaintiffs' Counsel subject to each Class Counsel's or other Plaintiffs' Counsel's (including their respective partners, shareholders and/or firms) several obligation to repay those amounts to the Settlement

- 29 -

Fund plus accrued interest earned on such fees and expenses, if and when, whether as a result of any appeal and/or further proceedings on remand, or successful collateral attack or otherwise, the fee or expense award is reduced or reversed or return of the Settlement Fund is required. In such event, Class Counsel or other Plaintiffs' Counsel shall refund to the Settlement Fund the Fee and Expense Award paid to them, along with interest, as described above, in an amount consistent with such reversal or modification.

9.5     Based on the Litigation raising only state-law claims and subject to diversity jurisdiction, Plaintiffs may move the Court for Service Award payments in an amount Class Counsel determine is reasonable under the circumstances in light of Plaintiffs' institution, prosecution, and substantial participation in discovery in the Litigation to be paid from the Settlement Fund. Defendants will not oppose any reasonable request for Service Award payments, provided that the application expressly cites the Eleventh Circuit's opinions in *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020), and *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247 (11th Cir. 2021). Any order by the District Court or the Eleventh Circuit invalidating any Service Award payment shall not affect the enforceability of any other provision in this Settlement Agreement. If the Court awards less than Plaintiffs' request in Service Awards or attorneys' fees and expenses, the difference will remain in the Settlement Fund to be used for the benefit of the Settlement Class Members. Service awards ordered by the Court shall be paid within fourteen (14) calendar days of Defendants' full funding of the Escrow Account.

**10.     Preliminary Approval Order**

10.1     Class Counsel will file a motion for preliminary approval of the Settlement with the Court, attaching as an exhibit this Settlement Agreement and requesting entry of a proposed Preliminary Approval Order, including the timeline provided in **Exhibit D**, requesting, *inter alia*:

(a)    certification of the Settlement Class for settlement purposes only pursuant to ¶7.1;

(b)    appointment of Class Counsel to represent the Settlement Class;

(c)    appointment of Plaintiffs as Settlement Class Representatives;

(d)    preliminary approval of the Settlement Agreement as set forth herein;

(e)    approval of the Short Form Notice to be emailed, or mailed where no email is available, to Settlement Class Members in a form substantially similar to the one attached as **Exhibit B** to this Settlement Agreement;

(f)    approval of the Long Form Notice to be posted on the Settlement Website in a form substantially similar to the one attached as **Exhibit C** to this Settlement Agreement, which, together with the Short Form Notice, shall include a fair summary of the Parties' respective positions, statements that the Settlement Class Members are entitled to benefits under the Settlement, the general terms of the Settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the Settlement, instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

(g)    approval of the Claim Form to be used by Settlement Class Members to make a claim in a form substantially similar to the one attached as **Exhibit A** to this Settlement Agreement; and,

(h)    appointment of Kroll Settlement Administration as the Settlement Administrator.

10.2    Non-substantive revisions to the Short Form Notice, Long Form Notice, and Claim Form may be made prior to dissemination of Notice by the mutual agreement of the Parties.

11. **Settlement Administration and Settlement Class Notice**

11.1    Notice shall be provided to Settlement Class Members by the Settlement Administrator as follows:

(a)    Settlement Class Member Information: No later than fourteen (14) days after entry of the Preliminary Approval Order, if not already done, Defendants shall provide the Settlement Administrator with the notification list used in connection with the original data breach notification (collectively, "Settlement Class Member Information").

(b)    The Settlement Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time. Except to administer the Settlement as provided in this Settlement Agreement or provide data and/or information in its possession to the Settling Parties upon request, the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Settlement Class Member Information.

(c)    Settlement Website: Prior to the dissemination of the Notice, the Settlement Administrator shall establish the Settlement Website that will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, applicable dates and deadlines, and related information. The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Short Form Notice; (ii) the Long Form Notice; (iii) the Claim Form; (iv) the Preliminary Approval Order; (v) this Settlement Agreement; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Settlement Class Members with the ability to complete and submit the Claim Form electronically. The Settlement Website shall remain available for at least 120 days after the Effective Date.

(d)     Short Form Notice: Within forty-five (45) days after the entry of the Preliminary Approval Order ("Notice Date"), and subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator will provide Notice to the Settlement Class by postcard via U.S. Mail or via email, to the extent available. Before any mailing or emailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of Settlement Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS.

(e)     In the event that a Short Form Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the postcard contains a forwarding address, the Settlement Administrator shall re-send the Short Form Notice to the forwarding address within a reasonable period of time after receiving the returned Short Form Notice.

(f)     In the event that subsequent to the first emailing or mailing of a Short Form Notice, and at least fourteen (14) calendar days prior to the Opt-Out Date and Objection Date, a Short Form Notice is returned to the Settlement Administrator by bounce back of the email or by the USPS because the address of the recipient is no longer valid, *i.e.*, the postcard is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Short Form Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

(g)     Publishing, on or before the Notice Date, the Claim Form, Long Form Notice, and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period.

(h)     A toll-free help line with an Interactive Voice Response system and live agents shall be made available to provide Settlement Class Members with additional information about the Settlement.  The Settlement Administrator also will provide copies of the Long Form Notice and paper Claim Form, as well as this Settlement Agreement, upon request.

(i)     Targeted Internet Ad Campaign: The Settlement Administrator shall arrange for an Internet banner ad campaign via the Facebook Audience Network.

(j)     CAFA Notice: The Settlement Administrator will be responsible for providing the notice of Settlement required by 28 U.S.C. §1715 within ten (10) calendar days after Plaintiffs move for preliminary approval of this Settlement. Any costs associated with providing CAFA Notice shall be paid by Defendants.

(k)     Contemporaneously with seeking Final Approval of the Settlement, Class Counsel shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

11.2    The Settlement Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶4.1. The Settlement Administrator shall provide Class Counsel reports as to both claims and distribution, and Class Counsel have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Settlement Administrator's determination of whether a Settlement Claim is a Valid Claim shall be binding.

11.3    Payment of Valid Claims, whether via mailed check or electronic distribution, shall be made within forty-five (45) days of the Effective Date.

11.4    All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

11.5    No Person shall have any claim against the Settlement Administrator, Class Counsel, Plaintiffs, Defendants, or Defendants' Counsel based on distributions of benefits to Settlement Class Members as provided for herein.

**12.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

12.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, directing notice to the Settlement Class, as required by ¶10.1;

(b)    Defendants have not exercised their option to terminate the Settlement Agreement pursuant to ¶12.3;

(c)    the Court has entered the Judgment granting Final approval to the Settlement as set forth herein; and

(d)    the Judgment has become Final and no longer subject to appeal, as defined in ¶1.15.

12.2    If all conditions specified in ¶12.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated, subject to ¶12.4, unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement Agreement.

12.3    Within five (5) days after the Opt-Out Date, the Settlement Administrator shall provide to Class Counsel and Defendants' Counsel a complete list of all timely and valid requests for exclusion. In addition to the grounds set forth in ¶12.4, Defendants shall have the option to terminate the Settlement in the event that Settlement Class Members who have timely and validly requested exclusion from the Settlement Class meet the conditions set forth in the Parties' confidential supplemental agreement (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Class Counsel and Defendants' Counsel concerning its interpretation or application. If submission of the Supplemental Agreement is ordered by the Court, the Settling Parties agree to file the Supplemental Agreement under seal in accordance with the Court's procedures, and subject to Court approval, and to jointly request that the Court afford it confidential treatment in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement.

12.4    In the event that the Settlement Agreement or the releases set forth in ¶¶8.1 and 8.2 are not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably

extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees and expenses shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, Defendants shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class above and shall not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

12.5    Defendants shall warrant and represent as to themselves only that they are not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Settlement Agreement is executed and, if applicable, as of the time the payment of the Settlement Fund is actually transferred or made as reflected in the Settlement Agreement. In the event of a Final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Escrow Account by or on behalf of any other Person or entity, then, at the election of Class Counsel, the Settlement may be terminated and the releases

given and the Judgment entered in favor of Defendants pursuant to the Settlement shall be null and void and Plaintiffs may proceed in the Litigation as if the Settlement were never entered into.

12.6    Within seven (7) days of the Effective Date, Plaintiffs' Counsel shall dismiss with prejudice any related litigation involving the Released Claims, including *Lazarus v. Lakeview Loan Servicing, LLC*, No. 25CV018437 (Cal. Super. Ct., Sacramento Cnty.).

### 13.    Miscellaneous Provisions

13.1    The Settling Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

13.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Parties agree that throughout the course of the Litigation, all Parties and their counsel complied with the provisions of Federal Rule of Civil Procedure 11 and that the Litigation is being settled voluntarily by the Parties after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

13.3    Neither the Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the

Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Parties may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.4   The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

13.5   This Agreement contains the entire understanding between Defendants and Plaintiffs regarding the payment of the Settlement Amount and supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendants and Plaintiffs in connection with the payment of the Settlement Amount. Except as otherwise provided herein, each Party shall bear its own costs.

13.6   Class Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

13.7   Each counsel or other Person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such Person has the full authority to do so.

- 39 -

13.8    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

13.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

13.10    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Settlement Agreement.

13.11    As used herein, "he" means "he, she, or it," "his" means "his, hers, or its," and "him" means "him, her, or it."

13.12    All dollar amounts are in United States dollars (USD).

13.13    Cashing a settlement check, or accepting an electronic payment, is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within 90 days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until 180 days after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Defendants shall have no obligation to make payments to the Settlement Class Member for any type of monetary relief or expense reimbursement under ¶2.1. The same provisions shall apply to any re-issued check. For any checks that are issued

or re-issued for any reason more than 180 days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

13.14   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

Dated: January 27, 2026

Respectfully submitted,

*/s/John A. Yanchunis*
JOHN A. YANCHUNIS
Florida Bar No. 324681
RYAN McGEE
Florida Bar No. 64957
RONALD PODOLNY (*pro hac vice*)
**MORGAN & MORGAN COMPLEX**
**LITIGATION GROUP**
201 N. Franklin Street, 7th Floor Tampa,
Florida 33602 (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com
rpodolny@ForThePeople.com
*Chair, Plaintiffs' Executive Committee*

JULIE BRAMAN KANE
Florida Bar No. 980277
**COLSON HICKS EIDSON**
806 S. Douglas Road, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
julie@colson.com
*Plaintiffs' Liaison Counsel*

STUART A. DAVIDSON
Florida Bar No. 0084824
DOROTHY P. ANTULLIS
Florida Bar No. 890421
NICOLLE B. BRITO
Florida Bar No. 43399
**ROBBINS GELLER RUDMAN**
**& DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: (561) 750-3000

(561) 750-3364 (fax)
sdavidson@rgrdlaw.com
dantullis@rgrdlaw.com
nbrito@rgrdlaw.com

ADAM E. POLK (*pro hac vice*)
SIMON GRILLE (*pro hac vice*)
KRISTEN PALUMBO (*pro hac vice*)
MIKAELA BOCK (*pro hac vice*)
**GIRARD SHARP LLP**
601 California St, Ste 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
jelias@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

GARY M. KLINGER (*pro hac vice*)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 Monroe Street, Suite 2100
Chicago, IL 60606
866.252.0878
gklinger@milberg.com

M. ANDERSON BERRY (*pro hac vice*)
GREGORY HAROUTUNIAN (*pro hac
vice*)
**EMERY REDDY PC**
600 Stewart Street, Suite 1100
Seattle, WA  98101-1269
Telephone: (916) 823-6955
aberry@emeryreddy.com
gharoutunian@emeryreddy.com
*Members, Plaintiffs' Executive
Committee*
*Members, Plaintiffs' Executive Committee*

DATED:  January 27, 2026        **BAKER & HOSTETLER LLP**
                                JULIE SINGER BRADY
                                Florida Bar No. 389315

*/s/ Julie Singer Brady*

Julie Singer Brady

200 South Orange Avenue, Suite 2300
Orlando, FL  32801
Telephone:  407/649-4000
407/841-0168 (fax)
jsingerbrady@bakerlaw.com

**BAKER & HOSTETLER LLP**
PAUL KARLSGODT (*pro hac vice*)
1801 California Street, Suite 4400
Denver, CO  80202
Telephone: 303/861-0600
303/861-7805 (fax)
pkarlsgodt@bakerlaw.com

**BAKER & HOSTETLER LLP**
EVAN M. MANNERING (*pro hac vice*)
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC  20036
Telephone: 202/861-1500
202/861-1783 (fax)
emannering@bakerlaw.com

**GIVNER LAW GROUP, LLP**
JOSEPH GIVNER
Florida Bar No. 850705
19790 West Dixie Highway, Suite 706
Miami, FL  33180
Telephone:  305/933-9970
jgivner@givner.law

*Attorneys for Defendants*

# EXHIBIT 1A

Proposed Claim Form

## CLAIM FORM

***In re Lakeview Loan Servicing Data Breach Litigation***
**Master File No. 1:22-cv-20955-GAYLES/TORRES**
**United States District Court, Southern District of Florida**
SUBMIT BY ------------------------, 2026
ONLINE AT WWW.LAKEVIEWDATABREACHSETTLEMENT.COM
OR MAIL TO:
SETTLEMENT ADMINISTRATOR
ADDRESS

## GENERAL CLAIM FORM INFORMATION

This Claim Form[1] should be filled out online or submitted by mail if you received a notice of data security incident letter stating your personal information was potentially compromised through a data security incident that began on October 11, 2021 (the "Incident") at Bayview Asset Management LLC ("Bayview"), Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Community Loan Servicing, LLC ("Community Loan") (collectively, "Defendants"), or if you have a good faith reason to believe your personal information was potentially compromised through that Incident. The Settlement Class consists of "All persons who received notice from any Defendant that their Personally Identifiable Information ("PII") was potentially accessed during the Incident."

If you wish to submit a Claim by mail, please provide the information requested below. Please print clearly in blue or black ink. This Claim Form must be mailed and postmarked by **no later than DD, MM, 2026.**

## Monetary Compensation

**Cash Payment**: Would you like to receive a cash payment under the Settlement? **(circle one)**

Yes                No

*If you selected "Yes," you must choose which cash payment you are eligible to receive. If you do not select an option, you will be deemed to have selected the *Pro Rata* Cash Payment option below.  If you select the California *Pro Rata* Cash Payment and you were not a California resident at the time of the Incident, October 11, 2021, your claim will be denied.

(a)     **California *Pro Rata* Cash Payment**: After payment of Out-of-Pocket Loss Claims, the Settlement Administrator will make settlement payments of two *pro rata* shares (2x) of the remaining Net Settlement Fund for each Settlement Class Member who submits a Valid Claim and resided in California at the time of the Incident. The amount of this payment will increase or decrease on a *pro rata* basis depending upon the number of Valid Claims filed. **You must have**

---

[1]     Unless otherwise noted, all capitalized terms herein are defined in the Class Action Settlement Agreement, available at www.LAKEVIEWDATABREACHSETTLEMENT.com.

**been a California resident on October 11, 2021 to select this option, and must verify this fact by checking the box below.**

_____   I swear and affirm under the penalty of perjury pursuant to 28 U.S.C. §1746 that I was a California resident on October 11, 2021.

(b)   *Pro Rata* **Cash Payment**: After payment of Out-of-Pocket Loss Claims, the Settlement Administrator will make settlement payments of a single *pro rata* share of the remaining Net Settlement Fund for each Settlement Class Member who submits a Valid Claim and who did not reside in California at the time of the Incident. The amount of this payment will increase or decrease on a *pro rata* basis depending upon the number of Valid Claims filed.

Which cash payment are you eligible to receive? (circle one)

**California *Pro Rata* Cash Payment**                    ***Pro Rata* Cash Payment**

**Out-of-Pocket Losses (if any)**: I am also submitting a claim for documented unreimbursed out-of-pocket monetary losses in the amount of $_____ that I incurred as a result of the Incident. I understand that I am required to provide supporting third-party documentation and to support my claim for out-of-pocket losses, such as providing copies of any receipts, bank statements, reports, or other documentation supporting my claim. This can include receipts or other documentation that I have not "self-prepared." I understand that "self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. I understand the Settlement Administrator may contact me for additional information before processing my claim. If I do not have information supporting my claim for unreimbursed monetary losses, I likely will not receive compensation for this settlement benefit. **I understand that any monetary compensation I may receive under the settlement is capped at $5,000 for out-of-pocket expenses and that the total amount of the Net Settlement Fund available to pay all Out-of-Pocket Loss Claims is $5,000,000.** To the extent Valid Claims for Out-of-Pocket Losses exceed **$5,000,000** collectively, those claims will be reduced on a *pro rata* basis.

**To the extent an Out-of-Pocket Loss Claim is denied, it will be treated as a claim for a *Pro Rata* Cash Payment, unless approved as a California *Pro Rata* Cash Payment.**

Description of the unreimbursed, out-of-pocket loss or expenses incurred, and the documents attached to support this claim:

_____

_____

_____

_____

_____

_____

_____

Please sign below indicating that you are submitting this Claim for Out-of-Pocket Losses and your representations of these losses are true and correct to the best of your knowledge and belief, and are being made under penalty of perjury under 28 U.S.C. §1746.

Signature_____          Date_____

**<u>Claimant Information</u>**

_____

Full Name of Class Member

_____

Unique Identifier
*(Can be found on the postcard or Email Notice you received informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator. If you did not receive a postcard or Email Notice, but believe you are a Settlement Class Member, you may leave this field blank and the Settlement Administrator will verify whether or not you are a Settlement Class Member)*

_____

Street/P.O. Box                    City            State        Zip Code

_____

Phone Number

_____

Email Address

3

# EXHIBIT 1B

Short Form Notice



United States District Court, Southern District of Florida
*In re LAKEVIEW LOAN SERVICING DATA BREACH LITIGATION*
Case No. 1:22-cv-20955-GAYLES/TORRES



Example QR Code.
Replace this with case
specific QR Code.



# Class Action Settlement Notice
### Authorized by the United States District Court
### Southern District of Florida

| | | |
|---|---|---|
| **Your information may have been exposed in an alleged data breach at loan servicing companies.** | **There is a $26,000,000 cash settlement of a lawsuit.**<br><br>**You may be entitled to money.** | **To be part of this settlement, you can respond by [date].**<br><br>**You can visit [website] to learn more.** |




**Key things to know:**

- This is an important legal document.
- If you take no action and are a Settlement Class member, any ruling from the court will apply to you, and you will not be able to sue Bayview Asset Management LLC, Lakeview Loan Servicing, LLC, Pingora Loan Servicing, LLC, or Community Loan Servicing, LLC about the same issues.
- If you have questions or need assistance, please call [phone number].
- You can learn more at [website] or by scanning the QR code.

# Court-Approved Legal Notice



This is an important notice
about a class action lawsuit.

Claims must be postmarked no later than _____, 2026 or submitted online no later than _____, 2026.

FIRST NAME: _____ LAST NAME: _____

ADDRESS: _____ CITY: _____ STATE: _____ ZIP CODE: _____

**Monetary Compensation**: If you want to submit a claim for an Out-of-Pocket Loss Payment, visit **www.website.com** to submit your Claim Form and supporting documentation online or download a Claim Form to complete and return by mail.

You can also choose either a *Pro Rata* Cash Payment or a California *Pro Rata* Cash Payment, in addition to Credit Monitoring Services.

:

*Pro Rata* **Cash Payment**: Do you want a *Pro Rata* Cash Payment estimated at $XX? ☐ YES ☐ NO. This value may be increased or decreased after payments for Valid Claims, settlement administrative costs, Service Awards, and attorneys' fees and expenses are deducted from the Settlement Fund.

**California *Pro Rata* Cash Payment**: Would you like to receive a California *Pro Rata* Cash Payment estimated at $XX? ☐ YES   ☐ NO. You are eligible to receive this payment only if you resided in California when the Incident happened (October 11, 2021). This value may be increased or decreased after payments for Valid Claims, settlement administrative costs, Service Awards, and attorneys' fees and expenses are deducted from the Settlement Fund.

**Credit Monitoring Services**: Would you like to receive one (1) year of Monitoring Services through Cyex Financial Shield Total? ☐ YES ☐ NO. If selected, you must provide your email address here: _____.

Select one of the following payment methods: ☐ PayPal ☐ Venmo ☐ Zelle ☐ Check. Please provide the email address or phone number associated with your PayPal, Venmo, or Zelle account: _____.

I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form is true.

Signature: _____ Date (mm/dd/yyyy): ___/____/_____ Print Name: _____

_____

_____

_____

Lakeview Data Incident Settlement
Attn: Claim Forms
[ADDRESS]

# EXHIBIT 1C

Long Form Notice



United States District Court, Southern District of Florida
*In re LAKEVIEW LOAN SERVICING DATA BREACH LITIGATION*
Case No. 1:22-cv-20955-GAYLES/TORRES

# Class Action Notice

## *Authorized by the Southern District of Florida*

| | | |
|---|---|---|
| **Are you a current or former customer of Bayview Asset Management LLC; Lakeview Loan Servicing, LLC; Pingora Loan Servicing, LLC; or Community Loan Servicing, LLC?** | **There is a $26,000,000 settlement of a lawsuit related to an alleged data breach.**<br><br>**You may be entitled to money.** | **To be part of this Settlement, you should:**<br><br>**Read this Notice.**<br><br>**Respond by [date].** |

Important things to know:

- If you take no action and are a Settlement Class Member, you will still be bound by the Settlement, and your rights will be affected. ***Please read this Notice carefully and completely.***

- You can learn more at: [website].

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# Table of Contents

**About This Notice** ...................................................................................**4**

    Why did I get this Notice?.........................................................................4

    What do I do next?...................................................................................4

    What are the most important dates?..........................................................5

**Basic Information** ...................................................................................**5**

    What is this lawsuit about? ........................................................................5

    What is a class action?..............................................................................6

    Why is there a Settlement? .......................................................................6

    How do I weigh my options?......................................................................6

    What is the best path for me? ....................................................................7

**Who is in the Settlement?**.......................................................................**8**

    Who is included in the Settlement?............................................................8

    Are there exceptions to being included?.....................................................8

**The Settlement Benefits** .........................................................................**8**

    What does the Settlement provide?............................................................8

    Are there other Settlement Class Member Benefits?....... **Error! Bookmark not defined.**

    What claims am I releasing if I stay in the Settlement Class?..........................10

**Submitting a Claim Form for Settlement Benefits** ..............................**10**

    How do I submit a claim for a Settlement benefit? ..........................................10

    What is the deadline for submitting a claim?.................................................11

    When will the Settlement benefits be issued? ...............................................11

**The Lawyers Representing You** .............................................................**11**

    Do I have a lawyer in the case?..................................................................11

    Should I get my own lawyer? .....................................................................12

    How will Settlement Class Counsel be paid?.................................................13

**Excluding Yourself from the Settlement** .............................................**13**

    How do I opt out of the Settlement?.............................................................13

2

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

**Commenting on or Objecting to the Settlement** .................................................**14**

   How do I tell the Court if I like or do not like the Settlement? ..........................14

   What is the difference between objecting and excluding? ................................15

**The Court's Final Approval Hearing** .................................................................**15**

   When is the Court's Final Approval Hearing? ....................................................15

   Do I have to come to the Final Approval Hearing? ............................................16

**If I Do Nothing** ...............................................................................................**16**

   What happens if I do nothing at all? ..................................................................16

**Getting More Information** ..............................................................................**16**

   How do I get more information? ........................................................................16

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# About This Notice

## Why did I get this Notice?

This Notice is to tell you about the settlement of two class action lawsuits, *In re Lakeview Loan Servicing Data Breach Litigation*, pending in the United States District Court for the Southern District of Florida, and *Lazarus v. Lakeview Loan Servicing, LLC*, pending in the California Superior Court for Sacramento County. A proposed settlement has been reached in the lawsuits involving Bayview Asset Management LLC, Lakeview Loan Servicing, LLC, Pingora Loan Servicing, LLC, and Community Loan Servicing, LLC (collectively, "Defendants") relating to the alleged unauthorized access to certain files stored on Defendants' systems, which may have included Personal Information (the "Incident"). **You received this Notice because you may be a member of the group of people who received notice of the Incident, called the "Settlement Class."** This Notice gives you a summary of the terms of the proposed settlement agreement, explains what rights Settlement Class Members have, and helps class members make informed decisions about what action to take.

## What do I do next?

Read this Notice to understand the Settlement and to determine if you are a class member. Then, decide if you want to:

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[Settlement Website].com. | **_____, 2026** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefits. This is the only option that potentially allows you to ever be part of any other lawsuit against Defendants or any other Released Parties about the legal claims related to the issues raised in this Litigation, subject to any defenses Defendants may have to such | **_____, 2026** |

4

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| | claims, including the statutes of limitations. You can hire your own legal counsel at your own expense. | |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also object to Class Counsel's attorneys' fees and expense request, and ask the Court for permission to speak about your objection at the Final Fairness Hearing. | \_\_\_\_\_, 2026 |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against Defendants related to the legal claims resolved by this Settlement. | No Deadline |

The Court in charge of this case still has to decide whether to approve the Settlement.

Read on to understand the specifics of the Settlement and what each choice would mean for you.

## What are the most important dates?

Your deadline to object or opt out: **[date]**
Settlement approval hearing: **[date]**
Your deadline to submit a Claim Form: **[date]**

# Basic Information

## What is this lawsuit about?

This lawsuit concerns the alleged unauthorized access to certain files stored on Defendants' systems, which may have included Personal Information. Defendants deny all claims alleged against them and deny all charges of wrongdoing or liability. The Settlement is not an

admission of wrongdoing or an indication that Defendants have violated any laws, but rather the resolution of disputed claims.

## What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class members, except for those who opt out of the Settlement.

## Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Plaintiffs and Defendants have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Settlement Class Members to receive benefits from the Settlement. Plaintiffs and their attorneys think the Settlement is best for all Settlement Class Members.

## How do I weigh my options?

You have four options. You can stay in the Settlement and submit a claim, you can opt out of the Settlement, you can object to the Settlement, or you can do nothing. This chart shows the effects of each option:

|  | Submit a Claim | Opt Out | Object | Do Nothing |
|---|---|---|---|---|
| **Can I receive Settlement money if I . . .** | YES | NO | YES | NO |
| **Am I bound by the terms of this lawsuit if I . . .** | YES | NO | YES | YES |
| **Can I pursue my own case if I . . .** | NO | YES | NO | NO |
| **Will the class lawyers represent me if I . . .** | YES | NO | NO | YES |

6

## What is the best path for me?



*You can object to the Settlement AND submit a Claim Form to receive payment, but you must submit a Claim Form to receive payment.*

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# Who is in the Settlement?

## Who is included in the Settlement?

The Settlement Class is defined as: All persons who received notice from any Defendant that their Personally Identifiable Information ("PII") was potentially accessed during the Incident. Additionally, California Settlement Class means all Settlement Class Members who resided in California on October 11, 2021, the time of the Incident. For avoidance of doubt, all members of the California Settlement Class are also members of the Settlement Class.

## Are there exceptions to being included?

Yes. Excluded from the Settlement Class are: (i) Defendants and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or Magistrate assigned to evaluate the fairness of this Settlement; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Incident or who pleads *nolo contendere* to any such charge.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by contacting the Settlement Administrator by mail, email, or by calling toll-free.

Lakeview Data Incident Settlement
c/o Settlement Administrator
[ADDRESS]
info@[SettlementWebsite].com
1-XXX-XXX-XXXX

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## What does the Settlement provide?

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

The Settlement provides for the creation of a $26,000,000.00 Settlement Fund to pay for: (i) Notice and Administrative Expenses; (ii) Fee Award and Expenses and or Service Awards, as approved and awarded by the Court; (iii) documented Out-of-Pocket Losses; (iv) *pro rata* cash fund payments; and (v) California Settlement Class payments. The Settlement benefits are summarized below. Visit WEBSITE for a full description of these benefits.

Settlement Class Members may submit claims for compensation for Out-of-Pocket Losses, and either a *pro rata* payment or a two-times *pro rata* payment for California Settlement Class Members in recognition of the protections afforded to California residents by the California Consumer Privacy Act.

**Compensation for Out-of-Pocket Losses.** Participating Settlement Class Members can claim up to a total of $5,000 per person for Out-of-Pocket Losses incurred as a result of the Incident, including, without limitation: (i) costs, expenses, losses, or charges incurred as a result of identity theft or identity fraud or other misuse of a Settlement Class Member's PII after October 11, 2021; (ii) costs incurred on or after October 11, 2021, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (iii) miscellaneous expenses such as notary, postage, copying, mileage, and other charges; and (iv) charges for credit monitoring or other mitigative expenditures incurred on or after October 11, 2021, through the issuance of this Class Action Notice. Out-of-Pocket Loss Claims are subject to *pro rata* reduction if all valid Out-of-Pocket Loss Claims exceed $5,000,000.

Settlement Class Members submitting claims for Out-of-Pocket Losses must submit documentation and an attestation supporting their claims. This can include receipts or other documentation that document the costs incurred but does not include documentation that is "self-prepared" by the claimant. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation. The attestation must state that the monetary losses are fairly traceable to the Incident and were not incurred due to some other event or reason.

**Cash Fund Payment.** All Settlement Class Members are eligible to make a claim for a *pro rata* cash fund payment estimated to be $[_]

9

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

per valid claimant. After payment of Notice and Administration Expenses, Service Awards, and any Fee Award and Expenses from the Settlement Fund, the *pro rata* cash fund payments will evenly distribute the remaining amount of the Net Settlement Fund to each Settlement Class Member who submits a timely and Valid Claim for Out-of-Pocket Losses before calculating any *Pro Rata* Cash Payments.

**<u>California Settlement Class Payment</u>**. Members of the California Settlement Class may claim an additional *Pro Rata* Cash Payment in recognition of their claims under the California Consumer Privacy Act. For purposes of clarity, this means that California Settlement Class Members can receive a total of two *Pro Rata* Cash Payments. To recover an additional *Pro Rata* Cash Payment, California Settlement Class Members must verify that they resided in California at the time of the Incident (October 11, 2021) by submitting their name, address, and an attestation under penalty of perjury that they were residents of California at the time of the Incident.

## What claims am I releasing if I stay in the Settlement Class?

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about any of the legal claims this Settlement resolves. The "Releases" section of the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement is available for review at www.[SettlementWebsite].com.

# Submitting a Claim Form for Settlement Benefits

## How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the website and mail it to the Settlement Administrator at:

Lakeview Data Incident Settlement
Attn: Claims
[ADDRESS]

You may also contact the Settlement Administrator to request a Claim Form by calling toll-free 1-XXX-XXX-XXXX, by emailing info@ [SettlementWebsite].com, or by writing to the address above.

## What is the deadline for submitting a claim?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, along with any supporting documentation, must be mailed so it is postmarked no later than [Claims Deadline].

## When will the Settlement benefits be issued?

The Court will hold a Final Fairness Hearing on _____, 2026. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them.

Settlement benefits will be distributed if the Court grants final approval of the Settlement and after any appeals are resolved, or after the period to seek an appeal has expired.

# The Lawyers Representing You

## Do I have a lawyer in the case?

Yes, the Court appointed John A. Yanchunis of Morgan & Morgan Complex Litigation Group, Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP, Adam E. Polk of Girard Sharp LLP, Gary M. Klinger of Milberg, PLLC, Julie Braman Kane of Colson Hicks Eidson, P.A., and M. Anderson Berry of the Emery Reddy PC, to represent you and other Settlement Class Members as Class Counsel.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, FL  33602
Telephone: 813-223-5505

Stuart A. Davidson
**ROBBINS GELLER RUDMAN & DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone: 561-750-3000

Adam E. Polk
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA  94108
Telephone: 415-981-4800

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
221 West Monroe Street, Suite 2100
Chicago, IL  60606
Telephone: 866-252-0878

Julie Braman Kane
**COLSON HICKS EIDSON, P.A.**
806 South Douglas Road, Suite 1200
Coral Gables, FL  33134
Telephone: 305-476-7400

M. Anderson Berry
**EMERY REDDY PC**
600 Stewart Street, Suite 1100
Seattle, WA  98101-1269
Telephone: 916-823-6955

## Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want to be

represented by your own lawyer, you may hire one at your own expense.

## How will Class Counsel be paid?

Class Counsel will file a Fee and Expense Application for an award of attorneys' fees to be paid from the Settlement Fund of up to one-third of the Settlement Fund. Class Counsel will also seek an award for payment of reasonable expenses, in addition to any attorneys' Fee Award.

Class Counsel's Fee and Expense Application will be available at www.[SettlementWebsite].com after it is filed with the Court.

# Excluding Yourself from the Settlement

## How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue Defendants about the legal issues in this case (subject to any defenses Defendants may have to such a suit, including the statutes of limitations), there are steps that you must take to exclude yourself from the Settlement Class. This is called requesting an exclusion from, or "opting out" of the Settlement Class. The deadline to submit a request for exclusion from the Settlement is [Opt-Out Deadline].

To exclude yourself from the Settlement, you must submit a written request for exclusion that includes the following information:

(i)   the name of the proceedings: *In re Lakeview Loan Servicing Data Breach Litigation*, Case No. 1:22-cv-20955, pending in the United States District Court, Southern District of Florida;
(ii)   Settlement Class Member's full name;
(iii)   current mailing address;
(iv)   personal signature; and
(v)   the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement, or some other clear manifestation of the intent to opt out of the Settlement.

13

Your request for exclusion must be mailed to the Settlement Administrator at the address below, **postmarked no later than [Opt-Out Deadline]**.

Lakeview Data Incident Settlement
ATTN: Exclusion Request
[ADDRESS]

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

You may only exclude yourself—not any other person. **Any Settlement Class Member who does not file a timely request for exclusion in accordance with this section will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.**

# Commenting on or Objecting to the Settlement

## How do I tell the Court if I like or do not like the Settlement?

If you are a Settlement Class Member and you do not like the Settlement, you can object to it, if you choose. You can give reasons why you think the Court should not approve it. The Court will consider your views.

For an objection to be a valid objection under the Settlement, it must include or substantially comply with the following: (i) the name of the proceeding; (ii) the Settlement Class Member's full name, current mailing address, email address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection, and whether the objection applies to the objector, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a statement identifying all class action settlements objected to by the Settlement Class Member or his or her counsel; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. The Court, in its discretion, may authorize

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

additional discovery of objectors.

To be timely, an objection must be mailed to Settlement Administrator, so it is postmarked no later than **[OBJECTION DATE]**.

Lakeview Data Incident Settlement
ATTN: Objection
[Address]

## What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Fairness Hearing

## When is the Court's Final Fairness Hearing?

The Court will hold a Final Fairness Hearing on **[DATE] at [TIME]**, in Courtroom XXX of the [Court Address].

At the Final Fairness Hearing, the Court will consider whether to approve the Settlement, Class Counsel's Fee and Expense Application, and application for Service Awards. The Court will also consider any objections to the Settlement that were submitted in accordance with the requirements outlined in **Question 17**, above.

If you are a Settlement Class Member, you or your attorney may ask permission to speak at the hearing at your own cost (**See Question 17**).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## Do I have to come to the Final Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you file an objection, you do not have to come to the Final Fairness Hearing to talk about it. If you file your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but such attendance is not necessary.

# If I Do Nothing

## What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will give up the rights described in **Question 9**, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants and the Released Parties about the legal issues resolved by this Settlement. In addition, if you do nothing, you will not receive any benefits from this Settlement.

# Getting More Information

## How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you may contact the Settlement Administrator by mail, email, or by calling toll-free.

Lakeview Data Incident Settlement
[ADDRESS]
info@[SettlementWebsite].com
1-XXX-XXX-XXXX

Publicly filed documents can also be obtained by visiting the office of

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

the Clerk of the Court, [Address].

**DO <u>NOT</u> CONTACT THE COURT OR CLERK OF COURT REGARDING QUESTIONS ABOUT THIS SETTLEMENT.**

# EXHIBIT 1D

Proposed Preliminary Approval Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master File No. 1:22-cv-20955-Gayles/Torres

In re LAKEVIEW LOAN SERVICING DATA     <u>CLASS ACTION</u>
BREACH LITIGATION

_____/

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS**

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum of Law in Support ("Motion"). The Court has reviewed the Motion and the Stipulation of Class Action Settlement ("Settlement Agreement") between Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner (collectively, "Plaintiffs"), and Defendants Bayview Asset Management LLC ("Bayview"), Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Community Loan Servicing, LLC ("Community Loan") (collectively, "Defendants"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed settlement (the "Settlement") is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.       The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner as the Settlement Class Representatives, the appointment of John A. Yanchunis of Morgan & Morgan Complex Litigation Group, Stuart A.

---

[1]       All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

Davidson of Robbins Geller Rudman & Dowd LLP, Adam E. Polk of Girard Sharp LLP, Gary M. Klinger of Milberg, PLLC, Julie Braman Kane of Colson Hicks Eidson, P.A., and M. Anderson Berry of the Emery Reddy PC as Class Counsel for Plaintiffs and the Class, the approval of Kroll Settlement Administration as the Settlement Administrator, the various forms of class relief provided under the terms of the Settlement Agreement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

2.     The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> All persons who received notice from any Defendant that their Personally Identifiable Information ("PII") was potentially accessed during the Incident.

3.     Based on the information provided, the requirements for class certification are preliminary met: (a) the Settlement Class is sufficiently numerous; (b) there are common questions of law and fact; (c) the proposed Settlement Class Representatives' claims are typical of other members of the Settlement Class; (d) the proposed Class Representatives and Class Counsel will fully, fairly, and adequately protect the interests of the Settlement Class; (e) questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and (f) a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.     The Court appoints Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner as the Settlement Class Representatives.

5.      The Court appoints John A. Yanchunis of Morgan & Morgan Complex Litigation Group, Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP, Adam E. Polk of Girard Sharp LLP, Gary M. Klinger of Milberg, PLLC, Julie Braman Kane of Colson Hicks Eidson, P.A., and M. Anderson Berry of the Emery Reddy PC as Class Counsel.

6.      The Court appoints Kroll Settlement Administration as the Settlement Administrator.

7.      A Final Fairness Hearing shall be held before the Court on _____ _____, 2026 at ____ a.m./p.m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be finally approved by the Court, including conditionally certifying the proposed Class for settlement purposes only;

(b)     to determine whether the notice plan conducted was appropriate;

(c)     to determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

(d)     to determine whether Class Counsel's request for an award of attorneys' fees of up to one-third (1/3) of the Settlement Amount, an award of litigation expenses and charges actually incurred, and request for service awards to the named Plaintiffs should be approved by the Court; and

(e)     to rule upon such other matters as the Court may deem appropriate.

8.      The Court approves, as to the form and content, the Notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion, and finds that such notice plan meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons or entities entitled to notice. The Settling Parties may make non-material and ministerial changes to the Notices to

correct typos and complete the insertion of required dates without further order of Court, but any other revisions must be approved by the Court.

9.      The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

### SETTLEMENT TIMELINE

| Event | Date |
|---|---|
| Defendants provide CAFA Notice required by 28 U.S.C. §1715(b) | Within 10 calendar days after the filing of Plaintiffs' Motion for Preliminary Approval |
| Defendants to provide available contact information for Settlement Class Members per the terms of the Settlement Agreement | Within 14 calendar days after entry of Preliminary Approval Order |
| Notice Plan commences ("Notice Date") | Within 45 calendar days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. §1715(d) | 90 calendar days after the appropriate governmental offices are served with CAFA notice |
| Receipt or postmark deadline for Requests for Exclusion (opt-outs) or Objections | 21 days before the date set for the Final Fairness Hearing in the Preliminary Approval Order |
| Deadline to file Plaintiffs' Motion for Final Approval and Motion for Attorneys' Fees, Costs, and Expenses | 35 days before the date set for the Final Fairness Hearing in the Preliminary Approval Order. |
| Postmark/Filing deadline for members of the Settlement Class to file claims | 90 days after the Notice Date |
| Deadline for Plaintiffs to file any reply | No later than 7 calendar days prior to the Final Fairness Hearing |
| Final Fairness Hearing | No earlier than ___ calendar days after Preliminary Approval Order; to be set by the Court |
| Defendants' payment of the balance of the Settlement Amount Pursuant to Paragraph 2.1 | No later than 14 calendar days after the Effective Date |
| Payment of Attorneys' Fees and Expenses | At least 5 calendar days after the payment of the balance of the Settlement Amount |

10.     In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days from the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Settlement Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.     All requests to opt out of the proposed Settlement must be received by the Settlement Administrator no later than 21 days before the date set for the Final Fairness Hearing in this Order. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the Settlement or be bound by this Agreement). Settlement Class Members may only opt out on behalf of themselves; mass or class opt-outs will not be valid. Opt-out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, the Settlement Administrator, or Class Counsel. Settlement Class Members who seek to opt out shall receive no benefit or compensation under the Settlement Agreement. Settlement Class Members who do not opt out from the Settlement Class shall be bound by the terms of the Settlement Agreement, to the extent it receives final approval, and any final judgment.

12.     Settlement Class Members may submit an Objection to the proposed Settlement or Class Counsel's request for an award of attorneys' fees and expenses. For an Objection to be valid, it must be sent to the Settlement Administrator, received or postmarked no later than 21 days before the date set for the Final Fairness Hearing in this Order, and include each and all of the following:

    (a)     the objector's full name and address;

    (b)     the case name and docket number: *In re Lakeview Loan Servicing Data Breach Litig.*, No. 1:22-cv-20955-GAYLES/TORRES (S.D. Fla.);

- 5 -

(c)      a written statement of all grounds for the Objection, including whether the Objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, accompanied by any legal support for the Objection the objector believes applicable;

(d)      the identity of any and all counsel representing the objector in connection with the Objection;

(e)      the identity of all class action cases in which the objector or his or her counsel has objected;

(f)      a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and

(g)      the objector's signature, even if represented by counsel.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

13.      All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have any rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval Order in this Litigation.

14.      If the Settlement is finally approved, all Settlement Class Members who have not submitted a timely and proper Opt-Out notice shall release the Released Parties from all Released Claims, as described in Section 1.36 of the Settlement Agreement, including, but not limited to, all claims arising out of or relating to the Incident (as defined in the Settlement Agreement).

15.     Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and all Settlement Class Members are barred and enjoined from directly or indirectly: (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the Released Claims (as defined in the Settlement Agreement); or (b) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit based on or relating to any of the Released Claims (as defined in the Settlement Agreement).

16.     The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the potential Settlement Class Members, and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

17.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (b) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and

defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

18.     If the Settlement does not become final, this Order shall be of no force and effect and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

19.     The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

IT IS SO ORDERED.

Dated_____                    _____
                                                HON. DARRIN P. GAYLES
                                                UNITED STATES DISTRICT JUDGE

# EXHIBIT 1E

Proposed Final Approval Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master File No. 1:22-cv-20955-GAYLES/TORRES

In re LAKEVIEW LOAN SERVICING DATA )    <u>CLASS ACTION</u>
BREACH LITIGATION               )

———————————————————— )

**[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND ATTORNEYS'
<u>FEES AND EXPENSES AND SERVICE AWARDS</u>**

       This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF ___) and Co-Lead Class Counsel's Motion for an Award of Attorneys' Fees and Expenses (and Service Awards) (ECF ___) (collectively, the "Motions"). The Court has reviewed the Motions, and the Stipulation of Class Action Settlement (ECF __-2) ("Settlement Agreement") entered into between Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner (collectively, "Plaintiffs") and Defendants Bayview Asset Management LLC ("Bayview"), Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Community Loan Servicing, LLC ("Community Loan") (collectively, "Defendants"), and it finds that the Motions should be **GRANTED.**

       **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

       1.      The Court, for the purpose of this Final Approval Order, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2.      The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's-length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3.      The Court approves the Releases provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to the Released Parties.

4.      The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, the Parties thereto, including the Settlement Class, and for purposes of the Settlement and Settlement Agreement.

5.      The Court finds that there is no just reason for delay of entry of final Judgment with respect to the foregoing.

6.      The Court grants final approval of the appointment of John A. Yanchunis of Morgan & Morgan Complex Litigation Group, Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP, Adam E. Polk of Girard Sharp LLP, Gary M. Klinger of Milberg, PLLC, Julie Braman Kane of Colson Hicks Eidson, P.A., and M. Anderson Berry of the Emery Reddy PC as Class Counsel.

7.      The Court grants final approval of the appointment of Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner as Class Representatives.

8.      On _____, 20__, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (ECF __) ("Preliminary Approval Order") that preliminarily approved the

Settlement Agreement and set _____, 2026 as the Final Fairness Hearing to consider the final approval of the Settlement Agreement and Class Counsel's Fees and Expenses.

9.       The Court's Preliminary Approval Order approved the Postcard Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

10.       The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.

11.       The Court finds that Defendants have complied with the requirements of 28 U.S.C. §1715 regarding the CAFA Notice.

12.       The Court certifies the following Class for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), subject to the Settlement Class exclusions set forth in the Settlement Agreement:

> **The Settlement Class:** All persons who received notice from any Defendant that their Personally Identifiable Information ("PII") was potentially accessed during the Incident.

The Settlement Class specifically excludes all Persons who submit a timely and valid request for exclusion from the Settlement Class. Those Persons are identified in **Exhibit A**, hereto, which shall remain under seal absent further order of the Court.

14.       The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only in that: (a) the Settlement Class of approximately 5.8 million individuals is so numerous that joinder of all Settlement Class Members

would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and effective resolution of this controversy.

15.    This Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Settlement Class's likelihood of success both of surviving dispositive motion practice, certifying this action as a class action, and of prevailing on the claims at trial, including considering Defendants' likelihood of success of prevailing on one or more of their defenses; having considered the range of Plaintiffs' possible recovery (and that of the Settlement Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a.   the terms of the Settlement Agreement were fairly and honesty negotiated;

b.   the outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

4

c. the value of immediate recovery by way of a $26,000,000 non-reversionary common fund outweighs the risks of achieving possibly higher future relief that could occur, if at all, only after further protracted litigation and appeals; and

d. the Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interests of the Settlement Class Members.

16. Therefore, pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members. Settlement Class Members who did not opt out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata*, collateral estoppel, and all other preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

17. Class Counsel seek an award of attorneys' fees totaling $_____, which amount is equal to _____ of the amount recovered for the benefit of the Settlement Class. Class Counsel also seek an award of Class Counsel's litigation expenses in the amount of $_____. Having considered the record in this case, the Court finds and adjudges that attorneys' fees in the amount of $_____ and expenses in the amount of $_____ (the "Fee and Expense Award") to be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement are fair and reasonable.

18. Plaintiffs have also requested that the Court award them each an award in the amount of $_____ in connection with their representation of the Settlement Class. The Court finds and adjudges that the payment of an award in the amount of $_____ to each of the

5

Class Representatives in this case to compensate them for their efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case.

19. _____ Settlement Class Members filed timely requests for exclusion. An anonymized list of those Settlement Class Members is attached to the Settlement Administrator's Declaration filed in support of the Motion for Final Approval (ECF ___). These persons are not bound by the terms of this finally approved settlement.

20. _____ Settlement Class Member has/have submitted a valid objection to the Settlement. Those objections are hereby _____.

21. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

22. The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Settlement Class Members, including Plaintiffs, as well as their heirs, executors and administrators, successors, and assigns.

23. The Releases, which are set forth in the Settlement Agreement (including Sections 1.36, 8.1, and 8.2) and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order. The Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by all Settlement Class Members, including Class Representatives (as those terms are defined below and in the Settlement Agreement), from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) <u>Release and Waiver Definitions</u>

(i)      "Released Parties" means Defendants and their Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers.

(ii)      "Related Entities" means Defendants' past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, employees, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation.

(iii)      "Release" or "Releases" means the releases of all Released Claims by all Settlement Class Members, including Class Representatives, against the Released Persons, as provided for in ¶8.1 of the Settlement Agreement.

(iv)      "Released Claims" shall collectively mean all claims against the Released Parties, and assigns, arising out of or relating to the Incident. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

(v)      "Settlement Class Member" means any Person who falls within the definition of the Settlement Class.

(vi)      "Settling Parties" means, collectively, Defendants and Class Representatives, individually and on behalf of the Settlement Class.

(vii)      "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any of the Class Representatives, does not know or suspect

to exist in his or her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or participate in this Settlement Agreement. With respect to any and all Released Claims, including Unknown Claims, the Settling Parties stipulate and agree that upon the date the Judgment becomes Final, the Class Representatives expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code §1542, as well as any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Settlement Class Members, including the Class Representatives, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, including Unknown Claims, but the Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

(b)  <u>Released Claims of Settlement Class</u>. Upon the entry of this Final Approval Order, each Settlement Class Member, including Class Representatives, shall be deemed to have,

and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against all Released Parties. Further, upon the date the Judgment becomes Final, and to the fullest extent permitted by law, each Settlement Class Member, including Class Representatives, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

(c)     The Releases set forth herein and in the Settlement Agreement were bargained for and are a material element of the Settlement Agreement.

(d)     The Releases do not affect the rights of Settlement Class Members who timely and properly submitted a request for exclusion from the settlement in accordance with the requirements of the Preliminary Approval Order and in ¶ 7 of the Settlement Agreement.

(e)     The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, without limitation, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(f)     The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(g)     The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

21.     All Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Litigation and/or the Released Claims (as that term is defined above and in the Settlement Agreement); or (b) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

22.     Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any other jurisdiction and that have been released pursuant to the Settlement Agreement and this Final Order and Judgment.

23.     This Final Approval Order and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24.     This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

25.     This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Defendants, or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage due to the Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by Defendants, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

26.     The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendants that Plaintiffs' claims or any similar claims are suitable for class treatment.

27.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall

not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties had never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

28.     This Litigation, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Class Representatives and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**IT IS SO ORDERED this ___ day of _____, 2026.**

_____

HON. DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1F

## Proposed Final Judgment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master File No. 1:22-cv-20955-GAYLES/TORRES

In re LAKEVIEW LOAN SERVICING DATA ) CLASS ACTION
BREACH LITIGATION                    )
_____    )

**[PROPOSED] FINAL JUDGMENT**

IT IS on this ____ day of _____, HEREBY ADJUDGED AND DECREED

PURSUANT TO RULES 23 AND 58 OF THE FEDERAL RULES OF CIVIL PROCEDURE AS

FOLLOWS:

(1)     On this date, the Court entered an Order Granting Final Approval of Class Action

Settlement ("Final Approval Order") (ECF ____); and

(2)     For the reasons stated in the Court's Final Approval Order, judgment is entered in

accordance with the Final Approval Order, and this action, including all individual claims and class

claims presented herein, is hereby dismissed on the merits and with prejudice against

Plaintiffs/Class Representatives and all other Settlement Class Members, without fees or costs to

any party except as otherwise provided in the Final Approval Order or the Order Awarding

Attorneys' Fees and Expenses.

**IT IS SO ORDERED this ___ day of _____, 2026.**


_____
HON. DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE