UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Master File No. 1:22-cv-20955-Gayles

In re LAKEVIEW LOAN SERVICING DATA
BREACH LITIGATION
_____/

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS**

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum of Law in Support ("Motion"). [ECF 405]. The Court has reviewed the Motion, the attached Joint Declaration of Counsel, and the attached Stipulation of Class Action Settlement[1] ("Settlement Agreement") between Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner (collectively, "Plaintiffs") and Defendants Bayview Asset Management LLC ("Bayview"), Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Community Loan Servicing, LLC ("Community Loan") (collectively, "Defendants"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed settlement (the "Settlement") is fair, reasonable, and adequate.

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, which is defined to mean the Stipulation of Class Action Settlement dated January 27, 2026 at ECF 405-1, beginning at page 42.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement, including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner as the Settlement Class Representatives, the appointment of John A. Yanchunis of Morgan & Morgan Complex Litigation Group, Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP, Adam E. Polk of Girard Sharp LLP, Gary M. Klinger of Milberg, PLLC, Julie Braman Kane of Colson Hicks Eidson, P.A., and M. Anderson Berry of the Emery Reddy PC as Class Counsel for Plaintiffs and the Settlement Class, the approval of Kroll Settlement Administration as the Settlement Administrator, the various forms of class relief provided under the terms of the Settlement Agreement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> All Persons residing in the United States who were sent notice from any Defendant that their personally identifiable information ("PII") was potentially accessed during the Incident.

3. Based on the information provided, the requirements for class certification are preliminarily met: (a) the Settlement Class is sufficiently numerous; (b) there are common questions of law and fact; (c) the proposed Settlement Class Representatives' claims are typical of other members of the Settlement Class; (d) the proposed Settlement Class Representatives and

Class Counsel will fully, fairly, and adequately protect the interests of the Settlement Class; (e) questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and (f) a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this action.

4. The Court appoints Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner as the Settlement Class Representatives.

5. The Court appoints John A. Yanchunis of Morgan & Morgan Complex Litigation Group, Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP, Adam E. Polk of Girard Sharp LLP, Gary M. Klinger of Milberg, PLLC, Julie Braman Kane of Colson Hicks Eidson, P.A., and M. Anderson Berry of the Emery Reddy PC as Class Counsel.

6. The Court appoints Kroll Settlement Administration as the Settlement Administrator.

7. A Final Fairness Hearing shall be held before the Court on **July 2, 2026, at 10:00 a.m.** for the following purposes:

    (a) to determine whether the proposed settlement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court, including conditionally certifying the proposed Settlement Class for settlement purposes only;

    (b) to determine whether the notice plan conducted was appropriate;

    (c) to determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    (d) to determine whether Class Counsel's request for an award of attorneys' fees of up to one-third (1/3) of the Settlement Amount, an award of litigation

expenses and charges actually incurred, and request for service awards to the Settlement Class Representatives should be approved by the Court; and

(e) to rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to the form and content, the notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion; and the Court finds that such notice plan meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, that it is the best notice practicable under the circumstances, and that it shall constitute due and sufficient notice to all persons or entities entitled to notice. The Settling Parties may make non-material and ministerial changes to the notices to correct typos and complete the insertion of required dates without further order of Court, but any other revisions must be approved by the Court.

9. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| Event | Date |
|---|---|
| Defendants provide CAFA Notice required by 28 U.S.C. §1715(b) | Within 10 calendar days after the filing of Plaintiffs' Motion for Preliminary Approval |
| Defendants to provide available contact information for Settlement Class Members per the terms of the Settlement Agreement | February 18, 2026 |
| Notice Plan commences ("Notice Date") | March 23, 2026 |
| Compliance with CAFA waiting period under 28 U.S.C. §1715(d) | 90 calendar days after the appropriate governmental offices are served with CAFA notice |
| Receipt or postmark deadline for Requests for Exclusion (opt-outs) or Objections | June 11, 2026 |

| Event | Date |
|---|---|
| Deadline to file Plaintiffs' Motion for Final Approval and Motion for Attorneys' Fees, Costs, and Expenses | May 28, 2026 |
| Postmark/Filing deadline for members of the Settlement Class to file claims | 90 days after the Notice Date |
| Deadline for Plaintiffs to file any reply | June 25, 2026 |
| Final Fairness Hearing | July 2, 2026, at 10:00 a.m. |
| Defendants' payment of the balance of the Settlement Amount pursuant to Paragraph 2.1 | No later than 14 calendar days after the Effective Date |
| Payment of attorneys' fees and expenses | At least 5 calendar days after the payment of the balance of the Settlement Amount |

10. In order to be a timely claim under the Settlement Agreement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days from the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Settlement Class Notice and posted on the Settlement Website after this Order is entered.

11. All requests to opt out of the proposed settlement must be received by the Settlement Administrator no later than June 11, 2026. Any request to opt out of the settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect, indicating an intent not to participate in the settlement or be bound by this Settlement Agreement. Settlement Class Members may only opt out on behalf of themselves; mass or class opt-outs will not be valid. Opt-out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, the Settlement Administrator, or Class Counsel. Settlement Class Members who seek to opt out shall receive no benefit or compensation under the Settlement Agreement. Settlement Class Members who do not opt out from the Settlement Class shall be

bound by the terms of the Settlement Agreement, to the extent it receives final approval, and any final judgment.

12. Settlement Class Members may submit an objection to the proposed Settlement Agreement or Class Counsel's request for an award of attorneys' fees and expenses. For an objection to be valid, it must be sent to the Settlement Administrator, received or postmarked no later than June 11, 2026, and include each and all of the following:

    (a)    the objector's full name and address;

    (b)    the case name and docket number: *In re Lakeview Loan Servicing Data Breach Litig.*, No. 1:22-cv-20955-GAYLES/TORRES (S.D. Fla.);

    (c)    a written statement of all grounds for the objection, including whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, accompanied by any legal support for the objection the objector believes applicable;

    (d)    the identity of any and all counsel representing the objector in connection with the objection;

    (e)    the identity of all class action cases in which the objector or his or her counsel has objected;

    (f)    a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and

    (g)    the objector's signature, even if represented by counsel.

Any objection failing to include the requirements expressed above will be deemed to be invalid. Any Settlement Class Member objecting to the settlement agrees to submit to any discovery related to the objection.

13. All Settlement Class Members shall be bound by all determinations and judgments in this action concerning the settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly

request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have any rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval Order in this Litigation.

14. If the Settlement Agreement is finally approved, all Settlement Class Members who have not submitted a timely and proper opt-out notice shall release the Released Parties from all Released Claims, as described in Section 1.36 of the Settlement Agreement, including, but not limited to, all claims arising out of or relating to the Incident (as defined in the Settlement Agreement).

15. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and all Settlement Class Members are barred and enjoined from directly or indirectly: (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit in any jurisdiction based on or relating to the Released Claims (as defined in the Settlement Agreement); or (b) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit based on or relating to any of the Released Claims (as defined in the Settlement Agreement).

16. The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of, or connected to, the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

17. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement Agreement is not finally

approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (b) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason. In such event, and except as provided therein, the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

18. If the Settlement does not become final, this Order shall be of no force and effect and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

19. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of February 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE