PAUL R. FORTUNA
3018 E Vernon Street Gilbert, AZ 85298
Email: paulfortuna60@gmail.com
Phone: 480-234-8630
Class Member ID: 83349HBZ0V5RQ



FILED BY _____ D.C.

APR 0 1 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Date: 3/28/2026

VIA U.S. MAIL

**Lakeview Data Breach Settlement** c/o Kroll Settlement Administration LLC
P.O. Box 5324
New York, NY 10150-5324

AND

**The Honorable Court** United States District Court Southern District of Florida
400 North Miami Avenue
Miami, FL 33128

# Re: Objection to Proposed Settlement

**In re Lakeview Loan Servicing Data Breach Litigation Case No. 1:22-cv-20955**

To the Court and Settlement Administrator:

I am a Settlement Class Member and submit this written objection to the proposed class action settlement, including the requested attorney fees and service awards. This objection is timely and includes all information required by the Settlement Agreement. **This objection applies to the entire Settlement Class.**

I reserve the right to appear at the Final Fairness Hearing, either personally or through counsel.

# I. Objector Information

**Name:** Paul R. Fortuna **Address:** 3018 E Vernon Street, Gilbert, AZ 85298 **Email:** paulfortuna60@gmail.com **Telephone:** 480-234-8630 **Class Member ID:** 83349HBZ0V5RQ

I received notice of the Settlement and am therefore a member of the Settlement Class.

# II. Grounds for Objection

## A. The Settlement Provides Minimal, Low-Value, "Coupon-Like" Relief

The primary benefit offered to class members is one year of credit monitoring. Courts have repeatedly held that credit-monitoring services constitute **low-value, coupon-like relief** that warrants heightened scrutiny. See *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 331 (N.D. Cal. 2018). Where relief is primarily non-monetary, courts must examine whether attorney fees are disproportionate. *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003).

Courts have also recognized that credit monitoring often provides "modest value" and does not justify substantial fee awards. *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 587 (N.D. Cal. 2015).

The additional relief—cash payments and reimbursement for out-of-pocket losses—requires strict documentation and an attestation that losses are traceable to the breach. Many class members, including myself, suffered no provable financial loss and therefore cannot meaningfully benefit from these provisions.

Given the burdensome documentation requirements, it is reasonable to expect that **only a small percentage of class members will file claims**, resulting in a **low actual payout**.

## B. Claims-Made Structures That Produce Low Actual Payouts Require Heightened Scrutiny

Courts have repeatedly warned that claims-made settlements often result in low participation rates and therefore low actual value to the class. See *Pearson v. NBTY, Inc.*, 772 F.3d 778, 781 (7th Cir. 2014). When the claims process is burdensome or requires documentation many class members cannot provide, courts have found the structure inherently suspect. *In re Dry Max Pampers Litig.*, 724 F.3d 713, 718 (6th Cir. 2013).

Here, reimbursement is capped at $5,000,000 and subject to pro rata reduction. The Settlement's structure ensures that the **actual monetary benefit to the class will be far below the nominal $26 million fund**, while attorney fees remain fixed and substantial. Courts consider this disparity a red flag. *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014).

## C. The Requested Attorney Fees Are Excessive and Disproportionate

Class Counsel seeks **$8,666,666.67**, or **one-third of the Settlement Fund**, plus **$165,000** in service awards. This request is excessive for several reasons.

First, the fees are paid from the common fund, reducing class recovery. Courts have held that fee awards must be evaluated in relation to the **actual** value received by the class, not the theoretical fund amount. *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011).

Second, the requested percentage (33%) is significantly higher than the **20–25% range** commonly approved in data breach settlements. See:

- *In re Home Depot, Inc. Customer Data Sec. Breach Litig.*, 2016 WL 6902351, at *7 (N.D. Ga. 2016)* (25% fee award).
- *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018) (22% fee award).
- *In re Anthem*, 327 F.R.D. at 348 (27% only after extensive litigation and exceptional results).

Third, the relief obtained is modest and largely non-monetary. Courts routinely reduce fee requests where the **actual value to the class is low** or where the **percentage requested exceeds typical benchmarks**. *Staton*, 327 F.3d at 963–64.

## D. The Litigation Was Not Complex and Settled Early

Courts consider the complexity and duration of litigation when evaluating fee requests. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Early settlements with limited discovery and no trial do not justify high percentage fees. See *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1182 (9th Cir. 2013).

This case settled early, involved routine data breach claims, and did not require trial or extensive motion practice—factors that weigh against a one-third fee award.

## E. Excessive Service Awards Raise Adequacy Concerns

Courts have reduced service awards where they appear disproportionate or risk incentivizing class representatives to accept weak settlements. *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013). Awards of $7,500 each for 22 representatives—totaling $165,000—are unusually high and warrant scrutiny.

## F. Structural Red Flags Suggest Potential Collusion

Courts have identified several "warning signs" of collusion, including:

1. A disproportionate fee request
2. A clear sailing provision
3. A kicker clause

*Bluetooth*, 654 F.3d at 947.

Even without confirming the presence of all three, the **structure** of this settlement—claims-made relief, low actual payout, and a one-third fee request—raises concerns that justify heightened review.

# III. Requested Relief

I respectfully request that the Court:

1. **Reduce the attorney fee award** to an amount consistent with the actual value conferred upon the class and with typical percentages in comparable data breach settlements (generally 20–25%).
2. **Reduce or deny the requested service awards**, or require justification proportional to the benefit conferred.
3. **Conduct a lodestar cross-check** to ensure that the fee request is not a windfall.
4. Grant any other relief the Court deems just and proper.

# IV. Prior Objections

I have never previously objected to any class action settlement.

# V. Signature

I declare under penalty of perjury that the foregoing is true and correct.

**Paul R. Fortuna Date:** *Paul R. Fortuna*  3/28/2026



Paul Fortuna
3018 E. Vernon St.
Gilbert, AZ 85298-8757

9589 0710 5270 3637 4300 56

U.S. POSTAGE IM
$5.30
FCML    RDC 99
Orig: 85142
Dest: 33128
03/28/26
2000209505

The Honorable Court United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, FL    33128

FILED BY_____D.C.

APR 0 1 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

331288.1810 C07i

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Case 1:22-cv-20955-DPG  Document 407  Entered on FLSD Docket 04/01/2026  Page 5 of 5