**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MASTER FILE NO.: 1:22-cv-20955-GAYLES**

**In re LAKEVIEW LOAN SERVICING**
**DATA BREACH LITIGATION**
______________________________________/

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

THIS MATTER comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement, [ECF 414], and Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses, and Service Awards, [ECF 415], (collectively, the "Motions"). The Court has reviewed the Motions and the Stipulation of Class Action Settlement ("Settlement Agreement"), [ECF No. 450-1], entered into between Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner (collectively, "Plaintiffs") and Defendants Bayview Asset Management LLC ("Bayview"), Lakeview Loan Servicing, LLC ("Lakeview"), Pingora Loan Servicing, LLC ("Pingora"), and Community Loan Servicing, LLC ("Community Loan") (collectively, "Defendants") and is otherwise fully advised. Based thereon, it is

**ORDERED AND ADJUDGED** that the Motions are **GRANTED** as follows:

1. For the purpose of this Final Approval Order, the Court adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined.

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate and was entered into in good faith, at arm's-length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves the Releases provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims be released as to the Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and the Settlement Agreement.

5. The Court finds that there is no just reason for delay of entry of Final Judgment.

6. The Court approves the appointment of John A. Yanchunis of Morgan & Morgan Complex Litigation Group, Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP, Adam E. Polk of Girard Sharp LLP, Gary M. Klinger of Milberg, PLLC, Julie Braman Kane of Colson Hicks Eidson, P.A., and M. Anderson Berry of the Emery Reddy PC as Class Counsel.

7. The Court approves the appointment of Plaintiffs Mark Arthur, Jorge Gonzalez, Cindy Villanueva, Deborah Hamilton, Michael Kassem, Beth Berg, Savannah Farley, Thomas Lapenter, Hardik Sevak, Peter Wojciechowski, Kimberley Rowton, John McMahon, Jay Saporta, David Cunningham, Pedro Rubio, Norma Grossman, Charlene Lazarus, David Miller, Douglas Pearl, Steven Harris, Sarah Carvalho, and Nili Steiner as Class Representatives.

8. On February 4, 2026, the Court preliminarily approved the Settlement Agreement and set the Final Fairness Hearing on July 2, 2026, to consider the final approval of the Settlement Agreement and Class Counsel's Fees and Expenses (the "Preliminary Approval Order"). [ECF No. 406].

9. The Preliminary Approval Order approved the Postcard Notice, Long Form Notice, and Claim Form and found that the proposed mailing, distribution, and publishing of the various

notices met the requirements of Fed. R. Civ. P.23 and due process and were the best notices practicable under the circumstances, therefore constituting due and sufficient notice to all persons entitled to notice.

10. The Court finds that the Notices were distributed pursuant to the Preliminary Approval Order and the Settlement Agreement and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.

11. The Court finds that Defendants have complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

12. The Court certifies the following Class for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), subject to the Settlement Class exclusions set forth in the Settlement Agreement:

> **The Settlement Class:** All Persons residing in the United States who were sent notice from any Defendant that their personally identifiable information ("PII") was potentially accessed during the Incident.

The Settlement Class specifically excludes all Persons who submit a timely and valid request for exclusion from the Settlement Class. Those Persons are identified in **Exhibit A**, hereto, which shall remain under seal absent further order of the Court.

13. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only in that: (a) the Settlement Class of approximately 5.8 million individuals is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and

have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and effective resolution of this controversy.

14. The Court, having considered (i) the negotiation of, terms of, and materials submitted concerning the Settlement Agreement; (ii) Plaintiffs' and the Settlement Class's likelihood of success of surviving dispositive motion practice, certifying this action as a class action, and prevailing on the claims at trial, and Defendants' likelihood of success of prevailing on one or more of their defenses; (iii) the range of Plaintiffs' possible recovery (and that of the Settlement Class) and the complexity, expense, and duration of the Litigation; and (iv) the substance and amount of opposition to the proposed settlement, it is hereby determined that:

(a) the terms of the Settlement Agreement were fairly and honestly negotiated;

(b) the outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

(c) the value of immediate recovery by way of a $26,000,000 non-reversionary common fund outweighs the risks of achieving possibly higher future relief that could occur, if at all, only after further protracted litigation and appeals; and

(d) the Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interests of the Settlement Class Members.

15. Therefore, pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members. Settlement Class Members who did

not opt out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

16. Class Counsel seek an award of attorneys' fees totaling $8,666,666.67, an amount equal to one-third of the amount recovered for the benefit of the Settlement Class. Class Counsel also seek an award of their litigation expenses in the amount of $1,708,278.34. Having considered the record, the Court finds that attorneys' fees in the amount of $8,666,666.67 and expenses in the amount of $1,708,278.34 (the "Fee and Expense Award"), to be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement, are fair and reasonable. These awarded funds shall be allocated to attorneys representing Plaintiffs in this matter at the sole discretion of Class Counsel.

17. Plaintiffs have also requested that the Court award them each an award of $7,500.00 in connection with their representation of the Settlement Class. The Court finds that the payment of an award of $7,500.00 to each of the Class Representatives to compensate them for their efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case.

18. Fifty-seven Settlement Class Members filed timely requests for exclusion. An anonymized list of those Settlement Class Members is attached to the Settlement Administrator's Declaration filed in support of the Motion for Final Approval. [ECF No. 414]. These persons are not bound by the terms of this finally approved settlement.

19. Five Settlement Class Members have submitted a valid objection to the Settlement, Paul R. Fortuna, [ECF No. 407], Leon Lavigne,[ECF No. 413], Joseph M. Morgan, [ECF No. 418-

1], Rama Krishna Mohan Bhamidipati, [ECF No. 418-2], and Daniel A. Perez, Jr., [ECF 418-3], (collectively, "Objections"). Those Objections are hereby rejected and overruled. Nonetheless, Mr. Bhamidipati retains the right to opt out of the settlement within 14 days of the date of this Order following the procedures in the previously provided Notice.

20. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

21. The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding on, and shall have res judicata and preclusive effect on all pending and future lawsuits maintained by Settlement Class Members, including Plaintiffs, as well as their heirs, executors, and administrators, successors, and assigns.

22. The Releases, which are in the Settlement Agreement (including Sections 1.36, 8.1, and 8.2) and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order. The Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by all Settlement Class Members, including Class Representatives (as those terms are defined below and in the Settlement Agreement), from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) Release and Waiver Definitions

(i) "Released Parties" means Defendants and their Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers.

(ii) "Related Entities" means Defendants' past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, employees, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation.

(iii) "Release" or "Releases" means the releases of all Released Claims by all Settlement Class Members, including Class Representatives, against the Released Parties, as provided for in ¶8.1 of the Settlement Agreement.

(iv) "Released Claims" shall collectively mean all claims against the Released Parties, and assigns, arising out of or relating to the Incident. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

(v) "Settlement Class Member" means any Person who falls within the definition of the Settlement Class.

(vi) "Settling Parties" means, collectively, Defendants and Class Representatives, individually and on behalf of the Settlement Class.

(vii) "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any of the Class Representatives, does not know or suspect to exist in his or her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the

Released Parties, or might have affected his or her decision not to object to and/or participate in this Settlement Agreement. With respect to any and all Released Claims, including Unknown Claims, the Settling Parties stipulate and agree that upon the date the Judgment becomes Final, the Class Representatives expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code §1542, as well as all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Settlement Class Members, including the Class Representatives, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, including Unknown Claims, but the Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

(b) Upon the entry of this Final Approval Order, each Settlement Class Member, including Class Representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released

Claims against all Released Parties. Further, upon the date the Judgment becomes Final, and to the fullest extent permitted by law, each Settlement Class Member, including Class Representatives, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

(c) The Releases set forth herein and in the Settlement Agreement were bargained for and are a material element of the Settlement Agreement.

(d) The Releases do not affect the rights of Settlement Class Members who timely and properly submitted a request for exclusion from the Settlement in accordance with the requirements of the Preliminary Approval Order and in ¶1.44 of the Settlement Agreement.

(e) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, without limitation, enforcement of the Releases. The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(f) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(g) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The

Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

23. All Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Litigation and/or the Released Claims (as that term is defined above and in the Settlement Agreement) or (b) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

24. Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any other jurisdiction and that have been released pursuant to the Settlement Agreement and this Final Order and Judgment.

25. This Final Approval Order and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

26. This Final Approval Order and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be

evidence of, an admission by or against Defendants of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

27. This Final Approval Order and all statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Defendants, or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage due to the Incident. Notwithstanding the above, the Settlement Agreement, and this Final Approval Order may be filed in any action by Defendants, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

28. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendants that Plaintiffs' claims or any similar claims are suitable for class treatment.

29. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever. The Settlement Agreement shall be considered null and void. The Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as

vacated nunc pro tunc, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties had never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court to avoid prejudice to any Party or Party's counsel.

30. This Litigation, including all individual claims and class claims presented herein, is dismissed on the merits and with prejudice against the Class Representatives and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of July 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE